IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 28  P 4: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05CV1235-T |
| ) | |
| R. EDMOND SPRAYBERRY individually ) | DEMAND FOR JURY TRIAL |
| and in his official capacity as Director for ) | |
| Public Housing for U.S. Department of ) | |
| Housing and Urban Development; ) | |
| ALPHONSO JACKSON in his official ) | |
| capacity as Secretary of the U.S. ) | |
| Department of Housing and Urban ) | |
| Development; C. MICHAEL MCINNISH; ) | |
| LU AN LONG individually and in ) | |
| her capacity as Commissioner of the ) | |
| Housing Authority of the City of ) | |
| Montgomery, Alabama; THE HOUSING ) | |
| AUTHORITY OF THE CITY OF ) | |
| MONTGOMERY, ALABAMA. ) | |
| ) | |
| ) | |
|   Defendants. ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff, Terry Davis, to racial discrimination regarding his inferior salary and failure to remit payments for legal services rendered pursuant to contract.

## I. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331; Title 28, U.S.C., Section 1343; and Title 28 US.C., Section 2201. This action arises pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this Court is also invoked pursuant to the provisions of 42 U.S.C., Section 1983, this being an action to redress the deprivation of rights secured under said constitutional and statutory provisions. Costs and attorney's fees may be awarded pursuant to Title 42 U.S.C., 1988 and Fed R Civ p. 54.

## II. NATURE OF THE ACTION

3. This action seeks a declaratory judgment declaring that the Defendants' actions constitute breach of contract, conversion, discrimination by reason of Plaintiff's race in violation of rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

4. All acts herein complained of were done under the color of state law.

## III.    THE PARTIES

5. Plaintiff Terry G. Davis (hereinafter referred to as "Plaintiff Davis") is a citizen of the United States of the age of majority residing in Montgomery County, Alabama.

6. Defendant R. Edmond Sprayberry (hereinafter referred to as "Defendant Sprayberry") is a citizen and resident of Jefferson County and is sued individually and in his official capacity as Director for Public Housing for U.S. Department of Housing and Urban Development. His principal place of business is located at Medical Forum Building, Suite 900, Birmingham, Alabama 35203.

7. Alphonso Jackson (hereinafter referred to as "Defendant Jackson") in his official capacity as Secretary of the U.S. Department of Housing and Urban Development. His principal place of business is located at 451 7th Street S.W., Washington, D.C. 20410.

8. C. Michael McInnish (hereinafter referred to as "Defendant McInnish") is a citizen and resident of Montgomery County, Alabama and is sued individually. He is above the age of 18 years. He may be served at 7607 Mossy Oak Drive, Montgomery, Alabama 36116.

9. The Housing Authority of the City of Montgomery, Alabama is a corporation organized under and pursuant to the laws of the State of Alabama, with its place of business being located at 1020 Bell Street in Montgomery.

10. Lu An Long (hereinafter referred to as "Defendant Long") is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama and a citizen and resident of Montgomery County, Alabama. She is above the age of 18 years. She may be served at 323 Adams Avenue, Montgomery, Alabama 36105.

## V. ALLEGATIONS OF FACT

11. On November 16, 2004, the Housing Authority for the City of Montgomery voted by a vote of 6 to 1 to suspend, with pay, its executive director Defendant McInnish, pending an investigation into his activities as executive director. The suspension was based on the fact that Defendant McInnish withheld information from MHA Board of Directors in an effort to prevent the City of Montgomery from purchasing a portion of the Riverside Heights Housing Development to be used in a land exchange with Maxwell Air Force Base. Defendant McInnish had refused to transmit a September 24, 2004 offer from Mayor Bobby Bright to purchase the property for $12 million. Defendant McInnish's suspension was also based upon the fact that he had made an undisclosed trip with board member Richard Bollinger to Washington, D.C., at the expense of the Montgomery Housing Authority.

