## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **TERRY G. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:05-CV-1235-T** |
| | ) | |
| **R. EDMOND SPRAYBERRY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

Defendant LuAn Long answers the plaintiff's complaint as follows:

### First Defense

1.      This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff, Terry Davis, to racial discrimination regarding his inferior salary and failure to remit payments for legal services rendered pursuant to contract.

**ANSWER:**    Ms. Long admits that the complaint seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorneys' fees.  She denies that Mr. Davis is entitled to any relief, denies that he was treated in the racially discriminatory manner as he alleges and denies every averment of paragraph one not expressly admitted.

### I.  JURISDICTION

2.      Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331; Title 28, U.S.C., Section 2201.  This action arises pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this Court is also invoked pursuant to the provisions of 42 U.S.C., Section 1983, this being an action to redress the

deprivation of rights secured under said constitutional and statutory provisions. Costs and attorney's fees may be awarded pursuant to Title 42 U.S.C., 1988 and Fed. R. Civ. P. 54.

**ANSWER:** Ms. Long admits that Mr. Davis seeks to invoke the Court's jurisdiction under 28 U.S.C. § 1331 for claims made under 28 U.S.C. § 2201 and § 1983, and for fees and expenses under 28 U.S.C. § 1988. She does not contest jurisdiction, but she denies that the complaint has merit and denies all other averments of paragraph two.

## II. <u>NATURE OF THE ACTION</u>

3.      This action seeks a declaratory judgment declaring that the Defendants' actions constitute breach of contract, conversion, discrimination by reason of Plaintiff's race in violation of rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

**ANSWER:** Ms. Long admits that Mr. Davis seeks a declaratory judgment and that he alleges certain of his rights were violated by the defendants. She denies that those rights were violated, and denies every averment of paragraph three not expressly admitted.

4.      All acts herein complained of were done under the color of state law.

**ANSWER:** Ms. Long admits that any action that she may have taken which is the subject of this lawsuit was taken in her capacity as a member of the Board of Commissioners of the Housing Authority of the City of Montgomery ("the Board"), and was taken under color of law.

## III. <u>THE PARTIES</u>

5.      Plaintiff Terry G. Davis (hereinafter referred to as "Plaintiff Davis") is a citizen of the United States of the age of majority residing in Montgomery County, Alabama.

**ANSWER:**     Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph five; therefore, they are denied, except she admits that Mr. Davis is over the age of majority.

6.     Defendant R. Edmond Sprayberry (hereinafter referred to as "Defendant Sprayberry") is a citizen and resident of Jefferson County and is sued individually and in his official capacity as Director for Public Housing for U.S. Department of Housing and Urban Development.  His principal place of business is located at Medical Forum Building, Suite 900, Birmingham, Alabama  35203.

**ANSWER:**     Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph six; therefore, they are denied.

7.     Alphonso Jackson (hereinafter referred to as "Defendant Jackson") in this official capacity as Secretary of the U.S. Department of Housing and Urban Development.  His principal place of business is located at 451 7th Street S.W., Washington, D.C.  20410.

**ANSWER:**     Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph seven; therefore, they are denied.

8.     C. Michael McInnish (hereinafter referred to as "Defendant McInnish") is a citizen and resident of Montgomery County, Alabama and is sued individually.  He is above the age of 18 years.  He may be served at 7607 Mossy Oak Drive, Montgomery, Alabama 36116.

**ANSWER:**     Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph eight; therefore, they are denied, except Ms. Long admits that Mr. McInnish is more than 18 years old.

9.    The Housing Authority of the City of Montgomery, Alabama is a corporation organized under and pursuant to the laws of the State of Alabama, with the place of business being located at 1020 Bell Street in Montgomery.

**ANSWER:**    Ms. Long admits that the administrative office of the Housing Authority is at 1020 Bell Street.  As to all other averments of paragraph nine, Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph nine; therefore, they are denied.

10.    LuAn Long (hereinafter referred to as "Defendant Long") is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama and a citizen and resident of Montgomery County, Alabama.  She is above the age of 18 years.  She may be served at 323 Adams Avenue, Montgomery, Alabama  36104.

**ANSWER:**    Ms. Long admits the averments of paragraph 10, except that she denies that she is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama.  She admits that she was a Member of the Board from Spring 2002 to Fall 2005.

