IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:05-CV-1235-T |
| ) | |
| R. EDMOND SPRAYBERRY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS CLAIM FOR CONVERSION

Defendant LuAn Long moves the Court to dismiss Count III of the complaint, for conversion, on the grounds that it fails to state a claim for which relief may be granted. As grounds for this motion, Ms. Long shows the following:

1. Plaintiff Terry Davis alleges that he performed work as a lawyer for defendant the Board of Commissioners of the Housing Authority of the City of Montgomery ("Board"). Ms. Long was, at times relevant to the complaint, a Commissioner of the Board. Mr. Davis further alleges that he has not been paid for his services. This is the basis of his conversion claim. *Complaint, ¶ 23*.

2. The elements of conversion include a "wrongful taking of specific property and an assumption of ownership or dominion over the separate and identifiable property of another." *Young v. Norfolk Southern Ry. Co.*, 705 So. 2d 444, 446 (Ala. 1997).

3. The rule in Alabama is that "ordinarily, an action will not lie for conversion of money." *Willingham v. United Insurance Co.*, 628 So. 2d 328, 333 (Ala. 1993) (affirming summary judgment against conversion claim for insurance premiums paid); *Greene County Board of Education v. Bailey*, 586 So. 2d 893, 898-900 (Ala. 1991) (funds that are not directly

allocable to a special account, or otherwise segregated, will not support a claim for conversion). In *Willingham*, the Alabama Supreme Court specifically refused the plaintiff's attempt to use the tort of conversion to force the payment to plaintiff of unsegregated funds, which in *Willingham* were plaintiff's insurance premiums to United Insurance Company: "If we were to hold that the money paid by the Willinghams to United in the form of premiums is sufficiently identifiable or segregated to give rise to a cause of action for conversion . . . the established rule that, generally, there is no cause of action for the conversion of money would, for all practical purposes, be abolished." *Id.* at 333.  In this case, as in *Willingham*, the plaintiff seeks payment to him of unsegregated funds.

Moreover, the funds at issue not only are unsegregated, they also are unidentified. Mr. Davis has not alleged how much the Board (including Ms. Long) "owes" him. Before Mr. Davis could even begin to argue that the money he seeks is in a segregated account, he would have to have provided defendants with the amount he thinks he is due. Before the Board could segregate specific funds, it would have to have some means of identifying them. At present, it has no such means, and for this reason, too, the conversion count is due to be dismissed.

The conversion claim also must be dismissed because the alleged relationship between Mr. Davis and the Board is in the nature of a debtor and creditor. In *Louis v. Fowler,* 479 So. 2d 725 (Ala. 1985), the Alabama Supreme Court examined whether an employee could sue his employer under a conversion claim to recover garnished wages. The Court determined that the true relationship between the employee and employer was as debtor and creditor, and refused to "extend the definition of 'specific money capable of identification' to money which was withheld from wages of an employee by an employer in response to a garnishment." *Id.* at 727; *see also Willingham*, 628 So. 2d at 333 (holding the Willinghams' claim for return of insurance

164772.1

2

payments was "akin to that of debtor and creditor," which is insufficient to support a conversion claim against the debtor). Accordingly, Mr. Davis' conversion claim against the Board, including Ms. Long, which is akin to a debtor-creditor relationship, must be dismissed.

For these reasons, Ms. Long moves the Court to dismiss with prejudice Mr. Davis' conversion claim.

Respectfully submitted this the 24th day of January, 2006.

s/Dorman Walker
Attorney for Defendant LuAn Long

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
334/834-6500
334/269-3115 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24th, 2006, I electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne Brown
Post Office Box 230205
Montgomery, AL 36123-0205
dbrown@dbrownatty.com

Wayne Sabel
Sabel & Sabel
2800 Zelda Road
Suite 100-5
Montgomery, AL 361106
mwsabl@mindspring.com

Charles A. Stewart, III
Angela R. Rogers
Bradley, Arant, Rose & White
401 Adams Avenue
Montgomery, AL  36104
cstewart@bradleyarant.com
arogers@bradleyarant.com

Michael J. Cohan
Randall C. Morgan
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL  36101
mcohan@hillhillcarter.com
rmorgan@hillhillcarter.com

Leura Garrett Canary
U.S. Attorney for the Middle District of Alabama
One Court Square
Room 201
Montgomery, AL  36104
Leura.canary@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

R. Edmond Sprayberry
Director of Public Housing
U.S. Department of Housing & Urban Development
Medical Forum Bldg., Suite 900
Birmingham, AL  35203

Alphonso Jackson
Secretary of the U.S. Department of Housing and Urban Development
451 7th Street, SW
Washington, DC  20410

This the 24th day of January, 2006.

>                                   s/Dorman Walker
>                                   Of Counsel