IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERRY G. DAVIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 2:05cv1235T |
| ) | |
| **R. EDMOND SPRAYBERRY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LU AN LONG'S MOTION TO DISMISS CLAIM FOR CONVERSION**

**COMES NOW** the Plaintiff, and submits this memorandum brief in support of his motion in opposition to Defendant Lu An Long's motion to dismiss, and in support thereof states:

**ARGUMENT**

I. **DEFENDANT LU AN LONG'S MOTION TO DISMISS CLAIM FOR CONVERSION IS DUE TO BE DENIED**

The law is settled that to prevail on a motion to dismiss, Defendant LuAn Long must prove beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle Plaintiff to relief. *Conley v. Gibson, 355 U.S. 41, 45 – 46 (1957).*

In support of her motion to dismiss, Defendant LuAn Long asserts that the funds at issue in this case are unsegregated and unidentified. Consequently, Plaintiff's claim for conversion must be dismissed. *Willingham v. United Insurance Co., 628 So. 2d 328, 333 (Ala. 1993).*

On the face of the complaint, it is clear that if Plaintiff proves the alleged facts, Plaintiff is entitled to relief on his claim for conversion. Therefore, Defendant LuAn Long's motion to dismiss must fail in this regard.

In her motion to dismiss, Defendant LuAn Long considers facts outside the pleadings, mainly the issues of segregation and identification. In deciding a motion to dismiss, this Court must only consider the facts alleged in the pleading and matters of which the Court may take judicial notice. *Lovelace v. Software Specirum, Inc.,* 78 F. 3d 1015, 1017 – 1018 (5th Cir. 1996). Consequently, Defendant's claim that the funds at issue in this case are unsegregated and unidentified are not to be considered in deciding a motion to dismiss.

The Defendant also maintains that Plaintiff Davis' conversion claim should be dismissed because "the alleged relationship between Mr. Davis and the Board is in the nature of a debtor and creditor". In support of her claim, Defendant cites *Louis v. Fowler, 479 So. 2d 725 (Ala. 1985)* wherein the Alabama Supreme Court determined that a relationship between the employee and employer constituted a debtor and creditor relationship. Defendant's argument in this regard is without merit. Plaintiff Davis was hired by the Board to perform legal services. Defendant's argument that Plaintiff Davis is an employee of the Board is erroneous. The Board retained the right to supervise the legal services of Plaintiff Davis to determine if Plaintiff Davis was performing in conformity with their agreement. Therefore, Plaintiff Davis was an independent contractor in this regard. *Thomas v. Pepper Southern Construction, Inc., 585 So. 2d 882, 884.* Consequently, the Court's decision as expressed in *Fowler* is inapplicable to the present action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully moves this Honorable Court to deny Defendant LuAn Long's motion to dismiss Plaintiff's claim for conversion.

        Respectfully submitted,

        /s/ Dwayne L. Brown
        DWAYNE L. BROWN 9BRO149)
        Attorney for Plaintiffs

OF COUNSEL:

**Law Office of Dwayne L. Brown, PC**
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrown@dbrownatty.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on **February 17, 2006,** I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **M. Wayne Sabel, Sr., M. Wayne Sabel, Jr., Dorman Walker, Charles A. Stewart, Angela R. Raines, Michael Cohan, Randall Morgan, James DuBois**.

        /s/Dwayne L. Brown
        Of Counsel