IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 2:05-cv-01235-MHT-DRB |
| R. EDMOND SPRAYBERRY, et al. ) | |
| ) | |
|   Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT SPRAYBARRY'S MOTION TO DISMISS**

**COME NOW** Plaintiff and submit this memorandum in support of his motion in opposition to Defendant Sprayberry's motion to dismiss, and in support thereof.

**ARGUMENT**

**I.  THE DEFENDANT SPRAYBERRY'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR QUALIFIED IMMUNITY IS DUE TO BE DENIED.**

The law is settled that to prevail on a motion to dismiss, Defendant Sprayberry must prove beyond doubt that the Plaintiff, from the four corners of his complaint, can prove no set of facts in support of his claim that would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In Defendant Sprayberry's memorandum, he argues that the Plaintiff's Section 1983 claim is due to be dismissed pursuant to the qualified immunity doctrine.  However, the facts and relevant case law demonstrate that Defendant Sprayberry's unconstitutional discriminatory actions are not protected by qualified immunity for the following reasons:

### A.  DEFENDANT SPRAYBERRY WAS NOT ACTING WITHIN HIS DISCRETIONARY CAPACITY WHEN HE DISCRIMINATED AGAINST THE PLAINTIFF BASED ON RACE.

Qualified immunity offers "complete protection for governmental officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *See Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir. 2001) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When evaluating a claim for qualified immunity, the initial inquiry is whether a constitutional right would have been violated based on the facts alleged within the four corners of the complaint. *See Sacuier v. Katz*, 533 U.S. 194, 200 (2001). If, from the four corners of the complaint, no right would have been violated, then the plaintiff has failed to state a claim and there is no need for further inquiry into immunity. *See Id.* at 201.

The law is clear that once a defendant asserts qualified immunity in the present action, the defendant must show objective circumstances which would compel the conclusion that his actions were taken pursuant to the performance of their duties and within the scope of their authority. *Rich v. Dollar,* 841 F. 2d 1558, 1564 (11th Cir. 1988). It has long been held that qualified immunity is available to officials performing discretionary functions. *Roden v. Wright*, 646 So. 2d, 605 (Ala. 1994). Discretionary acts are those acts as to which there is no hard and fast rules as to the core of the conduct that one must or must not take and those acts requiring exercises in judgment and choice involving what is just and proper in the circumstances. *Wood v. Kesler*, 323 F. 3d 872 (11th Cir. 2003). Importantly, Defendant Sprayberry has neglected to discuss the issue of discretionary capacity in support of his argument that the Defendant is entitled to qualified immunity. Once a defendant establishes that he was acting within his

discretionary authority, then the burden shifts to the plaintiff to show that qualified immunity is inappropriate. *Travers v. Jones*, 323 F. 3d 1294, 1295 (11th Cir. 2003). Defendant Sprayberry has failed to meet his burden of establishing that he was acting within his discretionary capacity at the time that he racially discriminated against the Plaintiff and disallowed payment of fees and expenses to the Plaintiff relating to an investigation that the Board of the Montgomery Housing Authority (MHA) authorized. The Plaintiff will show that qualified immunity is inappropriate in the present case should the Court disagree with Plaintiff's legal assessment in this regard.

Based on the facts alleged within the four corners of the Plaintiff's complaint, Defendant Sprayberry was not acting within his discretionary capacity. The Defendant's motives were to derail the investigation of his friend, Michael McInnish, the executive director of MHA. (Pl. Comp. at ¶ 15). Defendant Sprayberry was acting outside the scope of his authority when he discriminated based on the Plaintiff's race and refused to approve budget requests to conduct the investigation. Defendant Sprayberry was acting outside the scope of his authority when he directly disallowed fees to the Plaintiff that the Board had authorized. Defendant Sprayberry, outside the scope of his authority, blatantly refused to approve payment of any fees for services rendered by the Plaintiff regarding the investigation even though the MHA Board had authorized the investigation. (Pl. Comp. at ¶ 16) The MHA Board passed a resolution approving the Plaintiff's employment as general counsel (following an objective bid process pursuant to HUD regulations). (Pl. Comp. at ¶ 12). Defendant Sprayberry, outside the scope of his authority, refused to recognized MHA Board's action and forced MHA to hire a different person or to operate without a lawyer. (Pl. Comp. at ¶¶ 16). Defendant Sprayberry used his position to remove the Plaintiff from the case to help the executive director of MHA, and by doing so was

not acting within his discretionary capacity. Further, it is undisputed that Defendant Sprayberry unilaterally refused to pay Plaintiff for services rendered in connection with the investigation of Defendant McInnish. (See Attachment 2). It is further undisputed that Defendant Sprayberry had knowledge of the difference in pay between Plaintiff and other Caucasian attorneys performing legal work for Defendant MHA. (See Attachment 3).

Defendant Sprayberry has not shown and is unable to show any objective circumstances which would compel the conclusion that his actions (discriminating based on race and refusing to approve budget requests to conduct the investigation and the disapproval of fees to the Plaintiff that the Board had authorized) were undertaken pursuant to the performance of his duty and within the scope of his authority.

