IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 2:05-cv-01235-MHT-DRB |
| R. EDMOND SPRAYBERRY, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

COME NOW Defendants and submit this Memorandum in Support of Defendants' Motion for a Protective Order. As set forth below, this Court should issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to quash Plaintiff's depositions noticed and subpoenaed for July 17, 18, 19, 20, and 21, because the depositions are oppressive and pose an undue burden on defense counsel. Specifically, Plaintiff has noticed nine depositions on days that he was specifically advised were not suitable for defense counsel and has refused to reasonably discuss alternative dates for the depositions. Defendants request a protective order and a scheduling conference with the Court.

**STATEMENT OF THE CASE**

This is a lawsuit filed by a former contract counsel for the Board of Commissioners of the Montgomery Housing Authority ("MHA"). Plaintiff's Complaint appears to allege three causes of action: (1) breach of contract; (2) wanton conversion; and (3) race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. (Pl. Comp. at ¶ 3, 20, 21, 23-24). Plaintiff purports to assert his claims pursuant to 42 U.S.C. § 1983 and state law. Plaintiff seeks

compensatory damages of $25,000; restoration to a position of general counsel for the MHA; back pay; punitive damages of $350,0000; and declaratory relief. The defendants are the Housing Authority of the City of Montgomery ("MHA"); Lu An Long, individually and in her capacity as Commissioner of the MHA; C. Michael McInnish; Alphonso Jackson, in his official capacity as Secretary of the United States Department of Housing and Urban Development ("HUD"; and R. Edmond Sprayberry, in his official capacity as Director of Public Housing for the Birmingham Field Office for HUD and in his individual capacity.[1]  (Pl. Comp. at ¶¶ 6-7)

Discovery commenced on or about February 21, 2006, and is set to end on December 29, 2006. The dispositive motion deadline is October 31, 2006. On or about April 24, 2006, Plaintiff wrote defense counsel asking for tentative dates to schedule Defendant McInnish's and Defendant Sprayberry's depositions. Various defense counsel responded to this request over the next several days, and also expressed their beliefs Plaintiff should be deposed before the defendants or reminded Plaintiff of the pending Motion to Dismiss filed by the Federal Defendants. After consulting among themselves, defense counsel agreed to find a two-week period during which all the depositions could be scheduled well in advance and taken in a logical and coordinated manner. On May 7, 2006, defense counsel asked Plaintiff's counsel to identify a time when all counsel could join in a conference call to discuss discovery. This request was not successful. As a result, on or about May

---

[1] Defendants Sprayberry and Jackson (also known as the "Federal Defendants") filed a Motion to Dismiss on March 27, 2006, showing that Plaintiff's claims against them were due to be dismissed because the breach of contract claims were barred by sovereign immunity, this Court lacked jurisdiction over the conversion claims, and 42 U.S.C. § 1983 and the Fourteenth Amendment did not apply to Federal Officials. Defendant Sprayberry also raised the defense of qualified immunity in the Motion. In addition, pursuant to 28 U.S.C. § 2679(d)(1), the United States has been substituted as a party defendant for Defendant Sprayberry in all Plaintiff's state law claims, including his breach of contract and wanton conversion claims, and moved to dismiss all such claims for lack of subject matter jurisdiction. See 28 U.S.C. § 2679(b)(1).

31, 2006, counsel for all four Defendants, after consultation, sent Plaintiff an email advising him that the first block of time for depositions that worked with everyone's schedule was July 25-28, 2006 and asking him for dates in August or September as well. A true and accurate copy of this email to Plaintiff is attached as Exhibit 1.

In response to this proposal from four of the five parties in this litigation, Plaintiff sent Defendants a letter on June 14, 2006, disregarding the days given to him by defense counsel and noticing ten depositions for July 17, 18, 19, 20, and 21, 2006. Besides Defendants McInnish and Sprayberry, Plaintiff noticed the depositions of Secretary Jackson; Cindy Yarbrough, Field Director for HUD's Alabama offices; Defendant Long; Charles Stewart, III, Esq., counsel for the MHA; Scott B. Smith, Esq., an attorney at Bradley Arant; and Stephanie Warner, Douglas Dzema, and Dan Labrie, all of the Housing Authority Insurance Group in Chesire, Connecticut. Plaintiff noticed the depositions for days that he had been previously advised would <u>not</u> be suitable for all the defendants. His only explanation for this action was that he did "not feel" that he could "delay putting off discovery and depositions until the fall." A true and accurate copy of Plaintiff's letter and deposition "schedule" is attached as Exhibit 2.

On July 10, 2006, Charles A. Stewart, III, was served with a subpoena to give his deposition on July 20, 2006, at 9 a.m. Stewart wrote Plaintiff's counsel reminding him that Stewart was scheduled to be in Birmingham on July 20 to take a deposition. <u>See</u> Exhibit 3. Further, Stewart invited Plaintiff to call him so that the deposition could be scheduled at a mutually-agreeable time. In doing so, Stewart attached a copy of a July 6, 2006 letter advising Plaintiff's counsel that he was not available on July 20, 2006. <u>See</u> Exhibit 3. Notwithstanding this effort to work with Plaintiff's counsel, a process server still showed up at Stewart's office on July 10, 2006, to serve him with a

subpoena and, to date, Plaintiff's counsel has not responded to Stewart's repeated statements that he was not available on July 20, 2006, and repeated requests to discuss alternative dates.

