IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>R. EDMOND SPRAYBERRY, et al. )<br>)<br>    Defendants. ) | Civil Action No.:<br>  2:05-cv-1235-MHT-DRB |

**MEMORANDUM IN SUPPORT OF**
**FEDERAL DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

COME NOW Defendants R. Edmond Sprayberry and Alphonso Jackson (hereinafter "the Federal Defendants"), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submit this Memorandum in Support of the Federal Defendants' Motion for a Protective Order. As set forth below, this Court should issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect Alphonso Jackson, Secretary of the United States Department of Housing and Urban Development ("HUD"), from Plaintiff's oppressive and unduly burdensome attempt to depose him. Secretary Jackson, as the highest-ranking official within HUD, lacks any personal knowledge of the allegations in this case. Moreover, Plaintiff has not shown that the discovery he seeks cannot be obtained through other sources or less intrusive means. Accordingly, Plaintiff has not shown that the "extraordinary circumstances" required by the Eleventh Circuit for him to justify deposing a Cabinet-level official exists in this lawsuit.

## STATEMENT OF THE CASE

This is a lawsuit filed by a former contract counsel for the Board of Commissioners of the Montgomery Housing Authority ("MHA"), challenging the terms of his contract with the MHA and seeking payment for legal services he provided to the MHA. The Federal Defendants in this litigation are Alphonso Jackson, in his official capacity as Secretary of HUD; and R. Edmond Sprayberry, in his official capacity as Director of Public Housing for the Birmingham Field Office of HUD and in his individual capacity.[1] (Pl. Comp. at ¶¶ 6-7). Plaintiff's Complaint appears to allege three claims against the Federal Defendants: (1) breach of contract; (2) wanton conversion; and (3) a 42 U.S.C. § 1983 claim alleging race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. (Pl. Comp. at ¶¶ 3, 20, 21, 23-24).

On March 27, 2006, the Federal Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In the Motion, the Federal Defendants explained that Plaintiff's claims against them failed as a matter of law and had to be dismissed for a number of reasons, including lack of subject matter jurisdiction, sovereign immunity, failure to

---

[1] Pursuant to 28 U.S.C. § 2679(d)(1), the United States has been substituted as a party defendant for Defendant Sprayberry in all Plaintiff's state law claims, including his breach of contract and wanton conversion claims. See 28 U.S.C. § 2679(b)(1).

state a claim upon which relief may be granted, and qualified immunity.[2]  The Motion is still pending, and the Federal Defendants have not yet filed an Answer or Initial Disclosures.

On June 14, 2006, Plaintiff noticed the deposition of Secretary Jackson for July 19, 2006, in Plaintiff's attorney's offices in Montgomery, Alabama. The deposition notice was one of ten issued by Plaintiff for the week of July 17, 2006. On June 20, 2006, the Federal Defendants requested that Plaintiff withdraw his notice for Secretary Jackson's deposition because Secretary Jackson, a Cabinet-level official in Washington, D.C., lacked personal knowledge of the issues in this lawsuit and Plaintiff could obtain discovery through less burdensome means.[3] Plaintiff responded via letter on June 28, 2006, insisting that Secretary Jackson be made available for deposition on the grounds that he believed Secretary Jackson was the "best person" to testify regarding HUD procedures.[4] The Federal Defendant's counsel left several telephone messages asking Plaintiff's counsel to call him to discuss this and other discovery issues, but Plaintiff has ignored the messages and has not contacted the Federal Defendants' counsel. Accordingly, the Federal Defendants sent a second letter on July 10, 2006, advising Plaintiff of the law pertaining to depositions of Cabinet-level officials, requesting again that he withdraw the deposition notice, and asking that he call to discuss discovery

---

[2]Regarding Secretary Jackson, Plaintiff's 42 U.S.C. § 1983 claims against Secretary Jackson in his official capacity are barred by sovereign immunity. See United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982). Plaintiff's conversion claims against Secretary Jackson in his official capacity can only be brought as tort claims against the United States under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §§ 2679(d)(1) and 2675. Since Plaintiff has not exhausted his mandatory FTCA administrative remedies, his conversion claims must be dismissed for lack of subject matter jurisdiction. See McNeil v. United States, 508 U.S. 106, 111-113 (1993). Finally, the Little Tucker Act deprives this Court of subject matter jurisdiction over Plaintiff's breach of contract claim. See Friedman v. United States, 391 F.3d 1313, 1315 (11th Cir. 2004).

