# EXHIBIT 1

**U.S. Department of Justice**

*United States Attorney*
*Middle District of Alabama*

---

One Court Square, Suite 201
Post Office Box 197
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280
Fax: 334/223-7560
Fin Lit Fax: 334/223-7201
Civil Fax 334/223-7418
Criminal Fax: 334/223-7135

June 20, 2006

Dwayne Brown, Esq.
Law office of Dwayne Brown
Post Office Box 230205
Montgomery, Alabama 36123-0205

    Re: **Davis v. Sprayberry**
         Civil Action No.: 2:05-cv-1235-T

Dear Dwayne:

    This letter responds to your June 14, 2006 letter, deposition notices, and written discovery in the above-referenced case. Three of your deposition notices concern federal officials, and I will address each of them in turn. I will also address your written discovery.

    First, as you were advised by Mr. Sabel via email, Mr. Sprayberry is available for deposition during the last week of July, namely July 25, 26, 27, or 28, 2006. This is also when other defense counsel have indicated their availability. Since these are the most convenient dates for everyone involved in this case, I will make him available on any of those four days for a deposition. Please let me know which day is best for your schedule. If none of those days work, please call me so we can work out another mutually-convenient time for the deposition. Pursuant to standard practice, the deposition will take place at either the Office of the U.S. Attorney or one of the other defendants' offices (if we have other depositions scheduled during that day and they have larger offices).

    Second, I will not make Alphonso Jackson, Secretary of the United States Department of Housing and Urban Development, available for deposition absent a court order. Mr. Jackson, who is a Cabinet level Executive official in Washington, D.C., has been named in this lawsuit only in his official capacity and has no personal knowledge of the matters in this case. The Federal Defendants currently have a pending motion to dismiss that will dispose of all the claims against Mr. Jackson on the basis of lack of jurisdiction and sovereign immunity. Given Mr. Jackson's Cabinet-level position, the pending motion, and the circumstances of this case, Plaintiff has no valid factual or legal basis to take Mr. Jackson's deposition in this matter. Accordingly, the deposition notice for Mr. Jackson is overly

Dwayne Brown, Esq.
Page 2
June 20, 2006

burdensome and beyond the scope of permissible discovery and I ask that you withdraw it by July 5, 2006. If it is not withdrawn by that date, I will file the necessary motion for a protective order with the Court.

 Third, I will not make Cindy Yarbrough, Field Office Director of the Birmingham Field Office of the United States Department of Housing and Urban Development, available for deposition absent a court order. Ms. Yarbrough has not been named as a defendant in this case and has no personal knowledge of the facts of this case. Indeed, she has not been mentioned in any document in this lawsuit and was not identified in <u>any</u> of the initial disclosures filed in this case, including those filed by Plaintiff. Given that she is a high-ranking government official, the law is clear that Plaintiff must show that she has personal knowledge or information that cannot be obtained from any other source before she may be deposed. Moreover, a party seeking such a high-level deposition must show that they cannot use less burdensome means (such as written discovery) to obtain the desired information. Plaintiff has not made, and cannot make, any of the necessary showings to take Ms. Yarbrough's deposition. Accordingly, I also ask that you withdraw the deposition notice for Ms. Yarbrough by July 5, 2006. If this matter is not resolved by that date, I will file the appropriate motion for a protective order.

 On another matter, while Defendant Sprayberry will make all efforts to timely comply with your written discovery requests, please understand that given the voluminous nature of your interrogatories, requests for production, and requests for admission, it may not be possible to fully respond within the prescribed period. Once I evaluate a response time, I will contact you to discuss a possible short extension.

 Finally, I am in agreement that we should try to schedule the depositions at mutually convenient times. It is my understanding that the depositions you have noticed during the week of July 17th are not convenient for everyone. I propose moving those depositions to the following week or in September, as per Mr. Sabel's email to you earlier this month.

Dwayne Brown, Esq.
Page 2
June 20, 2006

      Please call me to discuss the matters addressed in this letter.

            Sincerely yours,

            FOR THE UNITED STATES ATTORNEY
            Leura G. Canary

            James J. DuBois
            Assistant United States Attorney

LGC:JJD

cc:    Dorman Walker, Esq.
       Charles Stewart, Esq.
       Angela Rogers, Esq.
       Michael Cohen, Esq.
       Terry Davis, Esq.
       M. Wayne Sabel, Sr., Esq.