IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS )<br><br>Plaintiff, )<br>)<br>vs. )   Case No.: 2:05cv1235MHT<br>)<br>)<br>R. EDMOND SPRAYBERRY, et al. )<br>)<br>Defendants. ) | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PROTECTIVE ORDER FOR ALPHONSO JACKSON

COMES NOW, Plaintiff Terry G. Davis by and through counsel and hereby moves the court to reconsider its order (Doc. 47) granting a protective order to Defendant Alphonso Jackson and as grounds therefor submit the following:

At the time of the hearing before the court, Plaintiff had not had adequate time to respond to Defendant Jackson's motion and memorandum in support of the protective order sought. Plaintiff acknowledges that neither was additional time requested. However, Plaintiff requests that the court reconsider its order and submits that "extraordinary circumstances" do exist which entitle Plaintiff to take the deposition of Defendant Jackson. The "extraordinary" circumstances stem from the conduct of a senior level HUD employee, R. Edmond Sprayberry to stop and impede a duly authorized investigation into improper and corrupt conduct on the part of the Executive Director of the Montgomery Housing Authority, Defendant C. Michael McInnish. The known facts lead up to Deputy Secretary Roy Bernardi. (Exhibit 1). At the core of Plaintiff's complaint is the allegation that Defendant Sprayberry exceeded and abused his

-1-

authority in seeking to impede, and stop the investigation authorized by the Montgomery Housing Authority into improper and corrupt activities of its executive director, Defendant McInnish.

This is not a "garden variety" case of breach of contract for services or a routine claim of discrimination by reason of race. This is a case that grew out of a properly authorized investigation by a federal agency into improper conduct of a federal employee. (Exhibit 2) The facts will demonstrate that Defendant Sprayberry made every effort possible to stop and impede the investigation. From the outset of learning of McInnish's suspension, Sprayberry began his onslaught of relentless attacks on Plaintiff and the MHA. The day after the Montgomery Housing Authority suspended Defendant McInnish, Sprayberry stripped the Montgomery Housing Authority of its ability to conduct any financial transactions or purchases. Thomas Taylor, chairman of the board of the Montgomery Housing Authority, requested that Sprayberry provide an explanation for his action, which was without cause, however, Sprayberry refused to respond or cite authority for his actions. Sprayberry also refused Chairman Thomas' request to come to the MHA office to investigate this matter himself. (Exhibit 3). Only on one occasion did Defendant Sprayberry attempt to explain why MHA was stripped of its authority to act.

The charges and evidence against McInnish were serious and started with McInnish refusing to convey to the MHA Board a twelve million dollar ($12 million) offer from the Mayor of the City of Montgomery to purchase the Riverside Heights Housing Development. Other charges included insubordination and misconduct. (Exhibit 4). Also, see Plaintiff's Response to Defendant McInnish's Interrogatory # 1. (Exhibit 5)

Plaintiff submits that charges are of such a severe nature that latitude should be given to permit the deposing of Defendant Jackson. Moreover, because the number two person in HUD

has personal knowledge of the facts, Defendant Jackson should be required to certify to the Court, that he has no personal knowledge whatsoever relating to any facts in this case. Clearly a high ranking HUD official, with personal knowledge of the facts, is a proper person to be deposed. *Energy Capital Corp vs. The United States*, 60 Fed. Cl. 315 (U.S. Court of Federal Claims, 2004).

DONE this the 31st day of July, 2006.

Respectfully submitted,

_____
Dwayne Brown
ASB-9396-B59D
Attorney for Plaintiff
**Law Office of Dwayne L. Brown, PC**
Post Office Box 230205
Montgomery, Alabama 36123-0205
Telephone: (334) 277-3757
Fax: (334) 277-3613
E-Mail: dbrown@dbrownatty.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing the same in the U.S. Mail, first class, postage prepaid, properly addressed as follows on this the 31st day of July, 2006.

M. Wayne Sabel, Sr., Esq.
Sabel & Sabel
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106

Dorman Walker, Esq.
Balch & Bingham
Post Office Box 78
Montgomery, AL 36101

Charles A. Stewart, III, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Micheal Cohan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101-0116

James DuBois, Esq.
U.S. Attorney's Office
Post Office Box 197
Montgomery, AL 36101

_____
Of Counsel