# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:05-cv-1235-MHT |
| | ) |
| R. EDMOND SPRAYBERRY, et al., | ) |
| | ) |
|     Defendants. | ) |

**<u>PROTECTIVE ORDER</u>**

Pursuant to Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. To address certain types of confidential information and documents covered by this Protective Order, the parties have agreed to designate certain information as "confidential" and limit its disclosure accordingly. This Protective Order shall apply to documents, materials, and information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure. This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom which, after having been reviewed by one of the lawyers for the parties in this case, is designated by that lawyer as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under

      Fed. R. Civ. P. 26(c).

3. The lawyer for the party designating any information as Confidential will make that designation in the following manner:

    a. By imprinting the word "Confidential" on the first page of any document or group of documents to be produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request.

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential;" and

    d. With respect to documents provided by any third party to this action, by giving written notice to opposing counsel designating such portions as "Confidential."

4. All Confidential Information shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of the litigation of this case.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order also shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. No copies of Confidential Information shall be made except by or on behalf of counsel in this

litigation. Such copies shall be made and used solely for purposes of this litigation. During this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom.

7. A Party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the Confidential designation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The motion seeking court intervention should be accompanied by a certificate indicating that counsel tried in good faith to resolve the issue was but was unsuccessful. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion.

8. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall destroy such information. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

9. By agreeing to the entry of this Protective Order, the Stipulating Parties adopt no position as to the authenticity or admissibility of documents produced.

10. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall be treated at trial.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Done this _____ day of _____, 2006.

_____
UNITED STATES MAGISTRATE JUDGE