IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TERRY G. DAVIS,              )
                             )
    Plaintiff,               )
                             )
    v.                       )    CIVIL ACTION NO.
                             )     2:05cv1235-MHT
R. EDMUND SPRAYBERRY,        )         (WO)
et al.,                      )
                             )
    Defendants.              )
```

ORDER

This case is currently before the court on a motion to dismiss filed by defendants R. Edmund Sprayberry and Alphonso Jackson. Plaintiff's counsel has orally informed the court that plaintiff concedes that all of the claims are due to be dismissed as to defendant Jackson; that Counts 1 and 3 are due to be dismissed as to defendant Sprayberry; and that Count 2 is due to be dismissed as to defendant Sprayberry in his official capacity only. Thus, in light of plaintiff's counsel's concessions, the only outstanding issue regarding the motion to dismiss is whether Count 2 is due to be

dismissed against defendant Sprayberry in his individual capacity.

Count 2 alleges a violation of plaintiff Terry G. Davis's equal protection rights, as enforced through 42 U.S.C. § 1983. Section 1983 provides a cause of action for damages against any "[p]erson who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," violates a plaintiff's constitutional rights. It is well-settled that § 1983 does not authorize suits against federal employees who violate constitutional rights while acting under the color of federal law. See e.g., Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1979).* According to the complaint, Sprayberry is a federal employee and is being sued for his actions as a federal employee. Thus, his alleged wrongdoing would naturally have occurred under

---

\* In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the color of federal, not state, law.  Therefore, this § 1983 claim is not cognizable against him and is due to be dismissed as to him.

However, <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), does authorize claims against federal employees, in their individual capacities, for violations of constitutional rights.  A <u>Bivens</u> claim for the alleged equal protection violation may be cognizable against defendant Sprayberry.  Therefore, the court will give Davis leave to amend the complaint to include a <u>Bivens</u> action against Sprayberry, if he so desires.

Accordingly, it is ORDERED as follows:

(1) The motion to dismiss filed by defendants R. Edmund Sprayberry and Alphonso Jackson (Doc. No. 30) is granted.

(2) All claims against defendant Jackson, who is being sued in his official capacity only, are dismissed.

(3) The claims against the United States, which has been substituted as party defendant for defendant Sprayberry on Counts 1 and 3, are dismissed.

(4) Count 2 is dismissed as to defendant Sprayberry in his official capacity.

(5) Count 2 is dismissed as to defendant Sprayberry in his individual capacity, with leave to amend the complaint within seven days to include a <u>Bivens</u> claim.

DONE, this the 10th day of August, 2006.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**