IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 AUG 24  A 11: 40

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No.: 2:05cv1235MHT |
| ) | |
| R. EDMOND SPRAYBERRY; ) | |
| C. MICHAEL MCINNISH; ) | |
| LU AN LONG individually and in ) | |
| her capacity as Commissioner of the ) | |
| Housing Authority of the City of ) | |
| Montgomery, Alabama; THE HOUSING ) | |
| AUTHORITY OF THE CITY OF ) | |
| MONTGOMERY, ALABAMA. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## AMENDED COMPAINT

### I. PRELIMINARY STATEMENT

1.   This action seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff Terry Davis, to racial discrimination regarding his inferior salary and failure to remit payments for legal services rendered pursuant to contract.

## II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331; Title 28, U.S.C., Section 1343; and Title 28 US.C., Section 2201. This action arises pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Alabama, 1901. Jurisdiction of this Court is also invoked pursuant to the provisions of 42 U.S.C., Section 1983[1], this being an action to redress the deprivation of rights secured under said constitutional and statutory provisions. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C., 1988 and Fed R Civ p. 54.

## III. NATURE OF THE ACTION

3. This action seeks a declaratory judgment declaring that the Defendants' actions constitute breach of contract, conversion, discrimination by reason of Plaintiff's race in violation rights guaranteed Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Constitution of the State of Alabama, 1901 and 42 U.S.C. Section 1983.

4. All acts herein complained of were done under the color of state law.

## IV. THE PARTIES[2]

5. Plaintiff Terry G. Davis is a citizen of the United States of the age of majority residing in Montgomery County, Alabama.

6. Defendant R. Edmond Sprayberry is a citizen and resident of Jefferson County, Alabama and he is above the age of 19 years. He may be served at the Medical Forum Building, Suite 900, Birmingham, Alabama 35203.

---

[1] 42 U.S.C. 1983 claims are not applicable against Defendant R. Edmond Sprayberry, by order of Court (Doc. 55)
[2] Plaintiff interprets the Court's order (Doc. 55) dismissing Defendant Sprayberry as also dismissing the United States.

7. C. Michael McInnish is a citizen and resident of Montgomery County, Alabama and is sued individually. He above the age of 19 years. He may be served at 7607 Mossy Oak Drive, Montgomery, Alabama 36116.

8. The Housing Authority of the City of Montgomery, Alabama is a corporation organized under and pursuant to the laws of the State of Alabama, with its place of business being located at 1020 Bell Street Montgomery.

9. Lu An Long is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama and a citizen and resident of Montgomery County, Alabama. She is above the age of 19 years. She may be served at 323 Adams Avenue, Montgomery, Alabama 36105.

## V. ALLEGATIONS OF FACT

10. On November 16, 2004, the Housing Authority for the City of Montgomery voted by a vote of 6 to 1 to suspend, with pay, its executive director Defendant C. Michael McInnish, pending an investigation into his activities as executive director. The suspension was based on the fact that Mr. McInnish withheld information from MHA Board of Directors in an effort to prevent the City of Montgomery from purchasing a portion of the Riverside Heights Housing Development to be used in a land exchange with Maxwell Air Force Base. McInnish refused to transmit a September 24, 2004 offer from Mayor Bobby Bright to purchase the property for $12 million. McInnish's suspension was also based upon the fact that he had made an undisclosed trip with board member Richard Bollinger to Washington DC at the expense of the Montgomery Housing Authority.

11. On the day following McInnish's suspension, November 17, 2004, the MHA Board Chairman, Thomas Taylor, directed the Plaintiff, who was employed as general counsel for, to conduct a full investigation into certain activities of Mr. McInnish as executive director.

12. On or about December 15, 2004, Plaintiff Davis presented his findings to interim executive director and on December 23, 2004, ten (10) charges of misconduct and insubordination were presented against Mr. McInnish. Based upon the evidence presented by Davis to the interim executive director, a recommendation was made to terminate the employment of C. Michael McInnish as executive director and a disciplinary due process hearing was set.

