IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY G. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:05-CV-1235-T |
| | ) | |
| R. EDMOND SPRAYBERRY, | ) | JURY TRIAL DEMANDED |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## LUAN LONG'S ANSWER TO AMENDED
## COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant LuAn Long answers the plaintiff's first Amended Complaint as follows:

### First Defense

1.    **This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff Terry Davis, to racial discrimination regarding his inferior salary and failure to remit payments for legal services rendered pursuant to contract.**

ANSWER:    Ms. Long admits that the complaint seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorneys' fees. She denies that Mr. Davis is entitled to any relief, denies that he was treated in the racially discriminatory manner as he, alleges and denies every averment of paragraph one not expressly admitted.

### I.    JURISDICTION

2.    **Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331; Title 28, U.S.C., Section 1343; and Title 28, U.S.C., Section 2201.  This action arises pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution**

of the United States and the Constitution of the State of Alabama, 1901. Jurisdiction of this Court is also invoked pursuant to the provisions of 42 U.S.C., Section 1983[1], this being an action to redress the deprivation of rights secured under said constitutional arid statutory provisions. Costs and attorney's fees may be awarded pursuant to Title 42 U.S.C., 1988 and Fed. R. Civ. P. 54.

ANSWER:     Ms. Long admits that Mr. Davis seeks to invoke the Court's jurisdiction under 28 U.S.C. § 1331 for claims made under 28 U.S.C. § 2201 and § 1983, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the Constitution of the State of Alabama, and for fees and expenses under 28 U.S.C. § 1988. She does not contest jurisdiction, but she denies that the complaint has merit and denies all other averments of paragraph two.

## II.     NATURE OF THE ACTION

3.     This action seeks a declaratory judgment declaring that the Defendants' actions constitute breach of contract, conversion, discrimination by reason of [Plaintiff's] race in violation of rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Constitution of the State of Alabama, and 42 U.S.C. Section 1983.

ANSWER:     Ms. Long admits that Mr. Davis seeks a declaratory judgment and that he alleges certain of his rights were violated by the defendants. She denies she has violated his rights, and denies every averment of paragraph three not expressly admitted.

4.     All acts herein complained of were done under the color of state law.

---

[1] 42 U.S.C. 1983 claims are not applicable against Defendant R. Edmond Sprayberry, by order of Court (Doc. 55).

[2] Plaintiff interprets the Court's order (Doc. 55) dismissing Defendant Sprayberry as also dismissing the United States.

ANSWER:    Ms. Long admits that any action that she may have taken which is the subject of this lawsuit was taken in her capacity as a member of the Board of Commissioners of the Housing Authority of the City of Montgomery ("the Board"), and was taken under color of law.

### III.    THE PARTIES

**5.    Plaintiff Terry G. Davis is a citizen of the United States of the age of majority residing in Montgomery County, Alabama.**

ANSWER:    Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph five; therefore, they are denied, except she admits that Mr. Davis is over the age of majority.

**6.    Defendant R. Edmond Sprayberry is a citizen and resident of Jefferson County and he is above the age of 19 years.  He may be served at the Medical Forum Building, Suite 900, Birmingham, Alabama 35203.**

ANSWER:    Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph six; therefore, they are denied, except Ms. Long admits that Mr. Sprayberry is above the age of 19 years.

**7.    C. Michael McInnish is a citizen and resident of Montgomery County, Alabama and is sued individually.  He is above the age of 19 years.  He may be served at 7607 Mossy Oak Drive, Montgomery, Alabama 36116.**

ANSWER:    Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph seven; therefore, they are denied, except Ms. Long admits that Mr. McInnish is more than 19 years old.

8.    The Housing Authority of the City of Montgomery, Alabama is a corporation organized under and pursuant to the laws of the State of Alabama, with the place of business being located at 1020 Bell Street in Montgomery.

ANSWER:    Ms. Long admits that the administrative office of the Housing Authority is at 1020 Bell Street.  As to all other averments of paragraph nine, Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph eight; therefore, they are denied.

9.    LuAn Long is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama and a citizen and resident of Montgomery County, Alabama.  She is above the age of 19 years.  She may be served at 323 Adams Avenue, Montgomery, Alabama 36104.

