IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY G. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 2:05-cv-01235-MHT-DRB |
| R. EDMOND SPRAYBERRY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT
OF DEFENDANT SPRAYBERRY'S MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW** Defendant R. Edmond Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this Memorandum in Support of Defendant Sprayberry's Motion to Dismiss.   Defendant Sprayberry brings this Motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and moves to dismiss because he is protected by absolute immunity and Plaintiff has failed to state claims upon which relief may be granted.

**STATEMENT OF THE CASE**

This is a lawsuit filed by a former contract counsel for the Housing Authority of the City of Montgomery, Alabama ("MHA"), seeking payment for legal services he allegedly provided to the MHA and challenging the MHA's failure to award him a new contract for legal services. Plaintiff's original Complaint included three causes of action against Defendant Sprayberry, individually and in his official capacity as Director of Public Housing for the United States Department of Housing and Urban Development ("HUD"), Birmingham Field Office; and Defendant Jackson, in his official capacity as Secretary of HUD: (1) Count I - breach of contract;

(2) Count II - 42 U.S.C. § 1983 race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) Count III – wanton conversion. (Complaint, at ¶ 3). Plaintiff's allegations against these Federal Defendants apparently stem from the fact that HUD, acting pursuant to its statutory oversight authority, required the MHA to follow appropriate procurement procedures when it awarded legal contracts involving federal funds and did not allow the MHA to use federal funds to pay Plaintiff legal fees that were unnecessary to the administration of federal housing programs, unreasonable in relation to cost, and ineligible for federal funding.[1]

On March 27, 2006, the United States filed a Notice of Substitution pursuant to 28 U.S.C. § 2679(d)(1), and was substituted as party defendant for Defendant Sprayberry in all Plaintiff's state law claims, including his breach-of-contract claims in Count I and his conversion claims in Count III. (Court's first August 10, 2006 Order, at 1-2). The Federal Defendants (the United States, Sprayberry, and Jackson) thereafter moved to dismiss Plaintiff's claims on a number of grounds. Specifically, the Federal Defendants moved to dismiss: (1) Plaintiff's breach of contract claim in Count I because it was barred by the Little Tucker Act, 28 U.S.C. § 1346(a)(2); (2) Plaintiff's 42 U.S.C. § 1983 claims in Count II because neither section 1983 nor the Fourteenth Amendment provided a cause of action against the United States or federal officials;

---

[1]Most of Plaintiff's allegations relate to HUD actions involving the MHA and its suspension of its Executive Director that have nothing to do with Plaintiff or the damages he seeks in this lawsuit. (Amended Comp. at ¶ 15). Plaintiff lacks standing to challenge these actions because he suffered no "injury in fact" directly traceable to these HUD actions that affected him in a personal and individual way. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (discussing required elements for plaintiff to have standing). The few allegations that pertain to Plaintiff concern HUD's decision regarding the release of federal funds for the MHA to pay Plaintiff's legal fees and HUD's decision to institute procurement review and ensure that the MHA was following the appropriate process when awarding legal contracts. (Amended Comp., at ¶¶ 14-18).

and (3) Plaintiff's conversion claims in Count III because they could only proceed against the United States under the Federal Tort Claims Act ("FTCA"), and Plaintiff had not complied with the FTCA's mandatory administrative exhaustion requirements. (See Federal Defendants' Memorandum in Support of Motion to Dismiss, at 3-9).

On August 10, 2006, this Court granted the Federal Defendants' Motion to Dismiss all Plaintiff's claims. (Second Aug. 10, 2006, Order at 1-3). In granting the Motion, the Court noted, inter alia, that "Plaintiff's counsel has orally informed the court that plaintiff concedes that ...Counts 1 [breach of contract] and 3 [conversion] are to be dismissed as to defendant Sprayberry...." (Id. at 1). The Court further noted that while 42 U.S.C. § 1983 did not provide a cause of action against Federal Officials, the remedy created in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), did allow for claims against federal employees in their individual capacities for alleged constitutional violations. Accordingly, the Court provided Plaintiff with seven days to amend his complaint to assert a Bivens claim against Defendant Sprayberry, if he so desired. (Second Aug. 10, 2006, Order at 3).

