IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS,             ) | |
| )  | |
| Plaintiff,             ) | |
| )  | |
| v.             ) | Civil Action No.: |
| )  | 2:05-cv-01235-MHT-DRB |
| R. EDMUND SPRAYBERRY, et al.    ) | |
| )  | |
| Defendants.             ) | |

**DEFENDANT SPRAYBERRY'S MOTION
FOR EXPEDITED RULING ON MOTION TO DISMISS AMENDED COMPLAINT
OR, IN THE ALTERNATIVE, TO STAY DISCOVERY**

Comes now Defendant R. Edmund Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and moves this Court for an expedited ruling on Defendant Sprayberry's Motion to Dismiss Plaintiff's Second Amended Complaint to protect Defendant, who has raised the defense of absolute immunity, from Plaintiff's burdensome and time-consuming discovery. In the alternative, Defendant Sprayberry seeks a stay of discovery pending the ruling on this Motion. In support of this Motion, Defendant Sprayberry shows unto the Court the following:

1.

On August 10, 2006, this Court dismissed Plaintiff's breach-of-contract, conversion, and 42 U.S.C. § 1983 claims against Defendant Sprayberry, entirely removing Defendant Sprayberry from a lawsuit that continued against three other defendants (McInnish, Long, and the Montgomery Housing Authority). The Court, however, provided Plaintiff seven (7) days to amend his complaint to assert a <u>Bivens</u> claim against Defendant Sprayberry, if he so desired. (August 10, 2006 Order, at 3). Plaintiff amended his Complaint on August 17, 2006, though he has yet to serve it on Defendant

Sprayberry. The Amended Complaint re-asserts the conversion claim against Defendant Sprayberry which the Court had previously dismissed and adds a new claim under the Alabama Constitution.

2.

On August 30, 2006, Defendant Sprayberry moved to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff's re-asserted conversion claim and his Alabama Constitution claim were barred by absolute immunity, and that he failed, as a matter of law, to state a <u>Bivens</u> claim upon which relief could be granted. Defendant Sprayberry also noted that no <u>Bivens</u> remedy was available to Plaintiff, even if he amended his Complaint yet again, because his proper course of relief would have been a claim challenging the United States Department of Housing and Urban Development's ("HUD") agency actions under the Administrative Procedures Act, 5 U.S.C. § 702, and not a claim against an individual for damages under <u>Bivens</u>.

3.

Absolute immunity is not simply a defense to liability, but is an immunity from all of the burdens of litigation including discovery. <u>See</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). The Supreme Court has advised that it should be decided as early as possible in a case, and "such matters as pretrial discovery <u>are to be avoided if possible</u>." <u>See</u> <u>id</u>. (Emphasis added).

4.

The parties have at least ten depositions scheduled over the next three months, including four depositions the week of September 18, four depositions the week of October 23, and several more the week of November 13, 2006. In addition, Plaintiff also seeks the deposition of the second-highest ranking member of the United States Department of Housing and Urban Development ("HUD"), Deputy Secretary Roy Bernardi, even though Mr. Bernardi had no involvement in the

decisions that Plaintiff challenges in this case. (See Plaintiff's August 25, 2006 letter, attached as Exhibit 1). As to this deposition, Plaintiff has unreasonably asserted that "[w]e will not agree to any limitation on areas in which he can be deposed." (See id.) Plaintiff has also requested the deposition of Rick Hamblin, Desk Officer for HUD's Public and Indian Housing Office of Field Operations, in Iowa, though he had no role in the decision-making process in this case and lacks any personal knowledge of the matter. (See id.) At this deposition, Plaintiff has threatened to take "up to eight hours" asking Mr. Hamblin his opinions about various HUD regulations. (See id.) The Federal Defendants have already had to obtain a protective order to prevent Plaintiff from deposing Alphonso Jackson, Secretary of HUD and a Cabinet level federal official, and anticipate having to file a motion for a protective order regarding these additional irrelevant and overly burdensome depositions of high-ranking governmental officials. There is also the possibility of more depositions in December, though Plaintiff is approaching the limit of ten set by the Federal Rules.

5.

In addition to seeking to depose numerous individuals and high-level government officials around the country, Plaintiff has recently stated his desire to engage in broad discovery involving events that took place involving HUD and the MHA between October 2005 and the present that have no relevance to the subject of this lawsuit. (See Plaintiff's Second August 25, 2006 Letter, attached as Exhibit 2). Defendant Sprayberry will have to spend extensive time and resources engaging in discovery and litigating discovery issues, even though absolute immunity is designed to prevent such harassment. See, e.g., Mitchell, 472 U.S. at 526.

6.

Defendant Sprayberry's Motion to Dismiss the Amended Complaint raises purely legal issues that do not require discovery. His absolute immunity would be compromised, and he would be subjected to even more extensive and unnecessary costs, if he were required to participate in all the scheduled depositions and to respond to Plaintiff's overly burdensome discovery.

7.

A court has the inherent power to control the disposition of cases on its docket to promote "economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D. Ga. 1983). A court properly stays discovery when a defendant has filed a dispositive motion that may dispose of all the claims in a plaintiff's complaint and no discovery is needed for the plaintiff to respond to the motion. See Chavous v. D.C. Fin. Resp. and Mgmt. Assist. Auth., 201 F.R.D. 1, 2 (D.D.C. 2001). In such a situation, a stay serves "to prevent wasting the time and effort of all concerned" until the dispositive motion is resolved. See Coastal Gas Corp. v. Dep't of Energy, 84 F.R.D. 278, 282 (D. Del. 1979). A ruling may also narrow the issues for discovery.

8.

In the interest of economy and efficiency, Defendant Sprayberry requests that the Court rule on Defendant Sprayberry's Motion to Dismiss Plaintiff's Amended Complaint before Defendant Sprayberry has to spend extensive time and resources participating in the potentially unnecessary numerous depositions scheduled in this case for mid September, mid October, and mid November, and in responding to Plaintiff's abusive discovery. In the alternative, Defendant requests that discovery be stayed pending a ruling on this Motion. See Chavous, 201 F.R.D. at 2.

Therefore, for the reasons set forth above and for good cause, Defendant Sprayberry respectfully requests an expedited ruling on his Motion to Dismiss the Amended Complaint or, in the alternative, a stay of discovery pending the Court's ruling on Defendant's Motion.

Respectfully submitted this the 31st day of August, 2006.

          LEURA G. CANARY
          United States Attorney

By: s/James J. DuBois
    JAMES J. DUBOIS
    Assistant United States Attorney
    GA Bar Number: 231445
    Post Office Box 197
    Montgomery, AL  36101-0197
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    E-mail: **James.DuBois2@usdoj.gov**

Counsel for the Defendant Sprayberry

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notice to counsel for Plaintiff, Defendant Mcinnish, Defendant Long, and Defendant Housing Authority of the City of Montgomery, Alabama.

/s/ James J. DuBois
Assistant United States Attorney