# EXHIBIT 2

**D L B**
**LAW OFFICE OF**
**Dwayne L. Brown**
A PROFESSIONAL CORPORATION

5925 Carmichael Road, Suite C
Montgomery, Alabama 36117
Reply To:  P.O. Box 230206
Montgomery, Alabama 36123-0206
Phone (334) 277-3757
Fax (334) 277-3613
e-mail  dbrown@dbrownatty.com

August 25, 2006

**VIA FACSIMILE & U.S. MAIL (334) 223-7418**
James DuBois, Esq.
U.S. Attorney's Office
Post Office Box 197
Montgomery, AL 36101

RE:    Davis vs. Sprayberry/ Case No.: 2:05cv1235MHT
       Defendant Sprayberry's Response to Plaintiff's Interrogatories

Dear James:

       I have several objections to incomplete and vague responses to Plaintiff's interrogatories, which are as follows:

       **Plaintiff's Objection #1:**

       1.      In response to Plaintiff's interrogatory No. 13, you provided the following response:

       **Request:**

       (13)    Between November 16, 2004 and December 31, 2005, please state in detail and with specificity each and every action taken by R. Edmond Sprayberry in response to learning that the Executive Director of the Montgomery Housing Authority had been placed on leave as of November 16, 2004.

       **Response:**

       **Defendant objects to Interrogatory No. 13 on the grounds that it is overly vague and ambiguous in that it fails to define the phrase "each and every action" with any degree of specificity.**

       **Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that, in addition to any of the communications detailed in the Interrogatories supra, the following actions were taken:**

       • **11/18/04 letter to Thomas Taylor requesting special meeting;**

- **11/18/04 letter to Lemuel E. Boggs requesting review of all procurement transactions and LOCCS drawdowns, with subsequent review of all procurement transactions and LOCCS drawdowns;**

- **12/8/2004 letter to Lemuel E. Boggs requesting review of all Board Meeting minutes;**

- **12/9/2004 letter to Lemuel E. Boggs requesting review of all Board Meeting minutes to be retroactive to 11/2004.**

Defendant Sprayberry's response fails to mention or reference in any respect, a report dated October 31, 2005 which he prepared regarding actions of Plaintiff and the Montgomery Housing Authority relating to the investigation of Defendant McInnish. While your client is obligated under the Rules to provide full and complete responses relating to this report, Defendant Sprayberry's responses are not response to Plaintiff interrogatories #13 and #20 and are incomplete. Moreover, a segment of the report prepared by Mr. Sprayberry provides:

> "To accomplish our objective, we reviewed applicable HUD program requirements, the City and County of Montgomery Personnel Board Rules and Regulations, and other equal employment requirements. We also interviewed various persons including HUD officials, other Housing Authority Executive Directors, a former Board Commissioner, Authority staff and other City officials. Additionally, we reviewed various records, memos, board minutes, correspondence, and EEOC supporting documentation maintained by the Birmingham Field Office. Our review generally covered the initial appointment of Mr. McInnish as interim Executive Director in February 2002 until his suspension in November 2004. We extended our review to include post-events related to Mr. McInnish'' suspension."

In this regard, I am requesting that you provide the names of all "HUD officials, other Housing Authority Executive Directors, a formal Board Commissioner, authority staff and other City officials." I am also requesting that you provide copies of all "records, memos, board minutes, correspondence, and EEOC supporting documentation maintained by the Birmingham Field Office."

The report also states:

> "Additionally, it appears that certain authority board commissioners exhibited a racial animus against Mr. McInnish. We interviewed several persons who heard certain commissioners refer to Mr. McInnish in a racial manner and referred to his inability to effectively manage the Authority because of his race."

I am requesting that provide the names and copies of statements obtained of the persons referenced by Mr. Sprayberry in this statement. I am also requesting copies of any and all reports obtained from the Montgomery Housing Authority or any one else in response to Defendant Sprayberry's report.

My request for this information falls within the context of Plaintiff's Interrogatory No. 20, which request that you make available for copying and inspections all files maintained by your office and the Montgomery Housing Authority office for any purpose beginning January 1, 2004 through the present date. I do not accept your offer to provide information only between January 15, 2004 and July 31, 2005 as indicated in your response.

### Plaintiff's Objection #2:

Defendant Sprayberry's responses to Plaintiff's Interrogatory 13 and 20 fail to reference Sprayberry's letter dated April 16, 2005 (exact day on letter unintelligible) sent to Mr. Richard Bollinger regarding Sprayberry's refusal to pay Plaintiff's invoices for services rendered relating to the investigation of Defendant McInnish. I am requesting that you provide all "records, notes, calculations and the names of internal persons performing any calculations relative to information contained in the letter from Sprayberry dated April 16, 2005.

Also, Defendant Sprayberry's Interrogatory Responses do not reference any of several letters or "actions" and reports prepared by your client in 2005.

### Plaintiff's Objection #3:

**Interrogatory No. 10**

"Please produce for copying and inspection of each communication received by R. Edmond Sprayberry from Thomas Taylor or any other member of the Board of Commissioners after November 16, 2004 to date".

Defendant Sprayberry's response indicates that you will produce all "non-privileged" documents generated between "November 16, 2004 and July 31, 2005". I do not accept this limitation and request the following:

A)    That you produce all documents beginning November 16, 2004 to date;
B)    That you identify all documents being withheld on the ground of any
       Privilege between November 16, 2004 to date..

I do not consider any communication between you and any present or former board members of the Montgomery Housing Authority as privileged. If you are claiming a privilege as to these communications, please so advise.

### Plaitniff Objection #4:

In Interrogatory Nos. 19, 20, 26, 29 and 34, you object to producing documents based upon the "work product doctrine, attorney client privilege and the deliberative-process privilege". Please identify those documents you have withheld and maintained are protected by the privileges you claim.

**Plaintiff's Objection #5:**

Defendant Sprayberry's responses to Plaintiff Interrogatory Nos. 38, 39 and 40 indicate that he has no knowledge of the terms of the settlement between Defendant McInnish and the Montgomery Housing Authority and had no involvement with the terms of the settlement. However, a letter dated June 13, 2005 from Defendant Sprayberry to David S. Barley indicates Defendant Sprayberry had extensive involvement. This letter sets for the requirements under which the MHA could settle with Defendant McInnish and that approval of any settlement required approval of Sprayberry's office. I am requesting any documents that indicate whether Defendant Sprayberry waived this "requirement" and documents indicating his authority to waive or enforce this "requirement".

Defendant Sprayberry's responses (#38, #39 and #40) also indicate that Defendants McInnish and the MHA submitted the settlement to Defendant Sprayberry for approval. I am requesting copies of any and all documents received and any communication prepared and/or sent regarding the disapproval of the settlement. I am also requesting copies of any and all notes, e-mails, or other documents relating to the meeting Defendant Sprayberry had with Defendant McInnish which is referenced in Defendant McInnish's Responses to Plaintiff's Interrogatory #13. This request falls within the scope of Plaintiff's Interrogatory Nos: 20, 38, 39 and 40.

Please let me hear from you as soon as possible.

Sincerely,

Dwayne Brown

DB/tw

xc:   M. Wayne Sabel, Sr., Esq.
      Dorman Walker, Esq.
      Charles A. Stewart, III, Esq.
      Michael Cohan, Esq.
      Terry G. Davis, Esq.