IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **TERRY C. DAVIS,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO.: 2:05-CV-1235 MHT |
| **R. EDMOND SPRAYBERRY;** | ) | |
| C. MICHAEL **McINNISH;** | ) | |
| LU AN LONG, Individually and in | ) | |
| Her Capacity as Commissioner of the | ) | |
| Housing Authority of the City of | ) | |
| Montgomery, Alabama; and **THE** | ) | |
| HOUSING AUTHORITY OF THE | ) | |
| **CITY OF MONTGOMERY, ALABAMA,**) | | |
| **Defendants.** | ) | |

## SECOND AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff Terry G. Davis, to racial discrimination regarding his inferior salary and defendants' failure to remit payments for legal services rendered pursuant to contract.

### II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to: *Title 28, U.S.C, Section 1331; Title 28, U.S.C., Section 1343;* and *Title 28 U.S.C., Section 2201*. This action arises pursuant to First, Fifth and Thirteenth Amendments to the *Constitution of the United States* and the Equal Pay Act . Jurisdiction of this Court is also invoked pursuant

to the provisions of 42 *US.C., Section 1983,* [1] and relief from misconduct by a federal agent (HUD Official) under the theory known as Biven's cause of action. This being an action to redress the deprivation of rights secured under said constitutional and statutory provisions. Costs and attorney's fees may be awarded pursuant to *Title 42 U.S. C., Section 1988* and *Federal Rules of Civil Procedure, p. 54.*

### III. NATURE OF THE ACTION

3.  This action seeks a declaratory judgment declaring that the defendants' actions constitute breach of contract and conspiracy under the Federal Tort Claims Act; discrimination by reason of plaintiff's race, African American, in violation of rights guaranteed plaintiff under due process clause and property rights of the Fifth Amendment; freedom of speech of the First Amendment; obligation to be recognized on the same level as white citizens under The Thirteenth Amendment to the United States Constitution; *42 U.S.C. Section 1983* and Bivens cause of action *(Bivens v. Six Unknown Named Agents. 403 US. 388 (1971).*

4.  All acts herein complained of *were* done under the color of federal law.

### IV. THE PARTIES[2]

5.  Plaintiff Terry G. Davis is a citizen of the United States of the age of majority, residing in Montgomery County, Alabama. At all times herein, he was General Counsel for the Housing Authority for the City of Montgomery Alabama.

6.  Defendant R. Edmond Sprayberry is a citizen and resident of Jefferson County, Alabama and he is above the age of nineteen (19) years. At all times herein, he

---

[1] *42 U.S.C. Section 1983 claims are* not applicable against Defendant R. Edmond Sprayberry, by Order of Court (Doc. 55).

[2] Plaintiff interprets the Court's Order (Doe. 55) dismissing Defendant Sprayberry as also dismissing the United States.

2

was U.S. Department of Public Housing and Urban Development Regional Director for Alabama, a federal employee acting under color of federal law. He may be served at the Medical Form Building, Suite 900, Birmingham, Alabama 35203.

7. C. Michael Meinnish is a citizen and resident of Montgomery County, Alabama and is sued individually. He is above the age of nineteen (19) years. He may be served at 7607 Mossy Oak Drive, Montgomery, Alabama 36116. At all times herein, he was the local Executive Director of the Housing Authority for the City of Montgomery, Alabama.

8. The Housing Authority of the City of Montgomery, Alabama (herein referred to as "MHA") is a corporation organized under and pursuant to the laws of the State of Alabama, with its place of business being located at 1020 Bell Street, Montgomery, Alabama.

9. Lu An Long is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama and a citizen and resident of Montgomery County, Alabama. She is above the age of nineteen (19) years. She may be served at 323 Adams Avenue, Montgomery, Alabama 36105.

V. ALLEGATIONS OF FACT

10. On November 16, 2004, the Housing Authority for the City of Montgomery Board of Directors voted 6 to 1 to suspend, with pay, its Executive Director Defendant C. Michael McInnis, pending an investigation into his activities as executive director. The suspension was based on the fact that Defendant McInnish withheld information from MHA Board of Directors in an effort to prevent the City of Montgomery from purchasing a portion of the Riverside Heights Housing Development

3

to be used in a land exchange with Maxwell Air Force Base. McInnish refused to transmit a September 24, 2004 offer from Mayor Bobby Bright to purchase the property for $12 million. McInnish's suspension was also based upon the fact that he had made an undisclosed trip with MHA Board Member Richard Bollinger to Washington, DC at the expense of the Montgomery Housing Authority.

11. On the day following McInnish's suspension, November 17, 2004, the MHA Board Chairman, Thomas Taylor, directed Mr. Davis, who was employed as General Counsel for The Housing Authority for the City of Montgomery, Alabama, to conduct a full investigation into certain activities of Defendant MHA's Executive Director.

