# Dwayne L. Brown
A PROFESSIONAL CORPORATION

5925 Carmichael Road, Suite C
Montgomery, Alabama 36117
Reply To: P.O. Box 230205
Montgomery, Alabama 36123-0205
Phone (334) 277-3757
Fax (334) 277-3613
e-mail dbrown@dbrownatty.com

September 15, 2006

**VIA FACSIMILE ONLY (334) 956-7701**
Honorable Charles A. Stewart, III
Bradley, Arant, Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

"Exhibit A"

RE: Davis vs. Sprayberry
Civil Action No.: 2:05-cv-1235-MHT

Dear Chuck:

    This will acknowledge receipt of your letters dated September 13 and September 8, 2006. As you know, in my letter dated September 6, 2006, I narrowed the scope of my request to January 1, 2002 through December 31, 2004. We do accept your offer to provide copies of all invoices submitted for payment to the Montgomery Housing Authority and the Housing Authority Insurance Group in the City Council appointment case. However, as you know, our request seeks all invoices for all matters handled by your firm on behalf of the Montgomery Housing Authority, whether the invoices were submitted to and/or paid by the Montgomery Housing Authority or the Housing Authority Insurance Group. We believe that any matter handled by you on behalf of the Montgomery Housing Authority, regardless of whether the bill was paid by MHA or the Housing Authority Insurance Group is discoverable. As you are aware, the insurance carrier does not obviate your fiduciary responsibility to the MHA simply because it pays the invoices. Also, the fact that Mr. Davis was not co-counsel on other cases handled by your firm does not place those invoices beyond the scope of discovery.

    Finally on this point, and probably most significant, the invoices, we contend provide direct evidence that Defendant McInnish discriminated against Plaintiff in the assignment of cases.

    Regarding your objection relating to attorney/client privileged information, work product and revealing of trial strategy, we do not seek any information as it relates to the current litigation. However, we do not feel that your claim regarding work product or having trial strategy revealed on previously handled cases is an appropriate argument here.

    We do not believe that any depositions in this case should be delayed due to objections or disagreements as to what a party should produce. We suggest that the depositions proceed as scheduled with respective parties reserving the right to reconvene the deposition once the discovery dispute is resolved by the Court, should Court intervention become necessary. If you continue to believe that we are not entitled to obtain copies of invoices paid by the insurance

Charles A. Stewart, III, Esq.
September 15, 2006
Page 2

carrier and you feel it necessary to seek a protective order, we would ask that you identify the specific invoices and submit them to the Court under seal for a determination by the Court.

Should you decide to provide the requested information, we can agree that the information would remain under seal as well as your testimony regarding the same in the deposition. Unless you seek a protective order from the Court, we will expect to have the documents available for your deposition on September 20, 2006.

Thank you.

Sincerely,

Dwayne L. Brown

DLB/trw

cc: Dorman Walker, Esq. (via facsimile 866-736-3854)
James DuBois, Esq. (via facsimile 223-7418)
Michael J. Cohan, Esq. (via facsimile 832-7419)
M. Wayne Sabel, Sr., Esq. (via facsimile 277-2882)
Ernestine Sapp, Esq. (via facsimile 334-727-5877)
Terry Davis, Esq. (via facsimile 279-0362)