IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | )     2:05-cv-01235-MHT-DRB |
| R. EDMUND SPRAYBERRY, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SPRAYBERRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND FILE A SECOND AMENDED COMPLAINT**

COMES NOW Defendant R. Edmund Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this opposition to Plaintiff's Motion for Leave to file a Second Amended Complaint.  Plaintiff has failed to show good cause under Rule 16(b) of the Federal Rules of Civil Procedure to justify filing this second amended pleading more than four months after the Scheduling Order's amendment deadline expired.  Furthermore, Defendant Sprayberry would be prejudiced by this late amendment because it presents new claims and would require additional discovery and a second deposition of Plaintiff.  Finally, the proposed Second Amended Complaint would be futile because Plaintiff's claims have either already been dismissed from this lawsuit, fail due to lack of subject matter jurisdiction, or fail as a matter of law. In support of this Response, Defendant Sprayberry shows unto the Court the following:

1.

Plaintiff filed this lawsuit on December 23, 2005.  The Court's February 21, 2006 Uniform Scheduling Order provided that "Any motions to amend pleadings and to add parties shall be filed on or before April 28, 2006."

2.

On August 10, 2006, this Court dismissed Plaintiff's breach-of-contract, conversion, and 42 U.S.C. § 1983 claims against Defendant Sprayberry, Secretary Jackson, and the United States, entirely removing these Federal Defendants from a lawsuit that continued against three other defendants (McInnish, Long, and the Montgomery Housing Authority). The Court, however, provided Plaintiff seven (7) days to amend his complaint to assert a Bivens claim against Defendant Sprayberry, if he so desired. (August 10, 2006 Order, at 3). Plaintiff amended his Complaint on August 17, 2006, re-asserting the just-dismissed conversion claim against Defendant Sprayberry and adding a new claim under the Alabama Constitution.

3.

On August 30, 2006, Defendant Sprayberry moved to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff's re-asserted conversion claim and his Alabama Constitution claim were barred by absolute immunity, and that he had failed, as a matter of law, to state a Bivens claim upon which relief could be granted. Defendant also noted that no Bivens remedy was available to Plaintiff, even if he amended his complaint yet again, because his only course of relief would have been a claim challenging the agency actions of the United States Department of Housing and Urban Development's ("HUD") under the Administrative Procedures Act, 5 U.S.C. § 702, and not a claim against an individual federal official for damages under Bivens. See Defendant's August 31, 2006 Memorandum in Support of Motion to Dismiss Amended Complaint, docket no.66, at 9-13.

4.

Instead of responding to Defendant's Motion to Dismiss his Amended Complaint, Plaintiff filed a motion for leave to file a Second Amended Complaint. Plaintiff's proposed new complaint

contains four causes of action, two of which reference Defendant Sprayberry. Plaintiff's proposed Third Cause of Action alleges that "Defendants Sprayberry, McInnish, and Long conspired against [Plaintiff] in violation of his rights under the Federal Tort Claims Act." (Proposed Second Amended Complaint, at ¶ 21). Plaintiff's proposed Fourth Cause of Action alleges that Defendant Sprayberry violated Plaintiff's constitutional rights under the First, Fifth, and Thirteenth Amendments of the United States Constitution, as well as under 42 U.S.C. § 1983. (Id. at ¶ 22).

5.

Plaintiff's motion for leave to file a Second Amended Complaint was filed more than four months <u>after</u> the Scheduling Order's April 28, 2006, deadline for filing amended pleadings. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a deadline in a scheduling order "shall not be modified except upon a showing of good cause." See Fed. R. Civ. P. 16(b). The Eleventh Circuit has held that a plaintiff seeking to amend a pleading after a deadline in a scheduling order must show "good cause" under Rule 16(b) before a court can even address whether leave to amend should be given under Fed. R. Civ. P. 15. See <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1419 (11th Cir. 1998 ("because [plaintiff's] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a)"). As the Eleventh Circuit has noted, if the rule were otherwise, then "we would render scheduling orders meaningless and effectively read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." See <u>id</u>.

6.

