IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.:  2:05-CV-1235 MHT |
| | ) |
| R. EDMOND SPRAYBERRY, et al., | ) |
| | ) |
| Defendants. | ) |

**RESPONSE AND MEMORANDUM OF PLAINTIFF TO
DEFENDANT SPRAYBERRY'S MOTION TO DISMISS
<u>COMPLAINT AS AMENDED</u>**

COMES NOW, Plaintiff Terry G. Davis, by and through his attorneys of record and submits this response and memorandum in opposition to Defendant Sprayberry's Motion to Dismiss in accordance with this Court's Order dated September 10, 2006.

**I.    INTRODUCTION**

Plaintiff Terry G. Davis was hired under contract as the general counsel for the Housing Authority of The City of Montgomery, Alabama (MHA).  Mr. Davis complains that Defendant Sprayberry, a federal official acting under color of federal law, wrongfully discriminated against him on the basis of race in violation of his constitutional rights under First, Fifth and Thirteenth Amendments to the U.S. Constitution in his inferior salary and failure to allow the MHA Board of Commissioners to remit payments to him for legal services rendered.

II.     **PLAINTIFF'S STATEMENT OF FACTS**

On November 16, 2004 the Housing Authority Board of Directors for the City of Montgomery (MHA) voted 6 to 1 to suspend, with pay, its Executive Director, Defendant C. Michael McInnis, a white citizen, pending an investigation. The next day Plaintiff Davis, who was employed as General Counsel under contract for the MHA, was requested to conduct a full investigation into certain activities of Defendant McInnis. Plaintiff Davis rendered professional services as requested. Plaintiff Davis was the first African American general counsel for the MHA. Defendant Sprayberry, a white citizen who was the Regional Director of HUD and friend of Defendant McInnis, acting under color of federal law, refused to allow the local MHA to compensate Plaintiff Davis for services rendered even though the Board voted to do so, in violation of his constitutional rights. When Mr. Davis' contract ended the MHA voted to renew his contract. Defendant Sprayberry wrongfully failed to allow plaintiff's contract to be renewed; failed to allow Plaintiff Davis to present his findings against Defendant McInnis at a due process hearing already setup and never met with Mr. Davis as directed by the Board Chair. Plaintiff learned that while he was hired as general counsel, Defendant Sprayberry and McInnish on behalf of MHA were directing legal work to white attorneys of less experience and paying them higher rates. These officials mostly assigned Mr. Davis to attend Board Meetings while giving the bulk of the work to whites.

III.    **ARGUMENTS**

   A.   **Bivens Claim an Exception to Absolute Immunity**

Defendant Sprayberry, a federal official appears to argue that he is protected by absolute immunity from suit. However, plaintiff submits that in this

2

instance that is not correct. Relief from misconduct by a federal agent may be obtained either by a suit against the agent for a constitutional violation under the theory set forth in *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)* **or** by a suit against the United States under the Federal Tort Claim Act. *28 U.S.C. §§1346(b)(1) 267et seq.*

Mr. Davis has brought a *Bivens* action against Defendant Sprayberry. He did not sue the United States but he could have and his claim is good against it under an exception. See *Hampton v. Hanrchan, 600 F.2d 600 (7th Cir. 1979).*

Under *Bivens* a person may sue a federal agent for money damages when the federal agent has allegedly violated the person's constitutional rights. See *Brown v. Nationsbank Corp. 188 F.3d 579, 590 (5th Cir. 1999).* Mr. Davis alleges that his constitutional rights have been violated.

Even if the United States was substituted as a defendant under the exception to *28 U.S.C. §2679(b)(2)(A)*, the exclusiveness of the statute does not apply to a civil action against an employee of the government, which is brought for a violation of the U.S. Constitution. The action is suppose to proceed in the same manner as any other under *28 §1346(b)(1).*

There is no question that a *Bivens* action can be brought against a federal official such as Defendant Sprayberry under the facts and circumstances of this case. See *Martinez-Aguero v. Gonzalez, ___F.3d ___ , 2006 WL 2242365 C.A.5(Tex.), 2006* (plaintiff filed a *Bivens* action for damages, alleging false arrest and excessive use of force under the Fourth Amendment against a federal agent). *Bivens* actions closely resemble claims under §*1983.* Mr. Davis' Second Amended Complaint alleges both

3

actions under federal law and violation of provision of the U.S. Constitution (See Complaint at ¶3 and ¶4). Plaintiff asks that you deny the Motion to Dismiss.

### B. Concessions

Defendant Sprayberry is correct in arguing that plaintiff conceded to the Court that his conversion claim was due to be dismissed and this Court dismissed said claim on August 10, 2006. Plaintiff mistakenly reasserted those claims against Defendant Sprayberry in its amended complaint. Mr. Davis asserts his U.S. Constitutional violations under the Fifth Amendment for violation of the due process clause and property rights by wrongfully taking of his professional services without just compensation; violation of freedom of speech of the First Amendment; discrimination in violation of Thirteenth Amendment which places all citizens on the same level as white citizens to receive…personal property.

The Court, relying on *United States v. ITT Continental Baking Co., 420 U.S. 223 (1975)* found that the defendants could not avoid fees that they voluntarily agreed to pay (viewed the consent decree as a contract). However, it appears that plaintiff orally dismissed his breach of contract claim against Defendant Sprayberry. This claim is pursued under the Federal Tort Claim Act.

Also, generally, amendments are liberally allowed when justice requires it. *Federal Rules of Civil Procedure, Rule 15(a), (c2) and (c3).*

| | |
|---|---|
| OF COUNSEL:<br>GRAY, LANGFORD, SAPP,<br>McGOWAN, GRAY & NATHANSON<br>P.O. Box 830239<br>Tuskegee, AL  36083-0239<br>Telephone:  (334) 727-4830<br>Fax:  (334) 727-5877 | Respectfully submitted,<br>/s/ Ernestine S. Sapp<br>Ernestine S. Sapp – SAP 004<br><br>One of the Attorneys for Plaintiff |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2006, I electronically filed the foregoing **Response and Memorandum of Plaintiff to Defendant Sprayberry's Motion to Dismiss Complaint as Amended** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

M. Wayne Sabel, Sr., Esq.
mwsable@mindspring.com

Dorman Walker, Esq.
Dwalker@balch.com

Charles A. Stewart, III, Esq.
cstewart@bradleyarant.com

Michael Cohan, Esq.
mcohan@hillhillcarter.com

James DuBois, Esq.
James.DuBois2@usdoj.gov

Dwayne Brown, Esq.
Dbrown@dbrownatty.com

Respectfully submitted,
/s/ Ernestine S. Sapp
E-Mail: esapp@glsmgn.com