IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO.: 2:05-CV-1235 MHT |
| ) | |
| R. EDMOND SPRAYBERRY, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT LONG'S
MOTION TO STRIKE ACCEPTANCE OF OFFER JUDGMENT**

COMES NOW the Plaintiff, Terry G. Davis, by and through his attorneys of record, pursuant to this Court's Order (doc. No. 77) and files the following memorandum in opposition to Defendant Lu Ann Long's Motion to Strike (doc. No. 68) the Plaintiff's Pro Tanto acceptance of Defendant Long's offer judgment.

**BACKGROUND**

On or about August 21, 2006, Defendants The Housing Authority of the City of Montgomery, C. Michael McInnish and Lu Ann Long filed into this court voluntary offers of judgment. The offers of judgment only indicated that it represented an offer of $2,000.00 per Defendant for a total sum of $6,000.00. Nowhere did the offer say that Plaintiff had to accept all three offers to be valid.

On August 31, 2006, Plaintiff Davis filed into this court a timely acceptance of Defendant Long's offer of judgment for $2,000.00. The parties exchanged a draft release.

Now, Defendant Long has changed her mind and moves to strike Plaintiff's acceptance calling it a counterclaim.

## ARGUMENT

Offer of Judgment, *Federal Rules of Civil Procedure*, Rule 68, does not provide for a joint offer of settlement. It specifically refers to a party defending against a claim may serve upon the adverse party an offer to allow judgment against him or her.

Under the offer of judgment in this case, Mr. Davis could have accepted each of the offers; two of the offers; one of the offers or none of the offers of judgment. Offers of judgment are considered a final remedy. See *George Trent v. Parkview Metals Products,* 157 F.R.D. 45 (1994).

The question is whether in equity and good conscience this Court should allow Defendant Long to vacate her voluntary offer. Plaintiff Davis answers with a resounding "no".

Mr. Davis contends that his acceptance of the offer is not insufficient, redundant, immaterial, impertinent or a scandalous matter. Therefore, Rule 12(f), *Federal Rules of Civil Procedure*, Motion to Strike does not apply to Plaintiff's acceptance pleading. Nor is there any language in the Rule itself which lends support to Defendant's argument that Plaintiff's acceptance was a counterclaim. The 1948 amendment to Rule 68, *Federal Rules of Civil Procedure*, notes that the purpose of this provision (offer of judgment) is to encourage settlements and avoid protracted litigation. Also see *Marek v. Chesny, 473 U.S. 1 (1985).*

| | |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| | |
| GRAY, LANGFORD, SAPP, | /s/ Ernestine S. Sapp |
| McGOWAN, GRAY & NATHANSON | Ernestine S. Sapp – SAP 004 |
| P.O. Box 830239 | |
| Tuskegee, AL 36083-0239 | One of the Attorneys for Plaintiff |
| Telephone: (334) 727-4830 | |
| Fax: (334) 727-5877 | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2006, I electronically filed the foregoing **Plaintiff's Response to Defendant Long's Motion to Strike Acceptance of Offer Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

M. Wayne Sabel, Sr., Esq.
mwsable@mindspring.com

Dorman Walker, Esq.
Dwalker@balch.com

Charles A. Stewart, III, Esq.
cstewart@bradleyarant.com

Michael Cohan, Esq.
mcohan@hillhillcarter.com

James DuBois, Esq.
James.DuBois2@usdoj.gov

Dwayne Brown, Esq.
Dbrown@dbrownatty.com

Respectfully submitted,
/s/ Ernestine S. Sapp
E-Mail: esapp@glsmgn.com