IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS,<br>    *Plaintiff,* | )<br>)<br>)    2:05-CV-1235-MHT-DRB |
| v. | )<br>) |
| R. EDMOND SPRAYBERRY, et al.,<br>    *Defendants.* | )<br>) |

**ORDER ON MOTION**

The *Motion for Protective Order and Objection to Document Request*, filed on September 15, 2006, by counsel for the Housing Authority of the City of Montgomery with respect to the Rule 30(b)(5) document requests served with the notice of deposition to counsel Charles A. Stewart (Doc. 73) is now submitted for determination on the following:

>  *(a)* the Motion and exhibits filed therewith, including a supplemental exhibit admitted during oral arguments;
>  *(b)* Plaintiff's Emergency Request for Hearing on Defendant's Protective Order and the exhibit filed therewith (Doc. 75, Sept. 15, 2006);
>  *(c)* Plaintiff's Show Cause Response and exhibits filed therewith (Docs. 84 and 85, Sept. 18, 2006);
>  *(d)* oral arguments of Plaintiff's counsel, Ernestine Sapp, and Movant Counsel Stewart, whose contentions were adopted at oral arguments by counsel of record for the Defendant Montgomery Housing Authority and for Defendant Sprayberry.

To inform its evaluation of objections grounded on relevance, the court has also examined the Complaint in this action.

I.

Counsel reported their consensus on a partial settlement of their dispute in the form of Plaintiff's acceptance of the Movant's offer to make certain disclosures described in his letter dated September 8, 2006, to Plaintiff's counsel (attached as *Ex.E* to the *Motion)*; pursuant to the parties' representation, the court does not document this Agreement herein. Instead, the court limits its

ruling on the Motion for Protective Order to the disputed issues, referenced generally in the September 15, 2006, letter from Plaintiff's counsel to Movant counsel (attached as *Ex. A* to Plaintiff's show-cause response), and narrowed at oral arguments by the court, with the parties' consensus, as Plaintiff's request that Movant counsel produce at his deposition the following –

> *All invoices from movant counsel to the Defendant Housing Authority and/or the Housing Authority Insurance Group which reflect movant counsel's legal services to the Housing Authority for non-litigated matters (inclusive of personnel board hearings and other administrative matters not filed in court) between January 1, 2002, through December 31, 2004.*

Plaintiff deems these requested invoices discoverable as relevant evidence on his discrimination claim – i.e., that Defendant McInnish, in his capacity as the Housing Authority's Executive Director, practiced racial discrimination against him, an African American lawyer, by *inter alia*, failing to assign to him, as "General Counsel", all of the Authority's legal work, and instead, assigning to movant counsel work which should have been performed by Plaintiff. Movant Counsel deny Plaintiff's represented status as "General Counsel" and highlight various contractual writings and other records (a) which evidence Plaintiff's hiring as attorney for the Housing Authority's Board of Commissioners with primary responsibilities for attending Board meetings and advising the Board, and (b) which evidence Movant counsel's hiring as attorney for the Housing Authority – in contrast to its Board of Commissioners – for the Authority's day to day legal matters. While conceding that no contracts refer to him specifically as General Counsel, Plaintiff urges the court to find that he so functioned and should be deemed General Counsel pursuant to the description of his duties.

Movant Counsel asserts his "attorney-client" privilege with both of his clients – the Housing Authority Insurance Group, payor for the invoices which are sufficiently detailed to identify the

client and the nature of services provided, and the Housing Authority – and he represents further that neither client waives the privilege. Plaintiff insists that the invoices should be "public records" as the Housing Authority is a public entity. Movant counsel also grounds objections on the "work-product" protection, and on "relevance", concerning which he emphasizes: (a) that the Housing Authority Insurance Group, rather than the Defendant Housing Authority, retained him on a negotiated rate to defend the Housing Authority; (b) that the requested invoices involve matters wholly unrelated to this litigation or to the "City Council" case concerning which movant counsel has agreed to provide documentation. Notwithstanding his objections, movant counsel proffers his willingness "to testify in [his] deposition about the rates charged as well as the attorneys who worked on those cases."

II.

Based on careful consideration of the submissions and arguments, the court readily concludes that Movant Counsel's asserted objections have merit. It is, therefore,

**ORDERED** that the *Motion for Protective Order* (Doc. 73) **is GRANTED to the extent that Movant Counsel is not obliged to produce at his deposition the invoices in controversy.**

DONE THIS 19TH DAY OF SEPTEMBER, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE