IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   Civil Action No.: |
| | )     2:05-cv-01235-MHT-DRB |
| R. EDMUND SPRAYBERRY, et al. | ) ) |
|    Defendants. | ) |

**DEFENDANT SPRAYBERRY'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND IN OPPOSITION TO FILING SECOND AMENDED COMPLAINT**

COMES NOW Defendant R. Edmund Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this reply in support of his Motion to Dismiss Plaintiff's First Amended Complaint and in opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint.

1.

Plaintiff recently filed papers styled "Response and Memorandum of Plaintiff to Defendant Sprayberry's Motion to Dismiss Complaint as Amended" and "Voluntary Dismissal of Counts 1 and 3 Against Defendant Sprayberry." These papers are confusing as they fail to adequately distinguish between Plaintiff's First Amended Complaint and his proposed Second Amended Complaint.

2.

Plaintiff's First Amended Complaint, which was filed on August 17, 2006, is the only live pleading before the Court. See Fed. R. Civ. P. 15 (a); Kobleur v. Group Hospitalization and Medical Services, Inc., 954 F.2d 705, 713 n.6 (11th Cir. 1992) ("[w]e find no entry in the record granting [plaintiff's] motion to amend their complaint, and thus treat their original complaint as the only live

pleading before us"). Plaintiff's First Amended Complaint is the subject of Defendant's Motion to Dismiss. See Defendant's August 31, 2006, Memorandum in Support of Motion to Dismiss Amended Complaint, docket no. 66. While Plaintiff has moved for leave to file a Second Amended Complaint, Defendant Sprayberry has opposed this request. See Defendant Sprayberry's Opposition to Plaintiff's Motion for Leave to Amend and File a Second Amended Complaint, docket no. 78. Since leave to amend for a third time has not been granted, Plaintiff's proposed Second Amended Complaint is currently a nullity. See Kobleur, 954 F.2d at 713, n.6.

3.

Nevertheless, Plaintiff's Response to Defendant's Motion to Dismiss ignores the deficiencies in his First Amended Complaint and discusses Defendant's Motion as if it were aimed at his proposed Second Amended Complaint. Defendant submits that Plaintiff has, by moving to amend for a third time and by not addressing Defendant's arguments regarding the deficiencies in his First Amended Complaint, conceded that the First Amended Complaint fails as a matter of law. See, e.g., Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (holding that failure to brief an issue before the District Court constitutes abandonment); Glidewell v. Town of Gant, 176 F.Supp.2d 1263, 1266 (M.D. Ala. 2001) (holding that plaintiff's failure to present argument or evidence in response to summary judgment motion constitutes abandonment of claims).

4.

Indeed, Plaintiff fails to even address Defendant Sprayberry's argument that any amendment to attempt to state a Bivens claim would be futile because no Bivens remedy is available to challenge the final agency actions of which he complains. See Defendant's August 31, 2006, Memorandum

in Support of Motion to Dismiss Amended Complaint, docket no. 66, at 9-13. In his recent memorandum, Plaintiff makes it clear that he intends to challenge several discrete agency actions by the United States Department of Housing and Urban Development (HUD), including (1) HUD's alleged decision to stop federal funding for Plaintiff's legal work for the Montgomery Housing Authority (MHA); (2) HUD's alleged refusal to renew Plaintiff's contract with the MHA; (3) HUD's alleged failure to allow Plaintiff, as MHA attorney, to present the findings of an investigation he made into McInnish; and (4) HUD's alleged approval of higher pay rates for white attorneys. See Response and Memorandum of Plaintiff to Defendant Sprayberry's Motion to Dismiss Complaint as Amended, docket no. 82, at 2. Each of these alleged actions by HUD is an agency action that is reviewable under the Administrative Procedures Act (APA). Accordingly, no Bivens remedy is available to challenge these decisions. See, e.g., Miller v. U.S. Dep't of Agric., 143 F.3d 1413, 1416 (11th Cir. 1998). See also La Compania Ocho, Inc. v. United States Forest Serv., 874 F. Supp. 1242, 1249 (D.N.M. 1995) ("Every court to have confronted this issue has held that the APA preempts Bivens claims predicated upon agency action"). Because Defendant Sprayberry's futility argument is unopposed, leave to amend should be denied. See, Coalition for the Abolition of Marijuana Prohibition, 219 F.3d at 1326; Glidewell, 176 F.Supp.2d at 1266.

5.

Moreover, Plaintiff voluntarily dismisses his breach of contract and conspiracy claims under the Federal Tort Claims Act (FTCA). See Voluntary Dismissal of Counts 1 and 3 Against Defendant Sprayberry, docket no. 83. To the extent Plaintiff seeks to dismiss claims in the live First Amended Complaint, Defendant Sprayberry has no objection. To the extent Plaintiff seeks to dismiss claims in the proposed Second Amended Complaint, that proposed complaint is a nullity. Moreover, leave

to amend should be denied for the reasons contained in Defendant's opposition to Plaintiff's Motion to Amend. <u>See</u> Defendant Sprayberry's Opposition to Plaintiff's Motion for Leave to Amend and File a Second Amended Complaint, docket no. 78.

6.

Importantly, in discussing the claims contained in his proposed Second Amended Complaint, Plaintiff completely ignores Rule 16(b)'s requirement that good cause be shown for any amendment sought after the deadline to amend the pleadings established in the scheduling order. <u>See</u> Fed. R. Civ. P. 16 (b) (1). Plaintiff could have asserted all the claims in his proposed Second Amended Complaint nine months ago when he filed this lawsuit, and under binding Eleventh Circuit law his failure to exercise diligence to plead his claims before the deadline for amending contained in the Rule 16 Scheduling Order precludes the allowance of this amendment. <u>See</u> <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1419 (11th Cir. 1998) (holding good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension'"). Instead of attempting to show good cause, Plaintiff simply cites Rule 15 and argues that leave should be liberally allowed. <u>See</u> Response and Memorandum of Plaintiff to Defendant Sprayberry's Motion to Dismiss Complaint as Amended, docket no. 82, at 4. Therefore, Defendant Sparyberry's argument that good cause has not been shown is unopposed, and Plaintiff's motion to amend should be denied on this ground as well. <u>See, Coalition for the Abolition of Marijuana Prohibition</u>, 219 F.3d at 1326; <u>Glidewell</u>, 176 F.Supp.2d at 1266.

WHEREFORE, for all of the above reasons and the reasons stated in Defendant's August 31, 2006, Memorandum in Support of Motion to Dismiss Amended Complaint, docket no. 66, and Defendant Sprayberry's Opposition to Plaintiff's Motion for Leave to Amend and File a Second

Amended Complaint, docket no. 78, all the claims against Defendant Sprayberry in his First Amended Complaint should be dismissed and Plaintiff's motion for leave to file a Second Amended Complaint should be denied.

Respectfully submitted this the 19th day of September, 2006.

                              LEURA G. CANARY
                              United States Attorney

By: /s/James J. DuBois
     JAMES J. DUBOIS
     Assistant United States Attorney
     GA Bar Number: 231445
     Post Office Box 197
     Montgomery, AL  36101-0197
     Telephone No.: (334) 223-7280
     Facsimile No.: (334) 223-7418
     E-mail: **James.DuBois2@usdoj.gov**

     Counsel for Defendant Sprayberry


## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2006, I electronically filed the foregoing Reply with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                              /s/ James J. DuBois
                              Assistant United States Attorney