IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 2:05-CV-1235-T ) |
| R. EDMOND SPRAYBERRY, et al., | ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) |

### DEFENDANT LUAN LONG'S
### BRIEF IN SUPPORT OF MOTION TO STRIKE

Defendant LuAn Long, in response to the Court's order of September 15, 2006, *doc. no. 77*, submits this brief in support of her motion to strike, *doc. no. 68*:

1. On August 21, 2006, three defendants -- Ms. Long, the Housing Authority of the City of Montgomery, and C. Michael McInnish, made an offer of judgment to plaintiff Terry Davis for $6,000. The material part of the offer is as follows:

> Defendants The Housing Authority of the City of Montgomery, C. Michael McInnish, and LuAnn Long offer to allow judgment to be taken against them for all Plaintiff's claims in the amount of $6,000 total (that is $2,000 per Defendant) said sum to include not only all attorneys' fees, but also all compensatory and punitive damages Plaintiff seeks, or could have sought, against the Defendants. Further, this offer shall include payment of all properly recoverable costs which have accrued prior to the receipt of this Offer of Judgment.

A complete copy of the offer is attached as Exhibit A.

2. On August 31, 2006, Mr. Davis purported to accept the offer of judgment as to Ms. Long, only. *Doc. no. 64*. The material part of Mr. Davis's offer is as follows:

> 2. That Defendants, The Housing Authority of the City of Montgomery, C. Michael McInnish, and LuAnn Long, submitted

    an offer of judgment in the amount of $6,000.00 total (that is $2,000.00 per Defendant).

3. That in consideration thereof, Plaintiff has elected to accept the $2,000.00 offer of judgment pertaining only to Defendant LuAnn Long.

A complete copy of Mr. Davis's purported acceptance is attached as Exhibit B.

3. On September 6, 2006, Ms. Long filed a Motion to Strike Mr. Davis's purported acceptance on the grounds that Mr. Davis had not accepted the offer that was made to him, and instead had counter offered for an offer of judgment from Ms. Long, alone. Because there had been no acceptance, Mr. Davis should not have filed his purported acceptance, *doc. no. 64*.

4. This matter turns on settled principles of contract law, which are concisely summarized in *Spares Center Rotterdam, B.V. v. M/V Belgrano*, No. 98-1139, 2000 WL 284276, at *2 (S.D. Ala. Feb. 29, 2000), in which the Court said:

> 'It is an elementary rule of common law of contracts that an offer may be withdrawn at any time before it is accepted. Unless the acceptance is unconditional and without variance from the offer it is of no legal effect as an acceptance and operates as a rejection and counter-offer.' *Southern Bell Tel. & Tel. Co. v. John Hancock Mut. Life Ins. Co.*, 579 F. Supp. 1065, 1071 (N.D. Ga. 1982) (quoting *Peerless Cas. Co. v. Housing Authority of Hazelhurst, Ga.*, 228 F.2d 376, 378 (5th Cir. 1955)). 'Under elementary principles of contract law, an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds.' *Johnson v. University College of the University of Alabama in Birmingham*, 706 F.2d 1205, 1209 (11th Cir. 1983). 'Unless an acceptance is unconditional and without variance from the offer, in legal effect it is not an acceptance, but is a counter-offer.' *Florida Towing Corp. v. Oliver J. Olson & Co.*, 425 F.2d 896, 900 (5th Cir. 1970). Thus, it is generally recognized principle that an acceptance of an offer, to result in a contract, must be absolute and unconditional. Indeed, it is fundamental that in order for a contract to be binding and enforceable, there must be a meeting of the minds on all essential terms and obligations of the contract. *Browning v. Payton*, 918 F.2d 1516, 1521 (11th Cir. 1990).

2. Consistent with these fundamental principles of offer and acceptance, courts hold that "[b]ecause an offer of judgment is not subject to negotiation[,]" it "must be accepted or

rejected as it is." *E.g., Apkins v. Atlantic Marine*, ___ F. Supp. 2d ___, No. 05-0456, 2006 WL 2135789, at *2 (S.D. Ala. July 28, 2006); *accord Johnson*, 706 F.2d at 1211 (noting that plaintiffs' "acceptance" of defendants' Rule 68 offer of judgment was inconsistent with the offer where plaintiffs' "acceptance" sought to limit the judgment and did not accept the offer as made); *see also Bentley v. Bolger*, 110 F.R.D. 108, 113-14 (C.D. Ill. 1986) ("[T]he requirement that an acceptance mirror an offer is fundamental to the law of contract . . . . The rule is well applied to Offers of Judgment. The Plaintiff's partial acceptance [of the offer of judgment] is no acceptance at all.").

3.   Mr. Davis's purported acceptance of the offer made to him was not unconditional and without variance. Therefore, it operated as a rejection of the offer of judgment, and a counter-offer, which was refused. If Ms. Long had wanted to make an offer of judgment against herself, alone, she would have made that offer. Instead, three defendants, including Ms. Long, made an offer of judgment together. Mr. Davis was required to accept or reject that offer as it was, not as he wanted it to be. Because he did not accept the offer, the filing he made with the Court, *doc. no. 64*, should be stricken from the docket sheet.

Respectfully submitted this the 19th day of September, 2006.

                                    s/Dorman Walker
                                    Attorney for Defendant LuAn Long

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078
334/834-6500
334/269-3115 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2006, I electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne Brown
Post Office Box 230205
Montgomery, AL 36123-0205
dbrown@dbrownatty.com

Wayne Sable
Maricia Danielle Woodham
Sabel & Sabel
2800 Zelda Road, Suite 100-5
Montgomery, AL 361106
mwsabl@mindspring.com
mwoodham@sabellaw.com

Charles A. Stewart, III
Angela R. Rogers
Bradley, Arant, Rose & White
401 Adams Avenue
Montgomery, AL 36104
cstewart@bradleyarant.com
arogers@bradleyarant.com

Michael J. Cohan
Randall C. Morgan
Hill, Hill, Carter, Franco,
    Cole & Black
Post Office Box 116
Montgomery, AL 36101
mcohan@hillhillcarter.com
rmorgan@hillhillcarter.com

Leura Garrett Canary
James J. DuBois
U.S. Attorney for the
Middle District of Alabama
One Court Square
Room 201
Montgomery, AL 36104
Leura.canary@usdoj.gov
james.dubois2@usdoj.gov


s/Dorman Walker
Of Counsel