**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERRY G. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 2:05-cv-1235-T** |
| | ) | |
| **R. EDMOND SPRAYBERRY, et al.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**C. MICHAEL MCINNISHS ANSWER TO
SECOND AMENDED COMPLAINT**

COMES NOW Defendant C. Michael McInnish ("Defendant McInnish" or "McInnish") and for his response to the Second Amended Complaint of Terry G. Davis ("Plaintiff") submits his Answer and Affirmative Defenses as follows:

**I.  Preliminary Statement**

1.  Defendant McInnish admits that the Second Amended Complaint purports to seek declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorney fees.  However, McInnish denies any liability to Plaintiff, denies Plaintiff has been subjected to racial discrimination, denies Plaintiff received an inferior salary, denies that Plaintiff received a "salary," and denies any payments are due Plaintiff for legal services performed prior to his suspension.  McInnish is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1; therefore, they are denied.

**II.  Jurisdiction**

2.  The allegations contained in paragraph 2 of the Complaint are legal conclusions that do not require a response from Defendant McInnish.  McInnish denies that the Equal Pay Act

1

provides a jurisdictional basis for the allegations of the Second Amended Complaint. McInnish denies that Plaintiff is entitled to any relief based on his claims. However, McInnish does not contest jurisdiction.

### III. <u>Nature of the Action</u>

3.  The allegations contained in paragraph 3 of the Complaint are legal conclusions that do not require a response from Defendant McInnish. Nevertheless, Defendant McInnish admits that Plaintiff seeks a declaratory judgment but denies Plaintiff is entitled to any relief based on his claims.

4.  Defendant McInnish admits that any action that he may have taken which is the subject of the Complaint was taken under color of law in his capacity as Executive Director of the Housing Authority of the City of Montgomery.

### IV. <u>The Parties</u>

5.  Defendant McInnish upon information and belief admits the allegations of paragraph 5 of the Complaint that Terry G. Davis is of the age of majority and, upon information and belief, admits that he is a citizen of the United States. Defendant McInnish denies the allegation that Plaintiff was General Counsel for the Housing Authority for the City of Montgomery.

6.  Defendant McInnish is without knowledge and information sufficient to admit or deny the allegations of paragraph 6 of the Complaint, except he admits that R. Edmond Sprayberry is above the age of 19 years.

7.  Defendant McInnish admits the allegations of paragraph 7 of the Complaint, except he is without knowledge and information sufficient to understand Plaintiff's allegation that he was the Executive Director of the Housing Authority "at all relevant times herein."

2

8.   Defendant McInnish admits that the Montgomery Housing Authority ("MHA") has an office located at 1020 Bell Street in Montgomery.  As phrased, McInnish is without knowledge and information sufficient to admit or deny the remaining allegations of paragraph 8 of the Complaint.

9.   Defendant McInnish denies the allegation of paragraph 9 of the Complaint that Lu An [sic] Long is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama.  Defendant McInnish upon information and belief admits the remaining allegations of paragraph 9 of the Complaint.

## V.  Allegations of Fact

10.   Defendant McInnish admits that he was suspended with pay as of November 16, 2004.  McInnish denies the remaining allegations of paragraph 10 of the Complaint and demands strict proof thereof.  Further, McInnish denies the alleged underlying facts upon which the allegations of paragraph 10 are purportedly based.  McInnish denies that he withheld information from the MHA Board of Directors in an effort to prevent the City of Montgomery from purchasing a portion of Riverside Heights Housing Development. To the contrary, McInnish traveled to Washington, D.C. to meet with HUD officials in order to accomplish this objective. The $12 Million commitment by the Mayor was no secret.  It was known by the Board, the City and HUD officials and by the residents of Riverside through several meetings with them.  There was no specific "offer" on September 24, 2004.  McInnish never received a written offer.  Board meeting minutes specifically mention the $12 Million.  There have been lengthy discussions between Mr. McInnish and the Board about all aspects of Riverside.  Mr. McInnish has worked very hard to make the Riverside sale possible.  McInnish was determined to see that the interests of the residents of Riverside would be protected, and that the residents could move into new

3

homes as had been the plan from the beginning and as had been promised to the residents of Riverside 6-4. The needs of the residents must be met in accordance with HUD requirements before a sale can be approved. McInnish was in the process of exploring "mixed financing" strategies. Mr. McInnish and Board Member Richard Bollinger traveled to Washington to meet with HUD officials to expedite the Riverside project. The trip was neither unauthorized nor undisclosed. The trip violated no rule of the Montgomery Housing Authority and was approved through the usual procedure. McInnish denies that Plaintiff has standing to complain about the matters alleged which, even if true, could cause no actionable injury to Plaintiff.

