**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERRY G. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:05-CV-1235-T** |
| | ) | |
| **R. EDMOND SPRAYBERRY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant LuAn Long answers the plaintiff's second amended complaint as follows:

**First Defense**

## I. PRELIMINARY STATEMENT

1.      This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages; and costs and attorney's fees for subjecting Plaintiff Terry Davis, to racial discrimination regarding his inferior salary and failure to remit payments for legal services rendered pursuant to contract.

**ANSWER:**    Ms. Long admits that the complaint seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorneys' fees.  She denies that Mr. Davis is entitled to any relief, denies that he was treated in the racially discriminatory manner as he, alleges and denies every averment of paragraph one not expressly admitted.

## II.    JURISDICTION

2.      Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331; Title 28, U.S.C., Section 1343; and Title 28, U.S.C., Section 2201.  This action arises pursuant to

171972.1

first, Fifth and Thirteenth Amendments to the Constitution of the United States and the Equal

Pay Act. Jurisdiction of this Court is also invoked pursuant to the provisions of 42 U.S.C.,

Section 1983[1], and relief from misconduct by a federal agent (HUD Official) under the theory

known as Biven's cause of action. This being an action to redress the deprivation of rights

secured under said constitutional and statutory provisions. Costs and attorney's fees may be

awarded pursuant to Title 42 U.S.C., 1988 and Fed. R. Civ. P. 54.

    **ANSWER:**   Ms. Long admits that Mr. Davis seeks to invoke the Court's jurisdiction

under 28 U.S.C. § 1331 for claims made under 28 U.S.C. § 2201 and § 1983, the Equal

Protection Clause of the Fourteenth Amendment to the United States Constitution, and the

Constitution of the State of Alabama, and for fees and expenses under 28 U.S.C. § 1988. She

does not contest jurisdiction, but she denies that the complaint has merit and denies all other

averments of paragraph two.

### III.    NATURE OF THE ACTION

    3.    This action seeks a declaratory judgment declaring that the defendants' actions

constitute breach of contract and conspiracy under the Federal Tort Claims Act; discrimination

by reason of plaintiff's race, African American, in violation of rights guaranteed plaintiff due

process clause and property rights of the Fifth Amendment; freedom of speech of the First

Amendment; obligation to be recognized on the same level as white citizens under the Thirteenth

Amendment to the United States Constitution; 42 U.S.C. Section 1983 and Bivens cause of

action (*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

---

[1] 42 U.S.C. Section 1983 claims are not applicable against Defendant R. Edmond Sprayberry, by Order of Court (Doc. 55).

    Plaintiff interprets the Court's Order (Doc. 55) dismissing Defendant Sprayberry as also dismissing the United States.

**ANSWER:**    Ms. Long admits that Mr. Davis seeks a declaratory judgment and that he alleges certain of his rights were violated by the defendants.  She denies that those rights were violated, and denies every averment of paragraph three not expressly admitted.

4.    All acts herein complained of were done under the color of state law.

**ANSWER:**    Ms. Long admits that any action that she may have taken which is the subject of this lawsuit was taken in her capacity as a member of the Board of Commissioners of the Housing Authority of the City of Montgomery ("the Board"), and was taken under color of law.

## IV.    THE PARTIES

5.    Plaintiff Terry G. Davis is a citizen of the United States of the age of majority residing in Montgomery County, Alabama.  At all times herein, he was General Counsel for the Housing Authority for the City of Montgomery, Alabama.

**ANSWER:**    Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph five; therefore, they are denied, except she admits that Mr. Davis is over the age of majority.

6.    Defendant R. Edmond Sprayberry is a citizen and resident of Jefferson County, Alabama and he is above the age of nineteen (19) years.  At all times herein, he was U.S. Department of Public Housing and Urban Development Regional Director for Alabama, a federal employee acting under color of federal law.  He may be served at the Medical Forum Building, Suite 900, Birmingham, Alabama  35203.

**ANSWER:**    Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph six; therefore, they are denied, except Ms. Long admits that Mr. Sprayberry is above the age of 19 years.

7.    C. Michael McInnish is a citizen and resident of Montgomery County, Alabama and is sued individually. He is above the age of nineteen (19) years. He may be served at 7607 Mossy Oak Drive, Montgomery, Alabama 36116. At all time herein, he was the local Executive Director of the Housing Authority for the City of Montgomery, Alabama.

