IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 2:05-cv-01235-MHT-DRB |
| R. EDMOND SPRAYBERRY, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SPRAYBERRY'S MOTION FOR CLARIFICATION REGARDING STATUS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

**COMES NOW** Defendant R. Edmond Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this Motion seeking clarification regarding which of Plaintiff's recently filed amended complaints – his First Amended Complaint or his Second Amended Complaint – is the current live pleading before the Court.

1.

On August 10, 2006, this Court granted Defendant Sprayberry's Motion to Dismiss and dismissed Defendant Sprayberry as a party. Plaintiff, however, was given seven days to amend his Complaint to state a <u>Bivens</u> claim against Defendant Sprayberry.

2.

On August 17, 2006, Plaintiff filed an Amended Complaint (hereinafter First Amended Complaint). This First Amended Complaint contained claims under the Fourteenth Amendment and the Alabama State Constitution. While this First Amended Complaint was never served on Defendant Sprayberry, Defendant Sprayberry moved to dismiss it on August 31, 2006 for failure to state a <u>Bivens</u> claim. (<u>See</u> Defendant's August 31, 2006, Memorandum in Support of Motion to Dismiss Amended Complaint, docket no. 66).

3.

On September 13, 2006, Plaintiff filed a Motion for Leave to Amend Complaint. This Motion referenced the Court's August 10, 2006 Order and his August 17, 2006 Amended Complaint. Plaintiff, however, made no reference to any Second Amended Complaint in his Motion to Amend and did not attach any proposed pleading to his Motion. Plaintiff did, however, file a Second Amended Complaint on the same day, and it included new claims against all the defendants for alleged violations of the First, Fifth, and Thirteenth Amendments of the United States Constitution.

4.

On September 15, 2006, Defendant Sprayberry filed an opposition to any attempt to Plaintiff to file a Second Amended Complaint. (Defendant's September 15, 2006 Opposition to Plaintiff's Motion to Amend, docket no. 78). In this opposition, Defendant argued, among other things, that Plaintiff had not shown the required good cause to file a Second Amended Complaint (and his third complaint in this lawsuit) more than four months after the deadline for amending pleadings set forth in the Court's Scheduling Order. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). Defendant Sprayberry also noted that he would be prejudiced under Rule 15 because Plaintiff's deposition was noticed for September 19, 2006, so any second amendment would require a second deposition and additional discovery costs, and that any amendments would be futile.

5.

On September 18, 2006, Plaintiff filed a Notice of Voluntary Dismissal against Defendant Sprayberry. This filing, which was not entirely clear, did not dismiss all the claims against Defendant Sprayberry in either his First Amended Complaint or his Second Amended Complaint.

6.

On September 22, 2006, this Court granted Plaintiff's Motion to Amend. The Court's Order, however, did not specify whether this leave was for Plaintiff to file his First Amended Complaint (the one referenced in his Motion to Amend) or his Second Amended Complaint (the one filed the same day as his Motion to Amend, but not attached or referenced in it as the proposed pleading to be filed if leave were granted). Furthermore, the Order did not address Defendant Sprayberry's opposition to the Second Amended Complaint due to Plaintiff's failure to show good cause to amend this lawsuit yet again as required by Rule 16(b) of the Federal Rules of Civil Procedure.

7.

Accordingly, by this Motion, Defendant Sprayberry seeks clarification from the Court regarding whether Plaintiff's First Amended Complaint or his Second Amended Complaint is the current live pleading before the Court. Moreover, since a responsive pleading is due ten days after service of an amended pleading, and Plaintiff has not served any pleading in response to the Court's Order, Defendant Sprayberry seeks clarification about when a responsive pleading would be due.

Respectfully submitted this the 28th day of September, 2006.

                LEURA G. CANARY
                United States Attorney

By: s/James J. DuBois
     JAMES J. DUBOIS
     Assistant United States Attorney
     GA Bar Number: 231445
     Post Office Box 197
     Montgomery, AL  36101-0197
     Telephone No.: (334) 223-7280
     Facsimile No.: (334) 223-7418
     E-mail: **James.DuBois2@usdoj.gov**

Counsel for the Defendant Sprayberry

## CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2006, I electronically filed the foregoing Defendant's Motion for Clarification with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                        /s/ James J. DuBois
                        Assistant United States Attorney