IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05cv1235-T |
| | ) |
| R. EDMOND SPRAYBERRY, et al., | ) |
| | ) |
| Defendants. | ) |

**THE HOUSING AUTHORITY OF THE CITY OF MONTGOMERY'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

The **Housing Authority of the City of Montgomery** ("Housing Authority" or "Defendant") answers the Plaintiff's Second Amended Complaint ("Complaint") as follows:

**First Defense**

**I. Preliminary Statement**

1. Defendant admits that the Complaint purports to seek declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs and attorney's fees; however, Defendant denies that Plaintiff is entitled to such relief and denies that it discriminated against the Plaintiff in any manner whatsoever.

**II. Jurisdiction**

2. Defendant admits that this Court has subject matter jurisdiction over this matter. To the extent that Paragraph 2 alleges otherwise, Defendant denies and demands strict proof of those allegations.

### III. Nature of the Action

3. Defendant admits that Plaintiff purports to seek a declaratory judgment as described in Paragraph 3 of the Complaint; however, Defendant denies that it is guilty of the conduct alleged in Paragraph 3 and denies that Plaintiff is entitled to a declaratory judgment as described in Paragraph 3.

4. Defendant denies and demands strict proof of the material allegations in Paragraph 4.

### IV. The Parties

5. Defendant denies the material allegations in Paragraph 5.

6. Defendant admits that R. Edmond Sprayberry is a Director for Public Housing for the U.S. Department of Housing and Urban Development. As phrased, Defendant denies and demands strict proof of the remaining allegations in Paragraph 6.

7. Defendant admits that Defendant McInnish is a citizen and resident of Montgomery County, Alabama, and that he is above the age of 18 years. As phrased, Defendant denies and demands strict proof of the remaining allegations in Paragraph 7.

8. Defendant admits that its place of business is at the addressed alleged. As phrased, Defendant denies and demands strict proof of the remaining allegations in Paragraph 8.

9. Defendant admits that Lu Ann Long is a citizen and resident of Montgomery County, Alabama, and that she is over the age of 18 years. As phrased, Defendant denies and demands strict proof of the remaining allegations in Paragraph 9.

### V. Allegations of Fact

10. Paragraph 10 makes no averments or allegations against this Defendant; however, to the extent a response is required, Defendant admits that on November 16, 2004, the Housing

Authority voted by vote of six to one to place on administrative leave, with pay, its executive director, Defendant McInnish, pending an investigation into his activities as executive director. As phrased, Defendant denies and demands strict proof of the remaining allegations in Paragraph 10.

11.     Paragraph 11 makes no averments or allegations against this Defendant; however, to the extent a response is required, as phrased, Defendant denies and demands strict proof of the material allegations in Paragraph 11.

12.     Paragraph 12 makes no averments or allegations against this Defendant; however, to the extent a response is required, as phrased, Defendant denies and demands strict proof of the material allegations in Paragraph 12.

13.     Paragraph 13 makes no averments or allegations against this Defendant; however, to the extent a response is required, Defendant admits that Sprayberry telephoned Board Chairman Taylor and that Taylor informed Defendant Sprayberry about the vote and investigation. Defendant is without sufficient information to admit or to deny the remaining allegations in Paragraph 13; therefore, Defendant denies and demands strict proof of the remaining allegations.

14.     Paragraph 14 makes no averments or allegations against this Defendant; however, to the extent a response is required, Defendant is without sufficient information to admit or deny the material allegations in Paragraph 14. As a result, Defendant denies and demands strict proof of the material allegations in Paragraph 14.

15.     Paragraph 15 makes no averments or allegations against this Defendant; however, to the extent a response is required, as phrased, Defendant denies and demands strict proof of the material allegations in Paragraph 15.

16. As phrased, Defendant denies and demands strict proof of the material allegations in Paragraph 16.

17. Paragraph 17 makes no averments or allegations against this Defendant; however, to the extent a response is required, Defendant denies and demands strict proof of the material allegations in Paragraph 17.

