IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRY G. DAVIS,                    )
                                  )
    Plaintiff,                )
                                  )
                                  )
vs.                               )      CASE NO.:  2:05-CV-1235 MHT
                                  )
R. EDMUND SPRAYBERRY,             )
et al.,                           )
                                  )
    Defendants.               )

**PLAINTIFF'S RESPONSE TO DEFENDANT SPRAYBERRY'S
<u>MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

      COMES NOW Plaintiff Terry G. Davis, pursuant to this Court's Order (Document 106) and submits the following response and memorandum brief to Defendant Sprayberry's Motion to Dismiss Plaintiff's Second Amended Complaint (Document 102).

      In response, Mr. Davis resubmits and adopts in its entirety (by reference, as if fully set out) his pleading styled, "Response and Memorandum of Plaintiff To Defendant Sprayberry's Motion to Dismiss Complaint as Amended" (Document 82) filed September 18, 2006.  Said document addresses the issues raised by Defendant Sprayberry's current *Rule 12(b)(6), Federal Rules of Civil Procedure* Motion to Dismiss.

      Plaintiff would simply add the following Standard of Review to the brief of Document 82:

## STANDARD OF REVIEW

The standard of review for a motion to dismiss is well settled in federal law. Dismissal of a complaint for failure to state a claim is error "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."    *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)  (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Powell v. United States, 945 F.2d  374, 375-76 (11th Cir. 1991); Estate of Rodriquez v. Drummond Co., Inc., 256 F. Supp. 2d 1250 (N.D. Ala. 2003)*

All facts set forth in the complaint as amended are to be accepted as true and the allegations to be viewed most strongly in the pleader's favor.  See *Fortner v. Thomas, 983, F.2d 1024, 1027 (11th Cir. 1993)*.  It is a well established principle that a complaint should be liberally construed.    According to *Rule 8(f) Federal Rules of Civil Procedure*…"all pleadings shall be so construed as to do substantial justice."

## CONCLUSION

Plaintiff contends that his Second Amended Complaint meets the general pleading required by *Rule 8(a), Federal Rules of Civil Procedure*.  Plaintiff has stated his *Bivens* Action for constitutional violations against Defendant Sprayberry.  This court recently denied Defendant Sprayberry's Motion for Clarification on the ground that plaintiff had adequately clarified the claims of his Complaint (Document 105).

WHEREFORE, Premises Considered, plaintiff prays that this Honorable Court will deny Defendant Sprayberry's Motion to Dismiss for failure to state a claim.

OF COUNSEL:                              Respectfully submitted,
GRAY, LANGFORD, SAPP,                    /s/ Ernestine S. Sapp
McGOWAN, GRAY & NATHANSON                Ernestine S. Sapp – SAP 004
P.O. Box 830239
Tuskegee, AL 36083-0239                  One of the Attorneys for Plaintiff
Telephone: (334) 727-4830
Fax: (334) 727-5877


## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2006, I electronically filed the foregoing **Plaintiff's Response to Defendant Sprayberry's Motion to Dismiss Plaintiff's Second Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

M. Wayne Sabel, Sr., Esq.
mwsable@mindspring.com

Dorman Walker, Esq.
Dwalker@balch.com

Charles A. Stewart, III, Esq.
cstewart@bradleyarant.com

Michael Cohan, Esq.
mcohan@hillhillcarter.com

James DuBois, Esq.
James.DuBois2@usdoj.gov

Dwayne Brown, Esq.
Dbrown@dbrownatty.com


                                         Respectfully submitted,
                                         /s/ Ernestine S. Sapp
                                         E-Mail: esapp@glsmgn.com