# EXHIBIT A



U. S. Department of Housing and Urban Development
Region IV
Office of Counsel

Five Points Plaza
40 Marietta Street
Atlanta, Georgia 30303-2806
Telephone (404) 331-4135  Facsimile (404) 730-3315

VIA FACSIMILE AND REGULAR MAIL

January 4, 2007

Mr. Michael J. Cohan, Esq.
Hill Hill Carter
425 South Perry Street
Montgomery, AL 36101-0116

Dear Attorney Cohan:

SUBJECT:  *Terry G. Davis v. R. Edmund Sprayberry, et al., 2:05cv1235-T*

       Thank you for your response to my letter of January 3, 2007, in which we requested additional information pursuant to HUD Handbook 1530.1, Rev-5, regarding your request for HUD concurrence and approval of the proposed settlement represented to have been reached between the MHA and the Plaintiff in the subject lawsuit.

       Please be advised that normal processing time for such a request ranges from two weeks to thirty days. HUD Handbook 1530.01, Rev-5, provides Regional Counsel with authority to approve a proposal for settlement with the concurrence of the appropriate Program Official, and without referral to the Program Associate, where the amount of the settlement does not exceed $500,000. The Program Official that would normally review this request, Mr. Ed Sprayberry, Director of Public Housing for HUD Birmingham, is a defendant in the lawsuit in his individual capacity. Thus, to avoid any appearance of impropriety, after review is conducted by this office, the Office of Regional Counsel must coordinate with HUD Headquarters Office of Public and Indian Housing ("PIH") in Washington, D.C., to receive PIH's determination of whether or not it concurs in the proposed settlement.

       Thus, while HUD understands that time is of the essence, HUD is in no position to provide the MHA with a determination regarding approval or disapproval of the proposed settlement by the end of this week. In the interim, should you receive information that the MHA's insurance carrier plans to contribute amounts to the proposed settlement amount, or any other information that you deem helpful in HUD's review of this request, please submit that information in writing to this office.

       It is also imperative that I address an inquiry made to attorney Marquetta Bryan of my staff by email on January 3, 2007, and a statement made to me in a formal communication dated January 3, 2007. You inquired in an email, sent on January 3, 2007, that was subsequently forwarded to my attention, as to whether, HUD saw "any problems with MHA cutting the

www.hud.gov • espanol.gov

2

forwarded to my attention, as to whether, HUD saw "any problems with MHA cutting the settlement check...", as the you wanted to "get this wrapped up today if possible in that MSJ briefs are due this week." Second, in your letter dated January 3, 2007, you stated in response to HUD's additional requests for information, "In that Ms. Bryan and HUD have been intimately involved in this lawsuit, I assumed your office would have the necessary information relative to the settlement proposed by the Montgomery Housing Authority (MHA)...."

Please again be reminded that pursuant to Sections 3-3b(5) and 5-3(c) of HUD Handbook 1530.1, Rev-5, *Litigation Handbook*, **a PHA shall accept no settlement arising out of litigation without the prior written concurrence of HUD.** Additionally, the HUD Litigation Handbook requires that the terms of any such offer shall be communicated in writing to the Regional Counsel *together* with the recommendations of the PHA for disposition and the arguments in support of those recommendations. The request to "cut the settlement check" prior to written concurrence of HUD is in direct contradiction to HUD requirements. Furthermore, as dictated by the Handbook, *any* request received by this office for concurrence and approval of a proposed settlement must include supporting information, including a legal analysis outlining the legal weaknesses and strengths of the PHA's position, in addition to the settlement terms prior to HUD's commencement of any review of the settlement proposal. Lastly, please be further advised that Ms. Bryan's involvement in this lawsuit is pursuant to the defense of the Department's interests, and provides no basis for her to have acquired knowledge relative to the economic or legal reasonableness of the proposed settlement by the MHA.

We appreciate your continued cooperation with our office. Should you have any questions regarding HUD litigation requirements applicable to federal funding recipients, including the MHA, HUD's litigation handbook is accessible to the public at www.HUDCLIPS.org. If you have any additional questions, please do not hesitate to contact Mr. James E. Blackmon, Associate Regional Counsel for Defensive Litigation and Administrative Law, by phone at (404) 331 – 5001, extension 2171, or by facsimile at (404) 730 – 3315.

Sincerely,

Donnie R. Murray
Regional Counsel