**DEFENDANT'S EXHIBIT 2**

ATTACHMENT - 8

# APPROVAL OF MINUTES
# December 21, 2004

Agenda Item No. 9, to consider a resolution approving/authorizing the Montgomery Housing Authority to reward the Contract for Legal Services to the Montgomery Housing Authority for a period of two years effective January 1, 2005 through December 31, 2006 to the law firm named and recommended by the Administrative Committee, using RFP evaluation criteria, contingent to HUD approval, was read by the Chairman.

At this time Commissioner Holmes asked the Chairman for the names of the firms who had submitted their response to this RFP.

Chairman Taylor requested Mr. Boggs, Interim Executive Director, to read out the names of the firms who responded and the recommendation of the Administrative Committee.

Mr. Boggs informed the board that the Administrative Committee had met, ranked the responses received, and their recommendation was for Davis and Hatcher, LLC to be awarded the contract for legal services to the Montgomery Housing Authority as he had received the highest number of points. The other two firms who had responded were Hill, Hill, and Carter, and Bradley Arant.

With the permission of the Chair, Commissioner Holmes recommended that this be carried over since as of right now, with the litigation that is going on and the alleged

15928

charges against Mr. McInnish, that he does not know anything about, he thought it would be best to defer this for right now.

Chairman Taylor responded that if the board were to carry this over they would have no legal representation by the end of this month.

Commissioner Barnett also voiced disagreement with the recommendation made to carry this item over.

Commissioner Holmes once again stated that because these attorneys are involved in the current situation, he felt that the board needed to get one thing solved at a time. He went on to reiterate that there is talk about charges and an investigation going on but he does not know anything on what the charges are or what the investigation going on is about. He also stated that the executive session meeting was a set-up and that nobody was notified that there was going to be an executive session and most of the others knew about it up front that there was going to be one.

With permission from the Chair, Vice-Chair Long, who is also on the Administrative Committee, addressed the board and commented that if the whole board did vote on the attorney issue tonight, she would like to express that she is extremely upset with the evaluation process and that it

15929

is a very complicated procedure that they had to go through in order to rank these attorneys. When looking at the qualifications of all the attorneys she believed that they are all eminently qualified but there are a lot of issues; mainly, in her book, about the fees that are charged. She pointed out that each of the RFP responses was very clear on how much money each attorney was going to charge per hour. Vice-Chair Long further stated that she hoped that the board would not only take into consideration the recommendation of the Administrative Committee but that they would look for themselves at what the fees entail before they vote.

With permission from the Chair, Commissioner Barnett then addressed the board and stated that according to what Chairman Taylor said they have to have an attorney, they do need an attorney for the board and, therefore, this cannot be put on hold.

Commissioner Holmes pointed out that the board had operated a whole year without an attorney.

Commissioner Barnett's response to Commissioner Holmes was that they would not be operating now without one. She also commented on Commissioner Holmes' statement about the executive session being a set up and asked if he thought

that the executive session requested tonight was also a set up.

Chairman Taylor then asked if there were any other comments.

Commissioner Knight then offered the following motion and moved its adoption:

RESOLUTION NO. 5275

BE IT RESOLVED by the Board of Commissioners of The Housing Authority of the City of Montgomery, Alabama that the board accepts the recommendation made by the Administrative Committee, based on their evaluation of the responses received for Legal Services, using RFP evaluation criteria, and hereby authorizes that the Contract for Legal Services to the Montgomery Housing Authority be awarded to the law firm of Davis and Hatcher for a period of two years effective January 1, 2005 through December 31, 2006, contingent to HUD approval.

Commissioner Barnett seconded the motion. The motion was then voted on and passed this twenty-first day of December 2004. For the record, Vice-Chair Long, Commissioner Holmes and Commissioner Bollinger voted NAY.

At this time Commissioner Bollinger, with permission from the Chair addressed the board. He informed the board that he had attended the Administrative Committee meeting

that was held and he would like to point out that it would have been difficult for him if he was a legal firm trying to submit a response in the form that was set up. It was his suggestion that the form be revamped to give the professionals a better opportunity to be evaluated. He did not think it was fair to the individuals. He stated that the biggest controversy was the qualification form on which they submitted their services on which they were evaluated.

Commissioner Drinkard inquired if it was a HUD form. Commissioner Bollinger responded that he believed that the Executive Director had drawn it up and put it out and it was what everyone had used to submit their response and, therefore, the only fair thing to do at the time was to evaluate by that form. He again emphasized that, in his opinion, the form does not fairly evaluate.

Commissioner Knight, who also serves on the Administrative Committee, agreed and commented on the way the form was structured. He further stated that if it had been presented to the board they would have had some input but it was not; and, since it was submitted and people had bid the way the form was submitted, the only fair thing was to work with what was submitted because if the board were to change the criteria on the form they would have to put this out to be re-bid. Since it is not a HUD form but one

15932

that was made by the housing authority or the Executive Director and submitted, he would hope that the next time that the board would have input in the form itself so that they would know exactly how these are being evaluated. He pointed out that this would also apply to the audit and any other Request For Proposal. Since these are not HUD requirements and standards are going to be placed in them, then the board ought to know what those standards are and how they are being evaluated. For example, the board had been presented with a recommendation from the staff and, it is his belief, that the board is accepting that recommendation, believing that it is the best recommendation based on certain standards. Therefore, the board ought to know exactly what the standards are.

At this time Vice-Chair Long commented that although the board had already voted on the award for legal services, there was some 'wiggle room' in terms of hourly rates of the different lawyers; and, this comes down to money from her viewpoint. There were people that were willing to do the services for substantially less per hour and the way that it rated out Mr. Davis has been recommended. Addressing Attorney Davis, Vice-Chair Long stated, "You have however, in your proposal stated that

your hourly rate and your retainer were open to discussion."

Attorney Davis responded and confirmed this to be correct.

Vice-Chair Long then stated that she strongly recommends that the board certainly look very closely at this.

Attorney Davis explained that his proposal the last time was not quite the same as it was this time. He pointed out that he had basically submitted a proposal that was the same as the other firm that represented the housing authority and so it was identical to the hourly rate that was previously submitted by the other firm that represented the housing authority. He reconfirmed that his rates are certainly negotiable. Attorney Davis then pointed out that procedurally, once you vote, what the Executive Director does in either case, is to go back and negotiate and enter a contract with each firm and it just so happens that the other firm was paid substantially firms, including himself. However, that is not an issue here and once again he stated that that his rates were certainly negotiable.

Commissioner Knight then offered the following motion and moved its adoption:

McInnish 636

RESOLUTION NO. 5276

BE IT RESOLVED by the Board of Commissioners of The Housing Authority of the City of Montgomery, Alabama that the board hereby authorizes the Interim Executive Director to negotiate the hourly rate and retainer fee for Legal Services to be provided to the Montgomery Housing Authority by the law firm of Davis and Hatcher, LLC.

The motion was seconded by Vice-Chair Long, voted on and passed by the Board this twenty-first day of December 2004.

The Chairman then proceeded to Agenda Item No. 10, to consider a resolution approving/authorizing the Montgomery Housing Authority to award the Contract for Collections/Evictions services to the housing authority for a period of two years, effective January 1, 2005 through December 31, 2006 to the law firm named and recommended by the Administrative Committee, using RFP evaluation criteria, contingent to HUD approval.

The Interim Executive Director informed the board that the Administrative Committee had evaluated the three responses received to the RFP for Collections/Evictions services from Holloway and Moxley, Hill, Hill, Carter and Chambless and Math. The Administrative Committee's