MEETING OF THE BOARD OF COMMISSIONERS OF
THE HOUSING AUTHORITY OF THE CITY OF MONTGOMERY,
ALABAMA, HELD ON TUESDAY, MARCH 16, 2004

The monthly meeting of the Board of Commissioners of The Housing Authority of the City of Montgomery, Alabama was held on Tuesday, March 16, 2004 at 5:00 P.M., at the Riverside Heights Training Facility.

Agenda Item No. 1: ROLL CALL.

Chairman Holmes, called the meeting to order and, upon roll call by the Secretary/Treasurer, those present and absent were as follows:

       PRESENT:   Clifford Holmes
                   Thomas Taylor
                   Richard N. Bollinger
                   Anne B. Upchurch
                   Bettie Barnett
                   LuAn Long
                   David S. Barley, II (came in after roll call)

       ABSENT:    John F. Knight, Jr.
                   Ron Drinkard

Attorney Afrika Parchman sat in for Board Attorney Terry G. Davis who was unable to attend.

Chairman Holmes then addressed the first order of business - Agenda Item No. 2, *Approval of the Revised Agenda for the March 16, 2004 meeting.* The Chairman asked if there were any questions on the Agenda presented. There were no

15642

authority from WSFA, who is responsible for the following news clip. Ms. West then ran the news clip that showed the efforts being made by the Montgomery Housing Authority to improve the image of public housing and increase safety in its communities. This just goes to show that the progress being made by the board and the MHA staff has not gone unnoticed.

12. Commissioner appointment: The Executive Director briefed the board that having a resident Commissioner on the board is a federal requirement that the Authority fulfilled as a result of HUD bringing pressure to bear on us in 2001. This is when he wrote a letter down to City Hall and at that time, the Mayor's City attorney asked the Attorney General as to who appoints members to the board for the city's public housing authority. The Attorney General's response was that the Mayor has the right to appoint the board as stated in the Code of Alabama, Title 24. This resulted in the mayor appointing Mrs. Barnett as the resident commissioner in 2001. Since then the mayor has appointed Mr. Drinkard and Ms. Long in 2002, and reappointed Mr. Holmes and appointed Mr. Barley in 2003. The next two appointments that will come up in June this year are that of Commissioners Knight and Upchurch. In August of 2003 Commissioner Knight sent a request to the Attorney General as a result of which the earlier opinion was overruled so that the City Council would be the appointing authority for the Montgomery Housing Authority. It was pointed out that this opinion did not affect any other housing authority in the

15643

State but the Montgomery Housing Authority. Mr. McInnish then distributed the Attorney General's opinion reversing the earlier opinion to members of the board. He also pointed that this now left the Authority with two conflicting Attorney General opinions. Further, he distributed a proposed resolution that the that the Montgomery City Council plans on passing its meeting on March 17, 2004 to remove all those Commissioners appointed by the Mayor. He has had discussions with the City Attorney and taken them a copy of a three page Supreme Court opinion on the Phenix City Housing Authority case that repealed the code section that says that housing authority board members can be removed; it says that it is unconstitutional to remove board members who are technically city officers and the only way to remove a board member is by impeachment. The City Attorney will give the City Council a copy of this Supreme Court opinion and it is hoped that this will prevent any action they plan on taking as it relates to MHA Board appointments. However, in the event that they proceed and adopt the resolution proposed, the MHA would have no choice but to take action to protect the current board members from being removed. All he is concerned with is that we have a board that is rightfully appointed, particularly since the Authority has to deal with issues and policies that affect the lives of the people living in its housing communities on a daily basis and has to be fiscally responsible and accountable to HUD to ensure that it conducts

