DEFENDANT'S EXHIBIT

28

# Montgomery Housing Authority

**C. MICHAEL McINNISH**
EXECUTIVE DIRECTOR

1020 BELL STREET • MONTGOMERY • ALABAMA • 36104-3006
(334) 206-7200 • (334) 206-7222 Fax • MHAToday.org

**THOMAS TAYLOR**
CHAIRMAN

July 30, 2004

Hon. Terry G. Davis
Davis & Hatcher, LLC           VIA FACSIMILE ONLY
4183 Carmichael Road, Suite B
Montgomery, AL 36106

Dear Mr. Davis:

There seems to be some confusion about the reports we submit at the board meetings. Monthly closeouts are required, books closed, the general ledger completed and then a report is given for the board. At the July meeting, the report was given for the April time period. Our fiscal year ends March 30 and we must close the books for the year and prepare reports for HUD and the board. Last year at the July meeting, the reports were submitted for the FYE March 03. At our September 2003 meeting, reports were presented for May 03. We usually present the reports for months ending from two to three months previously. The statements presented are always the most current statements we have reflecting the books as they are closed for the month represented. I explained the process to the board last year and told them that there was always a delay after the closing of the fiscal year in getting accurate reports prepared.

You may certainly review the financial statements and pick up our most current statements at your request. I have just spoken with our accounting department and the May statement is now available. It will be presented at the next board meeting, but you may get one early by calling Ms. Gail Moseley to schedule a time to meet with her. Her direct line is 206-7127.

There was not a retainer paid to Bradley Arant. They are on the same retainer basis your firm is on, $1000.00 per month, and they are paid for extra work done as the attorney for the Montgomery Housing Authority. Any expenses which were incurred after March 30 appear in the April statement, as our fiscal year had ended and prior payments were in the previous fiscal year. The board approved the financial statements for FY ending March 03 during the May board meeting. These were then submitted to HUD.

We do have some money left in our new budget under the legal category. Our fiscal year started April 1 and payments made after that date will be in the new budget. There is $12,000 budgeted for you and $12,000 budgeted for Bradley Arant as per our contracts. There is an additional amount budgeted for other expenses which may arise.

Once again, the issue relating to your payment is the HUD Litigation Guide. As I told you prior to the board meeting, I spoke with Mr. Sprayberry and he told me he would



LUAN LONG, Vice-Chair      RICHARD N. BOLLINGER      JOHN F. KNIGHT Jr.      ANNE B. UPCHURCH
BETTIE BARNETT             CLIFFORD HOLMES           RON DRINKARD            DAVID S. BARLEY, II

McInnish 315    5

approve the payment of the amounts you billed upon receipt of a letter stating the way we could pay the money to you, as it was extraordinary and not budgeted. I wrote him that letter and am awaiting his response. Upon approval, you will be paid. However, I cannot knowingly violate the HUD Litigation Manual. I explained this the day after the April board meeting to you.

I am quite taken back by your allegation that "it appears that each time the Board questions you about matters clearly within their purview, you throw out childish unresponsive comments." I was surprised to hear that you were told by some commissioners that my documents contained statements which "were false".

I believe I should be given the opportunity to address these specific issues and allegations out of fundamental fairness. I am therefore requesting the following:

1. A list of each time that the board has asked a question that I have thrown out a childish unresponsive comment. You have said this appears to happen each time the board asks questions.
2. The matters in my prior memos which were false.
3. What was unresponsive in my memo about questions raised by the board concerning the lawsuit? I was under the impression that I followed the board resolution and initiated the action (with your advice and help) in accordance with the resolution. If you will recall, the lawsuit was filed only to stop the removal of board members. I believe I have supplied complete and valid reasons and documentation.

I consider these allegations to be serious and would like the opportunity to address each one individually. Please respond to these requests by next week so I can gather information for our meeting on the 12th. I will be busy with HUD on Wednesday and Thursday, so it would be very helpful if you would furnish the information by Tuesday, August 3. Thank you for your assistance in providing this information.

I trust that these answers are responsive to your questions. I have put the appointment on my calendar and will be here at 9:30 a.m. on August 12, 2004. If we are going to be discussing the representation of Bradley Arant, please let me know as I would like to ask Mr. Stewart to come to the meeting.

Please contact Ms. Moseley directly to schedule a time for you to review or pick up the reports as you requested. I will see you on the 12th.

Sincerely,

C. Michael McInnish
Executive Director