**DEFENDANT'S EXHIBIT 47**

# NOTICE OF CHARGES TO C. MICHAEL MCINNISH

**C. Michael McInnish is hereby charged with the following acts which constitute grounds for the recommendation of termination and dismissal from employemt, to wit:**

### Charge #1. Misconduct

Concealing and failing to disclose and transmit to the Montgomery Housing Authority Board of Commissioners the September 24, 2004 offer of Mayor Bobby Bright on behalf of City of Montgomery to purchase from the Montgomery Housing Authority, all of the Riverside Heights Housing Development for Twelve Million ($12,000,000) Million Dollars.

### Charge #2. Insubordination

Failing and refusing to follow a mandate and directive from the Board of Commissioners to maintain a legal position of neutrality and not pursue an advocacy position on the issue of whether the Mayor or City Council have the authority to appoint members of the Board of Commissioners. *The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama*, et., al. (CV-04-994-R).

### Charge #3. Insubordination

Failure and refusal to raise an issue in litigation against the City Council of the City of Montgomery which the Board of Commissioners approved and directed by included in the lawsuit styled . *The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama*, et., al. (CV-04-994-R).

### Charge #4 Misconduct

Providing false, misleading and incomplete information to the Public Housing Authority Insurance Group to induce it to pay legal bills for a MHA attorney in a lawsuit not otherwise covered by insurance. *The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama*, et., al. (CV-04-994-R) and *State of Alabama, ex rel. Charles Jinright, et al,. vs. LuAn Long*, et.al., CV-04-1458-R

### Charge #5 Misconduct

Providing false, misleading and incomplete information to the Board of Commissioners regarding insurance coverage for litigation involving appointments to the Board of Commissioners. *The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama*, et., al. (CV-04-994-R) and *State of Alabama, ex rel. Charles Jinright, et al,. vs. LuAn Long*, et.al., CV-04-1458-R

### Charge #6 Misconduct

Abuse of supervisory authority in granting special privileges and demonstrating favoritism to an unnamed staff member in the following manner:

(a) Granting unnamed full-time staff member excessive leave and authorizing paid absences from MHA duties for travel to frequent meetings around the country between April 1, 2002 and October 31, 2004.

(b) Granting and approving pay grade change and out-of-step pay raise to unnamed staff member on December 20, 2003, without providing justification for grade change and pay increase.

(c) Unauthorized delegation of duties to unnamed staff member and failing to follow approved protocol for delegation duties to assistant executive director as defined by the MHA-approved organizational chart.

### Charge #7. Misconduct

Between May 12, 2001 and December 31, 2002, while serving as a full-time employee the Montgomery Housing Authority, Mr. McInnish performed services-for-hire and received compensation from other public housing authorities during times he was on the payroll of the Montgomery Housing Authority and receiving compensation.

### Charge #8. Failure to Perform Duties

Excessive travel and absences from duties as executive director of the Montgomery Housing Authority between June 24, 2002 and October 31, 2004.

### Charge # 9. Misconduct

After being placed on administrative leave by the MHA Board of Commissioners on November 16, 2004, Mr. McInnish, without authorization, deleted and erased Montgomery Housing Authority email messages up to November 24, 2004.

### Charge #10. Misconduct

Using Montgomery Housing Authority funds to pay travel and lodging expenses for a board member for an unauthorized and undisclosed trip to Washington D.C., which occurred on August 22-23, 2004.

MONTGOMERY HOUSING AUTHORITY

MONTGOMERY HOUSING AUTHORITY, )
                                                      )
    Petitioner,                             )
                                                      )
v.                                            )
                                                     )   Case No. 01-2004
C. MICHAEL MCINNISH,             )
                                                    )
    Respondent.                         )
                                                     )

## RESPONSES TO CHARGES TO C. MICHAEL MCINNISH

**Charge #1. Misconduct**

Concealing and failing to disclose and transmit to the Montgomery Housing Authority Board of Commissioners the September 24, 2004 offer of Mayor Bobby Bright on behalf of the City of Montgomery to purchase from the Montgomery Housing Authority, all of Riverside Heights Housing Development for Twelve Million Dollars.

**RESPONSE:**

Not true. The $12 Million commitment by the Mayor was no secret. It was known by the Board, the City and HUD officials and by the residents of Riverside through several meetings with them. There was no specific "offer" on September 24, 2004. Board Meeting minutes specifically mention the $12 Million. There have been lengthy discussions between Mr. McInnish and the Board about all aspects of Riverside. Mr. McInnish has worked very hard to make the Riverside sale possible. Mr. McInnish was determined to see that the residents of Riverside would be protected and that the

1

residents could move into new homes as had been the plan from the beginning and as had been promised to the residents of Riverside 6-4. All parties are aware that to protect the tenants of Riverside, at least $30 Million must be raised. The needs of the residents must be met in accordance with HUD requirements before a sale can be approved. Mr. McInnish was in the process of exploring ways to leverage the $12 Million through "mixed financing" strategies.

**Charge #2. Insubordination**

Failing and refusing to follow a mandate and directive from the Board of Commissioners to maintain a legal position of neutrality and not pursue an advocacy position to appoint members of the Board of Commissioners. *The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama, et al* CV-04-994-R.

