

U. S. Department of Housing and Urban Development
Birmingham Office
Region IV
Medical Forum Building, Suite 900
950 22nd Street, North
Birmingham, Alabama 35203-5301

Mr. Lemuel E. Boggs
Interim Executive Director
Montgomery Housing Authority
1020 Bell Street
Montgomery, AL 36104-3056

SUBJECT: Requests for Proposals (RFP) for Legal Services
Eviction and Collection and General Legal

Dear Mr. Boggs:

This responds to the PHA's memoranda received on January 7, 2005, requesting approval of the award for two qualified legal firms to provide legal representation and represent the PHA in 1) eviction and collection matters and 2) general legal matters.

Based on our review of both RFPs, the proposals received, and the PHA's ratings, we were unable to determine that the evaluations adequately document and support the selections made. We offer the following comments concerning the proposals:

RFP for Evictions and Collections

- The evaluations are not signed and do not contain narratives justifying how or why the scores were given.
- The points awarded by the evaluators to the proposals do not appear to be appropriately assigned based on the information provided in the proposals.
- There is no evidence that an evaluation panel was selected for this proposal or indication of who is on the panel.
- The Attorney Employment Agreement submitted for review from Davis, Hatcher & Parchman, LLC, indicates selection has been made prior to HUD approval and
    1. changed the term from that stated in the RFP;
    2. changed the notice for termination from 30 days as stated in the RFP to 90 days; and
    3. does not list scope but references RFP.
- There is no documentation on whether cost analysis is necessary for evaluation of this proposal.

www.hud.gov     espanol.hud.gov



70

RFP for General Legal Services

- The evaluations are not signed and do not contain narratives justifying how or why the scores were given.
- The points awarded by the evaluators to the proposals do not appear to be appropriately assigned based on the information provided in the proposals.
- There is no evidence that an evaluation panel was selected for this proposal or indication of who is on the panel.
- Evaluations are not documented in a thorough, objective manner that will support selection in case of litigation. We are in receipt of a copy of a letter from a bidder requesting documentation on how the selections were made.
- There is no evidence that a cost/price analysis was conducted or that negotiations were properly conducted or documented, nor was the file documented to show that an in-depth cost analysis was not necessary. The Attorney Employment Agreement submitted separately for Davis, Hatcher & Parchman, LLC, indicated that negotiations were conducted with this firm; however, there is no documentation to indicate that negotiations were conducted with the other bidders.

In accordance with the Procurement Handbook 7460.8, REV-1, Chapter 4, all evaluations should be impartial, consistent, and fair. Objectivity must be readily apparent upon review. The technical evaluation requires a detailed evaluation plan to be successful that shall include a rating sheet for each offeror, which lists the evaluation criteria and the weight assigned. The rating description shall be clearly stated and should require the technical evaluator to assign both numerical ratings and narrative justifications to support the ratings given.

An evaluation panel should be officially appointed in writing with the chairperson indicated. (We recommend the panel be comprised of persons who have a technical level of expertise in performing similar work as solicited in the RFP.) The evaluation shall be based on the evaluation factors set in the RFP and not on personal knowledge or factors not specified in the RFP. Evaluators should be careful to make the evaluations as thorough, objective, and well documented as possible since the evaluations may be made public after award and especially in the case of litigation.

An evaluation report documenting the evaluation of each technical proposal shall be developed that ranks the offerors by technical merit, using point scores and/or similar methodology. A narrative must accompany the scores to explain how the scores were determined.

The Contracting Officer or someone on staff knowledgeable in public contract cost and price analysis shall perform an evaluation of cost analysis when the RFP requests cost proposals broken down by element of cost. The evaluation should be performed using appropriate techniques required in Chapter 4-35 and any other evaluation process described in the RFP.

For the purpose of conducting negotiations, the PHA should develop a competitive range taking into account the evaluation of both the technical and cost/price proposals; and each proposal should be classified whether they are acceptable based on the established competitive range. All proposals determined acceptable or potentially acceptable shall be included in the competitive range. A prenegotiation memo based on the results of the technical and cost evaluations should be prepared by the Contracting Officer explaining which offerors are in the competitive range.

*Negotiations shall be conducted with all offerors in the competitive rage.* A memorandum of negotiation objectives should be prepared to outline the goals of the negotiation and to provide a basis for documenting the procurement file with the results of the negotiations, helping to create a complete record to justify the award of the contract. Any substantial oral clarification of a proposal shall be made in writing by the offeror.

After negotiations are completed, the Contracting Officer shall establish a common date and time for submission of best and final offers. After best and final offers are received, a final round of technical and cost/price evaluations must occur. The Contracting Officer shall prepare a price negotiation memo that summarizes the results of the negotiation and explains the basis for the award decision.

Awards shall only be made to responsible contractors, in accordance with the terms of the solicitation, taking into consideration both price and technical factors.

The PHA should reevaluate the proposals using the procurement requirements stated above concerning evaluation of proposals and resubmit the reevaluations to this office for approval before issuance of the contracts for these RFPs. We would expect to see evaluations properly documented in all selection of all proposals submitted for our review.

If you have any questions or need additional information, please contact me at (205) 731-2630, extension 1101.

Sincerely,

RES 1/18/2005

R. Edmond Sprayberry
Director
Office of Public Housing