U. S. Department of Housing and Urban Development
Birmingham Office
Region IV
Medical Forum Building, Suite 900
950 22nd Street, North
Birmingham, Alabama 35203-5301

February 17, 2005

Mr. Thomas Taylor
Chairman, Board of Commissioners
Montgomery Housing Authority
3929 Piedmont Court
Montgomery, AL 36104

Dear Mr. Taylor:

I have received your letter dated February 9, 2005, concerning a proposed settlement with Mr. Mickey McInniah. Your letter stated that the Board of Commissioners of the Montgomery Housing Authority (Board) met in a special session on February 9, 2005, and "strongly feels that settlement is the most cost effective means to end this matter." I was informed that the eight members of the Board who were present unanimously voted to seek HUD approval of a settlement based on eleven terms including a severance payment of $110,000.00 and payment of reasonable attorney fees for Mr. McInnish totaling $16,500.00.

I have consulted with HUD's legal counsel and a decision has been made not to approve the proposed settlement. I do not believe an agreement under the stated terms to be in the best interest of HUD or the residents of the Montgomery Housing Authority. Also, the Board has not provided any evidence that this proposed settlement is in the best interest of the Montgomery Housing Authority or is cost effective.

Without the knowledge of what the specific charges were, the Board agreed to suspend Mr. McInnish with pay on November 16, 2004. Since that time, specific charges have been made and he has responded to those charges. I would recommend that the Board hold a special meeting to review the charges and Mr. McInnish's responses and take a vote as to whether or not his answers are adequate. If Mr. McInnish answered the allegations satisfactorily, then the Board could instruct him to return to work and no financial settlement would be necessary. If after discussing the charges and responses, the Board still believes that termination of Mr. McInnish is required, then a resolution to proceed with the hearing should be passed.

www.hud.gov     espanol.hud.gov

DEFENDANT'S EXHIBIT
71

I received a copy of Mr. Terry Davis' resignation letter; however, since he did not have a contract with the Board, I don't believe such a letter was necessary. Nevertheless, if the Board votes to proceed with the termination of Mr. McInnish, then you may need legal representation. If legal representation is needed, then I recommend that Mr. Lane Boggs procure an attorney in accordance with existing procurement instructions from my office.

If it is necessary to proceed with the hearing, the Board shall ensure that the hearing officer is unbiased. A hearing officer should be picked that is acceptable to the Board and Mr. McInnish.

If the Board wishes, I will be meet with you at a mutually agreeable time and date to discuss the current issues.

I hope the Board and Mr. McInnish can resolve these difficult issues in a fair and equitable manner. If I can be of assistance, please contact me immediately.

Sincerely,

R. Edmond Sprayberry
Director
Office of Public Housing

cc: Board of Commissioners
    Mr. Lane Boggs, Interim Executive Director