

U. S. Department of Housing and Urban Development
Birmingham Office
Region IV
Medical Forum Building, Suite 900
950 22nd Street, North
Birmingham, Alabama 35203-5301

June 13, 2005

Mr. David S. Barley, II
Chairman, Board of Commissioners
Montgomery Housing Authority
3830 Strathmore Drive
Montgomery, AL 36104

SUBJECT: Review of April 26, 2005, Board Meeting Minutes

Dear Mr. Barley:

This acknowledges receipt of the April 26, 2005, Board Meeting Minutes and the agenda for the May 17, 2005, annual meeting. In reviewing the minutes of the Board meeting, we noted Board Resolution 5319 in which the PHA resolved that counsel was "authorized to continue with settlement negotiations, including the mediation scheduled for May 16, 2005, and everything else that was discussed in Executive Session."

Please be reminded that this office must approve any settlement offers with respect to Mr. Michael McInnish, including any leave payments, before an offer is made. Additionally, our letter of May 24, 2005, requested the status of the Request for Proposals for a hearing officer. To date, we have not received an update on this issue or on a scheduled date for Mr. McInnish's hearing with the Board.

Funds were approved in the PHA's budget for the Executive Director's salary, however, the Board's failure to provide a hearing for Mr. McInnish in a timely manner and the decision to allow him to continue suspension with pay over this extended period of time (approximately seven months to date) could constitute a misuse of program funds and a breach of the ACC. The PHA's Personnel Policy allows other employees to be suspended for no more than five days without the benefit of a formal hearing before the Executive Director and addresses only suspension without pay. The Personnel Policy does not address employees suspended with pay.

According to Guidebook 7510.1, PIH Low-Rent Technical Accounting Guide, "funds are provided by HUD to the PHA for a particular program or purpose. In each instance, the use of the funds is governed by the program regulations, the program budget which constitutes the approved plan for expenditures of those funds, and the applicable cost principles of OMB Circular A-87." Section 201 of the Annual Contributions Contract (ACC) requires the PHA to "at all times" operate solely for the purpose of providing decent, safe, and sanitary dwellings in

www.hud.gov    espanol.hud.gov



DEFENDANT'S EXHIBIT
72

such manner as to promote serviceability, *efficiency*, economy and stability. Section 406 requires all costs incurred to be *necessary* for the operation of the PHA in this manner. It is the Board's responsibility to ensure that all expenditures are in compliance with Federal laws.

We are requesting that you provide us with a timeline of the required actions in bringing this situation to a speedy resolution. The timeline should include anticipated dates for selection of the hearing officer and for scheduling and the completion of a hearing. Please provide this information no later than June 27, 2005.

Please share this letter with each of the other members of your Board of Commissioners as soon as possible. Should you have any questions, please do not hesitate to contact me at (205) 731-2630, extension 1101.

                                             Sincerely,

                                             R. Edmond Sprayberry
                                             Director
                                             Office of Public Housing

cc:
Mr. Lemuel E. Boggs
Interim Executive Director