## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is made by Mickey McInnish ("McInnish") in favor of the Montgomery Housing Authority and its Board of Commissioners (hereinafter collectively, "the Authority");

WHEREAS, McInnish is employed as an Executive Director at the Montgomery Housing Authority;

WHEREAS, on November 16, 2004, McInnish was placed on administrative leave pending a hearing on matters presented to the Board of Commissioners in executive session;

WHEREAS, on January 4, 2005, McInnish submitted a Charge of Discrimination to the EEOC, in which he claimed race discrimination and retaliation against him by the Authority (EEOC Charge no. 130-2005-01380);

WHEREAS, the Authority specifically disclaims and denies McInnish's allegations and denies any liability to McInnish, including, but not limited to, any liability relating to McInnish's employment with the Authority, his administrative leave, and his retirement; and

WHEREAS, to avoid all further legal expense and uncertainty, the parties are desirous of entering into a compromise, settlement, and release with respect to all claims or causes of action, as more fully described below.

NOW, THEREFORE, it is agreed as follows:

1.   For and in consideration of the sum of $25,000 (Twenty Five Thousand and No/100 Dollars), in attorney's fee and costs to be paid in one check to "Sabel & Sabel, P.C.", within 30 business days after this Agreement is signed by the parties and their counsel, the receipt and sufficiency of which is hereby acknowledged, McInnish, now and forever, fully and finally releases, acquits, and discharges the Authority and its officers, directors, Board Members (in their individual and official capacities), trustees, representatives, attorneys, predecessors,

successors, parent companies, subsidiaries, affiliated companies, assigns, insurers, agents, employees, and former employees (hereafter sometimes collectively referred to as the "Released Parties"), from any and all claims, liability, damages, attorney's fees and costs, injuries, causes of action, demands and/or losses, known or unknown, of any kind or character, now accrued or hereafter to accrue, arising out of, McInnish's employment with the Authority, including, but not limited to, any claims arising from or related to federal, state, or local constitutional, statutory, or regulatory provisions affecting employment rights and/or relationships, including, but not limited to, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Fair Labor Standards Act, the Occupational Safety and Health Act, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act, the Alabama Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, the Americans with Disabilities Act of 1990, and the Family and Medical Leave Act of 1993, and claims under Alabama law, including but not limited to claims for breach of contract, conversion, libel, slander, and invasion of privacy; and McInnish hereby acknowledges full, final, and complete accord, settlement, and satisfaction of any and all claims he may have against the Authority, including, but not limited to, any claims for attorneys' fees and costs, and any claims arising out of, or related to, McInnish's employment with the Authority, his administrative leave, and his retirement.

2.  The Authority dismisses with prejudice all charges or claims brought or which could have been brought against McInnish through the date of this Agreement.

3.  McInnish shall continue to be on administrative leave with full benefits until Thursday, September 15, 2005. During the time when he is on administrative or other leave, McInnish agrees to assist the MHA and the Board as a consultant, as called upon by the Board.

McInnish 693

JUL 25 2005 11:07 AM FR BALCH BINGHAM    334 426 3115 TO #10292772882    P.04/12

4. On September 15, 2005, counsel for McInnish shall submit a letter by certified mail to counsel for the Authority, attached as Tab A, from McInnish announcing his retirement on January 3, 2006. McInnish agrees that if he is paid for other employment before September 15, 2005, his administrative leave payments shall terminate as of the date of his new employment.

5. From September 16, 2005 until January 3, 2006, McInnish will be on annual, compensatory, holiday, and/or sick leave, which shall be paid in the usual manner, including all benefits. The Board will pass the resolution attached at Tab B at the September 2005 Board meeting authorizing McInnish's early retirement and the retirement benefits to which all retirees are entitled, including medical insurance.

6. Within two weeks after this Agreement is signed by all parties and their counsel, McInnish may, at a reasonable time to be agreed by the parties, go to Montgomery Housing Authority's office and retrieve his personal property which is located there.

7. McInnish may purchase the HUD laptop computer he used as Executive Director at fair market value, subject to HUD's rules and regulations and/or any regulation of the Authority, which may require sale by competitive bid, or other means in accordance with the Authority's disposition of excess property policy.

8. Within one week after this Agreement is signed by the Parties and their counsel, the Authority shall remove from McInnish's personnel file all adverse material and a copy of the file shall be provided to McInnish.

9. On September 15, 2005, the Authority shall provide McInnish a signed original of the letter attached to this Agreement as Tab C, stating that he had good job performance and

McInnish 694

JUL 25 2005 11:07 AM FR BALCH BINGHAM    334 426 3115 TO #18292772882    P.05/12

announced his retirement while in good standing. A copy of this letter shall also be placed in his personnel file.

