IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:05cv1235-MHT |
| | ) |
| R EDMOND SPRAYBERRY, et al. | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT SPRAYBERRY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Comes now Defendant Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds as follows to Plaintiff's Request for Admissions pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1.  The objections and responses set forth herein are based on information now known to Defendant and his attorneys and are made without prejudice to Defendant's right to assert additional objections should grounds for objection be discovered.

2.  Defendant reserves the right to supplement these responses, pursuant to Rule 36, to the extent additional or different information comes available.

3.  Defendant reserves the right to object to the introduction into evidence in this or any other action of any of the responses or objections set forth in response to these Requests. The fact that Defendant has answered any part or all of any particular Request is not intended to and shall not be construed to be a waiver by Defendant of any objection to the relevance or admissibility of any evidence in this or any other action.

## OBJECTIONS AND RESPONSES

**Request:**

(1) The document attached hereto as Exhibit 1, dated July 21, 2004 and the attachment hereto are authentic and genuine copies of documents sent by Defendant C. Michael McInnish to the Board of Commissioners of the Montgomery Housing Authority for the City of Montgomery while McInnish served as Executive Director of the Montgomery Housing Authority.

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 1 as he lacks personal knowledge as to whether Mr. McInnish submitted the documents marked as Plaintiff's Exhibit 1 to the Montgomery Housing Authority for the City of Montgomery("MHA") and no reasonable inquiry by Defendant could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant McInnish and Defendant MHA, and that this Request is better directed to them.

**Request:**

(2) Defendant Housing Authority of the City of Montgomery (hereafter referred to as "MHA") accepted a proposal to pay the following white male and white female members of the law firm of Bradley, Arant Rose and White, LLP., the following rates per hour for legal services:

Chuck Stewart $270.00
Cutter Hughes $290.00
Hope Stewart $180.00
Trip Umbach $245.00
Paul Compton $290.00

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 2 as he lacks personal knowledge and no reasonable inquiry by Defendant could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(3)   Defendant "MHA" entered into a contract with the following Terry G. Davis, an African American, who is a member of the law firm of Davis & Hatcher, L.L.C., to pay the following rate per hour for legal services: Terry G. Davis $175.00 per hour

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 3 as he lacks personal knowledge and no reasonable inquiry by Defendant could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(4)   The documents attached hereto as Exhibit 2 and dated May 25, 2004, June 15, 2004 and July 28, 2004 are copies of authentic and genuine copies of documents received by Defendant Housing Authority of the City of Montgomery, Alabama.

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 4 as he lacks personal knowledge as to whether Defendant MHA received the documents attached as Exhibit 2 and no reasonable inquiry could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(5)   The Housing Authority of the City of Montgomery upon the approval of C. Michael McInnish, paid Charles A. Stewart (white male) $270.00 per hour; Scott B. Smith (white male) $240.00 per hour; and Timothy Cummins (white male) $180.00 per hour for legal services rendered in the case of *Housing Authority of the City of Montgomery vs. The City Council of the City of Montgomery*, CV-04-994-R.

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 5 as he lacks personal knowledge and no reasonable inquiry could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(6)  The Housing Authority of the City of Montgomery paid Terry G. Davis (African American) $175.00 per hour for legal services performed in *Housing Authority of the City of Montgomery vs. The City Council of the City of Montgomery*, CV-04-994-R.

**Response:**

Defendant cannot truthfully admit or deny Request No. 6 as he lacks personal knowledge and no reasonable inquiry could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(7)  The Housing Authority of the City of Montgomery had no contract with Scott B. Smith, Timothy Cummins or Tammy Turner Brown to perform legal services between April 1, 2004 and July 28, 2004.

**Response:**

Defendant cannot truthfully admit or deny Request No. 7 as he lacks sufficient personal knowledge as to whether Defendant MHA had contracts with the stated individuals and no reasonable inquiry could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(8)  C. Michael McInnish as executive director of the Housing Authority of the City of Montgomery approved invoices for payment for legal services rendered by Scott B. Smith at $240/hour, Timothy Cummins at $180/hour and Tammy Turner Brown at $115/hour for legal services performed between April 1, 2004 and July 28, 2004

**Response:**

Defendant cannot truthfully admit or deny Request No. 8 as he lacks personal knowledge and no reasonable inquiry could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendants McInnish or MHA, and that this Request is better directed to them.

**Request:**

(9)  The document attached hereto dated May 3, 2004 as Exhibit 3, is an authentic and genuine copy of a letter from C. Michael McInnish to Barbara Ethredge, Chief Counsel for the U.S. Department of Housing and Urban Development.

**Response:**

Defendant objects to Request No. 9, as it has no relevance to the issues in this litigation.

Subject to and without waiving the foregoing objection, Defendant cannot truthfully admit or deny Request No. 9 as he lacks personal knowledge as to whether Barbara Ethredge received the document attached as Exhibit 3, and no reasonable inquiry could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant McInnish, and that this Request is better directed to him.

**Request:**

(10) R. Edmond Sprayberry and Barbara Ethredge had knowledge of the hourly rates being paid by the Housing Authority of the City of Montgomery to Terry G. Davis and Charles A. Stewart, III for services rendered in the "MHA Declaratory Judgment" action in the Circuit Court of Montgomery County in May, 2004.

**Response:**

Defendant objects to Request No. 10, as it has no relevance to the issues in this litigation.