12. On the day following Defendant McInnish's suspension, November 17, 2004, the MHA Board Chairman, Thomas Taylor, directed the Plaintiff Davis, who was employed as general counsel to conduct a full investigation into certain activities of Defendant McInnish as executive director.

13. On or about December 15, 2004, Plaintiff Davis presented his findings to interim executive director and on December 23, 2004, ten (10) charges of misconduct and insubordination were presented against Defendant McInnish. Based upon the evidence presented by Plaintiff Davis to the interim executive director, a recommendation was made to terminate the employment of Defendant McInnish as executive director, and a disciplinary due process hearing was set.

14. On November 17, 2004, Defendant McInnish contacted Defendant Sprayberry to solicit his assistance because he had been suspended by the Housing Authority. This occurred before any formal notification of the suspension had been sent to Defendant Sprayberry's office. On the same day, Defendant Sprayberry telephoned Board Chairman Taylor to inquire as to why Defendant McInnish was being suspended. Taylor informed Defendant Sprayberry about the 6 to 1 vote and that the matter was under investigation. Defendant Sprayberry was told also to contact MHA general counsel who would answer any specific questions. Defendant Sprayberry refused to contact MHA general counsel.

15. Defendants Sprayberry and McInnish are known to have a close friendship. Defendant McInnish is further known to have considerable influence within the U.S. Department of Housing and Urban Development, having served on numerous HUD committees. Defendant Sprayberry, using his authority, as Director for Public Housing and Urban Development conspired with Defendant McInnish to both use their influence with officials at HUD to impede

the investigation of Defendant McInnish and terminate the MHA's presentation of charges against Defendant McInnish.

16. On November 18, 2004, Defendant Sprayberry, at the urging of and in concert with Defendant McInnish and Defendant Lu An Long, began a series of unprecedented, putative and illegal actions designed to impede and terminate the authorized investigation by Plaintiff Davis into the activities of Defendant McInnish. Defendant Sprayberry's actions include: (a) the immediate withdrawal of local authority from the Housing Authority to conduct business and make fiscal and procurement decisions; (b) the interference with the Housing Authority's exclusive authority to take disciplinary actions against the executive director; (c) ordering that special board meetings be called to reconsider the suspension of Defendant McInnish; (d) collaborating with board member Defendant Long and Defendant McInnish to frustrate and impede the efforts of the Board majority to have a disciplinary hearing on charges against Defendant McInnish; (e) refusing to authorize payment of legitimate fees and expenses which were overdue relative to the investigation of Defendant McInnish in an effort to deter Plaintiff Davis from continuing to investigate and present charges at the scheduled disciplinary hearing on behalf of the MHA; (f) by requiring that the Housing Authority terminate the services of Plaintiff Davis before the disciplinary hearing against Defendant McInnish could be held; (g) interfering with local MHA business by supplanting, without cause, MHA's decision on December 21, 2004 to continue the employment of Plaintiff Davis as general counsel for the MHA so that the investigation and presentation of charges against Defendant McInnish would continue; (h) by refusing to recognize the employment of a duly appointed hearing officer to conduct the disciplinary hearing and refusing payment of expenses for the hearing officer (i) improperly forcing the Montgomery Housing Authority to employ new general counsel; (j) improperly communicating with and providing to Defendant McInnish, confidential

communications between the Montgomery Housing Authority and his (Defendant Sprayberry) office; (k) directing the Montgomery Housing Authority to hire a new hearing officer and refusing to approve the contract of the hearing officer initially employed because of his race (African-American), even though the hearing officer was properly selected from three applicants pursuant to HUD guidelines based upon the hearing officer's qualifications; (l) by imposing excessive oversight procedures and interfering with the day-to-day operations of the Montgomery Housing Authority without justification; (m) forcing the involuntary termination of Plaintiff's services as counsel for the Montgomery Housing Authority by refusing to authorize payments for services rendered covering a five (5) month period.