## V. <u>ALLEGATIONS OF FACT</u>

11.    On November 16, 2004, the Housing Authority for the City of Montgomery voted by a vote of 6 to 1 to suspend, with pay, its executive director Defendant McInnish, pending an investigation into his activities as executive director.  The suspension was based on the fact that Defendant McInnish withheld information from MHA Board of Directors in an effort to prevent the City of Montgomery from purchasing a portion of the Riverside Heights Housing Development to be used in a land exchange with Maxwell Air Force Base.  Defendant McInnish has refused to transmit a September 24, 2004 offer from Mayor Bobby Bright to purchase the

property for $12 million.  Defendant McInnish's suspension was also based upon the fact that he had made an undisclosed trip with board member Richard Bollinger to Washington, D.C., at the expense of the Montgomery Housing Authority.

**ANSWER:**    The actions of the Board of Commissions and the reasons for their actions are stated in the minutes of the Board, which speak for themselves.  Ms. Long denies that she participated in a vote to suspend Mr. McInnish on November 16, 2004.  Ms. Long denies every averment of paragraph 11 not specifically admitted.

12.    On the day following Defendant McInnish's suspension, November 17, 2004, the MHA Board Chairman, Thomas Taylor, directed the Plaintiff Davis, who was employed as general counsel to conduct a full investigation into certain activities of Defendant McInnish as executive director.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 12; therefore, they are denied.

13.    On or about Defendant 15, 2004, Plaintiff Davis presented his findings to interim executive director and on December 23, 2004, ten (10) charges of misconduct and insubordination were presented against Defendant McInnish.  Based upon the evidence presented by Plaintiff Davis to the interim executive director, a recommendation was made to terminate the employment of Defendant McInnish as executive director, and a disciplinary due process hearing was set.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 13; therefore, they are denied.

14.    On November 17, 2004, Defendant McInnish contacted Defendant Sprayberry to solicit his assistance because he had been suspended by the Housing Authority.  This occurred

before any formal notification of the suspension had been sent to Defendant Sprayberry's office. On the same day, Defendant Sprayberry telephoned Board Chairman Taylor to inquire as to why Defendant McInnish was being suspended. Taylor informed Defendant Sprayberry about the 6 to 1 vote and that the matter was under investigation. Defendant Sprayberry was also told to contact MHA general counsel who would answer any specific questions. Defendant Sprayberry refused to contact MHA general counsel.

**ANSWER:** Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 13; therefore, they are denied.

15. Defendant Sprayberry and McInnish are known to have a close friendship. Defendant McInnish is further known to have considerable influence within the U.S. Department of Housing and Urban Development, having served on numerous HUD committees. Defendant Sprayberry, using his authority, as Director for Public Housing and Urban Development conspired with Defendant McInnish to both use their influence with officials at HUD to impede the investigation of Defendant McInnish and terminate the MHA's presentation of charges against Defendant McInnish.

**ANSWER:** Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 15; therefore, they are denied.

16. On November 18, 2004, Defendant Sprayberry, at the urging of and in concert with Defendant McInnish and Defendant LuAn Long, began a series of unprecedented, putative and illegal actions designed to impede and terminate the authorized investigation by Plaintiff Davis into the activities of Defendant McInnish. Defendant Sprayberry's actions include: (a) the immediate withdrawal of local authority from the Housing Authority to conduct business and make fiscal and procurement decisions; (b) the interference with the Housing Authority's

exclusive authority to take disciplinary actions against the executive director; (c) ordering that special board meetings be called to reconsider the suspension of Defendant McInnish; (d) collaborating with board member Defendant Long and Defendant McInnish to frustrate and impede the efforts of the Board majority to have a disciplinary hearing on charges against Defendant McInnish; (e) refusing to authorize payment of legitimate fees and expenses which were overdue relative to the investigation of Defendant McInnish in an effort to deter Plaintiff Davis from continuing to investigate and present charges at the scheduled disciplinary hearing on behalf of the MHA; (f) by requiring that the Housing Authority terminate the services of Plaintiff Davis before the disciplinary hearing against Defendant McInnish could be held; (g) interfering with local MHA business by supplanting, without cause, MHA's decision on December 21, 2004 to continue the employment of Plaintiff Davis as general counsel for the MHA so that the investigation and presentation of charges against Defendant McInnish would continue; (h) by refusing to recognize the employment of a duly appointed hearing officer to conduct the disciplinary hearing and refusing payment of expenses for the hearing officer; (i) improperly forcing the Montgomery Housing Authority to employ new general counsel; (j) improperly communicating with and providing to Defendant McInnish, confidential communications between the Montgomery Housing Authority and his (Defendant Sprayberry) office; (k) directing the Montgomery Housing Authority to hire a new hearing officer and refusing to approve the contract of the hearing officer initially employed because of his race (African-American), even though the hearing officer was properly selected from three applicants pursuant to HUD guidelines based upon the hearing officer's qualifications; (l) by imposing excessive oversight procedures and interfering with the day-to-day operations of the Montgomery Housing Authority without justification; (m) forcing the involuntary termination of Plaintiff's services as

counsel for the Montgomery Housing Authority by refusing to authorize payments for services rendered covering a five (5) month period.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 16; therefore, they are denied.