### B. DEFENDANT SPRAYBERRY'S ACTIONS VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

The facts allege that the Plaintiff's Constitutional rights were violated. The Plaintiff alleged that the defendant's actions constitute discrimination based on race in violation of the Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C., Section 1983. Defendant Sprayberry and others discriminated against the plaintiff because of his race by refusing to pay him at the same hourly rate that Defendant Sprayberry paid similarly situated Caucasian attorneys working for MHA with less qualifications than the plaintiff. (Pl. Comp. at ¶ 18). Defendant Sprayberry further discriminated against the plaintiff based on race by overruling the MHA's Board of Commissioners decision to continue to employ the plaintiff as general counsel and forcing the MHA to employ counsel with less qualifications. (Pl. Comp. at ¶ 19).

C. **THE LAW WAS CLEARLY ESTABLISHED THAT DEFENDANT SPRAYBERRY'S ACTIONS WERE UNCONSTITUTIONAL.**

The Plaintiff has submitted substantial evidence that the defendant violated the Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment. Consequently, the next step is for this Court to determine whether the right violated was clearly established. *Saucier v. Katz*, 533 U.S. 194 (2001). The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official (Director for Public Housing and Urban Development) that their conduct was unlawful in the situation they were confronted. *Wilson v. Layne*, 526 U.S. 603, 615 (1999).

"Clearly established" for the purposes of qualified immunity, means that "the contours of right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law, the unlawfulness must be apparent." *Wilson v. Layne*, 526 U.S. 603, 615 (1999) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The law clearly establishes that an employer cannot discriminate based on race. Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin. 42 U.S.C.S. § 2000e-2(a)(1). By discriminating against the Plaintiff because of his race and with respect his compensation and privileges of employment, Defendant Sprayberry violated a right that has been clearly established by Title VII of the Civil Rights Act of 1964.

**1.     Whether a reasonable official would understand that discriminating against the plaintiff would have violated his right to Equal Protection under the Fourteenth Amendment?**

Defendant Sprayberry argues that in <u>most</u> cases, the plaintiff, who bears the burden of showing qualified immunity is not appropriate, must point to pre-exisiting case law that is factually similar in order to show that government officials had fair notice that their conduct violated a constitutional right. *See Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003); *Vineyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002).

Factually similar cases are <u>not always</u> necessary to establish that a government actor was on notice that certain conduct was unlawful.  If the Plaintiff in his 1983 claim shows that "the official's conduct lies so obviously at the very core of what the Constitution prohibits that the unlawfulness of the conduct was readily apparent to the official not withstanding the lack of the case law, then the official is not entitled to qualified immunity." *Thomas v. Roberts*, 323 F. 3d 950, 955 (11th Cir. 2003) *quoting Smith v. Mattox*, 127 F. 3d 1416 (11th Cir. 1997).

A reasonable official in Defendant's Sprayberry's position would have known that his action were unlawful. Defendant Sprayberry, as Director for Public Housing and Urban Development, knew or should have known that he was discriminating against the Plaintiff because of his race by refusing to pay him at the same hourly rate said Defendant paid Caucasian attorneys working for MHA with less qualifications than the Plaintiff. (Pl. Comp. at ¶ 18). Solely because of Plaintiff's race, Defendant Sprayberry refused to pay the Plaintiff $25,000 for the legal services rendered and fully performed, although said invoices were approved for payment by the Chairman of the Board of Commissioners. (Pl. Comp. at ¶ 17).  Furthermore, Defendant Sprayberry continued to discriminate against the Plaintiff based on his race by

overruling the MHA's Board of Commissioners decision to continue to employ the Plaintiff as general counsel and forcing the MHA Board to employ counsel with less qualifications. (Pl. Comp. at ¶ 19). Defendant Sprayberry knew that by discriminating against the Plaintiff based on his race his conduct was so obviously at the very core of what the Constitution prohibits that the unlawfulness of the conduct was readily apparent to the the Defendant.  Therefore, Defendant Sprayberry is not entitled to qualified immunity.

The Plaintiff has submitted substantial evidence to show that a claim for relief has been stated and Defendant Sprayberry's motion to  dismiss should be denied.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully moves this Honorable Court to deny Defendant Sprayberry's motion to dismiss Plaintiff's claim based on qualified immunity.

Respectfully submitted,

/s/ Dwayne L. Brown
DWAYNE L. BROWN 9BRO149)
Attorney for Plaintiffs

OF COUNSEL:

**Law Office of Dwayne L. Brown, PC**
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrown@dbrownatty.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 14, 2006,** I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   **M. Wayne Sabel, Sr., M. Wayne Sabel, Jr., Dorman Walker, Charles**

**A. Stewart, Angela R. Raines, Michael Cohan, Randall Morgan, James DuBois**.

/s/Dwayne L. Brown
Of Counsel

Case 2:05-cv-01235-MHT-TFM  Document 37  Filed 04/14/2006  Page 8 of 8