Since Plaintiff noticed these depositions, Defendants' counsel have tried to work with him to reschedule the depositions and find mutually agreeable dates. Pursuant to these discussions, Defendant McInnish's deposition is currently scheduled for July 25, 2006 and Plaintiff's deposition is currently noticed for July 26, 2006.[2] While Plaintiff has indicated a willingness to be flexible on the dates for the other nine depositions he has noticed, he has not been flexible in practice. The four defendants have suggested alternative dates and invited discussion on the subject; however, Plaintiff insists that all of his depositions take place before the July 26, 2006 deposition of Plaintiff, even though he has been advised that such scheduling is not possible. Defendants attach as Exhibit 4 true and accurate copies of various other correspondence on this issue to and from Plaintiff's counsel.

At this point, Defendants believe that continued good faith efforts to resolve this scheduling would be fruitless and move the Court for a protective order.[3] Given the large number of parties in this case and these scheduling issues, Defendants also suggest that a scheduling conference would be appropriate.[4]

---

[2] Plaintiff's deposition was originally noticed for July 27, 2006, but was re-scheduled when Plaintiff informed defense counsel that he had a conflict with that date.

[3] A certificate of good faith is attached as Exhibit 5.

[4] The Federal Defendants have also filed a separate Motion for a Protective Order to prevent the deposition of Secretary Jackson.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should grant this Motion and issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to quash Plaintiff's deposition notices setting depositions for the week of July 17, 2006. A Court has discretion to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c). One ground for granting a protective order is when a party deliberately schedules depositions for dates that he knows other parties are unavailable. See, e.g., EEOC v. Danka Industs., Inc., 990 F. Supp. 1138, 1143 (E.D. Mo. 1997). Indeed, the Guidelines To Civil Discovery Practice in the Middle District of Alabama provide in Section II(A) that a "courteous lawyer is normally expected to accommodate the schedules of opposing lawyers." As set forth below, Plaintiff's deposition notices are oppressive and unduly burdensome because he has deliberately scheduled them for a time that he was told would not work for the other parties in this case.

In response to Plaintiff's request for the Defendants to provide proposed deposition dates for Defendants McInnish and Sprayberry, the four Defendants conferred and proposed setting the depositions for the last week of July, with additional depositions to be scheduled in August or September. See Exhibit 1. The email specifically stated that the last week of July would be the "first block of time available for everyone to take depositions." See Exhibit 1. Nevertheless, Plaintiff deliberately ignored the dates proposed by the four Defendants, and noticed ten depositions during the week of July 17, 2006, a time period that he knew was not suitable for the other parties in the litigation. See Exhibit 2. His only justification was that he did "not feel" that he could delay discovery until the fall. See Exhibit 2. Furthermore, Plaintiff has insisted that all nine of his other depositions be taken before Plaintiff's July 26, 2006 deposition, and has refused to discuss with the

other four parties rescheduling the nine depositions to mutually-convenient dates.

Plaintiff's intentional scheduling of depositions during times when the other parties had informed him they would not be available constitutes an unnecessary oppression and an undue burden on the other parties to this litigation. It is also contrary to the Discovery Guidelines in this District. As Plaintiff is fully aware, Defendants are not all available for the depositions that he noticed and issued subpoenas for during the week of July 17th. To prevent this oppressive discovery practice, Defendants request that this Court grant this Motion and issue a protective order preventing these depositions, quashing Plaintiff's subpoenas, and directing the parties to discover mutually-convenient dates for the depositions. Given the large number of counsel and parties in this case, Defendants suggest that a scheduling conference may be helpful to assist the parties in scheduling discovery and other matters.

## CONCLUSION

For the foregoing reasons, Defendants submit that they have shown good cause for the issuance of a Rule 26(c) protective order. Furthermore, Defendants request a scheduling conference. Although this Motion and Memorandum are being filed by James DuBois, counsel for the Federal Defendants, all Defendants' counsel have participated in the preparation of this Motion and Memorandum and have given their consent to Mr. DuBois to file it on behalf of all.

Respectfully submitted this 14th day of July, 2006.

LEURA G. CANARY
United States Attorney

By: s/James J. DuBois  
James J. DuBois, Esq.  
Counsel for Federal Defendants  
Assistant United States Attorney  
GA Bar Number: 231445  
Post Office Box 197  
Montgomery, AL  36101-0197  
Telephone No.: (334) 223-7280  
Facsimile No.: (334) 223-7418  
E-mail: **James.DuBois2@usdoj.gov**

s/M. Wayne Sabel  
M. Wayne Sabel, Sr., Esq.  
Mark Wayne Sabel, Jr., Esq.  
Maricia Danielle Woodham, Esq  
Counsel for Defendant McInnish  
Sabel & Sabel  
Hillwood Office Center  
2800 Zelda Road, Suite 100-5  
Montgomery, AL 36106

s/Dorman Walker  
Dorman Walker, Esq.  
Counsel for Defendant Long  
Balch & Bingham  
Post Office Box 78  
Montgomery, AL 36101

s/Charles Stewart  
Charles A. Stewart, III, Esq.  
Angela Raines Rogers, Esq.  
Counsel for Defendant Housing Authority  
Bradley Arant Rose & White, LLP  
401 Adams Avenue, Suite 780  
Montgomery, AL 36104

s/Michael Cohan  
Michael Cohan, Esq.  
Randall C. Morgan  
Hill, Hill, Carter, Franco, Cole & Black  
Post Office Box 116  
Montgomery, AL 36101-0116

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to counsel for Plaintiff, Defendant Mcinnish, Defendant Long, and Defendant Housing Authority of the City of Montgomery, Alabama.

    s/James J. DuBois  
Assistant United States Attorney