[3]A true and accurate copy of the Federal Defendants' letter is attached as Exhibit 1.

[4]A true and accurate copy of Plaintiff's letter is attached as Exhibit 2.

issues by July 12, 2006, or the Federal Defendants would file a motion for a protective order.[5] To date, Plaintiff has ignored this second letter. As a result, the Federal Defendants have exhausted all attempts to resolve this matter out of court.[6]

## ARGUMENT AND CITATION OF AUTHORITY

This Court should grant this Motion and issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect Secretary Jackson from Plaintiff's attempt to depose him in this lawsuit. A Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c). When a party seeks to take the deposition of a high-ranking government official, he must show that "extraordinary" circumstances justify his request. See In re United States, 985 F.2d 510, 512 (11th Cir. 1993). As set forth below, Plaintiff cannot show "extraordinary" circumstances exist in this case, and his insistence on taking Secretary Jackson's deposition is entirely without foundation.

The Supreme Court and Eleventh Circuit have emphasized that parties should be discouraged from calling Cabinet-level and other high-ranking officials as witnesses in lawsuits. See In re United States, 985 F.2d at 512 (citing United States v. Morgan, 313 U.S. 409 (1941)). The reason for this requirement is that "high ranking government officials have greater duties and time constraints than other witnesses." See In re United States, 985 F.2d at 512. As another court astutely recognized when granting a protective order preventing a deposition, "[i]f the head of a government agency were subject to having his deposition taken concerning any litigation affecting his agency ... we would find that the heads of government departments and members of the President's Cabinet would be

---

[5] A true and accurate copy of the Federal Defendants' second letter is attached as Exhibit 3.

[6] A certificate of good faith is attached as Exhibit 4.

spending their time giving depositions and would have no opportunity to perform their functions." Capital Vending Co., Inc. v. Baker, 36 F.R.D. 45, 46 (D.D.C. 1964). See also Community Fed. Sav. & Loan v. Fed. Home Loan Bank Bd., 96 F.R.D. 619, 621 (D.D.C. 1983)("Considering the volume of litigation to which the government is a party, a failure to place reasonable limits upon private litigants' access to ... governmental officials as sources of routine pre-trial discovery would result in a severe disruption of the government's primary function"). In other words, courts have recognized that subjecting high-ranking officials to depositions "significantly interfere[s] with their ability to perform their governmental duties." See Alexander v. FBI, 186 F.R.D. 1, 4 (D.D.C. 1998).

Accordingly, courts have held that a party seeking the testimony of a high-ranking government official must show that "extraordinary" or special circumstances exist that compel the requested discovery. See In re United States, 985 F.2d at 512 (citing Sweeney v. Bond, 669 F.2d 542, 546 (8th Cir. 1982)); Cornejo v. Landon, 524 F. Supp. 118, 122 (N.D. Ill. 1981) (collecting cases); Baker, 36 F.R.D. at 46. To make the required showing of exigent circumstances, a party seeking the deposition must show that the official had personal knowledge, the testimony sought was essential to the party's case, and the evidence could not be obtained through an alternative source or through less burdensome means than a deposition. See In re United States, 985 F.2d at 512-513; Low v. Whitman, 207 F.R.D. 9, 12 (D.D.C. 2002); Warzon v. Drew, 155 F.R.D. 183, 185 (E.D. Wisc. 1994); Church of Scientology v. IRS, 138 F.R.D. 9, 12-13 (D. Mass. 1990); Cornejo, 524 F. Supp. at 122. See also Alexander, 186 F.R.D. at 4 ("There is substantial case law standing for the proposition that high ranking government officials are generally not subject to depositions unless they have some personal knowledge about the matter and the party seeking the depositions makes a showing that the information cannot be obtained elsewhere").