13. On November 17, 2004, Defendant McInnish contacted Defendant Sprayberry to solicit his assistance because he had been suspended by the Housing Authority. This occurred before any formal notification of the suspension had been sent to Defendant Sprayberry's office. On the same day, Sprayberry telephoned Board Chairman Taylor to inquire as to why Mr. McInnish was placed suspended. Taylor informed Sprayberry about the 6 to 1 vote and that the matter was under investigation. Sprayberry was told also contact MHA general counsel who would answer any specific questions.

14. Defendants Sprayberry and McInnish are known to have a close friendship. McInnish is further known to have considerable influence within the U.S. Department of Housing and Urban Development. Defendant Sprayberry, using his authority, as Director for Public Housing and Urban Development conspired with McInnish to both use their influence with officials at HUD to impede the investigation of McInnish and terminate the MHA's presentation of charges against McInnish.

15. On November 18, 2004, Defendant Sprayberry at the urging of Defendant McInnish and Defendant Lu An Long, began a series of punitive, retaliatory and illegal actions against Plaintiff designed to impede and terminate the authorized investigation by Plaintiff Davis into the activities of Defendant McInnish and violate the Equal Protection Rights of Plaintiff. Defendant Sprayberry's actions include: (a) the immediate withdrawal of local authority from the Housing Authority to conduct business and make fiscal and procurement decisions; (b) the interference with the Housing Authority's exclusive authority to take disciplinary actions against the executive director; (c) ordering that special board meetings be called to reconsider the suspension of McInnish; (d) collaborating with board member Lu An Long and Defendant McInnish to frustrate and impede the efforts of the Board majority to have a disciplinary hearing on charges against C. Michael McInnish; (e) by refusing to authorized payment of legitimate fees and expense which were overdue in relation to the investigation of C. Michael McInnish in an effort deter Plaintiff from continuing to investigate and present charges at the scheduled disciplinary hearing on behalf of the MHA; (f) by requiring that the Housing Authority terminate the services of Plaintiff before the disciplinary hearing against C. Michael McInnish could be held; (g) interfering with local MHA business by overrunning, without cause, MHA's decision on December 21, 2004 to continue the employment of Plaintiff as general counsel for the MHA so that the investigation and presentation of charges against C. Michael McInnish would continue; (h) by refusing recognized the employment of a duly appointed hearing officer to conduct the disciplinary hearing and refusing payment of expensed for the hearing officer (i) forcing the Montgomery Housing Authority to employ new counsel so serve as its local counsel; (j) improperly communicating with and providing to Defendant McInnish, confidential correspondence between the Montgomery Housing Authority and the his (the Director's) office;

(k) directing the Montgomery Housing Authority to hire a new hearing officer and refusing to approve the contract of the hearing officer initially employed because of his race (African-American), even though the hearing officer was selected from three applicants pursuant to HUD guidelines; (l) by imposing excessive oversight procedures and interfering with the day-to-day operations of the Montgomery Housing Authority without justification; (m) forcing the involuntary termination of Plaintiff's services as counsel for the Montgomery Housing Authority by refusing to authorize payments for services rendered covering a five (5) month period; (n) on or about March 15, 2005, Sprayberry wrongfully denied Plaintiff's claim for fees pursuant to a valid contract with the Montgomery Housing Authority and (o) on October 31, 2005 Defendant Sprayberry prepared a false, misleading and inaccurate report in an effort to intentionally discriminate and retaliate against Plaintiff and the Montgomery Housing Authority.

16. Defendant Sprayberry and Defendant Montgomery Housing Authority have failed and refused to pay Plaintiff $25,000 for services rendered and services which have been fully performed. Said invoices were approved for payment by the Chairman of the Board of Commissioners.

17. Defendants McInnish and Sprayberry discriminated against Plaintiff by reason of his race and violated Plaintiff's Equal Protection Rights by refusing to pay him at the same hourly rate said defendants paid white attorneys working for MHA with less qualifications than Plaintiff for the same work. Said payments were authorized and approved by McInnish and Sprayberry. White attorneys were routinely paid $270/hr for senior attorneys and $240/hr for junior attorneys while Plaintiff is paid only $175/hr.