ANSWER:    Ms. Long admits the averments of paragraph nine, except that she denies that she is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama.  She admits that she was a Member of the Board from Spring 2002 to Fall 2005.

## V.    ALLEGATIONS OF FACT

10.    On November 16, 2004, the Housing Authority for the City of Montgomery voted by a vote of 6 to 1 to suspend, with pay, its executive director Defendant C. Michael McInnish, pending an investigation into his activities as executive director.  The suspension was based on the fact that Mr. McInnish withheld information from MHA Board of Directors in an effort to prevent the City of Montgomery from purchasing a portion of the Riverside Heights Housing Development to be used in a land exchange with Maxwell Air Force Base.  McInnish has refused to transmit a September 24, 2004 offer from Mayor

Bobby Bright to purchase the property for $12 million. McInnish's suspension was also based upon the fact that he had made an undisclosed trip with board member Richard Bollinger to Washington DC [sic], at the expense of the Montgomery Housing Authority.

ANSWER:    The actions of the Board of Commissions and the reasons for their actions are stated in the minutes of the Board, which speak for themselves. Ms. Long denies that she participated in a vote to suspend Mr. McInnish on November 16, 2004. Ms. Long denies every averment of paragraph 10 not specifically admitted.

11.    On the day following Defendant McInnish's suspension, November 17, 2004, the MHA Board Chairman, Thomas Taylor, directed the Plaintiff, who was employed as general counsel for, [sic], to conduct a full investigation into certain activities of Defendant McInnish as executive director.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 11; therefore, they are denied.

12.    On or about Defendant 15, 2004, Plaintiff Davis presented his findings to interim executive director [sic] and on December 23, 2004, ten (10) charges of misconduct and insubordination were presented against Mr. McInnish. Based upon the evidence presented by Davis to the interim executive director, a recommendation was made to terminate the employment of C. Michael McInnish as executive director and a disciplinary due process hearing was set.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 12; therefore, they are denied.

13.    On November 17, 2004, Defendant McInnish contacted Defendant Sprayberry to solicit his assistance because he had been suspended by the Housing

Authority. This occurred before any formal notification of the suspension had been sent to Defendant Sprayberry's office. On the same day, Sprayberry telephoned Board Chairman Taylor to inquire as to why Mr. McInnish was being suspended. Taylor informed Sprayberry about the 6 to 1 vote and that the matter was under investigation. Defendant Sprayberry was also told to contact MHA general counsel who would answer any specific questions.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 13; therefore, they are denied.

14.    Defendants Sprayberry and McInnish are known to have a close friendship. McInnish is further known to have considerable influence within the U.S. Department of Housing and Urban Development. Defendant Sprayberry, using his authority, as Director for Public Housing and Urban Development conspired with McInnish to both use their influence with officials at HUD to impede the investigation of McInnish and terminate the MHA's presentation of charges against McInnish.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 14; therefore, they are denied.

15.    On November 18, 2004, Defendant Sprayberry at the urging of Defendant McInnish and Defendant LuAn Long, began a series of putative, retaliatory, and illegal actions against Plaintiff designed to impede and terminate the authorized investigation by Plaintiff Davis into the activities of Defendant McInnish, and in violation of the Equal Protection Rights of Plaintiff. Defendant Sprayberry's actions include: (a) the immediate withdrawal of local authority from the Housing Authority to conduct business and make fiscal and procurement decisions; (b) the interference with the Housing Authority's