On August 17, 2006, Plaintiff filed an Amended Complaint which clarified Plaintiff's legal theories.[2] The Amended Complaint includes two causes of action against Defendant Sprayberry, neither of which states a claim for relief under Bivens. First, Plaintiff re-asserted his conversion claim against Defendant Sprayberry in his Third Cause of Action, despite the fact that Plaintiff had conceded to the Court that this claim should be dismissed and the Court had

---

[2]Defendant Sprayberry was dismissed as a party on August 10, 2006. The Amended Complaint has not been served on Defendant Sprayberry either through e-filing, by mail, or as required under Fed. R. Civ. P. 4(I). The pleading came to Defendant Sprayberry's attention due to review of the docket by the U.S. Attorney's Office. Defendant Sprayberry, by filing this motion, preserves all defenses regarding Plaintiff's failure to serve this Amended Complaint and moves to dismiss for that reason as well. See Fed. R. Civ. P. 4(m).

just entered an Order dismissing it. (Amended Comp., at ¶¶ 16, 21). Second, Plaintiff modified his race discrimination claim against Defendant Sprayberry in his Fourth Cause of Action so that it proceeded under the Alabama Constitution as well as the Fourteenth Amendment. (Id. at at ¶ 22). For the reasons that follow, Plaintiff's Amended Complaint fails to state a claim against Defendant Sprayberry, and it should be dismissed as a matter of law.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's claims against Defendant Sprayberry due to lack of subject matter jurisdiction and failure to state claims upon which relief may be granted. When ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the court may consider documents outside the pleadings and make factual findings. See Williamson v. Tucker, 645 F.2d 404, 412-415 (5th Cir. 1981). A court must dismiss a claim when it determines that it lacks subject matter jurisdiction. See Marshall v. Gibson's Products, Inc., 584 F.2d 668, 671 (5th Cir. 1978). Furthermore, a court should dismiss a complaint for failure to state a claim when, assuming the factual allegations are true, the plaintiff can prove no set of facts entitling him to relief. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004). As set forth below, Defendant Sprayberry is protected by absolute immunity from Plaintiff's state-law claims and this Court lacks jurisdiction to consider them. Furthermore, Plaintiff fails to state a constitutional claim upon which relief may be granted under Bivens.

## I.    Absolute Immunity Bars Plaintiff's State-Law Claims.

Plaintiff's re-asserted conversion claim and his newly-asserted Alabama Constitution claim against Defendant Sprayberry are barred by absolute immunity.[3]  Absolute immunity is not simply a defense to liability, but is an immunity from all of the burdens of litigation including discovery.   See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).   Accordingly, it should be decided as early as possible in a case, and "such matters as pretrial discovery are to be avoided if possible."   See id.   As set forth below, the United States has been substituted for Defendant Sprayberry on Plaintiff's conversion claims under the Federal Tort Claims Act ("FTCA"), and such substitution provides Defendant Sprayberry absolute immunity from Plaintiff's conversion and State Constitution claims under the Westfall Act.   See 28 U.S.C. & 2679(b)(1).

The FTCA is a limited waiver of sovereign immunity, and it provides the exclusive remedy for a plaintiff alleging injury from state-law torts committed by federal employees acting within the scope of their official duties.   See 28 U.S.C. §§ 1346(b) & 2679(b)(1).   When a federal employee is sued in his individual capacity, the FTCA provides that upon certification that the employee was acting within the scope of his employment, the lawsuit "shall be deemed to be an action or proceeding against the United States" and the "United States shall be substituted as the party defendant."   See 28 U.S.C. § 2679(d)(1).   Furthermore, the employee for whom the United States is substituted is afforded absolute immunity from all civil actions "arising out of or relating to the same subject matter" except for claims under the United States Constitution or certain federal statutes.   See 28 U.S.C. § 2679(b); Chin v. Wilhelm, 291 F. Supp.