12. On or about December 15, 2004, Mr. Davis presented his findings to the MHA's Executive Director and on December 23, 2004, ten (10) charges of misconduct and insubordination were presented against Defendant McInnish. Based upon the evidence presented to the interim executive director, a recommendation was made to terminate the employment of C. Michael McInnish as executive director and a disciplinary due process hearing was set.

13. On November 17, 2004, on information and belief, Defendant McInnish contacted Defendant Sprayberry, a federal official, to solicit his assistance because he had been suspended by MBA. This occurred before any formal notification of the suspension had been sent to Defendant Sprayberry's Office. On the same day, Sprayberry, acting under color of federal law, telephoned Board Chairman Taylor to inquire as to why McInnish was placed on suspension. Taylor informed Sprayberry about the 6 to 1 vote and that the matter was under investigation. Sprayberry was told also to contact MHA's

General Counsel Davis who would answer any specific questions. Sprayberry never contacted Mr. Davis.

14. Defendants Sprayberry and Mclnnish are known to have a close friendship. Mclnnish is further known to have considerable influence within the U.S. Department of Housing and Urban Development. Defendant Sprayberry, using his authority, as a federal official (Director for Public Housing and Urban Development), acting under color of federal law, conspired with Defendant Mclnnish, the local director, to both use their influence with officials at HUD to violate plaintiffs constitutional rights and impede the investigation of McInnis and terminate the MHA's and Mr. Davis' presentation of charges against Mclnnish.

15. On November 18, 2004, on information and belief, Defendant Sprayberry, a federal official acting under color of federal law, at the urging of Defendant Mclnnish and Defendant Lu An Long, began a series of punitive, retaliatory, and illegal actions in violation of the United States Constitution against plaintiff designed to impede and terminate the authorized investigation by Plaintiff Davis into the activities of Defendant Mclnnish. Defendant Sprayberry conspired with Defendants Long and McInnis to violate the due process and property rights of Plaintiff. Defendants McInnis and Long are former business partners. Defendant Sprayberry's actions included but are not limited to the following: (a) the immediate withdrawal of local authority from the Montgomery Housing Authority (MHA) to conduct business and make fiscal and procurement decisions; (b) the interference with the Housing Authority's exclusive authority to take disciplinary actions against the executive director; (c) the interference with Mr. Davis' right to present his findings; (d) ordering that special board meetings be called to

reconsider the suspension of McInnish; (e) collaborating with Defendant Board Member Lu An Long and Defendant McInnish to frustrate and impede the efforts of the Board majority to have a disciplinary hearing on charges against Defendant C. Michael McInnish; (t) by wrongfully refusing to authorize payment of legitimate fees and expenses which were overdue in relation to the investigation of Defendant McInnish in an effort to deter plaintiffs freedom of speech and from continuing to investigate and present charges at the scheduled disciplinary hearing on behalf of the MHA; (g) by requiring that the MHA terminate the services of Plaintiff Davis before the disciplinary hearing against Defendant McInnish could be held; (h) interfering with local MHA business by overruning, without cause, MHA's decision on December 21, 2004 to continue the employment of Mr. Davis, as general counsel for the MHA so that the investigation and presentation of charges against Defendant McInnish would continue; (i) by refusing to recognize the employment of a duly appointed hearing officer to conduct the disciplinary hearing and wrongfully refusing payment of the expense for the hearing officer (j) forcing the Montgomery Housing Authority to employ new counsel, a white lawyer to serve as its local counsel; (k) improperly communicating with and providing to Defendant McInnish, confidential correspondence between the MBA and its Director's Office; (1) directing the MHA Authority to hire a new hearing officer and refusing to approve the contract of the hearing officer initially employed because of his race (African-American), even though the hearing officer was selected from three applicants pursuant to HUD guidelines; (m) by imposing excessive oversight procedures and interfering with the day-to-day operations of the MHA without justification; (n) forcing the involuntary termination of Mr. Davis' services, without due process, as

counsel for the MHA, all in violation of his Fifth Amendment rights, by wrongfully refusing to authorize just compensation for services rendered covering a five (5) month period; (o) on or about March 15, 2005, Defendant Sprayberry wrongfully denied Mr. Davis' claim for fees pursuant to a valid contract with the MHA (p) on October 31, 2005 Defendant Sprayberry prepared a false, misleading and inaccurate report in an effort to intentionally discriminate racially and retaliate against Mr. Davis.

16. Defendant Sprayberry and Defendant MHA have wrongfully taken services without just compensation from Mr. Davis worth $25,000.00, which services have been fully performed. Said invoices for services were approved for payment by the MHA Chairman of the Board of Commissioners.

17. Defendants Mclnnish and Sprayberry discriminated against plaintiff by reason of his race and violated plaintiffs constitutional rights to equal pay and to be treated the same as white citizens under the Thirteenth Amendment by wrongfully refusing to pay him at the same hourly rate said defendants paid white attorneys working for MHA with less qualifications than plaintiff for the same work. These defendants' actions under federal law were arbitrary, capricious, and an abuse of discretion not in accordance with federal law. Said payments for the white attorneys were authorized and approved by Defendants Mclnnish and Sprayberry. White attorneys were routinely paid $270 Per Hour for senior attorneys and $240 Per Hour for junior attorneys while Mr. Davis, a black attorney was only paid $175 Per Hour.