The good cause standard applicable to amendments of scheduling orders "<u>precludes</u> modification unless the schedule cannot 'be met despite the diligence of the party seeking the

extension.'"  See id. at 1418 (emphasis added).  See also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end").  Accordingly, a party cannot show good cause when he failed to diligently act to protect his rights and amend his pleadings.  See id. at 1419.   In Sosa, for example, as in the case at bar, a plaintiff was notified that her complaint asserted claims that lacked subject-matter jurisdiction and did nothing for several months to attempt to correct the problem and then sought leave to amend after the scheduling order deadline had passed.  See id.   The court noted that since the plaintiff had possessed the information necessary to properly plead her complaint for months and had failed to act, her lack of diligence precluded a finding of good cause and prevented her from amending her complaint.  See id.

7.

In the present case, Plaintiff does not even address Rule 16(b) in his Motion, and he cannot satisfy the Rule's good cause requirement for this late amendment long after the deadline in the Scheduling Order.  Plaintiff has been on notice since March 27, 2006, that he failed to properly plead a claim against Defendant Sprayberry.  Specifically, he was advised in the Federal Defendants Motion to Dismiss his first complaint that (1) this Court lacked subject matter jurisdiction over any breach of contract claim against federal officials or the United States under the Little Tucker Act; (2) 42 U.S.C. § 1983 and the Fourteenth Amendment did not provide causes of action against federal officials; and (3) Plaintiff's conversion claims had to be dismissed for lack of subject matter jurisdiction because they could proceed only against the United States under the Federal Tort Claims Act ("FTCA"), and he had not complied with the FTCA's administrative exhaustion requirements.

8.

Despite this ample notice, Plaintiff did <u>nothing</u> to correct the problems in his Complaint, although simple legal research would have demonstrated the inadequacy of his pleaded claims. This Court gave him one chance to correct the flaws in his Complaint on August 10, 2006, and his subsequent Amended Complaint filed on August 17, 2006, failed to adequately plead <u>any</u> cause of action against Defendant Sprayberry. In short, Plaintiff has had eight months and multiple chances to adequately plead a claim against Defendant Sprayberry. He has failed to exercise diligence to do so, and thus cannot show the "good cause" necessary to amend his complaint yet again. <u>See</u> <u>Sosa</u>, 133 F.3d at 1419. <u>See also</u> <u>Smith v. West Facilities Corp.</u>, 2006 U.S. Dist. LEXIS 17818, at *8-14 (S.D. Ala. April 5, 2006) (denying leave to amend when plaintiff had knowledge needed to amend before scheduling order deadline but failed to act diligently and noting that "the orderly, efficient passage of lawsuits through the federal courts demands that the Federal Rules of Civil Procedure be followed, and that the parties adhere to Scheduling Orders, and that parties act diligently to safeguard their rights...").

9.

Furthermore, assuming <u>arguendo</u> Plaintiff could show "good cause" for failing to assert the claims in his Second Amended Complaint in a timely fashion, leave to amend should be denied under Rule 15(a) because the amendment would unduly prejudice Defendant and the amendment is futile. <u>See</u> <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000).

10.

The undue prejudice Defendant would suffer is due to the additional discovery that would have to be conducted if leave to amend were granted. Plaintiff's deposition is currently noticed for

September 19, 2006. Plaintiff moves to amend less than a week before this date, and seeks to add new claims and theories under the First, Fifth, and Thirteenth Amendments, the Equal Pay Act, and the Federal Tort Claim Act. If Plaintiff is given leave to amend, Defendant Sprayberry will have to re-depose Plaintiff on the new claims and theories in his Second Amended Complaint. This additional cost and burden is unduly prejudicial and sufficient cause alone to deny leave to amend. See e.g., Rouse v. Farmer's State Bank, 866 F. Supp. 1191, 1199 (N.D. Iowa 1994) ("Additional discovery and trial preparation which results from late amendment constitutes prejudice of sufficient magnitude to deny a motion to amend").

11.

Furthermore, Plaintiff should be denied leave to file a second amended complaint because the proposed amendment is futile. The Eleventh Circuit has noted that a party should be given one chance to amend his complaint to correctly state a claim and need not be given repeated chances. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). The Circuit has also held that a court may deny leave to amend when an amendment would be futile, such as when a proposed claim would be subject to dismissal for failure to state a claim upon which relief may be granted. See id.

12.