11. Defendant McInnish is without knowledge and information sufficient to admit or deny the allegations of paragraph 11 of the Complaint as to any direction given to the Plaintiff by Thomas Taylor on November 17, 2004, and for purposes of this Answer denies the allegations of paragraph 11. However, Taylor had no authority to issue such an order without a resolution of the Board. Plaintiff was not employed as General Counsel at that time as he has alleged.

12. Defendant McInnish is without knowledge and information sufficient to admit or deny the allegation of paragraph 12 of the Complaint that Plaintiff made a "presentation" to the Interim Executive Director on December 15, 2004. Defendant McInnish denies that Plaintiff was in a position to credibly present any "findings" to the Interim Executive Director on that date. Defendant McInnish admits that on December 23, 2004, ten charges of alleged misconduct were made against him. Defendant McInnish denies that the recommendation to terminate his employment as Executive Director was in any way based upon evidence and denies that any of the charges had merit or were made in good faith. Defendant McInnish admits that a disciplinary hearing was scheduled at the behest of Plaintiff, but denies that the contemplated

4

proceeding provided Defendant McInnish with due process of law. Finally, McInnish denies that Plaintiff has any standing to complain about the matters alleged which, even if true, could cause no actionable injury to Plaintiff.

13.    Defendant McInnish denies the allegation of paragraph 13 of the Complaint that on November 17, 2004, he contacted Defendant Sprayberry to solicit his assistance because he had been suspended by the Housing Authority.  On November 17, 2004, Defendant McInnish did not speak to Defendant Sprayberry.  Defendant McInnish is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 13; therefore, they are denied. Finally, McInnish denies that Plaintiff has any standing to complain about the matters alleged which, even if true, could cause no actionable injury to Plaintiff.

14.    Defendant McInnish denies that he and Defendant Sprayberry have a "close friendship" as alleged in paragraph 14 of the Complaint as that terminology is generally used. McInnish admits that as Executive Director of the Montgomery Housing Authority he did maintain a productive, cordial, and professional relationship with Defendant Sprayberry.  To the extent he understands the allegations of paragraph 14, McInnish denies that he is "known to have considerable influence within the U. S. Department of Housing and Urban Development." McInnish admits to a belief that those persons that he has worked with within HUD respect his knowledge, skill and ability.  McInnish denies that he conspired with Defendant Sprayberry to commit any wrongful act.  McInnish retained legal counsel to represent him after false charges were brought against him by Plaintiff, and after he was subjected to discriminatory treatment based on his race by Plaintiff and others.  McInnish denies the remaining allegations of paragraph 14.  Finally, McInnish denies that Plaintiff has any standing to complain about the

5

matters alleged which, even if true, could cause no actionable injury to Plaintiff.    McInnish denies every allegation of paragraph 14 not specifically admitted.

15.    Defendant McInnish denies that he urged Defendant Sprayberry or that he acted in concert with Sprayberry and Defendant Long to take any illegal or improper actions as alleged in paragraph 15 of the Complaint.  McInnish denies that he participated in a series of punitive, retaliatory and illegal actions designed to impede and terminate the allegedly authorized investigation by Plaintiff.  McInnish denies that he violated the due process and property rights of Plaintiff.  Defendant McInnish admits that at a point in his career he and Defendant Long were associated with the same law firm.  McInnish is without knowledge and information sufficient to admit or deny the allegations addressed solely to other parties.  As phrased, Defendant McInnish denies the remaining allegations of paragraph 15 of the Complaint which contains a host of misstatements and mischaracterizations.  Finally, McInnish denies that Plaintiff has standing to complain about the matters alleged, all of which are covered by a Settlement and Release Agreement.

16.    The allegations of paragraph 16 of the Complaint are not directed to Defendant McInnish; however, he denies same.  The Chairman of the Board of Commissioners has no authority to approve invoices.  All claims for services by Plaintiff made prior to the suspension of McInnish were paid.  McInnish did question Plaintiff's fee requests on several occasions because of Plaintiff's failure to abide by HUD Litigation Guidelines regarding payment of fees and litigation costs and because Plaintiff failed to properly document or perform the services for which he claimed payment.