**ANSWER:**    Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph seven; therefore, they are denied, except Ms. Long admits that Mr. McInnish is more than 19 years old.

8.    The Housing Authority of the City of Montgomery, Alabama (herein referred to as "MHA") is a corporation organized under and pursuant to the laws of the State of Alabama, with the place of business being located at 1020 Bell Street in Montgomery, Alabama.

**ANSWER:**    Ms. Long admits that the administrative office of the Housing Authority is at 1020 Bell Street. As to all other averments of paragraph eight, Ms. Long is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph eight; therefore, they are denied.

9.    LuAn Long is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama and a citizen and resident of Montgomery County, Alabama. She is above the age of nineteen (19) years. She may be served at 323 Adams Avenue, Montgomery, Alabama 36105.

**ANSWER:**    Ms. Long admits the averments of paragraph nine, except that she denies that she is a member of the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama. She admits that she was a Member of the Board from Spring 2002 to Fall 2005.

## V.    ALLEGATIONS OF FACT

10.    On November 16, 2004, the Housing Authority for the City of Montgomery Board of Directors voted 6 to 1 to suspend, with pay, its executive director Defendant C. Michael McInnish, pending an investigation into his activities as executive director.  The suspension was based on the fact that defendant McInnish withheld information from MHA Board of Directors in an effort to prevent the City of Montgomery from purchasing a portion of the Riverside Heights Housing Development to be used in a land exchange with Maxwell Air Force Base. McInnish refused to transmit a September 24, 2004 offer from Mayor Bobby Bright to purchase the property for $12 million.  McInnish's suspension was also based upon the fact that he had made an undisclosed trip with MHA Board Member Richard Bollinger to Washington, DC, at the expense of the Montgomery Housing Authority.

**ANSWER:**    The actions of the Board of Commissions and the reasons for their actions are stated in the minutes of the Board, which speak for themselves.  Ms. Long denies that she participated in a vote to suspend Mr. McInnish on November 16, 2004.  Ms. Long denies every averment of paragraph 10 not specifically admitted.

11.    On the day following Defendant McInnish's suspension, November 17, 2004, the MHA Board Chairman, Thomas Taylor, directed Mr. Davis, who was employed as General Counsel for The Housing Authority for the City of Montgomery, Alabama, to conduct a full investigation into certain activities of Defendant MHA's Executive Director.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 11; therefore, they are denied.

12.    On or about Defendant 15, 2004, Mr. Davis presented his findings to the MHA's Executive Director and on December 23, 2004, ten (10) charges of misconduct and

insubordination were presented against Defendant McInnish. Based upon the evidence presented to the interim executive director, a recommendation was made to terminate the employment of C. Michael McInnish as executive director and a disciplinary due process hearing was set.

**ANSWER:** Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 12; therefore, they are denied.

13. On November 17, 2004, on information and belief, Defendant McInnish contacted Defendant Sprayberry, a federal official, to solicit his assistance because he had been suspended by MBA (sic). This occurred before any formal notification of the suspension had been sent to Defendant Sprayberry's office. On the same day, Sprayberry, acting under color of federal law, telephoned Board Chairman Taylor to inquire as to why McInnish was placed on suspension. Taylor informed Sprayberry about the 6 to 1 vote and that the matter was under investigation. Sprayberry was told also to contact MHA's General Counsel who would answer any specific questions. Sprayberry never contacted Mr. Davis.

**ANSWER:** Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 13; therefore, they are denied.

14. Defendants Sprayberry and McInnish are known to have a close friendship. McInnish is further known to have considerable influence within the U.S. Department of Housing and Urban Development. Defendant Sprayberry, using his authority, as a federal official (Director for Public Housing and Urban Development), acting under color of federal law, conspired with Defendant McInnish, the local director, to both use their influence with officials at HUD to violate plaintiff's constitutional rights and impede the investigation of McInnish and terminate the MHA's and Mr. Davis' presentation of charges against McInnish.