18. Paragraph 18 makes no averments or allegations against this Defendant; however, to the extent a response is required, Defendant denies and demands strict proof of the material allegations in Paragraph 18.

## VI.  First Cause of Action

### (Breach of Contract)

Defendant incorporates and adopts Paragraphs 1 through 18 herein.

19. Defendant denies and demands strict proof of the material allegations in Paragraph 19.

## VII.  Second Cause of Action

### (Race Discrimination and Equal Protection)

Defendant incorporates and adopts Paragraphs 1 through 19 herein.

20. Defendant denies and demands strict proof of the material allegations in Paragraph 20.

## VIII. Third Cause of Action

### (Troyer and Conversion)

Defendant incorporates and adopts Paragraphs 1 through 20 herein.

21.     Defendant denies and demands strict proof of the material allegations in Paragraph 21.

## VIII.  Fourth Cause of Action

Defendant incorporates and adopts Paragraphs 1 through 21 herein.

22.     Paragraph 22 makes no averments or allegations against this Defendant; however, to the extent a response is required, Defendant denies and demands strict proof of the material allegations in Paragraph 22.

23.     Paragraph 23 makes no averments or allegations against this Defendant; however, to the extent a response is required, Defendant denies and demands strict proof of the material allegations in Paragraph 23.

The unnumbered, WHEREFORE paragraphs in the Complaint do not require a response by Defendant; however, to the extent responses are deemed required, Defendant denies the material allegations of same and demands strict proof thereof, and state that Plaintiff is not entitled to recover from Defendant for any reason whatsoever.

In addition to that contained herein, this Defendant asserts the following defenses:

### Second Defense

The Complaint against Defendant fails to state a claim upon which relief can be granted.

### Third Defense

Defendant asserts the defenses of qualified and/or absolute immunity.

### Fourth Defense

Plaintiff's claims may be barred by the applicable statutes of limitations.

### Fifth Defense

Plaintiff has failed to mitigate damages.

### Sixth Defense

To the extent that Plaintiff is seeking punitive damages, the Plaintiff has failed to plead facts sufficient to justify an award of punitive damages.

### Seventh Defense

Plaintiff cannot recover punitive damages against Defendant under 42 U.S.C. § 1983.

### Eighth Defense

Defendant exercised good faith efforts to comply with federal employment laws and, accordingly, is not subject to punitive damages.

### Ninth Defense

Defendant had legitimate, non-pretextual, business reasons for any employment decisions regarding Plaintiff.

### Tenth Defense

Defendant denies that race, or any alleged protected activity, was a factor in any of the employment decisions concerning the Plaintiff. However, in the event that the fact-finder finds otherwise, Defendant avers that its actions were based on legitimate business reasons and that it would have made the same employment decisions in the absence of the alleged impermissible motivation.

### Eleventh Defense

Defendant avers that Plaintiff's claims are barred, in whole or in part, by his own failure to act.

### Twelfth Defense

Defendant avers that it took prompt and effective action to remedy any allegations of unlawful conduct and has no liability for such conduct.

### Thirteenth Defense

Defendant avers that it has not discriminated against Plaintiff and has not violated Plaintiff's rights in any way.

### Fourteenth Defense

Defendant avers that the Plaintiff has not sustained any injury, damage, or loss by reason of any act or omission on the part of Defendant.

### Fifteenth Defense

Defendant avers the affirmative defense of waiver.

### Sixteenth Defense

Defendant avers the affirmative defense of laches.

### Seventeenth Defense

The doctrines of collateral estoppel and res judicata bar Plaintiff's recovery.

### Eighteenth Defense

Defendant avers that this action is frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

### Nineteenth Defense

Portions of the Plaintiff's Complaint are vague and conclusory.

### Twentieth Defense

Portions of the Plaintiff's Complaint are due to be stricken.

### Twenty-First Defense

Any injury or damages suffered by Plaintiff were the result of an independent, intervening cause and not the result of any alleged actions or omissions of Defendant.

### Twenty-Second Defense

Plaintiff is barred from recovery under the doctrine of unclean hands.