McInnish 088

15644

it business in accordance with HUD's rules and guidelines. There is no room to allow any disruption that may be caused due to the conflicting Attorney General opinions. Commissioner Upchurch asked if the Montgomery Housing Authority is indeed the only board where the mayor appoints the board. She stated that she thought that the mayor appointed all the boards. Mr. McInnish explained that housing authorities are governed by State Law, Title 24 that states, "the board shall be composed of five members who shall be appointed by the mayor." We are the only housing authority board in the State that has nine members and the members are appointed by City Council. The issue is that whether or not you can have a law that applies to only one housing authority when every other housing authority are governed by a general law that is found in the Code. He did write to the mayor, as he usually does, is that we have two appointments coming up. One of the other issues that need to be looked at is something that has not made a lot of sense is the annual meeting that is held in May each year at which time we elect a Chairman and Vice Chairman each year and yet we have appointments in June. This past year we ran into a situation where the board elected Mr. Holmes in May and his term as Commissioner expired a month later. The Executive Director informed the board that he would be bringing to the board, possibly at the next board meeting, a request approve and change the By-Laws so that the Annual Meeting is moved from May to either July or August. Of course, due notice will

15645

be required to given and it can only be implemented in the next year. With this Mr. McInnish, concluded his Director's report and turned the meeting back to the Chairman.

There was no "Unfinished Business" to report.

The Chairman then proceeded to address the items under "New Business" commencing with Agenda Item No.5, *to consider a resolution authorizing the Attorneys for the Montgomery Housing Authority to request legal authority from a court or courts of competent jurisdiction, to answer questions relating to a) removal of sitting board members and b) making of board appointments, in accordance with HUD Litigation Guide procedures*. Chairman Holmes requested the Executive Director to brief the board on this request. Mr. McInnish informed the board, if the board approves this request, he would be required to follow HUD's Litigation Guide procedures and send this up to HUD for their approval, without which the Authority would not be able to proceed in this matter. Commissioner Upchurch inquired as to why the Authority could not get the City to file the declaratory action. Mr. McInnish explained that the City might not have any standing on the issue of removal but they very well file the declaratory action on appointment power. However, in case they do not, we need to have the approval in place to do this. After briefly discussing some concerns and questions that the board had on whether the outcome of any decision could affect the number of commissioners currently on the board; if the decisions thus

15646

far taken by sitting board members appointed by the mayor could be challenged, etc., the Executive Director requested that the board consider the request before them and, in accordance with the By-Laws a roll-call vote will be taken. Commissioner Barley then offered the following motion, and moved its adoption:

RESOLUTION NO. 5182

BE IT RESOLVED by the Board of Commissioners of The Housing Authority of the City of Montgomery, Alabama that approval is hereby accorded for the Montgomery Housing Authority to proceed in seeking legal authority from a court or courts of competent jurisdiction, to answer the questions relating to a) the removal of sitting board members and b) making of board appointments, in accordance with HUD Litigation Guide procedures.

Commissioner Bollinger seconded the motion that was voted on as follows:

> AYES: Commissioner Barley
> Chairman Holmes
> Commissioner Long
> Commissioner Bolligner
> Commissioner Barnett
>
> NAYS: Vice Chairman Taylor
>
> ABSTAIN: Commissioner Upchurch

The motion was passed this sixteenth day of March 2004, with a vote of five in favor, one against and one abstained.

McInnish 091

RESOLUTION NUMBER __5182__

BE IT RESOLVED THAT THE Attorneys for the Montgomery Housing Authority prepare whatever is necessary to request legal authority from a court or courts of competent jurisdiction to answer the questions: "May a sitting board member appointed under authority of law and an Opinion of the Attorney General be removed without impeachment?" and "Are the members of the Board of Commissioners appointed by the Mayor as proscribed in the Code of Alabama 1975, or by a law applying only to the Montgomery Housing Authority?" This resolution shall be presented to the U.S. Department of Housing and Urban Development under the HUD Litigation Guide for concurrence or approval.

RESOLUTION MADE BY: _Barl_

SECONDED BY: _Bollinger_

ROLL CALL VOTE:

BARLEY       Y
HOLMES       Y
LONG         Y
DRINKARD     Y
BOLLINGER    Y
TAYLOR       NO
BARNETT      Y
UPCHURCH     abstain
KNIGHT       abstain

5 yes
1 no
1 abstain

RESOLUTION PASSED __✓__  FAILED ____

_____
SECRETARY

McInnish 092