**Charge # 3. Insubordination**

Failure and refusal to raise an issue in litigation against the City Council of the City of Montgomery which the Board of Commissioners approved and directed included in the lawsuit styled. *The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama, et al* CV-04-994-R.

**RESPONSES TO CHARGES 2 & 3:**

Not True. Mr. McInnish did not fail or refuse to follow any directive of the Board and at all times maintained a position of neutrality. Mr. McInnish had no interest in who made the appointments, but was concerned that all Board members be lawfully appointed. Without a Board with legal authority to make decisions, HUD funding could be jeopardized and the integrity of MHA programs could be threatened.

McInnish 677

## Charge #4. Misconduct

Providing false, misleading and incomplete information to the Public Housing Authority Insurance Group to induce it to pay legal bills for a MHA attorney in a lawsuit not otherwise covered by insurance. *The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama, et al* CV-04-994-R and *State of Alabama, ex rel. Charles Jinright, et al vs. Luan Long* CV-04-1458-R.

**RESPONSE:**

Not true. When litigation arises or is threatened, the MHA is required to notify the insurer. The insurer decides if there is coverage. Claims information requested by the insurer was provided in the same manner as in other cases.

## Charge # 5. Misconduct

Providing false, misleading and incomplete information to the Board of Commissioners regarding insurance coverage for litigation involving appointments to the Board of *Commissioners. The Housing Authority of the City of Montgomery, Alabama vs. The City Council of the City of Montgomery, Alabama, et al* CV-04-994-R and *State of Alabama, ex rel. Charles Jinright, et al vs. Luan Long* CV-04-1458-R.

**RESPONSE:**

Not true. See Response to # 4.

## Charge # 6. Misconduct

Abuse of supervisory authority in granting special privileges and demonstrating favoritism to an

3

unnamed staff member in the following manner:

(a) granting unnamed full-time staff member excessive leave and authorizing paid absences from MHA duties for travel to frequent meetings around the country between April 1, 2002 and October 31, 2004;

(b) Granting and approving pay grade change and out-of-step pay raise to unnamed staff member on December 20, 2003, without providing justification for grade change and pay increase.

(c) unauthorized delegation of duties to unnamed staff member and failing to follow approved protocol for delegation duties to assistant executive director as defined by MHA approved organizational chart.

**RESPONSE:**

Not true. No special privileges were provided and no favoritism shown to any employee.

(a) Mr. McInnish has no authority to grant leave. Mr. McInnish did authorize travel for a number of employees to receive job-related training and education and to attend job-related conferences. All such travel will be proven to be for the benefit of MHA and its residents.

(b) Mr. McInnish has no authority to grant or approve pay grade changes or out-of-step pay raises. These steps must be granted and approved by the City/County Personnel Board (CCPB). Mr. McInnish did recommend such steps for a number of employees and provided appropriate justification to the CCPB.

**Charge # 7. Misconduct**

Between May 12, 2001 and December 31, 2002, while serving as a full-time employee of the Montgomery Housing Authority, Mr. McInnish performed services for hire and received

4

compensation from other public housing authorities during times he was on payroll of the Montgomery Housing Authority and receiving compensation.

RESPONSE:

Mr. McInnish did some work for other housing authorities. All such work by Mr. McInnish was done openly and with the knowledge and approval of the proper authorities in accordance with HUD and MHA guidelines and practices.

### Charge # 8. Failure to Perform Duties

Excessive travel and absences from duties as executive director of the Montgomery Housing Authority between June 24, 2002 and October 31, 2004.

RESPONSE:

Mr. McInnish did travel on behalf of MHA. His travel was not excessive and was all job-related and justified. He received and provided job-related education and training. He met with HUD officials and held positions in housing-related organizations. The evidence will show that all travel was for the benefit of MHA and its residents. All travel issues were fully discussed and resolved to the satisfaction of the Board at the October 2004 Board Meeting.

### Charge # 9. Misconduct

After being placed on Administrative leave by the MHA Board of Commissioners on November 16, 2004, Mr. McInnish, without authorization, deleted and erased Montgomery Housing Authority email messages up to November 24, 2004.

5

RESPONSE:

Mr. McInnish deletes junk and personal e-mail he does not need on a regular basis as does most everyone who receives e-mail. This is necessary to keep the system from backing up and the e-mail flowing. There is no MHA policy prohibiting this practice. To the contrary, it is expected that such e-mail will be deleted. No e-mail was deleted that would affect MHA.

Charge #10. Misconduct

Using Montgomery Housing Authority funds to pay travel and lodging expenses for a board member for an unauthorized and undisclosed trip to Washington, D.C. which occurred on August 23-24, 2004.

RESPONSE:

Mr. McInnish and Board Member Richard Bollinger traveled to Washington to meet with HUD officials to expedite the Riverside project. The trip was neither unauthorized or undisclosed.

M. Wayne Sabel
Maricia Woodham
Attorneys for C. Michael McInnish

OF COUNSEL:

SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road, Ste. 100-5
Montgomery, Alabama 36106
(334) 271-2770
(334) 277-2882 (fax)

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by facsimile and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 20 day of January, 2005.

Fred F. Bell, Sr.
P.O. Box 331
Hayneville, AL

Terry Davis, Esq.
Davis & Hatcher, LLC
4183 Carmichael Road, Suite B
Montgomery, AL 36106

_____
M. Wayne Sabel