10. McInnish further represents and agrees that after this Agreement is signed by the parties and their counsel, he will not apply for employment with the Authority in any capacity, except by express invitation by a majority of the Board members, duly recorded in minutes of the Board. The Board may reinstate McInnish at any time on or before September 15, 2005 at its discretion by majority vote, duly recorded upon the minutes of the Board.

11. McInnish agrees not to disparage in any way the activities of the Authority, and to cooperate in obtaining HUD approval of this settlement agreement, if required. The Authority agrees not to disparage in any way the activities of McInnish as attorney for the Authority, or its General Counsel or Executive Director. The parties agree that they will take no action regarding the matters covered in this Agreement that would harm, disparage, injure, or impair the business, reputation, or operations of the parties, and/or the Released Parties.

12. The parties agree that no comment concerning this matter shall be made until September 15, 2005 and the statement attached to this Agreement as Tab D will be their joint response to inquiries from third parties, including the media, regarding this Agreement and the matters that it releases.

13. The Board may initiate a search for a new Executive Director after this Agreement is signed by all parties. McInnish consents to this search, and agrees to cooperate with it, as requested by the Board.

14. This Release is a contractual settlement executed for the purposes of compromising disputed claims and to avoid litigation. The Released Parties have expressly denied any and all alleged liability to McInnish. This Agreement neither is, nor shall be deemed

McInnish 695

to be, an admission of liability on the part of such Released Parties, all such liability hereby expressly being denied.

15. This Agreement shall be binding upon, as appropriate, the successors, heirs, and assigns of McInnish. McInnish further expressly agrees, represents, and warrants that all agreements and understandings relating in any way to the subject matter of this Agreement are expressed herein. McInnish further represents that there are no oral agreements or understandings of any nature whatever which contradict, vary, modify, supplement or add in any way to the expressed written terms of this Agreement. McInnish enters into this release for the purposes of making full and final compromise, adjustment, and settlement of the claims as more fully described above.

16. McInnish understands and agrees that the amount paid to his attorney as set forth in paragraph 1, is not in the nature of wages to him, and that no taxes will be withheld from that amount by the Released Parties. McInnish represents that the amount to be paid directly to his attorneys is to compensate his attorneys for their time, fees, costs, and expenses in representing him in this matter. McInnish understands that his attorneys will receive a 1099 Form and represents that his attorneys shall be fully responsible for paying any taxes due on said amount. McInnish further agrees to indemnify and hold the Released Parties harmless from any claims that may be asserted against them based on the failure to withhold taxes on the consideration paid herein.

17. Should any provision of this Agreement require interpretation or construction, it is agreed hereto that a Court, administrative body, or other entity interpreting or construing it shall not apply a presumption that the provisions hereof shall be more strictly construed against any person, party or entity who itself or through its agent prepared the same, it being agreed that the

McInnish 696

signatories hereto are represented by counsel and have fully participated in the negotiation and preparation of all provisions of this Agreement.

18. The parties and their counsel agree to take such further action and to execute such further and additional documents, instruments and writings as may be necessary, proper, required, desirable or convenient for the purposes of fully effectuating the terms and provisions of this Agreement. Each party is to bear, his or its own costs and expenses. The Board shall have no liability for McInnish's attorney fees, costs, and/or expenses except as specifically stated in Paragraph 1.

19. McInnish agrees, represents, and warrants the following:

    a. He has been advised to review this Settlement and Release Agreement with his attorney and that he understands the terms and conditions contained herein;

    b. He understands that he is releasing any claim that they may have under the Age Discrimination in Employment Act and the Alabama Age Discrimination Act and that he is not waiving any rights or claims that might arise after the date of this Agreement;

    c. He has been provided a period of 21 days within which to consider this Agreement;

    d. He has been provided consideration in addition to that to which he is already entitled;

    e. He has a period of seven days following the execution of this Agreement to revoke the Agreement and the Agreement shall not become effective or enforceable until this revocation period has expired.

20. McInnish expressly represents and warrants that he has not assigned or transferred any alleged claim or cause of action against the Released Parties to any third party.

McInnish 697

21. Notwithstanding any other language in this Agreement, the Authority makes no representation about the retirement, medical, or leave benefits to which McInnish is or will be entitled. It is the intention of the parties that upon submission of the resolution authorizing early retirement McInnish will receive the same benefits as other retirees of the Authority. The parties recognize that these benefits are a matter of existing contract, or contracts, the terms of which, in conjunction with the Board resolution at Tab B, determine the benefits McInnish receives.