Subject to and without waiving the foregoing objections, Defendant Sprayberry denies this Request for Admission.

**Request:**

(11) R. Edmond Sprayberry made no effort to address the disparity in the hourly rates paid between Terry G. Davis and Charles Stewart once he became aware of the rates paid.

**Response:**

Defendant objects to Request Number 11 in that it assumes, improperly, that Defendant Sprayberry had knowledge of any "disparity in the hourly rates" paid to Davis and Stewart, and assumes, improperly, that a function of Defendant Sprayberry's office is to monitor or object to hourly rates of legal fees.

Subject to and without waiving the foregoing objections, Defendant Sprayberry denies this Request for Admission.

**Request:**

(12) The document attached hereto as Exhibit 4, and dated March 3, 2005 is a copy of a genuine and authentic document received by Lemuel (Lane) Boggs from Terry G. Davis on which is a hand-written notation provides: "O.K. To Process Thomas Taylor, 3/4/05."

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 12 as he lacks personal knowledge as to what documents Lemuel Boggs received from Plaintiff, and no reasonable inquiry by Defendant could provide such personal knowledge. Defendant Sprayberry

submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(13)   The document attached hereto as Exhibit 5, with attachments, and dated March 3, 2005 is a copy of a genuine and authentic document received by Lane Boggs from Terry G. Davis with copy to Thomas Taylor, R. Edmond Sprayberry and Barbara Ethredge.

**Response:**

Defendant Sprayberry cannot truthfully admit or deny the part of Request No. 13 asking whether Lane Boggs received Plaintiff's Exhibit 5 from Plaintiff, as he lacks personal knowledge as to what documents Lemuel Boggs received from Plaintiff and no reasonable inquiry by Defendant could provide such personal knowledge. Answering further, Defendant admits that the letter attached as Exhibit 5 is dated March 3, 2005, and has an "xc" notation that includes Thomas Taylor, R. Edmond Sprayberry, and Barbara Ethredge.

**Request:**

(14)   The document attached hereto as Exhibit 6 is a copy of a genuine and authentic a letter sent by R. Edmond Sprayberry to Lemuel E. Boggs.

**Response:**

Admitted.

**Request:**

(15)   R. Edmond Sprayberry never reduced any hours or expenses of invoices submitted by Charles Stewart, Scott B. Smith or Timothy Cummins.

**Response:**

Defendant objects to Request No. 15 in that it is irrelevant to the issues in this litigation, it lacks any reasonable temporal restrictions, and it is vague in its terms.

Subject to and without waiving the foregoing objections, Defendant Sprayberry admits that, never having had the need to review the invoices submitted by Charles Stewart, Scott B. Smith, or Timothy Cummins and never having reviewed them, he never reduced any hours or expenses on invoices submitted by those attorneys.

**Request:**

(16)   The document attached hereto as Exhibit 7, dated December 21, 2004, is a copy of genuine and authentic minutes of a regular meeting of the Board of Commissioners of the Housing Authority for the City of Montgomery.

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 16 as he lacks personal knowledge as to whether these documents are actually the genuine and authentic minutes of a regular meeting of the Board of Commissioners of the Housing Authority for the City of Montgomery and no reasonable inquiry by Defendant could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant MHA, and that this Request is better directed to it.

**Request:**

(17)   R. Edmond Sprayberry refused to approve the action of the Board of commissioners of the Housing Authority of the City of Montgomery on December 21, 2004 to employ Terry G. Davis, as counsel for the Board of Commissioners of the Housing Authority of the City of Montgomery.

**Response:**

Defendant Sprayberry denies this Request for Admission.

**Request:**

(18)   R. Edmond Sprayberry approved the employment by the Housing Authority of the City of Montgomery of Randall C. Morgan, a white male, as counsel for the Board of Commissioners of the Housing Authority of the City of Montgomery.

**Response:**

Defendant Sprayberry denies this Request for Admission.

**Request:**

(19)  The Housing Authority Insurance Group paid attorneys fees to counsel for C. Michael McInnish in settlement of his employment claim against the Housing Authority of the City of Montgomery.

**Response:**

Defendant Sprayberry cannot truthfully admit or deny Request No. 19 as he lacks personal knowledge as to what the Housing Authority Insurance Group paid counsel for McInnish and no reasonable inquiry by Defendant could provide such personal knowledge. Defendant Sprayberry submits that this information may be available to the other defendants in this case, namely Defendant Defendants MHA and McInnish, and that this Request is better directed to them.

Respectfully submitted this 14th day of July, 2006.

LEURA G. CANARY
United States Attorney

By: /s/ James J. Dubois

JAMES J. DUBOIS
Assistant United States Attorney
Georgia Bar No. 231445
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7418
E-mail: james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing the same in the U.S. Mail, first class, postage prepaid, properly addressed as follows on this the 14th day of July, 2006.

Dwayne Brown, Esq.
Law office of Dwayne Brown
Post Office Box 230205
Montgomery, Alabama 36123-0205

M. Wayne Sabel, Sr., Esq.
Sabel & Sabel
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106

Dorman Walker, Esq.
Balch & Bingham
Post Office Box 78
Montgomery, AL 36101

Charles A. Stewart, III, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Michael Cohan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101-0116

/s/ [signature]
Assistant U.S. Attorney