17. Defendant Sprayberry and Defendant Montgomery Housing Authority have failed and refused to pay Plaintiff Davis $25,000 for services rendered and services which have been fully performed. Said invoices were approved for payment by the Chairman of the Board of Commissioners.

18. Defendants McInnish and Sprayberry discriminated against Plaintiff Davis because of his race by refusing to pay him at the same hourly rate said Defendants paid similarly situated Caucasian attorneys working for MHA with less qualifications than Plaintiff Davis. Said payments were authorized and approved by Defendants McInnish and Sprayberry. Caucasian attorneys were routinely paid $270/hr for senior attorneys and $240/hr for junior attorneys while Plaintiff Davis was paid only $175/hr.

19. Defendant Sprayberry further discriminated against Plaintiff Davis because of his race by overruling the MHA's Board of Commissioners decision on December 21, 2004 to continue the employment of Plaintiff Davis as general counsel and forcing the MHA to employ counsel with less qualifications.

## VI. FIRST CAUSE OF ACTION

### (Breach of Contract)

Plaintiff Davis incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

20. Defendants' refusal to pay Plaintiff Davis for services rendered as general counsel constitutes a breach of contract.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff Davis request that this Court:

   a. Grant judgment in favor of Plaintiff Davis in the amount of $25,000, plus pre-judgment interest;

   b. Award him costs and attorney's fees;

   c. Grant such other relief as it may deem just and proper.

## VII. SECOND CAUSE OF ACTION

### (Race Discrimination and Equal Protection )

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

21. Defendants' action constitutes discrimination by reason of race in violation of Plaintiff Davis' rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C., Section 1983.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff Davis requests that this Court:

   a. Grant judgment in favor of Plaintiff;

   b. Order Defendants to restore Plaintiff in the position of general counsel for the Montgomery Housing Authority;

   c. Award him equitable remedy of back pay;

    d. Award him punitive damages in the amount of $350,000, plus costs;

    e. Award him attorneys' fees; and

    f. Grant any other amount to which Plaintiff may show himself to be justly entitled.

## VIII. <u>WANTON CONVERSION</u>

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

23. On or about December 21, 2004, Defendants converted monies owed to Plaintiff Davis by willfully refusing to compensate Plaintiff Davis for legal services previously rendered.

24. Plaintiff Davis demanded that Defendants pay him for legal services rendered. Defendants have willfully refused to pay Plaintiff Davis for said services.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff Davis requests that this Court:

    a. Award him compensatory damages in the amount of $25,000.00;

    b. Award him punitive damages in the amount of $250,000.00 to deter Defendants and others from similar conduct in the future.

## IX. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that after a hearing hereon, the Court will:

I. Issue a declaratory judgment stating that:

    1. The actions of Defendants in refusing to pay him for services rendered constitutes breach of contract, trover and conversion in violation of Plaintiff's rights;

    2. The actions of Defendants Sprayberry, McInnish and Long constitute discrimination by reason of Plaintiff's race in violation of Plaintiff's rights guaranteed

under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

II. Enter mandatory, preliminary and permanent injunctions requiring Plaintiff be compensated for services rendered and employed as general counsel for the Montgomery Housing Authority.

III. Enter an Order awarding Plaintiff punitive damages.

IV. Enter an Order awarding Plaintiff his costs incurred in this case, together with reasonable attorneys' fee to be taxed as part of the costs against Defendants.

IV. Grant such additional and further relief as the Court deems proper and just in the premises.

## X.     JURY DEMAND

25. Plaintiff Terry Davis demands a jury to try all claims triable by a jury.

DONE this the 23th day of December, 2005.

Respectfully submitted,

_____
Dwayne Brown (ASB-9396-B59D)
Attorney for Plaintiff.
Post Office Box 230205
Montgomery, AL 36123-0205
Phone: (334) 277-3757
Fax:   (334) 277-3613
E-Mail: dbrown@dbrownatty.com