17.    Defendant Sprayberry and Defendant Montgomery Housing Authority have failed and refused to pay Plaintiff Davis $25,000 for services rendered and services which have been fully performed.  Said invoices were approved for payment by the Chairman of the Board of Commissioners.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 17; therefore, they are denied.

18.    Defendants McInnish and Sprayberry discriminated against Plaintiff Davis because of his race by refusing to pay him at the same hourly rate said Defendants paid similarly situated Caucasian attorneys working for MHA with less qualifications than Plaintiff Davis. Said payments were authorized and approved by Defendants McInnish and Sprayberry. Caucasian attorneys were routinely paid $270/hr for senior attorneys and $240/hr for junior attorneys while Plaintiff Davis was paid only $175/hr.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 18; therefore, they are denied.

19.    Defendant Sprayberry further discriminated against Plaintiff Davis because of his race by overruling the MHA's Board of Commissioners decision on December 21, 2004 to continue the employment of Plaintiff Davis as general counsel and forcing the MHA to employ counsel with less qualifications.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 19; therefore, they are denied.

## VI.  FIRST CAUSE OF ACTION

### (Breach of Contract)

Plaintiff Davis incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

20.    Defendants' refusal to pay Plaintiff Davis for services rendered as general counsel constitutes a breach of contract.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 20; therefore, they are denied.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff Davis requests that this Court:

a.    Grant judgment in favor of Plaintiff Davis in the amount of $25,000, plus prejudgment interest;

b.    Award him costs and attorney's fees;

c.    Grant such other relief as it may deem just and proper.

**ANSWER:**    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## II. SECOND CAUSE OF ACTION

### (Race Discrimination and Equal Protection)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

21.    Defendants' action constitutes discrimination by reason of race in violation of Plaintiff Davis' rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C., Section 1983.

**ANSWER:**    Ms. Long denies the averments of paragraph 21.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff Davis requests that this Court:

a.    Grant judgment in favor of Plaintiff;

b.    Order Defendants to restore Plaintiff in the position of general counsel for the Montgomery Housing Authority;

c.    Award him equitable remedy of back pay;

d.    Award him punitive damages in the amount of $350,000, plus costs;

e.    Award him attorneys' fees; and

f.    Grant any other amount to which Plaintiff may show himself to be just entitled.

**ANSWER:**    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## VIII. <u>WANTON CONVERSION</u>

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

23.    [sic] On or about December 21, 2004, Defendants converted monies owed to Plaintiff Davis by willfully refusing to compensate Plaintiff Davis for legal services previously rendered.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 23; therefore, they are denied.

24.    Plaintiff Davis demanded that Defendants pay him for legal services rendered. Defendants have willfully refused to pay Plaintiff Davis for said services.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 24; therefore, they are denied.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff Davis requests that this Court:

a.    Award him compensatory damages in the amount of $25,000.00;

b.    Award him punitive damages in the amount of $250,000.00 to deter Defendants and others from similar conduct in the future.

**ANSWER:**    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## IX.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that after a hearing hereon, the Court will:

I.    Issue a declaratory judgment stating that:

1.    The actions of Defendants in refusing to pay him for services rendered constitute breach of contract, trover and conversion in violation of Plaintiff's rights;

2.    The actions of Defendants Sprayberry, McInnish and Long constitute discrimination by reason of Plaintiff's race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

II.    Enter mandatory, preliminary and permanent injunctions requiring Plaintiff be compensated for services rendered and employed as general counsel for the Montgomery Housing Authority.

III.     Enter an Order awarding Plaintiff punitive damages.

IV.     Enter an Order awarding Plaintiff his costs incurred in this case, together with reasonable attorneys' fees to be taxed as part of the costs against Defendants.

IV.     Grant such additional and further relief as the Court deems proper and just in the premises.

**ANSWER:**     Ms. Long denies that Mr. Davis is entitled to the relief for which he prays.

## X.  JURY DEMAND

25.     Plaintiff Terry Davis demands a jury to try all claims triable by a jury.

**ANSWER:**     No response to required to paragraph 25.

### Second Defense

Some of all of the counts in the complaint against Ms. Long fail to state a claim upon which relief can be granted.

### Third Defense

Ms. Long asserts the defense of qualified immunity.