In the present case, Plaintiff cannot show that extraordinary circumstances exist in this case such that he should be able to compel Secretary Jackson to abandon his executive duties and come to Montgomery to answer Plaintiff's questions at a deposition. Secretary Jackson was <u>not</u> personally involved in the issues in this case and has <u>no</u> personal knowledge of the matter. Moreover, he was named in this lawsuit <u>only</u> in his official capacity and has a pending motion to dismiss <u>all</u> the claims against him on the basis of sovereign immunity and lack of subject matter jurisdiction.

Furthermore, as one of the twenty members of President Bush's Executive Cabinet, Secretary Jackson is one of the highest ranking executive officials in the United States. Generally, all the powers and functions of HUD are vested in Secretary Jackson. In his role, he manages a Federal Agency with a budget of approximately 31.3 billion dollars and a workforce of more than 10,000 employees. His duties and responsibilities are broad. He is responsible, for example, for all programs, functions, and authorities of HUD. He also advises the President on Federal policy, programs, and activities relating to housing and community development. Moreover, among other things, he is responsible for delegating and appointing HUD officials and serving on various governmental and civic committees, boards, and councils.

Given these circumstances, Plaintiff's explanation that he needs Secretary Jackson's deposition because he thinks Secretary Jackson would be the "best person" to explain HUD procedures falls well short of showing that extraordinary circumstances require that Secretary Jackson's deposition be taken in this case. Indeed, there can be no doubt that Plaintiff's discovery can be obtained through less burdensome means than forcing a Cabinet-level official to sit for a deposition in a lawsuit that he knows nothing about. <u>Cf</u>. <u>Weir v. United States</u>, 310 F.2d 149, 154 (8th Cir. 1962) (stating that "[n]o compelling reason is shown why the Secretary should be required

to leave the seat of his duties as a cabinet officer to give his deposition" and noting discovery could have been obtained through other less intrusive means). See also Cowen v. State of Georgia Dep't of Children and Youth Servs., 179 F.R.D. 644, 646 (N.D. Ga. 1998) (granting motion for a protective order to prevent deposition of agency head when plaintiff failed to show testimony was essential to case and could not be obtained through alternative means); Cornejo, 524 F. Supp. at 122 (granting protective order to prevent deposition of acting director of United States Immigration and Naturalization Service); Baker, 36 F.R.D. at 46 (granting protective order).

In sum, Plaintiff's attempt to depose Secretary Jackson is nothing more than a frivolous attempt to engage in harassing and unduly burdensome discovery. See Baker, 36 F.R.D. at 46 (noting it would be "oppressive and vexatious to require" high level official to "submit to an interrogation that might last for several hours and that would ... disturb government business"). As a result, the Court should grant this Motion and issue a protective order preventing Secretary Jackson's deposition. See In Re United States, 985 F.2d at 512; Cornejo, 524 F. Supp. at 122.

## CONCLUSION

For the foregoing reasons, the Federal Defendants have shown good cause and respectfully request that this Motion for a Protective Order be granted.

Respectfully submitted this 14th day of July, 2006.

        LEURA G. CANARY
        United States Attorney

By: s/James J. DuBois
   JAMES J. DUBOIS
   Assistant United States Attorney
   Georgia Bar No. 231445
   United States Attorney's Office
   Post Office Box 197
   Montgomery, AL 36101-0197
   Telephone: (334) 223-7280
   Facsimile: (334) 223-7418
   E-mail: james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Defendant Mcinnish, Defendant Long, and Defendant Housing Authority of the City of Montgomery, Alabama.

        s/James J. DuBois
        Assistant United States Attorney