18. Defendant Sprayberry further discriminated against Plaintiff by reason of his race and violated Plaintiff's Equal Protection Rights by overruling the MHA's board of

commissioners decision on December 21, 2004 to continue the employment of Plaintiff as general counsel and forcing the MHA to employ counsel with less qualifications.

## VI. FIRST CAUSE OF ACTION

### (Breach of Contract)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

19. Defendant's refusal to pay Plaintiff for services rendered as general counsel constitutes a breach of contract.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff in the amount of $25,000, plus interest, court cost, attorney fees and any other relief to which Plaintiff may show himself to be justly entitled.

## VII. SECOND CAUSE OF ACTION

### (Race Discrimination and Equal Protection )

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

20. Defendants' action constitutes discrimination by reason of race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Constitution of the State of Alabama, 1901 and 42 U.S.C., Section 1983.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and order Defendants to employ Plaintiff in the position of general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the

amount of $500,000, plus costs, attorneys' fees, and any other amount to which Plaintiff may show himself to be justly entitled.

### VIII. THIRD CAUSE OF ACTION

### (Trover and Conversion)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

21. Defendants' action constitutes Trover and Conversion, willfully and wantonly committed by defendants Sprayberry, McInnish and Long in violates of Plaintiff's rights

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff in the amount of $25,000 in compensatory damages plus costs, attorneys' fees, and any other amount to which Plaintiff may show himself to be justly entitled.

### VIII. FOURTH CAUSE OF ACTION

### (Race Discrimination and Equal Protection )

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

22. Defendant Sprayberry's actions constitute intentional discrimination by reason of race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Alabama, 1901.

23.   Defendant Sprayberry treated Plaintiff differently from similarly situated persons and further treated Plaintiff differently for the purpose of discriminating against him on an impermissible bases.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and order Defendants to employ Plaintiff in the position of general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the amount of $500,000, plus costs, attorneys' fees, and any other amount to which Plaintiff may show himself to be justly entitled.

## IX. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that after a hearing hereon, the Court will:

I. Issue a declaratory judgment stating that:

1. The actions of Defendants in refusing to pay him for services rendered constitutes breach of contract, trover and conversion in violation of Plaintiff's rights;

2. The actions of Defendants McInnish and Long constitute discrimination by reason of Plaintiff's race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Constitution of the State of Alabama, 1901, and 42 U.S.C. Section 1983.

3. The actions of Defendant Sprayberry constitute discrimination by reason of Plaintiff's race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Alabama, 1901.

II. Enter mandatory, preliminary and permanent injunctions requiring be compensated for services rendered and employed as general counsel for the Montgomery Housing Authority.

III. Enter an Order awarding Plaintiff punitive damages.

IV. Enter an Order awarding Plaintiff his costs incurred in this case, together with reasonable attorneys' fee to be taxed as part of the costs against Defendants.

IV. Grant such additional and further relief as the Court deems proper and just in the premises.

DONE this the 17th day of August, 2006.

Respectfully submitted,

/s/ Dwayne Brown
Dwayne Brown (ASB-9396-B59D)
Attorney for Plaintiff
5925 Carmichael Road
Montgomery, AL 36106
Phone (334) 277-3757
Facsimile (334) 277-3613
Dbrown@dbrownatty.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by U.S. Mail, postage prepaid and properly addressed on this 17th day of August, 2006 as follows:

M. Wayne Sabel, Sr., Esq.
Sabel & Sabel
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106

Dorman Walker, Esq.
Balch & Bingham
Post Office Box 78
Montgomery, AL 36101

Charles A. Stewart, III, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Micheal Cohan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101-0116

James DuBois, Esq.
U.S. Attorney's Office
Post Office Box 197
Montgomery, AL 36101

/s/ *[signature]*
Of Counsel