exclusive authority to take disciplinary actions against the executive director; (c) ordering that special board meetings be called to reconsider the suspension of Defendant McInnish; (d) collaborating with board member Lu An Long [sic] and Defendant McInnish to frustrate and impede the efforts of the Board majority to have a disciplinary hearing on charges against C. Michael McInnish; (e) refusing to authorized [sic] payment of legitimate fees and expense [sic] which were overdue in relation to the investigation of C. Michael McInnish in an effort to deter Plaintiff Davis from continuing to investigate and present charges at the scheduled disciplinary hearing on behalf of the MHA; (f) by requiring that the Housing Authority terminate the services of Plaintiff before the disciplinary hearing against C. Michael McInnish could be held; (g) interfering with local MHA business by overrunning, without cause, MHA's decision on December 21, 2004 to continue the employment of Plaintiff as general counsel for the MHA so that the investigation and presentation of charges against C. Michael McInnish would continue; (h) by refusing recognized [sic] the employment of a duly appointed hearing officer to conduct the disciplinary hearing and refusing payment of expensed [sic] for the hearing officer (i) improperly forcing the Montgomery Housing Authority to employ new counsel to serve as its local counsel; (j) improperly communicating with and providing to Defendant Mannish [sic], confidential correspondence between the Montgomery Housing Authority and his (the Director's) office; (k) directing the Montgomery Housing Authority to hire a new hearing officer and refusing to approve the contract of the hearing officer initially employed because of his race (African-American), even though the hearing officer was selected from three applicants pursuant to HUD guidelines; (l) by imposing excessive oversight procedures and interfering with the day-to-day operations of the Montgomery Housing

Authority without justification; (m) forcing the involuntary termination of Plaintiffs [sic] services as counsel for the Montgomery Housing Authority by refusing to authorize payments for services rendered covering a five (5) month period; (n) on or about March 15, 2005. [sic] Sprayberry wrongfully denied Plaintiffs [sic] claim for fees pursuant to a valid contract with the Montgomery Housing Authority; and (o) on October 31, 2005 Defendant Sprayberry prepared a false, misleading, and inaccurate report in an effort to intentionally disseminate and retaliate against Plaintiff and Montgomery Housing Authority.

ANSWER:    Ms. Long denies that she urged Mr. Sprayberry to "begin a series of probative, retaliatory, and illegal actions against Plaintiff designed to impede and terminate the authorized investigation by Plaintiff Davis in the activities of Defendant McInnish, and in violation of the Equal Protection rights of Plaintiff." She also denies that she collaborated with Mr. McInnish to have Mr. Sprayberry "frustrate and impede the efforts of the Board majority to have a disciplinary hearing on charges against Mr. McInnish." Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of all other matters averred in paragraph 15; therefore they are denied.

16.    Defendant Sprayberry and Defendant Montgomery Housing Authority have failed and refused to pay Plaintiff $25,000 for services rendered and services which have been fully performed. Said invoices were approved for payment by the Chairman of the Board of Commissioners.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 16; therefore, they are denied.

17.    Defendants McInnish and Sprayberry discriminated against Plaintiff by reason of his race and violated Plaintiff's Equal Protection Rights, by refusing to pay him

at the same hourly rate said defendants paid white attorneys working for MHA with less qualifications than Plaintiff for the same work. Said payments were authorized and approved by McInnish and Sprayberry. White attorneys were routinely paid $270/hr for senior attorneys and $240/hr for junior attorneys while Plaintiff was paid only $175/hr.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 17; therefore, they are denied.

18.    Defendant Sprayberry further discriminated against Plaintiff by reason of his race and violated Plaintiffs [sic] Equal Protection Rights by overruling the MHA's board of commissioners decision on December 21, 2004 to continue the employment of Plaintiff as general counsel and forcing the MHA to employ counsel with less qualifications.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 18; therefore, they are denied.

## VI.    FIRST CAUSE OF ACTION

### (Breach of Contract)

Plaintiff Davis incorporates all previous paragraphs as if frilly [sic] set out herein and further shows unto this Honorable Court the following:

19.    Defendant's [sic] refusal to pay Plaintiff for services rendered as general counsel constitutes a breach of contract.

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 19; therefore, they are denied.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that this Court grant:

a.     **judgment in favor of Plaintiff in the amount of $25,000, plus interest, costs, and attorney fees;**

b.     **any other relief to which Plaintiff may show himself to be justly entitled.**

ANSWER:    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## II.    SECOND CAUSE OF ACTION

### (Race Discrimination and Equal Protection)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

**20.    Defendants' action constitutes discrimination by reason of race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Constitution of Alabama, 1901, and 42 U.S.C., Section 1983.**

ANSWER:    Ms. Long denies the averments of paragraph 20.

**WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant:**

a.     **judgment in favor of Plaintiff and order Defendants to employ Plaintiff in the position of general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the amount of $500,000, plus costs, attorneys' fees; and**

b.     **any other amount to which Plaintiff may show himself to be justly entitled.**

ANSWER:    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## VIII.    THIRD CAUSE OF ACTION

### (Trover and Conversion)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

**21.    Defendant's action constitutes Trover and Conversion, willfully and wantonly committed by Sprayberry. McInnish, and Long in violates [sic] of Plaintiff's rights.**

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 21; therefore, they are denied.

**WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff in the amount of $25,000.00 in compensatory damages plus costs, attorney's fees, and any other amount to which Plaintiff may show himself to be justly entitled.**

ANSWER:    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## VIII.    FOURTH CAUSE OF ACTION

### (Race Discrimination and Equal Protection)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

**22.    Defendant Sprayberry's actions constitute intentional discrimination by reason of race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Alabama, 1901.**

ANSWER:    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 22; therefore, they are denied.

23.     Defendant Sprayberry treated Plaintiff differently from similarly situated persons and further treated Plaintiff differently for the purpose of discriminating against him on an impermissible bases.

ANSWER:     Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 23; therefore, they are denied.

**WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and order Defendants to employ Plaintiff in the position of general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the amount of $500,000, plus costs, attorney's fees, and any other amount to which Plaintiff may show himself to be justly entitled.**

ANSWER:     Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## IX.  PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully prays that after a hearing hereon, the Court will:**

I.     Issue a declaratory judgment stating that:

1.     The actions of Defendants in refusing to pay him for services rendered constitute breach of contract, trover and conversion in violation of Plaintiff's rights;

2.     The actions of Defendants McInnish and Long constitute discrimination by reason of Plaintiffs' [sic] race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Constitution of the State of Alabama, 1901, and 42 U.S.C. Section 1983.

3.    The actions of Defendant Sprayberry constitute discrimination by reason of Plaintiffs [sic] race in violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Alabama, 1901.

II.    Enter mandatory, preliminary and permanent injunctions requiring [sic] be compensated for services rendered and employed as general counsel for the Montgomery Housing Authority.

III.    Enter an Order awarding Plaintiff punitive damages.

IV.    Enter an Order awarding Plaintiff his costs incurred in this case, together with reasonable attorneys' fee to be taxed as part of the costs against Defendants.

IV.    Grant such additional and further relief as the Court deems proper and just in the premises.

ANSWER:    Ms. Long denies that Mr. Davis is entitled to the relief for which he prays.

### Second Defense

Some of all of the counts in the complaint against Ms. Long fail to state a claim upon which relief can be granted.

### Third Defense

Ms. Long asserts the defense of qualified or absolute immunity.

### Fourth Defense

Mr. Davis' claims may be barred by the applicable statutes of limitations.

### Fifth Defense

Mr. Davis has failed to mitigate damages.

**Sixth Defense**

To the extent that Mr. Davis is seeking punitive damages, he has failed to plead facts sufficient to justify an award of punitive damages.

**Seventh Defense**

Mr. Davis cannot recover punitive damages against Ms. Long under 42 U.S.C. § 1983.

**Eighth Defense**

Ms. Long exercised good faith efforts to comply with federal employment laws and, accordingly, is not subject to punitive damages.

**Ninth Defense**

Ms. Long had legitimate, non-pretextual, business reasons for any decisions regarding Mr. Davis.

**Tenth Defense**

Ms. Long denies that race, or any alleged protected activity, was a factor in any of the decisions concerning Mr. Davis. However, in the event that the fact-finder finds otherwise, Ms. Long avers that her actions were based on legitimate business reasons and that she would have made the same decisions in the absence of the alleged impermissible motivation.

**Eleventh Defense**

Ms. Long neither had nor participated in a policy or custom of discrimination on the basis of race.

**Twelfth Defense**

Ms. Long was not personally involved in any tortious act or act of racial discrimination against Mr. Davis.

### Thirteenth Defense

Ms. Long did not know of any tortious act or act of racial discrimination against Mr.

Davis.

### Fourteenth Defense

No action taken by Ms. Long violated clearly established statutory or constitutional rights

of which a reasonable person in her position would have been aware.