---

[3]Notably, Alabama's Constitution does not have an equal protection clause; Plaintiff's attempt to assert a claim under the State Constitution is baseless even if it were not barred by absolute immunity.   See Mack v. Ala. Dep't of Human Resources, 201 F. Supp. 2d 1196, 1208 n.6 (M.D. Ala. 2002); Ex Parte Melof, 735 So. 2d 1172, 1186 (1999).

2d 400, 405 (D.Md. 2003).[4]  Congress created this statutory absolute immunity so that plaintiffs injured by federal employees would have a claim against the United States and <u>not</u> against individual employees.  <u>See</u> <u>Jamison v. Wiley</u>, 14 F.3d 222, 227 (4th Cir. 1994) (noting that absent immunity, federal workers would be exposed to "unprecedented personal liability, with predictable adverse consequences for the routine administration of the government's business").

In the present case, on March 27, 2006, the Attorney General's designee filed a Certification that Defendant Sprayberry was acting within the scope of his federal employment relative to the allegations in the complaint, and a Westfall Act Notice of Substitution was filed making the United States the sole defendant in Plaintiff's conversion claims under the FTCA.[5]  <u>See</u> 28 U.S.C. § 2679(b)(1).  Accordingly, by operation of the Westfall Act, Defendant Sprayberry has absolute immunity from <u>all</u> of Plaintiff's state-law claims, including conversion and <u>all other claims arising from the same subject matter</u>, such as his new claim under the Alabama Constitution.[6]  <u>See</u> 28 U.S.C. § 2679(b)(1). <u>See also</u> <u>Mitchell v. Carlson</u>, 896 F.2d 128, 134 (5th Cir. 1990) ("An action against a federal employee who has been certified as acting in

---

[4]In pertinent part, 28 U.S.C. § 2679(b)(1) provides that "The remedy against the United States ... is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."

[5]Plaintiff's state-law claims against the United States were dismissed because he failed to exhaust the FTCA's mandatory administrative remedies.  <u>See</u> 28 U.S.C. § 2675.

[6]Plaintiff <u>conceded</u> to the Court that his conversion claim against Defendant Sprayberry was due to be dismissed, and this Court dismissed the claim on August 10, 2006. (Second August 10, 2006, Order, at 1).  Defendant should not be forced to waste resources litigating the claim again, and Plaintiff's re-assertion of the conversion claim is frivolous. Indeed, the re-stated conversion claim fails for the same reasons the original claim failed. (<u>See</u> Federal Defendants' Memorandum in Support of Motion to Dismiss, at 3-9).

the scope of [his] employment must proceed <u>exclusively</u> against the United States under the FTCA"); <u>Galvin v. OSHA</u>, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal ... employee as opposed to the United States must be dismissed for want of jurisdiction").

## II.    <u>Plaintiff Has Not Stated A Bivens Claim.</u>

Furthermore, though Plaintiff was given seven days to assert a claim under <u>Bivens</u> if he so desired, Plaintiff's Amended Complaint fails to state such a claim against Defendant Sprayberry.  In <u>Bivens</u>, 403 U.S. at 397, the Supreme Court created a limited private cause of action allowing an individual to recover damages against a federal employee who, acting under color of federal law, violated the United States Constitution.  <u>See</u> <u>Hardison v. Cohen</u>, 375 F.3d 1262, 1264 (11th Cir. 2004).  To state a <u>Bivens</u> claim, a plaintiff must allege that a federal official: (1) acted under color of federal law; and (2) violated an applicable provision of the United States Constitution.  <u>See</u> <u>id.</u>; <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001); <u>McGuire v. Turnbo</u>, 137 F.3d 321, 323 (5th Cir. 1998).  Plaintiff's Amended Complaint fails to plead either of these two required elements, and thus fails as a matter of law to state a <u>Bivens</u> claim.

First, Plaintiff's Amended Complaint does <u>not</u> allege that Defendant Sprayberry was acting under color of federal law.  <u>See</u> <u>Wagner v. Metro. Nashville Airport Auth.</u>, 772 F.2d 227, 230 (6th Cir. 1985).  In fact, he alleges that all defendants, which would presumably include Defendant Sprayberry, acted under color of <u>state</u> law.  (Amended Comp., at ¶ 4).  For this reason alone, Plaintiff has failed to state a claim under <u>Bivens</u>.  <u>See</u> <u>Wagner</u>, 772 F.2d at 230 (holding that a plaintiff's "failure to allege that defendant ... was a federal employee renders the pleading insufficient under <u>Bivens</u>").