18. Defendant Sprayberry further discriminated against plaintiff by reason of his race and violated plaintiffs due process and property rights by overruling the MHA's Board of Commissioners' decision on December 21, 2004 to continue the employment of

plaintiff as general counsel and forcing the MHA to employ a white citizen as counsel with less qualifications.

## VI. **FIRST** CAUSE **OF ACTION**

### (**Breach** of Contract)

Plaintiff incorporates all previous paragraphs as if fully setout herein and further shows unto this Honorable Court the following:

19. Defendant's refusal to pay plaintiff for services rendered as general counsel constitutes a breach of contact. Plaintiff further claims damages under a theory of quantum merit.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff in the amount of $25,000.00, plus interest, court cost, attorney's fees and any other relief to which plaintiff may show himself to be justly entitled.

## VII. SECOND CAUSE OF ACTION

### (**Race Discrimination** and Due Process)

Plaintiff incorporates all previous paragraphs as if fully setout herein and further shows unto this Honorable Court the following:

20. Defendants' actions constitute discrimination by reason of race and in violation of plaintiffs rights guaranteed under the due process clause and property rights of the Fifth Amendment, First Amendment, and Thirteenth Amendment to the Constitution of the United States and *42 U.S.C.,* Section 1983.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff and order defendants to employ

plaintiff in the position of general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the amount of $500,000.00 plus costs, attorneys' fees, and any other amount to which plaintiff may show himself to be justly entitled.

## VIII. THIRD CAUSE OF ACTION

### (Conspirary)

Plaintiff incorporates all previous paragraphs as if fully setout herein and further shows unto this Honorable Court the following:

21. Defendants Sprayberry, McInnish, and Long conspired against Mr. Davis in violations of his rights under the Federal Tort Claims Act.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff in the amount of $25,000.00 in compensatory damages, plus costs, attorneys' fees, and any other amount to which plaintiff may show himself to be justly entitled.

## IX. FOURTH CAUSE OF ACTION

### (Race Discrimination and Constitutional Violation)

Plaintiff incorporates all previous paragraphs as if fully setout herein and further shows unto this Honorable Court the following:

22. Defendant Sprayberry's actions constitute intentional discrimination by reason of race and in violation of plaintiff's rights guaranteed under the due process clause and property rights of the Fifth Amendment, First Amendment, and Thirteenth Amendment to the Constitution of the United States, and *42 US.C. Section 1983*.

9

23. Defendant Sprayberry treated plaintiff differently from similarly situated persons and further treated plaintiff differently for the purpose of discriminating against him on an impermissible bases.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff and order defendants to employ plaintiff in the position of general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the amount of $500,000.00, plus costs, attorneys' fees, and any other amount to which plaintiff may show himself to be justly entitled.

### X.   PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that after a hearing hereon, the Court will: L Issue a declaratory judgment stating that:

(1)   The actions of defendants in refusing to pay plaintiff for services rendered constitute breach of contract, and conspiracy in violation of plaintiffs rights under the Federal Tort Claims Act.

(2)   The actions of Defendants Mclnnish and Long constitute discrimination by reason of plaintiffs race in violation of plaintiff's rights guaranteed under the First, Fifth, and Thirteenth Amendments to the Constitution of the United States and *42 U.S.C. Section 1983*.

(3)   The actions of Defendant Sprayberry constitute discrimination by reason of plaintiffs race in violation of plaintiffs rights guaranteed under the First, Fifth, and Thirteenth *Amendments* to the Constitution of the United States.

II. Enter mandatory, preliminary and permanent injunctions requiring plaintiff be compensated for services rendered and employed as general counsel for the Montgomery Housing Authority.

Enter an Order awarding plaintiff punitive damages.

IV. Enter an Order awarding plaintiff his costs incurred in this case, together with reasonable attorneys' fee and interest on the amount owed to be taxed *as part* of the costs against defendants.

V. Grant such additional and further relief as the Court deems proper and just in the premises.

Respectfully submitted,

/s/ Dwayne L. Brown
DWAYNE U BROWN 9BRO149)
Attorney for Plaintiffs

OF COUNSEL:

Law Office of Dwayne L. Brown, PC
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrownadbrownatty.com

Ernestine S. Sapp, Esq.
**Gray, Langford,** Sapp, McGowan, Gray *&* Nathanson
Post Office Box 830239
Tuskegee, AL 36083-0239
Telephone: (334) 727-4830
Facsimile: (334) 727-4831
e-Mail: esaup(RAIsmgn.corn

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: M. Wayne Sabel, Sr., M. Wayne Sabel, Jr., Dorman Walker, Charles A. Stewart, Angela R. Raines, Michael Cohan, **Randall Morgan, James DuBois.**

                                                 <u>is/Dwayne L. Brown</u>
                                                 Of Counsel