Plaintiff's proposed Third Cause of Action is frivolous. The FTCA is a limited waiver of sovereign immunity, and it provides the exclusive remedy for a plaintiff alleging injury from state-law torts committed by federal employees acting within the scope of their official duties. See 28 U.S.C. §§ 1346(b) & 2679(b)(1). When a federal employee is sued in his individual capacity, the FTCA provides that upon certification that the employee was acting within the scope of his

employment, the lawsuit "shall be deemed to be an action or proceeding against the United States" and the "United States shall be substituted as the party defendant." See 28 U.S.C. § 2679(d)(1).[1] The FTCA provides no substantive rights that can be violated, and there is <u>absolutely no authority</u> for a plaintiff to sue an individual federal official for violating any rights under the FTCA.[2] Such a claim fails as a matter of law.

13.

Notably, pursuant to the FTCA, the United States has already been substituted for Defendant Sprayberry on all Plaintiff's state-law claims and the claims against the United States have been dismissed for lack of subject matter jurisdiction. (August 10, 2006, Order at 1-3). Plaintiff even conceded to the Court that his conversion and breach of contract claims against Defendant Sprayberry were due to be dismissed. (August 10, 2006, Order at 1). Nevertheless, Plaintiff keeps re-asserting the same claims again and again, as seen in his Third Cause of Action in his Amended Complaint and in paragraph 16 and his Third Cause of Action of his proposed Second Amended Complaint. The continued re-pleading of a dismissed claim is an abuse of the Federal system.

---

[1] Moreover, the FTCA requires that a plaintiff satisfy certain administrative prerequisites before invoking the judicial process. See McNeil v. United States, 508 U.S. 106, 111-113 (1993). If these requirements are not satisfied, then the lawsuit against the United States must be dismissed. See id.

[2] **Furthermore,** the employee for whom the United States is substituted is afforded absolute immunity from all civil actions "arising out of or relating to the same subject matter" except for claims under the United States Constitution or certain federal statutes. See 28 U.S.C. § 2679(b).

14.

Finally, as Defendant Sprayberry briefed in detail in his Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff's proposed Bivens claims are futile. See Defendant's Motion to Dismiss Amended Complaint, docket no. 66, at 9-13. Bivens is a judicially-created remedy, and courts will not create a Bivens remedy when other adequate remedial provisions are available. See Wells v. Federal Aviation Admin., 755 F.2d 804, 809 (11th Cir. 1985) ("the judiciary must pay special heed to any special factors counseling hesitation before authorizing a new kind of federal litigation"). Plaintiff seeks to challenge agency actions involving the use of federal funds. Since Congress established the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, to allow aggrieved individuals to challenge agency actions, Plaintiff cannot bypass the APA and obtain damages through a Bivens claim. See Miller v. U.S. Dep't of Agric., 143 F.3d 1413, 1416 (11th Cir. 1998) ("Under our ... precedents, the existence of a right to judicial review under the APA is, alone, sufficient to preclude a federal employee from bringing a Bivens action").

In sum, for the reasons set forth above, Plaintiff has failed to show good cause to file yet another amended complaint in this lawsuit when his claims could have been pled in his initial complaint in December 2005. See Sosa, 133 F.3d at 1419. Moreover, Plaintiff's motion for leave to file yet another amended complaint should be denied because his amendment would unduly prejudice Defendant Sprayberry. Finally, Plaintiff's leave to amend should be denied because the claims in his Second Amended Complaint fail as a matter of law, making his proposed amendment futile.

Respectfully submitted this the 15th day of September, 2006.

                         LEURA G. CANARY
                         United States Attorney

By: s/James J. DuBois
     JAMES J. DUBOIS
     Assistant United States Attorney
     GA Bar Number: 231445
     Post Office Box 197
     Montgomery, AL  36101-0197
     Telephone No.: (334) 223-7280
     Facsimile No.: (334) 223-7418
     E-mail: **James.DuBois2@usdoj.gov**

     Counsel for the Defendant Sprayberry


## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed the foregoing Defendant Sprayberry's Opposition to Plaintiff's Motion to file a Second Amended Complaint with the Clerk of the Court using the CM/ECF system.

                         /s/ James J. DuBois
                         Assistant United States Attorney