17.    Defendant McInnish denies the allegation of paragraph 17 of the Complaint that he and Defendant Sprayberry discriminated against Plaintiff because of his race or denied Plaintiff a

6

right to equal pay by refusing to pay him at the same hourly rate paid white attorneys working for MHA with less qualifications than Plaintiff for the same work. To the contrary, Plaintiff was paid more than McInnish was paid when McInnish was a similarly situated Caucasian attorney, who was as or more qualified than Plaintiff. McInnish was attorney for the MHA prior to Plaintiff and was paid $90 an hour for legal work. Plaintiff established his hourly rate when he made his application for the position and was paid the hourly rate that he negotiated. The Caucasian attorney that replaced Plaintiff was paid the same hourly rate that Plaintiff was paid. McInnish denies the remaining allegations of paragraph 17 of the Complaint.

18.  The allegations of paragraph 18 of the Complaint are not addressed to Defendant McInnish. McInnish is without knowledge and information sufficient to admit or deny the allegations of paragraph 18 of the Complaint; except, Defendant McInnish denies that Plaintiff was General Counsel and, upon information and belief, the attorneys who followed Plaintiff were selected by officials of the Atlanta office of HUD. Plaintiff supplied erroneous information to the Board and raised his hourly rate request far above that of the attorneys who were ultimately selected. McInnish denies every allegation of paragraph 18 not specifically admitted.

## VI.  First Cause of Action

### (Breach of Contract)

Defendant McInnish incorporates all previous paragraphs of his answer as if fully set out herein.

19.  Defendant McInnish denies the allegations of paragraph 19 of the Complaint, denies that he had a contract with Plaintiff, and denies that Plaintiff had a contract with the Montgomery Housing Authority: instead, Davis and Hatcher, LLC, was party to the contract. Defendant McInnish denies that Plaintiff is entitled to recover under a theory of *Quantum*

7

*Meriut*.  All work done by Plaintiff before Defendant McInnish was suspended was paid.

Defendant McInnish denies that Plaintiff is entitled to any relief based on any contract theory.

### VII.  <u>Second Cause of Action</u>

### (Race Discrimination and Due Process)

Defendant McInnish incorporates all previous paragraphs of his answer as if fully set out herein.

20.   Defendant McInnish denies the allegations of paragraph 20 of the Complaint and further denies that Plaintiff is entitled to any relief on his race discrimination claim or his due process and property rights claims under the First, Fifth, and Thirteenth Amendments.

### VIII.  <u>Third Cause of Action</u>

### (Conspiracy)

Defendant McInnish incorporates all previous paragraphs of his answer as if fully set out herein.

21.   Defendant McInnish denies the allegations of paragraph 21 of the Complaint and further denies that Plaintiff is entitled to any relief based on his claim of a conspiracy to violate his rights under the Federal Tort Claims Act.

### IX.  <u>Fourth Cause of Action</u>

### (Race Discrimination and Constitutional Violation)

Defendant McInnish incorporates all previous paragraphs of his answer as if fully set out herein.

22.   Defendant McInnish is not addressed by the allegations contained in paragraph 22, but to the extent it contains an implication of any wrongdoing by McInnish, the allegations are

8

denied. Defendant McInnish is otherwise without knowledge and information sufficient to admit or deny allegations directed solely to other parties; therefore, they are denied.

23.    Defendant McInnish is not addressed by the allegations contained in paragraph 23, but to the extent it contains an implication of any wrongdoing by McInnish, the allegations are denied. Defendant McInnish is otherwise without knowledge and information sufficient to admit or deny allegations directed solely to other parties; therefore they are denied. Defendant McInnish denies that Plaintiff is entitled to the relief that he seeks.

## X. Prayer for Relief

Defendant McInnish denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant McInnish asserts the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted against Defendant McInnish.

## THIRD AFFIRMATIVE DEFENSE

Defendant McInnish is entitled to qualified immunity as to all claims against him under federal law.