**ANSWER:**     Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 14; therefore, they are denied.

15.     On November 18, 2004, on information and belief, Defendant Sprayberry, a federal official acting under color of federal law, at the urging of Defendant McInnish and Defendant LuAn Long, began a series of punitive, retaliatory, and illegal actions in violation of the United States Constitution against Plaintiff designed to impede and terminate the authorized investigation by Plaintiff Davis into the activities of Defendant McInnish. Defendant Sprayberry conspired with Defendants Long and McInnish to violate the due process and property rights of Plaintiff. Defendant McInnish and Long are former business partners. Defendants Sprayberry's actions included but are not limited to the following: (a) the immediate withdrawal of local authority from the Montgomery Housing Authority (MHA) to conduct business and make fiscal and procurement decisions; (b) the interference with the Housing Authority's exclusive authority to take disciplinary actions against the executive director; (c) the interference with Mr. Davis' right to present his findings; (d) ordering that special board meetings be called to reconsider the suspension of McInnish; (e) collaborating with Defendant Board Member Lu An Long [sic] and Defendant McInnish to frustrate and impede the efforts of the Board majority to have a disciplinary hearing on charges against Defendant C. Michael McInnish; (f) by wrongfully refusing to authorize payment of legitimate fees and expenses which were overdue in relation to the investigation of Defendant McInnish in an effort to deter plaintiffs freedom of speech and from continuing to investigate and present charges at the scheduled disciplinary hearing on behalf of the MHA; (g) by requiring that the MHA terminate the services of Plaintiff Davis before the disciplinary hearing against Defendant McInnish could be held; (h) interfering with local MHA business by overrunning, without cause, MHA's decision on December 21, 2004 to

continue the employment of Mr. Davis, as general counsel for the MHA so that the investigation and presentation of charges against Defendant McInnish would continue; (i) by refusing recognize the employment of a duly appointed hearing officer to conduct the disciplinary hearing and wrongfully refusing payment of expense for the hearing officer; (j) forcing the Montgomery Housing Authority to employ new counsel, a white lawyer to serve as its local counsel; (k) improperly communicating with and providing to Defendant McInnish, confidential correspondence between the MBA (sic) and its Director's office; (l) directing the MHA Authority to hire a new hearing officer and refusing to approve the contract of the hearing officer initially employed because of his race (African-American), even though the hearing officer was selected from three applicants pursuant to HUD guidelines; (m) by imposing excessive oversight procedures and interfering with the day-to-day operations of the MHA without justification; (n) forcing the involuntary termination of Mr. Davis' services, without due process, as counsel for the MHA, all in violation of his Fifth Amendment rights, by wrongfully refusing to authorize just compensation for services rendered covering a five (5) month period; (o) on or about March 15, 2005, Sprayberry wrongfully denied Mr. Davis' claim for fees pursuant to a valid contract with the MHA; and (p) on October 31, 2005 Defendant Sprayberry prepared a false, misleading, and inaccurate report in an effort to intentionally discriminate racially and retaliate against Mr. Davis.

>          **ANSWER:**     Ms. Long denies the averments of paragraph 15.

16.     Defendant Sprayberry and Defendant MHA have wrongfully taken services without just compensation from Mr. Davis worth $25,000, which services have been fully performed.  Said invoices for services were approved for payment by the MHA Chairman of the Board of Commissioners.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 16; therefore, they are denied.

17.    Defendants McInnish and Sprayberry discriminated against Plaintiff by reason of his race and violated plaintiff's constitutional rights of equal pay and to be treated the same as white citizens under the Thirteenth amendment by wrongfully refusing to pay him at the same hourly rate said defendants paid white attorneys working for MHA with less qualifications than plaintiff for the same work.    These defendants' actions under federal law were arbitrary, capricious, and an abuse of discretion not in accordance with federal law.    Said payments for the white attorneys were authorized and approved by Defendants McInnish and Sprayberry.    White attorneys were routinely paid $270 per hour for senior attorneys and $240 per hour for junior attorneys while Mr. Davis, a black attorney only paid $175 per hour.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 17; therefore, they are denied.

18.    Defendant Sprayberry further discriminated against plaintiff by reason of his race and violated plaintiffs due process and property rights by overruling the MHA's Board of Commissioners' decision on December 21, 2004 to continue the employment of plaintiff as general counsel and forcing the MHA to employ a white citizen as counsel with less qualifications.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 18; therefore, they are denied.

## VI.    FIRST CAUSE OF ACTION

### (Breach of Contract)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

19.    Defendants' refusal to pay plaintiff for services rendered as general counsel constitutes a breach of contract.  Plaintiff further claims damages under a theory of quantum merit.