### Twenty-Third Defense

Plaintiff has failed to state a federal claim against Defendant for the reasons or acts complained of were not caused by an official policy, practice, custom, or usage of Defendant, nor has Defendant participated in any policy, practice, custom, or usage of discrimination based upon race.

### Twenty-Fourth Defense

The Plaintiff's claims are barred by his failure to exhaust administrative remedies.

### Twenty-Fifth Defense

Defendant avers that it cannot be held liable on a theory of respondeat superior, vicarious liability, or agency/principal liability.

### Twenty-Sixth Defense

All allegations not specifically admitted are denied.

### Twenty-Seventh Defense

Defendant pleads the defense of accord and satisfaction.

### Twenty-Eighth Defense

Defendant pleads the defense of failure of consideration.

### Twenty-Ninth Defense

Defendant pleads the defense of lack of consideration.

### Thirtieth Defense

Defendant pleads the defense of ratification.

**Thirty-First Defense**

Defendant pleads the defenses of release.

**Thirty-Second Defense**

Defendant pleads the defense of set-off.

**Thirty-Third Defense**

Defendant pleads the defense of payment.

**Thirty-Fourth Defense**

Defendant pleads the defense of recoupment.

**Thirty-Fifth Defense**

To the extent Plaintiff's Complaint seeks to make Defendants liable for punitive damages, Defendants adopt by reference the defenses, criteria, limitations, and standards are mandated by the United States Supreme Court in *BMW of North Am., Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), which was extended in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), on the issue of punitive damages.

**Thirty-Sixth Defense**

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

**Thirty-Seventh Defense**

Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

**Thirty-Eighth Defense**

Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

**Thirty-Ninth Defense**

Any award of punitive damages against Defendants in excess of the limitations and criteria set forth in ALA. CODE § 6-11-21 (1975) is impermissible, as that statute is constitutional and otherwise enforceable.

**Fortieth Defense**

Any award of punitive damages against Defendants under the facts of this case would be impermissible for one or more of the following reasons.

(a) There are inadequate safeguards with respect to the imposition of punitive damages against Defendants under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Defendant would violate that amendment to the Constitution of the United States.

(b) The imposition of punitive damages against Defendants in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c) There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Defendants under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of

        Alabama. Accordingly, the imposition of punitive damages in this case against Defendants would violate both Constitutions.

(d)     To subject Defendants to punitive damages under the facts of this case without some guarantee against future punishment for similar or related acts or omissions would violate the Constitution of both the United States and the State of Alabama.

(e)     The imposition of substantial punitive damages in this case against Defendant would deprive Defendants of property without the due process of law in violation of the criteria set forth by the United States Supreme Court in *BMW of North America, Inc., v. Gore* and other cases.

(f)     Defendants reserve the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(g)     Under Alabama law, the imposition of punitive damages against Defendants would constitute an arbitrary and capricious taking of property without due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(h)     The imposition of punitive damages against Defendants would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(i)     The imposition of punitive damages against Defendants would improperly penalize Defendants without the same safeguards afforded criminal defendants by the Constitutions of both the United States and the State of Alabama.

    (j)    Defendants adopt and incorporate the standards with respect to punitive damages set forth by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tools Group, Inc.* and other cases.

### Forty-First Defense

Any award of punitive damages against Defendants under the facts of this case would be impermissible under ALA. CODE §6-11-20 (1975) and/or ALA. CODE §6-11-27 (1975).

### Forty-Second Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### Forty-Third Defense

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

### Forty-Fourth Defense

Defendant asserts the defense of statutory immunity.

### Forty-Fifth Defense

Plaintiff's claims are barred in whole or in part by lack of standing.

### Forty-Sixth Defense

Plaintiff was not illegally discriminated against intentionally or otherwise, and any alleged discriminatory action was based on legitimate, nondiscriminatory factors or reasons other than Plaintiff's race. The plaintiff was not subjected to any illegal conspiracy, intentionally or otherwise, and any alleged action taken by Defendant MHA was based on legitimate, nondiscriminatory factors other than race.