22. If any portion of this Agreement is later held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result of such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement shall otherwise remain in full force and effect and be construed as if the invalid portion or portions had not been included herein.

_____
C. Michael McInnish

Date: 7/25/05

STATE OF ALABAMA       )
                       )
COUNTY OF MONTGOMERY   )

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that C. MICHAEL McINNISH whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that being informed of the contents of the said instrument, he executed the same voluntarily on the day the same bears date.

GIVEN under my hand and seal this 25th day of July, 2005.

Sherry Crace-Abbott
Notary Public
Print Name: Sherry Crace-Abbott
My Commission Expires: 6-16-08

(NOTARIAL SEAL)

JUL 25 2005 11:07 AM FR BALCH BINGHAM    334 426 3115 TO #10292772962    P.09/12

_____
M. Wayne Sabel

_____
Maricia Woodham

Attorneys for C. Michael McInnish


                                            The Montgomery Housing Authority

                                            By: _____
                                            Its: chairman


STATE OF ALABAMA      )
                      )
COUNTY OF MONTGOMERY  )

Before me, the undersigned Notary Public in and for said County and State hereby certify that David Barley whose name as chairman of the Montgomery Housing Authority is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that being informed of the contents of said instrument, he in said capacity as such officer and with full authority, executed the same voluntarily for and as the act of said Board.

GIVEN under my hand and seal this 27th day of July, 2005.

_____
Notary Public
Print Name: V. Renee Goodwin
My Commission Expires: 10-21-07

(NOTARIAL SEAL)

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Oct 21, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

159140.1

8

McInnish 699

JUL 25 2005 11:08 AM FR BALCH BINGHAM   334 426 3115 TO #18292772862   P.10/12

_____
David Barley, Chairman Board of Commissioners

_____
LuAn Long, Member Board of Commissioners

_____
Richard N. Bollinger, Member Board of Commissioners

_____
John E. Knight, Jr., Member Board of Commissioners

_____
Anne B. Upchurch, Member Board of Commissioners

_____
Bettie Barnett, Member Board of Commissioners

_____
Ron Drinkard, Member Board of Commissioners

_____
Thomas Taylor, Member Board of Commissioners

Acknowledged:

_____
Dorman Walker
Attorney for the Montgomery Housing Authority

_____
Randall Morgan
Attorney for Montgomery Housing Authority

McInnish 700

JUL 25 2005 11:08 AM FR BALCH BINGHAM   334 425 3115 TO #10292772882   P.11/12

"TAB A"

I hereby announce my intention to retire as Executive Director of the Montgomery Housing Authority, effective January 3, 2006. [Signed] C. Michael McInnish [Date] September 15, 2005.

"TAB B"

BE IT RESOLVED by the Board of Commissioners of the Housing Authority of the City of Montgomery, Alabama that authorization is hereby given for the Montgomery Housing Authority to approve the early retirement of C. Michael McInnish given that he has not been employed for 10 years and has not turned 60 years of age. Therefore any provisions relating to age and the term of service are waived and McInnish shall retire as if he met these criteria at the time of retirement and he shall be eligible for retirement with all retirement benefits to which all retirees are entitled, including medical benefits and health insurance, at age 57 with 7.5 years of service as if he had met the age and length of service requirements.

"TAB C"

To Whom It May Concern:

C. Michael McInnish represented the MHA as a private attorney from 1989 until 1998 when he was appointed General Counsel. He served as General Counsel until February 2002, when he was appointed as Interim Executive Director. In June 2002, he was appointed as Executive Director by the Board of Commissioners of the Montgomery Housing Authority.

On September 15, 2005, he announced his retirement, effective January 3, 2006. At this time Mr. McInnish announced his retirement, he was in good standing with the Authority. His job performance as Executive Director was good.

Sincerely,


Chairperson
Board of Commissioners
Montgomery Housing Authority.

10

McInnish 701

"TAB D"

In the Settlement Agreement and General Release dated, ____ July 2005, all disputes, claims and causes of action then existing between Michael McInnish, and the Housing Authority of the City of Montgomery, Alabama and its Board of Commissioners, were resolved. There being no adjudication of the claims between the parties, all claims have been dismissed with prejudice. All charges brought against C. Michael McInnish were dismissed with prejudice on July ____, 2005. McInnish dismissed with prejudice his EEOC claim against several members of the Board and the Authority on July ____, 2005.

McInnish has remained on Administrative Leave with full pay until September 15, 2005 due to irreconcilable differences between McInnish and several members of the Board of Commissioners. On September 15, 2005, McInnish announced his retirement effective January 3, 2006. All issues between McInnish and the Authority were resolved in July of 2005.

11

McInnish 702