### Fourth Defense

Mr. Davis' claims may be barred by the applicable statutes of limitations.

### Fifth Defense

Mr. Davis has failed to mitigate damages.

### Sixth Defense

To the extent that Mr. Davis is seeking punitive damages, he has failed to plead facts sufficient to justify an award of punitive damages.

### Seventh Defense

Mr. Davis cannot recover punitive damages against Ms. Long under 42 U.S.C. § 1983.

### Eighth Defense

Ms. Long exercised good faith efforts to comply with federal employment laws and, accordingly, is not subject to punitive damages.

### Ninth Defense

Ms. Long had legitimate, non-pretextual, business reasons for any decisions regarding Mr. Davis.

### Tenth Defense

Ms. Long denies that race, or any alleged protected activity, was a factor in any of the decisions concerning Mr. Davis. However, in the event that the fact-finder finds otherwise, Ms. Long avers that her actions were based on legitimate business reasons and that she would have made the same decisions in the absence of the alleged impermissible motivation.

### Eleventh Defense

Ms. Long neither had nor participated in a policy or custom of discrimination on the basis of race.

### Twelfth Defense

Ms. Long was not personally involved in any tortious act or act of racial discrimination against Mr. Davis.

### Thirteenth Defense

Ms. Long did not know of any tortious act or act of racial discrimination against Mr. Davis.

### Fourteenth Defense

No action taken by Ms. Long violated clearly established statutory or constitutional rights of which a reasonable person in her position would have been aware.

**Fifteenth Defense**

Every act by Ms. Long was within the scope of her discretionary authority.

**Sixteenth Defense**

Ms. Long avers that Mr. Davis' claims are barred, in whole or in part, by his own failure to act.

**Seventeenth Defense**

Mr. Davis fails to state a claim for conversion because he seeks to take possession of unsegregated funds. *Willingham v. United Ins. Co.*, 628 So. 2d 328, 333 (Ala. 1993); *Green County Board of Education v. Bailey*, 586 So.2d 893, 898-900 (Ala. 1991). Moreover, because he claims to be owed payment for legal services rendered, his relationship with the Board and its members is a creditor-debtor relationship. Such a relationship is insufficient to support a claim of conversion. *See Louis v. Fowler*, 479 So.2d 725, 727 (Ala. 1985); *Willingham*, 628 So. 2d at 333.

**Eighteenth Defense**

Ms. Long has not discriminated against Mr. Davis and has not violated his rights in any way.

**Nineteenth Defense**

Mr. Davis has not sustained any injury, damage, or loss by reason of any act or omission on the part of Ms. Long.

**Twentieth Defense**

Ms. Long avers the affirmative defense of waiver.

**Twenty-First Defense**

Ms. Long avers the affirmative defense of laches.

**Twenty-Second Defense**

Ms. Long avers that this action is frivolous, unreasonable, and groundless, and accordingly, Ms. Long is entitled to attorneys' fees and other costs associated with the defense of this action.

**Twenty-Third Defense**

Portions of the Complaint are vague and conclusory.

**Twenty-Fourth Defense**

Portions of the Complaint are due to be stricken.

**Twenty-Fifth Defense**

Any injury or damages suffered by Mr. Davis were the result of an independent, intervening cause and not the result of any alleged actions or omissions of Ms. Long.

**Twenty-Sixth Defense**

Mr. Davis is barred from recovery under the doctrine of unclean hands.

**Twenty-Seventh Defense**

Mr. Davis has failed to state a federal claim against Ms. Long for the reasons or acts complained of were not caused by an official policy, practice, custom, or usage of the Board.

**Twenty-Eighth Defense**

Mr. Davis' claims are barred by his failure to exhaust administrative remedies.

**Twenty-Ninth Defense**

Ms. Long cannot be held liable on a theory of respondeat superior, vicarious liability, or agency/principal liability.

**Thirtieth Defense**

Ms. Long denies that she personally had a contract with Mr. Davis.

## Thirty-First Defense

Ms. Long denies that she breached a contract with Mr. Davis.

## Thirty-Second Defense

Mr. Davis materially failed to fulfill his duties to the Board and to Ms. Long as a Commissioner and thereby breached any contract that he may have had with the Board.

## Thirty-Third Defense

Every allegation not specifically admitted is denied.

## Thirty-Fourth Defense

Ms. Long pleads the defense of accord and satisfaction.

## Thirty-Fifth Defense

Ms. Long pleads the defense of failure of consideration.

## Thirty-Sixth Defense

Ms. Long pleads the defense of lack of consideration.

## Thirty-Seventh Defense

Ms. Long pleads the defense of ratification.