### Fifteenth Defense

Every act by Ms. Long was within the scope of her discretionary authority.

### Sixteenth Defense

Ms. Long avers that Mr. Davis' claims are barred, in whole or in part, by his own failure

to act.

### Seventeenth Defense

Mr. Davis fails to state a claim for conversion because he seeks to take possession of

unsegregated funds. *Willingham v. United Ins. Co.*, 628 So. 2d 328, 333 (Ala. 1993); *Green*

*County Board of Education v. Bailey*, 586 So.2d 893, 898-900 (Ala. 1991). Moreover, because

he claims to be owed payment for legal services rendered, his relationship with the Board and its

members is a creditor-debtor relationship. Such a relationship is insufficient to support a claim

of conversion. *See Louis v. Fowler*, 479 So.2d 725, 727 (Ala. 1985); *Willingham*, 628 So. 2d at

333.

### Eighteenth Defense

Ms. Long has not discriminated against Mr. Davis and has not violated his rights in any

way.

### Nineteenth Defense

Mr. Davis has not sustained any injury, damage, or loss by reason of any act or omission on the part of Ms. Long.

### Twentieth Defense

Ms. Long avers the affirmative defense of waiver.

### Twenty-First Defense

Ms. Long avers the affirmative defense of laches.

### Twenty-Second Defense

Ms. Long avers that this action is frivolous, unreasonable, and groundless, and accordingly, Ms. Long is entitled to attorneys' fees and other costs associated with the defense of this action.

### Twenty-Third Defense

Portions of the Complaint are vague and conclusory.

### Twenty-Fourth Defense

Portions of the Complaint are due to be stricken.

### Twenty-Fifth Defense

Any injury or damages suffered by Mr. Davis were the result of an independent, intervening cause and not the result of any alleged actions or omissions of Ms. Long.

### Twenty-Sixth Defense

Mr. Davis is barred from recovery under the doctrine of unclean hands.

### Twenty-Seventh Defense

Mr. Davis has failed to state a federal claim against Ms. Long for the reasons or acts complained of were not caused by an official policy, practice, custom, or usage of the Board or herself.

### Twenty-Eighth Defense

Mr. Davis' claims are barred by his failure to exhaust administrative remedies.

### Twenty-Ninth Defense

Ms. Long cannot be held liable on a theory of respondeat superior, vicarious liability, or agency/principal liability.

### Thirtieth Defense

Ms. Long denies that she personally had a contract with Mr. Davis.

### Thirty-First Defense

Ms. Long denies that she breached a contract with Mr. Davis.

### Thirty-Second Defense

Mr. Davis materially failed to fulfill his duties to the Board and to Ms. Long as a Commissioner and thereby breached any contract that he may have had with the Board.

### Thirty-Third Defense

Every allegation not specifically admitted is denied.

### Thirty-Fourth Defense

Ms. Long pleads the defense of accord and satisfaction.

### Thirty-Fifth Defense

Ms. Long pleads the defense of failure of consideration.

### Thirty-Sixth Defense

Ms. Long pleads the defense of lack of consideration.

### Thirty-Seventh Defense

Ms. Long pleads the defense of ratification.

### Thirty-Eighth Defense

Ms. Long pleads the defenses of release.

### Thirty-Ninth Defense

Ms. Long pleads the defense of set-off.

### Fortieth Defense

Ms. Long pleads the defense of payment.

### Forty-First Defense

Ms. Long pleads the defense of recoupment.

### Forty-Second Defense

To the extent the Complaint seeks to make Ms. Long liable for punitive damages, Ms. Long adopts by reference the defenses, criteria, limitations, and standards are mandated by the United States Supreme Court in *BMW of North Am., Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), which was extended in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), on the issue of punitive damages.

### Forty-Third Defense

With respect to Mr. Davis demand for punitive damages, Ms. Long specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

### Forty-Fourth Defense

Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

### Forty-Fifth Defense

Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

### Forty-Sixth Defense

Any award of punitive damages against Ms. Long in excess of the limitations and criteria set forth in *Ala. Code* § 6-11-21 (1975) is impermissible, as that statute is constitutional and otherwise enforceable.