Second, Plaintiff fails to identify any constitutional provision that would support a <u>Bivens</u> claim.  Plaintiff relies on the Fourteenth Amendment of the United States Constitution

and the Alabama Constitution in his Amended Complaint. (Amended Comp., at ¶¶ 2, 22). It is well-settled, textbook law that the Fourteenth Amendment does not apply to the Federal government and its officers. See, e.g., District of Columbia v. Carter, 409 U.S. 418, 424-425 (1973). See also Dry v. Burlison, 235 F.3d 1249, 1255 (10th Cir. 2000) (noting Fourteenth Amendment is "applicable only to actions by state and local entities, not by the federal government"). It follows that the Fourteenth Amendment cannot, as a matter of law, sustain a Bivens claim. See Dry, 235 F.3d at 1255; Chin, 291 F. Supp. 2d at 404. See also McGuire, 137 F.3d at 323 (holding that plaintiff "cannot, as a matter of law, maintain a Fourteenth Amendment claim" under Bivens and dismissing the claim); Rich v. United States, 158 F. Supp. 2d 619, 625 (D. Md. 2001) (similar); Hefti v. McGrath, 784 F. Supp. 1426, 1431 (E.D. Mo. 1992) (dismissing plaintiff's Bivens claim because the Fourteenth Amendment "has no application ... where the constitutional violations are alleged to have been committed by federal officers"). Similarly, the Alabama Constitution cannot support a Bivens claim because Bivens only applies to alleged violations of the United States Constitution and not to state constitutions. See Bivens, 403 U.S. at 396.

In sum, the Eleventh Circuit has held pro se plaintiffs to the same basic pleading standard that Plaintiff failed to satisfy in this case, and has dismissed their complaints when they suffered from the same deficiencies. See, e.g., Okpala v. Jordan, No. 05-15403, 2006 U.S. App. LEXIS 20641, at *4-5 (11th Cir. Aug. 11, 2006) (dismissing pro se Fourteenth Amendment claim against federal official because that constitutional provision applied "to the States, not the Federal government"). Plaintiff is not pro se; in fact, he is an attorney who is represented by an attorney. (Amended Complaint, at ¶ 11). He has been on notice for at least five months that the Fourteenth Amendment did not provide a cause of action against Federal officials. (See first Fed. Defendants' Mem. in Support of Motion to Dismiss, at 9, n.4). Moreover, he was also

specifically given the citation to <u>Bivens</u> by this Court, and granted seven days to amend his Complaint even though the deadline for amending pleadings set forth in the Scheduling Order had passed four months ago on April 28, 2006. Since Plaintiff's Amended Complaint still fails as a matter of law to state a <u>Bivens</u> claim, this Court should dismiss all claims against Defendant Sprayberry. <u>See</u> <u>McGuire</u>, 137 F.3d at 323.

**III.    There is no <u>Bivens</u> remedy for damages when the Administrative Procedures Act provides review of the challenged agency action.**

Finally, Plaintiff should not be granted leave to file another amended complaint because he cannot, as a matter of law, state a <u>Bivens</u> claim even if he had made the proper allegations in his current Amended Complaint.[7]  <u>Bivens</u> is a judicially-created remedy, and courts will not create a <u>Bivens</u> remedy when other adequate remedial provisions are available. <u>See</u> <u>Wells v. Federal Aviation Admin.</u>, 755 F.2d 804, 809 (11th Cir. 1985) ("the judiciary must pay special heed to any special factors counseling hesitation before authorizing a new kind of federal litigation"). It is abundantly clear from Plaintiff's two pleadings that he seeks to challenge HUD's decision not to allow the MHA to use federal funds to pay Plaintiff's legal fees and HUD's decision to require the MHA to follow appropriate procurement procedures when entering into contracts that involve federal funds.[8]  (Amended Comp., at ¶¶ 14-18). These

---

[7]The Eleventh Circuit has noted that party should be given one chance to amend its complaint to correctly state a claim and need not be given repeated chances. <u>See</u>, <u>e.g.</u>, <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005). The Eleventh Circuit has also held that a district court may deny leave to amend when an amendment would be futile, such as when a newly pled claim would be subject to dismissal for failure to state a claim upon which relief may be granted. <u>See</u> <u>id</u>.