## FOURTH AFFIRMATIVE DEFENSE

9

Defendant McInnish has at all relevant times acted within the scope of his discretionary authority and has not violated any clearly established constitutional or statutory rights of Plaintiff of which a reasonable person in his position would have known.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a federal claim against Defendant McInnish because the reasons or acts complained of were not caused by an official policy, practice, custom or usage of McInnish, nor has McInnish participated in any policy, practice or custom of discrimination based on race.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his lack of standing.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the intracorporate conspiracy doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not illegally discriminated against intentionally or otherwise, and any alleged discriminatory action was based on legitimate, nondiscriminatory factors or reasons other than Plaintiff's race.  The Plaintiff was not subjected to any illegal conspiracy, intentionally or otherwise, and any alleged action taken by Defendant McInnish was based on legitimate, nondiscriminatory factors other than race.

## NINTH AFFIRMATIVE DEFENSE

All of Defendant McInnish's actions toward Plaintiff have been based upon a good faith exercise of responsibility conferred upon him to make business judgments regarding Plaintiff and have been made without regard to Plaintiff's race.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove any discriminatory or unlawful conduct by Defendant McInnish; alternatively, even if Plaintiff could prove discriminatory or unlawful conduct by McInnish, which Plaintiff cannot, McInnish would have made the same decisions and taken the same actions without regard to any alleged discriminatory or unlawful motive.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant McInnish denies that he acted intentionally, with malice, or with reckless disregard to Plaintiff's federally protected rights.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant McInnish acted in good faith and had reasonable grounds for believing that his actions or omissions did not violate any federally protected right.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged disparity in treatment between the Plaintiff and any other attorney employed by the Montgomery Housing Authority is based on legitimate, nondiscriminatory reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

All statements made by Defendant McInnish while in his official capacity are privileged and McInnish is immune from suit for any such statements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no property interest in continued employment nor have his liberty interests been infringed upon.  Therefore, Plaintiff has no protection under The United States Constitution in regard to his allegations of loss of employment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under the Fifth Amendment.

11

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under the First Amendment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant McInnish is not subject to the Federal Tort Claims Act and Plaintiff has failed to state a claim against him under the Act.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's state law claims, or some of them, are barred by the doctrine of discretionary function immunity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any injury or damages suffered by the Plaintiff were caused by third parties and were the result of an independent intervening or superceding cause and not the result of any alleged actions or omissions of Defendant McInnish.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot hold Defendant McInnish liable on a theory of *respondeat superior*, vicarious liability, or agency/principal liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant McInnish is not liable for any act or omission of any person not his employee or agent or any person acting outside the line and scope of their employment or agency.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12

Plaintiff's claims are barred to the extent he has failed to mitigate his alleged damages, his entitlement to which is expressly denied.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own failure to act and/or to exhaust administrative remedies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

There is no basis for holding Defendant McInnish liable for any alleged discriminatory action, either directly or indirectly.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant Mcnnish pleads the doctrines of collateral estoppel, waiver, and laches.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are limited in whole or in part by statute.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of special damages because he has failed to plead such damages in a manner required by Federal Rules of Civil Procedure 9(g).

## THIRTHIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are, or may be, barred by the statute of limitations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are limited, or Defendant McInnish's liability is precluded, to the extent after-acquired evidence of Plaintiff's wrongdoing is discovered sufficient to justify the alleged conduct of McInnish about which Plaintiff has made a Complaint and McInnish denies.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the doctrine of accord and satisfaction.

13

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the doctrine of release.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the doctrine of ratification.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by reason of unclean hands.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not have a contract with Defendant McInnish.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering on any employment contract as alleged because of a prior or anticipatory repudiation of the terms of the contract.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's contract for legal services was void or voidable because of lack of the necessary specificity of material terms.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the doctrines of set-off, payment, or recoupment.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's contract claim fails for lack or failure of consideration.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's *Quantum Meriut* claim fails because all legal work performed by Plaintiff before Defendant McInnish was suspended was paid in full.

## FORTY-SECOND AFFIRMATIVE DEFENSE

14

Portions of Plaintiff's Complaint are vague and conclusory.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Portions of Plaintiff's Complaint are due to be stricken.

### FORTY-FORTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the allegations of the Complaint.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks to make Defendant McInnish liable for punitive damages, McInnish adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court in *BMW of North Am. Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), which was extended in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), on the issue of punitive damages.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant McInnish specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

15

Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages against Defendant McInnish in excess of the limitations and criteria set forth in *Ala. Code* § 6-11-21 (1975) is impermissible, as that statute is constitutional and otherwise enforceable.

## FIFTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages against Defendant McInnish under the facts of this case would be impermissible for one or more of the following reasons:

(a)     There are inadequate safeguards with respect to the imposition of punitive damages against McInnish under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States.  Accordingly, the imposition of punitive damages in this case against McInnish would violate that amendment to the Constitution of the United States.

(b)     The imposition of punitive damages against McInnish in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c)     There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against McInnish under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of

16

Alabama. Accordingly, the imposition of punitive damages in this case against McInnish would violate both Constitutions.

(d)     To subject Defendant McInnish to punitive damages under the facts of this case without some guarantee against future punishment for similar or related acts or omissions would violate the Constitution of both the United States and the State of Alabama.

(e)     The imposition of substantial punitive damages in this case against Defendant McInnish would deprive him of property without the due process of law in violation of the criteria set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore* and other cases.

(f)     Defendant McInnish reserves the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(g)     Under Alabama law, the imposition of punitive damages against McInnish would constitute an arbitrary and capricious taking of property without due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(h)     The imposition of punitive damages against Defendant McInnish would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(i)     The imposition of punitive damages against Defendant McInnish would improperly penalize him without the same safeguards afforded criminal defendants by the Constitution of both the United States and the State of Alabama

17

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages against Defendant McInnish under the facts of this case would be impermissible under *Ala. Code* § 6-11-20 (1975) and/or *Ala. Code* § 6-11-27 (1975).

## FIFTY-SECOND AFFIRMATIVE DEFENSE

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## FIFTY-FORTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is brought in retaliation for Defendant McInnish having exercised his right to oppose race discrimination against Defendant McInnish by Plaintiff and for having filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging race discrimination and misconduct associated with the false charges brought against him through the machinations of Plaintiff in concert with others.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant McInnish are frivolous, unreasonable, and groundless, entitling McInnish to all costs of litigation and reasonable attorneys' fees.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

This action and any relief sought by Plaintiff may be barred by additional defenses which cannot now be articulated due to the generality of Plaintiff's Complaint and other presently undeveloped information.  Accordingly, Defendant McInnish reserves the right to assert

additional defenses upon further particularization of Plaintiff's claims and further discovery of information regarding his alleged claims against McInnish.

WHEREFORE, PREMISES CONSIDERED, Defendant McInnish respectfully requests that, after due proceedings, this Court enter judgment in his favor dismissing all of Plaintiff's claims against him with prejudice and awarding to McInnish costs of this action and reasonable attorney's fees.

Respectfully submitted this the 25th day of September, 2006.


/s/M. Wayne Sabel_____
M. Wayne Sabel (SAB002)
Mark Sabel (SAB004)
Maricia Woodham (BEN050)
Attorneys for Defendant McInnish



OF COUNSEL:

**SABEL & SABEL, P.C.**
Hillwood Office Center
2800 Zelda Road; Suite 100-5
Montgomery, AL 36106
Telephone: (334) 271-2770
Facsimile:  (334) 277-2882

**Defendant McInnish demands trial by jury.**

/s/M. Wayne Sabel_____
M. Wayne Sabel (SAB002)
Attorney for Defendant McInnish


**<u>CERTIFICATE OF SERVICE</u>**


19

I do hereby certify that on 25th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne Brown, Esq.
5925 Carmichael Road
Post Office Box 230205
Montgomery, Alabama 36123-0205
E-Mail: dbrown@dbrownatty.com

Ernestine S. Sapp
Gray, Langford, Sapp, McGowan, Gray and Nathanson
P.O. Box 830239
Tuskegee, AL
E-Mail: esapp@glsmgn.com

Dorman Walker
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
E-Mail: dwalker@balch.com

Charles A. Stewart, III
Angela R. Rogers
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Email: cstewart@bradleyarant.com
E-mail: arogers@bradleyarant.com

Leura Garrett Canary
James J. DuBois
U. S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101
E-mail: Leura.canary@usdoj.gov
Email: james.dubois2@usdoj.gov

Michael J. Cohan
Randall C. Morgan
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101
Email: mcohan@hillhillcarter.com

20

Email: rmorgan@hillhillcarter.com

/s/M. Wayne Sabel_____
M. Wayne Sabel