**ANSWER:**    Ms. Long denies the averments of paragraph 19.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff in the amount of $25,000.00, plus interest, court cost, attorney's fees and any other relief to which plaintiff may show himself to be justly entitled.

**ANSWER:**    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## II.    SECOND CAUSE OF ACTION

### (Race Discrimination and Equal Protection)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

20.    Defendants' action constitutes discrimination by reason of race and in violation of Plaintiff's rights guaranteed under the due process clause and property rights of the Fifth Amendment, First Amendment, and Thirteenth Amendment to the Constitution of the United States, and 42 U.S.C., Section 1983.

**ANSWER:**    Ms. Long denies the averments of paragraph 20.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff and order defendants to employ plaintiff in the position of

general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the amount of $500,000.00 plus costs, attorneys' fees, and any other amount to which plaintiff may show himself to be just entitle.

**ANSWER:**     Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## VIII.   THIRD CAUSE OF ACTION

### (Conspiracy)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

21.     Defendants Sprayberry, McInnish, and Long conspired against Mr. Davis in violation of his rights under the Federal Torts Claims Act.

**ANSWER:**     Ms. Long denies the averments of paragraph 21.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff in the amount of $25,000.00 in compensatory damages, plus costs, attorney's fees, and any other amount to which plaintiff may show himself to be justly entitled.

**ANSWER:**     Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## IX.     FOURTH CAUSE OF ACTION

### (Race Discrimination and Constitutional Violation)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

22.     Defendant Sprayberry's actions constitute intentional discrimination by reason of race in violation of plaintiff's rights guaranteed under the due process clause and property rights

of the Fifth Amendment, First Amendment, and Thirteenth Amendment to the Constitution of the United States, and 42 U.S.C. Section 1983.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 22; therefore, they are denied.

23.    Defendant Sprayberry treated plaintiff differently from similarly situated persons and further treated plaintiff differently for the purpose of discriminating against him on an impermissible bases.

**ANSWER:**    Ms. Long lacks knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 23; therefore, they are denied.

WHEREFORE, The Premises Considered, plaintiff requests that this Honorable Court grant judgment in favor of plaintiff and order defendants to employ plaintiff in the position of general counsel for the Montgomery Housing Authority, plus award back pay, punitive damages in the amount of $500,000.00, plus costs, attorneys' fees, and any other amount to which plaintiff may show himself to be justly entitled.

**ANSWER:**    Ms. Long denies that Mr. Davis is entitled to the relief that he seeks.

## X.  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that after a hearing hereon, the Court will:

I.    Issue a declaratory judgment stating that:

(1)    The actions of defendants in refusing to pay him for services rendered constitute breach of contract, and conspiracy in violation of plaintiff's rights under the Federal Tort Claims Act;

(2)    The actions of defendants McInnish and Long constitute discrimination by reason of plaintiffs race in violation of plaintiff's rights guaranteed under the First, Fifth, and Thirteenth Amendments to the Constitution of the United States and *42 U.S.C. Section 1983*.

(3)    The actions of Defendant Sprayberry constitute discrimination by reason of plaintiffs race in violation of plaintiffs rights guaranteed under the First, Fifth, and Thirteenth Amendments to the Constitution of the United States.

II.    Enter mandatory, preliminary and permanent injunctions requiring plaintiff be compensated for services rendered and employed as general counsel for the Montgomery Housing Authority.

III.    Enter an Order awarding plaintiff punitive damages.

IV.    Enter an Order awarding plaintiff his costs incurred in this case, together with reasonable attorneys' fee and interest to be taxed *as part* of the costs against defendants.

IV.    Grant such additional and further relief as the Court deems proper and just in the premises.

**ANSWER:**    Ms. Long denies that Mr. Davis is entitled to the relief for which he prays.

## Second Defense

Some of all of the counts in the complaint against Ms. Long fail to state a claim upon which relief can be granted.

## Third Defense

Ms. Long asserts the defense of qualified immunity.

## Fourth Defense

Mr. Davis' claims may be barred by the applicable statutes of limitations.

### Fifth Defense

Mr. Davis has failed to mitigate damages.

### Sixth Defense

To the extent that Mr. Davis is seeking punitive damages, he has failed to plead facts sufficient to justify an award of punitive damages.