### Forty-Seventh Defense

All of Defendant MHA's actions toward Plaintiff have been based upon a good faith exercise of responsibility conferred upon it to make business judgments regarding Plaintiff and have been made without regard to Plaintiff's race.

### Forty-Eighth Defense

Defendant MHA denies that it acted intentionally, with malice, or with reckless disregard to Plaintiff's federally protected rights.

### Forty-Ninth Defense

Defendant MHA acted in good faith and had reasonable grounds for believing that its actions or omissions did not violate any federally protected right.

### Fiftieth Defense

Any alleged disparity in treatment between the Plaintiff and any other attorney employed by the MHA is based on legitimate, nondiscriminatory reasons.

### Fifty-First Defense

Plaintiff has no property interest in continued employment nor have his liberty interests been infringed upon. Therefore, Plaintiff has no protection under The United States Constitution in regard to his allegation of loss of employment.

### Fifty-Second Defense

Plaintiff has failed to state a claim under the Fifth Amendment.

### Fifty-Third Defense

Plaintiff has failed to state a claim under the First Amendment.

### Fifty-Fourth Defense

Defendant MHA is not subject to the Federal Tort Claims Act and Plaintiff has failed to state a claim against MHA under the Act.

### Fifty-Fifth Defense

Plaintiff's state law claims, or some of them, are barred by the doctrine of discretionary function immunity.

### Fifty-Sixth Defense

Any injury or damages suffered by the Plaintiff were caused by third parties and were the result of an independent intervening or superceding cause and not the result of any alleged actions or omissions of Defendant MHA.

### Fifty-Seventh Defense

Defendant MHA is not liable for any act or omission of any person not its employee or agent or any person acting outside the line and scope of their employment or agency.

### Fifty-Eight Defense

There is no basis for holding Defendant MHA liable for any alleged discriminatory action, either directly or indirectly.

### Fifty-Ninth Defense

Defendant MHA pleads the doctrine of collateral estoppel.

### Sixtieth Defense

Plaintiff's claims for damages are limited in whole or in part by statute.

### Sixty-First Defense

Plaintiff's claims, or some of them, are, or may be, barred by the statute of limitations.

**Sixty-Second Defense**

Plaintiff is barred from recovering on any employment contract as alleged because of a prior or anticipatory repudiation of the terms of the contract.

**Sixty-Third Defense**

Plaintiff's contract for legal services was void or voidable because of the lack of the necessary specificity of material terms.

Defendant gives notice of its intention to rely on such other affirmative or supplemental defenses that may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert such defenses.

**THIS DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

s/ Charles A. Stewart III

Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

**Attorneys for The Housing Authority
of the City of Montgomery**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael J. Cohan
Randall C. Morgan
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, AL 36104
Telephone: (334) 834-7600
Facsimile: (334) 832-7419
Email:  mcohan@hillhillcarter.com
Email:  rmorgan@hillhillcarter.com

Dwayne Brown
Post Office Box 230205
Montgomery, AL  36123-0205
Email:  dbrown@dbrownatty.com

M. Wayne Sabel
Sabel & Sabel, P.C.
2800 Zelda Road, Suite 100-5
Montgomery, AL  36106
Email:  mwsabl@mindspring.com

Dorman Walker
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL  36104
Email:  dwalker@balch.com

Maricia Danielle Woodham
Mark W. Sabel, Jr.
M. Wayne Sabel, Sr.
Sabel & Sabel, P.C.
2800 Zelda Road, Suite 100-5
Montgomery, AL  36106
Email:  mwoodham@sabellaw.com

    James J. DuBois
    U.S. Attorney's Office
    P. O. Box 197
    Montgomery, Alabama 36101
    Email:  james.dubois2@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

                                            s/ Charles A. Stewart III
                                            Charles A. Stewart III (STE067)
                                            Bradley Arant Rose & White LLP
                                            The Alabama Center for Commerce
                                            401 Adams Avenue, Suite 780
                                            Montgomery, AL 36104
                                            Telephone: (334) 956-7700
                                            Facsimile: (334) 956-7701
                                            E-mail: cstewart@bradleyarant.com