## Thirty-Eighth Defense

Ms. Long pleads the defenses of release.

## Thirty-Ninth Defense

Ms. Long pleads the defense of set-off.

## Fortieth Defense

Ms. Long pleads the defense of payment.

## Forty-First Defense

Ms. Long pleads the defense of recoupment.

### Forty-Second Defense

To the extent the Complaint seeks to make Ms. Long liable for punitive damages, Ms. Long adopts by reference the defenses, criteria, limitations, and standards are mandated by the United States Supreme Court in *BMW of North Am., Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), which was extended in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), on the issue of punitive damages.

### Forty-Third Defense

With respect to Mr. Davis demand for punitive damages, Ms. Long specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

### Forty-Fourth Defense

Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

### Forty-Fifth Defense

Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

### Forty-Sixth Defense

Any award of punitive damages against Ms. Long in excess of the limitations and criteria set forth in *Ala. Code* § 6-11-21 (1975) is impermissible, as that statute is constitutional and otherwise enforceable.

**Forty-Seventh Defense**

Any award of punitive damages against Ms. Long under the facts of this case would be impermissible for one or more of the following reasons.

(a)    There are inadequate safeguards with respect to the imposition of punitive damages against Ms. Long under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Ms. Long would violate that amendment to the Constitution of the United States.

(b)    The imposition of punitive damages against Ms. Long in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c)    There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Ms. Long under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of Alabama. Accordingly, the imposition of punitive damages in this case against Ms. Long would violate both Constitutions.

(d)    To subject Ms. Long to punitive damages under the facts of this case without some guarantee against future punishment for similar or related acts or omissions would violate the Constitution of both the United States and the State of Alabama.

(e)    The imposition of substantial punitive damages in this case against Ms. Long would deprive her of property without the due process of law in violation of the

criteria set forth by the United States Supreme Court in *BMW of North America, Inc., v. Gore* and other cases.

(f)    Ms. Long reserves the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(g)    Under Alabama law, the imposition of punitive damages against Ms. Long would constitute an arbitrary and capricious taking of property without due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(h)    The imposition of punitive damages against Ms. Long would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(i)    The imposition of punitive damages against Ms. Long would improperly penalize her without the same safeguards afforded criminal defendants by the Constitutions of both the United States and the State of Alabama.

(j)    Ms. Long adopts and incorporates the standards with respect to punitive damages set forth by the United States Supreme Court in *Cooper Industries, Inc., v. Leatherman Tools Group, Inc.* and other cases.

**Forty-Eighth Defense**

Any award of punitive damages against Ms. Long under the facts of this case would be impermissible under *Ala. Code* §6-11-20 (1975) and/or *Ala. Code* §6-11-27 (1975).

### Forty-Ninth Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### Fiftieth Defense

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

### Fifty-First Defense

Ms. Long incorporates by reference the affirmative defenses asserted by any other defendant, as appropriate.

At the time of filing this Answer, discovery has not yet begun. Therefore, Ms. Long gives notice of her intention to rely on such other affirmative or supplemental defenses that may become available or apparent during the course of discovery and reserves the right to amend her Answer to answer to assert such defenses.

WHEREFORE, having fully answered, Ms. Long prays that this Court enter a judgment in her favor and award her attorneys' fees and costs and other relief that the Court deems just and proper.

s/Dorman Walker
Attorney for Defendant LuAn Long

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL  36101-0078
334/834-6500
334/269-3115 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 24th, 2006, I electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne Brown
Post Office Box 230205
Montgomery, AL  36123-0205
dbrown@dbrownatty.com

Wayne Sabel
Sabel & Sabel
2800 Zelda Road
Suite 100-5
Montgomery, AL  361106
mwsabl@mindspring.com

Charles A. Stewart, III
Angela R. Rogers
Bradley, Arant, Rose & White
401 Adams Avenue
Montgomery, AL  36104
cstewart@bradleyarant.com
arogers@bradleyarant.com

Michael J. Cohan
Randall C. Morgan
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL  36101
mcohan@hillhillcarter.com
rmorgan@hillhillcarter.com

Leura Garrett Canary
U.S. Attorney for the Middle District of Alabama
One Court Square
Room 201
Montgomery, AL  36104
Leura.canary@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

R. Edmond Sprayberry
Director of Public Housing
U.S. Department of Housing & Urban Development
Medical Forum Bldg., Suite 900
Birmingham, AL  35203

Alphonso Jackson
Secretary of the U.S. Department of Housing and Urban Development
451 7th Street, SW
Washington, DC  20410

This the 24th day of January, 2005.


                              s/Dorman Walker
                              Of Counsel