### Forty-Seventh Defense

Any award of punitive damages against Ms. Long under the facts of this case would be impermissible for one or more of the following reasons.

(a)    There are inadequate safeguards with respect to the imposition of punitive damages against Ms. Long under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Ms. Long would violate that amendment to the Constitution of the United States.

(b)    The imposition of punitive damages against Ms. Long in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c)     There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Ms. Long under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of Alabama. Accordingly, the imposition of punitive damages in this case against Ms. Long would violate both Constitutions.

(d)     To subject Ms. Long to punitive damages under the facts of this case without some guarantee against future punishment for similar or related acts or omissions would violate the Constitution of both the United States and the State of Alabama.

(e)     The imposition of substantial punitive damages in this case against Ms. Long would deprive her of property without the due process of law in violation of the criteria set forth by the United States Supreme Court in *BMW of North America, Inc., v. Gore* and other cases.

(f)     Ms. Long reserves the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(g)     Under Alabama law, the imposition of punitive damages against Ms. Long would constitute an arbitrary and capricious taking of property without due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(h)     The imposition of punitive damages against Ms. Long would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(i)    The imposition of punitive damages against Ms. Long would improperly penalize her without the same safeguards afforded criminal defendants by the Constitutions of both the United States and the State of Alabama.

(j)    Ms. Long adopts and incorporates the standards with respect to punitive damages set forth by the United States Supreme Court in *Cooper Industries, Inc., v. Leatherman Tools Group, Inc.* and other cases.

### Forty-Eighth Defense

Any award of punitive damages against Ms. Long under the facts of this case would be impermissible under *Ala. Code* §6-11-20 (1975) and/or *Ala. Code* §6-11-27 (1975).

### Forty-Ninth Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### Fiftieth Defense

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

### Fifty-First Defense

Ms. Long incorporates by reference the affirmative defenses asserted by any other defendant, as appropriate.

### Fifty-Second Defense

The Board and Ms. Long took prompt and effective action to remedy any unlawful acts of which they became aware.

### Fifty-Third Defense

Mr. Davis has not been injured or damaged, and has not suffered a loss, as a result of any act or omission by Ms. Long.

### Fifty-Fourth Defense

Mr. Davis's recovery is barred by collateral estoppel.

### Fifty-Fifth Defense

Ms. Long denies all allegations not specifically admitted.

At the time of filing this Answer, discovery has not yet begun.  Therefore, Ms. Long gives notice of her intention to rely on such other affirmative or supplemental defenses that may become available or apparent during the course of discovery and reserves the right to amend her Answer to answer to assert such defenses.

WHEREFORE, having fully answered, Ms. Long prays that this Court enter a judgment in her favor and award her attorneys' fees and costs and other relief that the Court deems just and proper.

**Pursuant to Rule 38(b) Ms. Long demands a trial by jury.**


s/Dorman Walker
Attorney for Defendant LuAn Long

OF COUNSEL:

Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL  36101-0078
334/834-6500
334/269-3115 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2006, I electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne Brown
Post Office Box 230205
Montgomery, AL 36123-0205
dbrown@dbrownatty.com

Wayne Sable
Maricia Danielle Woodham
Sabel & Sabel
2800 Zelda Road, Suite 100-5
Montgomery, AL 361106
mwsabl@mindspring.com
mwoodham@sabellaw.com

Charles A. Stewart, III
Angela R. Rogers
Bradley, Arant, Rose & White
401 Adams Avenue
Montgomery, AL 36104
cstewart@bradleyarant.com
arogers@bradleyarant.com

Michael J. Cohan
Randall C. Morgan
Hill, Hill, Carter, Franco,
   Cole & Black
Post Office Box 116
Montgomery, AL 36101
mcohan@hillhillcarter.com
rmorgan@hillhillcarter.com

Leura Garrett Canary
James J. DuBois
U.S. Attorney for the
Middle District of Alabama
One Court Square
Room 201
Montgomery, AL 36104
Leura.canary@usdoj.gov
james.dubois2@usdoj.gov

This the 25th day of August, 2006.

s/Dorman Walker
Of Counsel