[8]Plaintiff challenges, among other things, HUD's actions including withdrawal of "local authority from the Housing Authority to conduct business and make fiscal and procurement decisions," imposition of "excessive oversight procedures," refusal to allow the payment of "legitimate fees and expenses" relating to an investigation, and "overruling the MHA's board of commissioners decision on December 21, 2004 to continue the employment of Plaintiff as general counsel." (Amended Comp., at ¶¶ 15-18).

decisions are agency actions regarding the proper use of federal funds.  See 5 U.S.C. § 551(13);

Lundeen v. Mineta, 291 F.3d 300, 304 (5th Cir. 2002).  Since Congress established the

Administrative Procedures Act ("APA"), 5 U.S.C. § 702, to allow aggrieved individuals to

challenge agency actions, Plaintiff cannot bypass the APA and obtain damages through a Bivens

claim.  See Miller v. U.S. Dep't of Agric., 143 F.3d 1413, 1416 (11th Cir. 1998) ("Under our ...

precedents, the existence of a right to judicial review under the APA is, alone, sufficient to

preclude a federal employee from bringing a Bivens action").

      Pursuant to the APA, "[a] person suffering legal wrong because of agency action ... is

entitled to judicial review," and a federal court may set aside agency action if it is "arbitrary,

capricious, an abuse of discretion, ... or otherwise not in accordance with the law."  See 5 U.S.C.

§§ 702, 706.  The APA specifically authorizes reviewing courts to set aside agency actions that

are found to be "contrary to constitutional right, power, privilege, or immunity."  See 5 U.S.C. §

706.  Though the APA does not permit compensatory or punitive damages, the relief provided

has been held to be an adequate alternative to monetary damages.  See, e.g., Miller, 143 F.3d at

1416 (noting that "the Constitution does not require Congress to provide comprehensive relief

for violations of federal employees' constitutional rights"); Custodio v. United States, 866 F.

Supp. 479, 482-483 (D. Co. 1994) (concluding that "the remedy provided by the APA – reversal

of agency action – is a meaningful alternative to money damages").

      A court may recognize a Bivens claim for damages directly under the United States

Constitution only when: "(1) the plaintiff has no alternative means of obtaining redress; and (2)

no 'special factors counseling hesitation' are present."  See Hardison v. Cohen, 375 F.3d 1262,

1264 (11th Cir. 2004) (citation omitted).  One of the special factors counseling against the

creation of a new Bivens remedy is "an appropriate judicial deference" to the will of Congress

and its assessment of whether the public interest would be served by allowing a plaintiff to

recover damages.  See id.  As the Supreme Court has stated, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies" for damages.  See Schweiker v. Chilicky, 487 U.S. 412, 423 (1988) (holding that plaintiffs could not use Bivens action to recover damages for alleged constitutional violations committed by individual agency employees who made decision to terminate plaintiff's social security benefits where APA review was available).

Following this authority regarding the limited availability of Bivens actions,  courts have held that when a plaintiff seeks to challenge agency action, his sole course of review is under the APA and not through a Bivens claim against individual agency officials.  See La Compania Ocho, Inc., v. United States Forest Serv., 874 F. Supp. 1242, 1249 (D. N. M. 1995) ("Every court to have confronted this issue has held that the APA preempts Bivens claims predicated upon agency action") (emphasis added) (collecting cases).  In La Compania Ocho, Inc., for example, the plaintiffs sought to bring Bivens claims against federal officials who, among other things, allegedly refused to approve one plaintiff's request to be a "responsible timber harvester," wrongfully withheld approval for other plaintiffs to harvest timber, required competitive bidding procedures for the harvesting of timber, and failed to enforce local hiring requirements.  See id. at 1247.  The plaintiffs alleged that the federal officials who made these decisions were motivated by an anti-Hispanic animus against them.  See id. at 1248.  The court held that all these actions "fell within the purview of the APA because all can be characterized as 'agency actions,' broadly defined as including 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or the denial thereof' under 5 U.S.C. § 551(13)."  See id. at 1247.  In reaching this conclusion, the court explicitly rejected the plaintiffs' arguments that the alleged racial animus behind the challenged actions took them outside the purview of the APA