### Seventh Defense

Mr. Davis cannot recover punitive damages against Ms. Long under 42 U.S.C. § 1983.

### Eighth Defense

Ms. Long exercised good faith efforts to comply with federal employment laws and, accordingly, is not subject to punitive damages.

### Ninth Defense

Ms. Long had legitimate, non-pretextual, business reasons for any decisions regarding Mr. Davis.

### Tenth Defense

Ms. Long denies that race, or any alleged protected activity, was a factor in any of the decisions concerning Mr. Davis.  However, in the event that the fact-finder finds otherwise, Ms. Long avers that her actions were based on legitimate business reasons and that she would have made the same decisions in the absence of the alleged impermissible motivation.

### Eleventh Defense

Ms. Long neither had nor participated in a policy or custom of discrimination on the basis of race.

### Twelfth Defense

Ms. Long was not personally involved in any tortious act or act of racial discrimination against Mr. Davis.

### Thirteenth Defense

Ms. Long did not know of any tortious act or act of racial discrimination against Mr. Davis.

### Fourteenth Defense

No action taken by Ms. Long violated clearly established statutory or constitutional rights of which a reasonable person in her position would have been aware.

### Fifteenth Defense

Every act by Ms. Long was within the scope of her discretionary authority.

### Sixteenth Defense

Ms. Long avers that Mr. Davis' claims are barred, in whole or in part, by his own failure to act.

### Seventeenth Defense

Mr. Davis fails to state a claim for conversion because he seeks to take possession of unsegregated funds. *Willingham v. United Ins. Co.*, 628 So. 2d 328, 333 (Ala. 1993); *Green County Board of Education v. Bailey*, 586 So.2d 893, 898-900 (Ala. 1991). Moreover, because he claims to be owed payment for legal services rendered, his relationship with the Board and its members is a creditor-debtor relationship. Such a relationship is insufficient to support a claim of conversion. *See Louis v. Fowler*, 479 So.2d 725, 727 (Ala. 1985); *Willingham*, 628 So. 2d at 333.

**Eighteenth Defense**

Ms. Long has not discriminated against Mr. Davis and has not violated his rights in any way.

**Nineteenth Defense**

Mr. Davis has not sustained any injury, damage, or loss by reason of any act or omission on the part of Ms. Long.

**Twentieth Defense**

Ms. Long avers the affirmative defense of waiver.

**Twenty-First Defense**

Ms. Long avers the affirmative defense of laches.

**Twenty-Second Defense**

Ms. Long avers that this action is frivolous, unreasonable, and groundless, and accordingly, Ms. Long is entitled to attorneys' fees and other costs associated with the defense of this action.

**Twenty-Third Defense**

Portions of the Complaint are vague and conclusory.

**Twenty-Fourth Defense**

Portions of the Complaint are due to be stricken.

**Twenty-Fifth Defense**

Any injury or damages suffered by Mr. Davis were the result of an independent, intervening cause and not the result of any alleged actions or omissions of Ms. Long.

**Twenty-Sixth Defense**

Mr. Davis is barred from recovery under the doctrine of unclean hands.

**Twenty-Seventh Defense**

Mr. Davis has failed to state a federal claim against Ms. Long for the reasons or acts complained of were not caused by an official policy, practice, custom, or usage of the Board.

**Twenty-Eighth Defense**

Mr. Davis' claims are barred by his failure to exhaust administrative remedies.

**Twenty-Ninth Defense**

Ms. Long cannot be held liable on a theory of respondeat superior, vicarious liability, or agency/principal liability.

**Thirtieth Defense**

Ms. Long denies that she personally had a contract with Mr. Davis.

**Thirty-First Defense**

Ms. Long denies that she breached a contract with Mr. Davis.

**Thirty-Second Defense**

Mr. Davis materially failed to fulfill his duties to the Board and to Ms. Long as a Commissioner and thereby breached any contract that he may have had with the Board.

**Thirty-Third Defense**

Every allegation not specifically admitted is denied.

**Thirty-Fourth Defense**

Ms. Long pleads the defense of accord and satisfaction.

**Thirty-Fifth Defense**

Ms. Long pleads the defense of failure of consideration.

**Thirty-Sixth Defense**

Ms. Long pleads the defense of lack of consideration.