and noted that the APA authorized courts to set aside agency action "contrary to constitutional right." See id. at 1248.

Furthermore, the court concluded that in addition to there being an adequate remedy for the plaintiffs under the APA, a "special factor" counseling against the creation of a Bivens remedy was the grave impact that would result from allowing plaintiffs to sue for damages the individual federal officials who take agency actions. See id. at 1248. The court noted that:

> Federal agencies regulate a vast range of business and social activity and, in doing so, must weigh costs and benefits when administering federal programs. These decisions ineluctably impose regulatory costs on those affected, and may even result in serious economic dislocation or loss. If individual officers of federal agencies were forced to compensate those so affected because discretionary agency action is later found to be unlawful, regulation would soon prove unworkable or inordinately expensive.

Id. at 1248. The court concluded that Congress, in enacting the APA without authorizing monetary damages in challenges to agency actions, had struck a "careful balance between affording meaningful review and redress of agency action while maintaining the efficacy of the regulatory state." See id. at 1249. The Court concluded this balance should not be disturbed by the creation of a Bivens remedy for damages. See id.

In the present case, therefore, Plaintiff cannot bypass the APA by using a Bivens action to seek $500,000.00 in punitive damages against Defendant Sprayberry individually. See Miller, 143 F.3d at 1416; La Compania Ocho, Inc., 874 F. Supp. at 1247. Plaintiff's allegations in his Complaint and his Amended Complaint challenge HUD agency actions that were carried out by Defendant Sprayberry in relation to HUD's oversight of the MHA's use of federal funds. (Amended Comp. at ¶¶ 14-18). These actions are agency actions under the APA because they are HUD decisions regarding the proper use of federal funds. See 5 U.S.C. § 551(13). See also Lundeen, 291 F.3d at 304 (noting that the term "agency action" under APA is "very broad and encompasses a funding decision").

Congress specifically enacted the APA to allow aggrieved individuals to seek review of agency actions, including claims that agency actions were carried out for discriminatory reasons. See La Compania Ocho, Inc., 874 F. Supp. at 1247 ("the APA represents Congress' remedial response to unlawful agency action").  The "existence of a right to judicial review under the APA is, alone, sufficient to preclude a ... Bivens action." See Miller, 143 F.3d at 1416.  This is true even though the APA does not provide for compensatory or punitive damages, since the relief afforded by it is an adequate alternative to money damages.  See id.  Accordingly, Plaintiff must proceed with his claims under the APA, which he has not done, and he cannot bypass APA review and assert a Bivens claim for damages in this lawsuit.  See id.

### CONCLUSION

For the foregoing reasons, this Court should grant Defendant Sprayberry's Motion to Dismiss Plaintiff's Amended Complaint in its entirety, dismiss with prejudice all Plaintiff's claims in his Amended Complaint against Defendant Sprayberry, and award Defendant Sprayberry his costs in this action.

Respectfully submitted this 31st day of August, 2006.

LEURA G. CANARY
United States Attorney


By:    s/James J. DuBois
       JAMES J. DUBOIS
       Assistant United States Attorney
       Georgia Bar No. 231445
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL 36101-0197
       Telephone: (334) 223-7280
       Facsimile: (334) 223-7418
       E-mail:  james.dubois2@usdoj.gov

       Counsel for Defendant Sprayberry

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Defendant Mcinnish, Defendant Long, and Defendant Housing Authority of the City of Montgomery, Alabama.

s/James J. DuBois
Assistant United States Attorney