**Thirty-Seventh Defense**

Ms. Long pleads the defense of ratification.

**Thirty-Eighth Defense**

Ms. Long pleads the defenses of release.

**Thirty-Ninth Defense**

Ms. Long pleads the defense of set-off.

**Fortieth Defense**

Ms. Long pleads the defense of payment.

**Forty-First Defense**

Ms. Long pleads the defense of recoupment.

**Forty-Second Defense**

To the extent the Complaint seeks to make Ms. Long liable for punitive damages, Ms. Long adopts by reference the defenses, criteria, limitations, and standards are mandated by the United States Supreme Court in *BMW of North Am., Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), which was extended in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), on the issue of punitive damages.

**Forty-Third Defense**

With respect to Mr. Davis demand for punitive damages, Ms. Long specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## Forty-Fourth Defense

Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

## Forty-Fifth Defense

Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

## Forty-Sixth Defense

Any award of punitive damages against Ms. Long in excess of the limitations and criteria set forth in *Ala. Code* § 6-11-21 (1975) is impermissible, as that statute is constitutional and otherwise enforceable.

## Forty-Seventh Defense

Any award of punitive damages against Ms. Long under the facts of this case would be impermissible for one or more of the following reasons.

(a)     There are inadequate safeguards with respect to the imposition of punitive damages against Ms. Long under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Ms. Long would violate that amendment to the Constitution of the United States.

(b)     The imposition of punitive damages against Ms. Long in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c)     There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Ms. Long under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of Alabama. Accordingly, the imposition of punitive damages in this case against Ms. Long would violate both Constitutions.

(d)     To subject Ms. Long to punitive damages under the facts of this case without some guarantee against future punishment for similar or related acts or omissions would violate the Constitution of both the United States and the State of Alabama.

(e)     The imposition of substantial punitive damages in this case against Ms. Long would deprive her of property without the due process of law in violation of the criteria set forth by the United States Supreme Court in *BMW of North America, Inc., v. Gore* and other cases.

(f)     Ms. Long reserves the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(g)     Under Alabama law, the imposition of punitive damages against Ms. Long would constitute an arbitrary and capricious taking of property without due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(h)     The imposition of punitive damages against Ms. Long would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(i)    The imposition of punitive damages against Ms. Long would improperly penalize her without the same safeguards afforded criminal defendants by the Constitutions of both the United States and the State of Alabama.

(j)    Ms. Long adopts and incorporates the standards with respect to punitive damages set forth by the United States Supreme Court in *Cooper Industries, Inc., v. Leatherman Tools Group, Inc.* and other cases.

## Forty-Eighth Defense

Any award of punitive damages against Ms. Long under the facts of this case would be impermissible under *Ala. Code* §6-11-20 (1975) and/or *Ala. Code* §6-11-27 (1975).

## Forty-Ninth Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## Fiftieth Defense

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## Fifty-First Defense

Ms. Long incorporates by reference the affirmative defenses asserted by any other defendant, as appropriate.

At the time of filing this Answer, discovery has not yet begun.  Therefore, Ms. Long gives notice of her intention to rely on such other affirmative or supplemental defenses that may become available or apparent during the course of discovery and reserves the right to amend her Answer to answer to assert such defenses.

WHEREFORE, having fully answered, Ms. Long prays that this Court enter a judgment in her favor and award her attorneys' fees and costs and other relief that the Court deems just and proper.

s/Dorman Walker
Attorney for Defendant LuAn Long

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL  36101-0078
334/834-6500
334/269-3115 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2006, I electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne Brown
dbrown@dbrownatty.com

Wayne Sabel
mwsabl@mindspring.com

Charles A. Stewart, III
cstewart@bradleyarant.com

Michael J. Cohan
mcohan@hillhillcarter.com

Ernestine S. Sapp
esapp@glsmgn.com

Leura Garrett Canary
U.S. Attorney for the Middle District of Alabama
One Court Square
Room 201
Montgomery, AL  36104
Leura.canary@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

R. Edmond Sprayberry
Director of Public Housing
U.S. Department of Housing & Urban Development
Medical Forum Bldg., Suite 900
Birmingham, AL  35203

Alphonso Jackson
Secretary of the U.S. Department of Housing and Urban Development
451 7th Street, SW
Washington, DC  20410

s/Dorman Walker
Of Counsel