IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:05cv1235-MHT |
| | ) |
| R. EDMOND SPRAYBERRY, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT SPRAYBERRY'S OBJECTIONS AND RESPONSES
## TO PLAINTIFF'S INTERROGATORIES

Comes now Defendant Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds as follows to Plaintiff's Interrogatories to Defendant Sprayberry pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1. The objections and responses set forth herein are based on information now known to Defendant and his attorneys and are made without prejudice to Defendant's right to assert additional objections should grounds for objection be discovered.

2. Defendant will respond to unobjectionable interrogatories and document requests or portions of these interrogatories or requests to the best of his present ability. Because Defendant has not completed his investigation of the facts pertaining to this lawsuit or his preparation for trial, however, Defendant reserves the right to rely on any facts, documents, or other evidence that may develop or come to its attention at a later time.

3.      The fact that Defendant answers or objects to any particular interrogatory or request should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or inferred from any such request.

4.      Defendant reserves the right to object to the introduction into evidence in this or any other action of any of the responses or objections set forth in response to these interrogatories and document requests.  The fact that Defendant has answered any or all of any particular interrogatory or document request is not intended to and shall not be construed to be a waiver by Defendant of any objection to the relevance or admissibility of any evidence in this or any other action.

5.      Defendant objects to each interrogatory or request to the extent that they call for the production of information or documents protected from disclosure by privilege or doctrine, including the attorney-client privilege, the work product doctrine,  the deliberative process privilege, or any other applicable basis for invoking privilege.  Defendant will screen all materials and information to be released to Plaintiff to remove privileged materials; however, there is a possibility that privileged documents or information may be inadvertently disclosed. By accepting production, Plaintiff agrees that, to the extent there is any inadvertent disclosure of privileged information, it shall not constitute any waiver of the privileges and all such material shall be immediately returned to Defendant.  Defendant reserves the right to object to the introduction into evidence before the Court at any time before or at trial of information that is privileged under law and that has been revealed or produced inadvertently.  Defendant does not, by responding to these interrogatories or document requests, waive any claim of privilege or the protection of any doctrine.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections, Defendant responds to each interrogatory and document request as follows:

**Request:**

(1)     For each person providing answers to these interrogatories, please state the name, title and address.

**Response:**

Name: Ralph Edmond Sprayberry
Title: Director, Office of Public Housing, Birmingham Field Office
Address: Medical Forum Building
950 22nd Street North,
Suite 900
Birmingham, AL 35203

**Request:**

(2)     Please describe in detail and with specificity for R. Edmond Sprayberry, your title, duties and jurisdiction to include the public housing authorities which report to your office.

**Response:**

Defendant Sprayberry is Director, Office of Public Housing, Birmingham Field Office, United States Department of Housing and Urban Development ("HUD"). As Director of the Office of Public Housing, he has oversight of 147 housing authorities in the State of Alabama. He has a staff of 21 employees that he supervises, including two subordinate supervisors. The 147 housing authorities are funded by HUD in order to provide housing to low income families and individuals. As recipients of HUD funding, these housing authorities are required to comply with HUD rules and regulations, as well as all other applicable Federal, state, and local laws and regulations. Defendant Sprayberry's duties include ensuring that these housing authorities comply with applicable rules and regulations, expend federal funds only for necessary

-3-

and legitimate purposes of administering federal housing programs, and provide decent, safe, and sanitary housing to low-income families and individuals.

**Request:**

(3)     Please provide the name, title and address of your immediate supervisor.

**Response:**

Defendant objects to Request No. 3 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Name:  H. Rick Hamblin
Title:  Desk Officer
Address:  Federal Office Building, Room 239
210 Walnut Street
Des Moines, IA 50309

**Request:**

(4)     Please produce and make available for copying and inspection an organizational chart which depicts the region in which the Montgomery Housing Authority and R. Edmond Sprayberry are located up through the Secretary of Housing and Urban Development.

**Response:**

Defendant objects to Request No. 4 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery.   More specifically, Defendant objects that this Request is overly broad and

burdensome because it seeks information on HUD officials and employees who have no relation to this lawsuit. Defendant further objects that the Request lacks any reasonable temporal restriction.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the organizational charts available to the public at www.hud.gov. In the interests of good faith cooperation in discovery, Defendant provides the following information regarding the chain-of-command above Mr. Sprayberry:

| | |
|---|---|
| Alphonso Jackson | - Secretary |
| Roy Bernardi | - Deputy Secretary |
| Orlando Cabrera | - Assistant Secretary for Public & Indian Housing |
| Deborah Hernandez | - Deputy Assistant Secretary, PIH Office of Field   Operations |
| H. Rick Hamblin | - Desk Officer, PIH Office of Field Operations |
| Mr. Sprayberry | - Director, Office of Public Housing ("PIH"), Birmingham Field Office |

**Request:**

(5)    For each conversation or communication between R. Edmond Sprayberry and C. Michael McInnish between November 15, 2004 and December 31, 2005, please list the same by date, in detail and with specificity the nature of each conversation.

**Response:**

Defendant objects to Interrogatory No. 5 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Interrogatory seeks information on all communications and conversations, regardless of whether they have any relevance to the issues in this lawsuit. Defendant also objects that the Interrogatory has no reasonable time restriction.

Subject to and without waiving the foregoing objections, Defendant responds that he does not keep daily logs of his telephone conversations, and to the best of his recollection responds that he had the following conversation between November 15, 2004 and July 31, 2005:

> November 26, 2004
> Mr. McInnish expressed sympathy for the loss of Defendant Sprayberry's father while attending funeral service.

## Request:

(6)    For each conversation or communication between R. Edmond Sprayberry and any member of the Board of Commissioners of the Housing Authority of the City of Montgomery, please list the same, by date in detail and with specificity the nature of each conversation.

## Response:

Defendant objects to Interrogatory No. 6 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Interrogatory is overly broad and seeks irrelevant information in that it lacks any reasonable restriction regarding the content of the conversation or communications and lacks any reasonable temporal restriction.

Subject to and without waiving the foregoing objections, Defendant responds that he does not keep daily logs of his telephone conversations, and to the best of his recollection responds that he had the following conversations between November 15, 2004 and July 31, 2005:

> November 17, 2004, Mr. Thomas Taylor, Board Chairman
> Based on information received from a former MHA employee, Defendant Sprayberry contacted Taylor to inquire as to why Mr. McInnish was suspended. Mr. Taylor would

not give me any details of the Boards action, other than to say that they had gone into Executive Session and decided to suspend Mr. McInnish.

During the next 7-8 weeks:

Mr. Thomas Taylor, Board Chairman
Defendant Sprayberry had several subsequent conversations with Mr. Taylor that were unsuccessful attempts to obtain specific information concerning the suspension of Mr. McInnish and to have a special board meeting in order to discuss the suspension. Defendant Sprayberry also discussed with Mr. Taylor the reason his office was requesting review of all procurement transactions and all draw downs of funds from the LOCCS.

Ms. LuAn Long, former Vice Chairperson of the Board
Defendant Sprayberry spoke with Ms. Long on several occasions concerning the actions the Board took to suspend Mr. McInnish. She stated that she attended the Board meeting on November 16, 2004, but left prior to the Board going into executive session and before the vote to suspend Mr. McInnish. She stated that she did not know why the Board took the action that it did, nor was she aware of any problems with Mr. McInnish's actions as executive director.

Mr. Richard Bollinger
Defendant Sprayberry spoke with Mr. Bollinger on several occasions to determine what took place in the board meeting. Mr. Bollinger would not give specific details of what took place in the executive session, but he did say that the board did not discuss suspending Mr. McInnish. Mr. Bollinger further relayed that he was shocked that after coming out of executive session, and without any prior discussion, a motion was made and seconded to suspend Mr. McInnish. He further stated that he knew of no reason to suspend Mr. McInnish and therefore voted against the motion.

Mr. Clifford Holmes
Defendant Sprayberry spoke with Mr. Holmes, who stated that he was not at the board meeting on November 16, 2004, and was unaware of any basis for the board's vote to suspend Mr. McInnish. He stated that to his knowledge, Mr. McInnish was doing a good job as executive director and he knew of no reason to suspend him.

**Request:**

(7)    For each written communication, correspondence, email or memo whatever, from R. Edmond Sprayberry to C. Michael McInnish, the Montgomery Housing Authority or member of the Board of Commissioners between November 15, 2004 and December 31, 2005, please produce a copy of the same for copying and inspection.

**Response:**

Defendant objects to Request No. 7 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and seeks irrelevant information in that it lacks any reasonable restriction regarding the content of the correspondence sought.

Subject to and without waiving the foregoing objections, Defendant is producing all non-privileged documents generated between November 16, 2004 and July 31, 2005, to the extent that any exist, within his possession, custody, or control that are encompassed by this Request.

**Request:**

(8)   Please state whether R. Edmond Sprayberry was invited by Thomas Taylor, as chairman of the Board of Commissioners, to come to the Montgomery Housing Authority after C. Michael McInnish was placed on leave on November 16, 2004.

**Response:**

Defendant objects to Interrogatory No. 8 on the grounds that it is overly vague and ambiguous in that it fails to define the phrases "invited by" or "come to the Montgomery Housing Authority" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that by letter dated November 18, 2004, Defendant Sprayberry requested that Board Chairman, Mr. Thomas Taylor, call a special board meeting to discuss with all board members and Defendant Sprayberry the reason(s) Mr. McInnish was suspended. Mr. Thomas refused to call a special Board meeting, but did invite Mr. Sprayberry, by letter dated November 22, 2004, to

-8-

come to Montgomery and meet with Board members individually or in groups of four or less.

**Request:**

(9)    Please state in detail and with specificity why R. Edmond Sprayberry refused to come to the Montgomery Housing Authority after November 16, 2004.

**Response:**

Defendant objects to Interrogatory No. 9 on the grounds that it is overly vague and ambiguous in that it fails to define the phrase "refused to come to" with any degree of specificity.

Subject to and without waiving the foregoing objection, Defendant Sprayberry responds that he did not refuse to come to the Montgomery Housing Authority after November 16, 2004.

**Request:**

10)    Please produce for copying and inspection a copy of each communication received by R. Edmond Sprayberry from Thomas Taylor or any other member of the Board of Commissioners after November 16, 2004 to-date.

**Response:**

Defendant objects to Request No. 10 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request lacks any reasonable restriction regarding the content of the communications and the date of the communications. Defendant further objects on the grounds that it is overly vague and ambiguous in that it fails to define the term "communication" or "any other Board member" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant is producing all non-

-9-

privileged documents generated between November 16, 2004 and July 31, 2005, to the extent

that any exist, within his possession, custody, or control that are encompassed by this Request.

**Request:**

(11)    Please state in detail and with specificity why R. Edmond Sprayberry refused to offer any assistance to the Montgomery Housing Authority in investigating alleged improper conduct on the part of its Executive Director.

**Response:**

Defendant objects to Interrogatory No. 11 on the grounds that it is overly vague and

ambiguous in that it fails to define the phrases "refused to offer any assistance" or "investigating

alleged improper conduct" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant Sprayberry did not

refuse to assist the MHA in any matter. Defendant Sprayberry requested, by letter dated

December 9, 2004, that the MHA Board provide his office with any evidence of misconduct on

the part of Mr. McInnish so that Defendant Sprayberry could report it to the HUD Office of the

Inspector General ("OIG") if it concerned mismanagement, fraud, or abuse of HUD programs,

since the OIG was the appropriate investigating body for such charges.

**Request:**

(12)    Please state in detail and with specificity what if any investigation was initiated by R. Edmond Sprayberry upon learning that C. Michael McInnish has been placed on leave.

**Response:**

Defendant objects to Interrogatory No. 12 on the grounds that it is overly vague and

ambiguous in that it fails to define the term "investigation" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant responds that no

"investigation" was initiated by him upon learning that Mr. McInnish had been placed on leave.

Defendant Sprayberry did, however, make several telephone calls, as detailed in Interrogatory 6, supra, in an attempt to discover the reasons for the sudden, and unexpected, suspension of the Executive Director of one of the public housing authorities under his Office's jurisdiction.

**Request:**

(13)    Between November 16, 2004 and December 31, 2005, please state in detail and with specificity each and every action taken by R. Edmond Sprayberry in response to learning that the Executive Director of the Montgomery Housing Authority had been placed on leave as of November 16, 2004.

**Response:**

Defendant objects to Interrogatory No. 13 on the grounds that it is overly vague and ambiguous in that it fails to define the phrase "each and every action" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that, in addition to any of the communications detailed in the Interrogatories supra, the following actions were taken:

- · 11/18/04 letter to Thomas Taylor requesting special meeting;
- · 11/18/04 letter to Lemuel E. Boggs requesting review of all procurement transactions and LOCCS drawdowns, with subsequent review of all procurement transactions and LOCCS drawdowns;
- · 12/8/2004 letter to Lemuel E. Boggs requesting review of all Board Meeting minutes;
- · 12/9/2004 letter to Lemuel E. Boggs requesting review of all Board Meeting minutes to be retroactive to 11/2004.

**Request:**

(14)    Please state in detail and with specificity each conversation between R. Edmond Sprayberry and LuAnn Long and Richard Bollinger regarding the race of Thomas Taylor, who served as Chairman of the Board of Commissioners of the Montgomery Housing Authority.

**Response:**

Defendant objects to Interrogatory No. 14 on the grounds that it is overly broad and

burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that he had no such conversations.

**Request:**

(15)    Please produce and make available for copying and inspection any and all written reports, memos, emails or documents whatever, that provide authority for communications from letters written by R. Edmond Sprayberry dated November 18, 2004 requiring the Montgomery Housing Authority to submit for "review and approval" all procurement transactions and draw downs from the Line of Credit Control System.

**Response:**

Defendant objects to Request No. 15 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that the phrase "provide authority for communications from letters written" is vague, ambiguous, and lacks any discernable meaning as written.

Subject to and without waiving the foregoing objections, Defendant is producing all non-privileged documents within his possession, custody, or control that are encompassed by this Request. Furthermore, Defendant Sprayberry responds that his authority to monitor a housing authority's use of federal funds is available to the public at www.hudclips.org.

-12-

**Request:**

(16)    Please state in detail and with specificity the reason you made the request to the Montgomery Housing Authority to submit for "review and approval" all procurement transactions and draw downs from the Line of Credit Control System.

**Response:**

Defendant Sprayberry responds that he requested the MHA to submit for "review and approval" all procurement transactions and draw downs from the LOCC upon the suspension of the MHA's Executive Director because of the apparent instability of management and to ensure that the MHA did not revert to past procurement practices that were not in compliance with 24 C.F.R. § 85.36. In particular, in 2001 a Monitoring Review of the Montgomery Housing Authority revealed serious problems with procurement at the MHA. The authority's mismanagement of funds and procurement problems were covered extensively in the local Montgomery news. Under Mr. McInnish's leadership as Executive Director, improvements were made in this area. Upon the suspension of the Executive Director, Sprayberry wanted to be proactive to prevent the MHA from reverting to past practices.

**Request:**

(17)    Please state the time period the Montgomery Housing Authority has remained or will remain under the requirement for you to "review and approve" all procurement transactions and draw downs from the Line of Credit Control System. Include in your response the following:
(a) A detailed explanation of the justification for you to "review and approve" for the entire time period;
(b) Each and every federal regulation, HUD policy, rule or law upon which you rely in this requirement;
(c ) Produce and make available for copying and inspection any report submitted to your supervisor relative to the "review and approve" requirement.

**Response:**

Defendant objects to Interrogatory and Request No. 17 on the grounds that it is overly

broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery.   More specifically, Defendant objects that this Request lacks any reasonable temporal restriction and seeks information and documents that have no bearing on this litigation. Defendant further objects that this Interrogatory/Request is overly burdensome because it is redundant of previous discovery requests served by Plaintiff.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds to sub-parts (a) and (b) of Interrogatory No. 17 by referring to his Response in Request No. 15 and Interrogatory No. 16, supra. In response to Interrogatory 17(c), Defendant Sprayberry is producing all non-privileged documents, to the extent that any exist, within his possession, custody, or control that are encompassed by this Request.

**Request:**

(18)    Since you have held your current position, please state the following for each public housing authority for which you have made a decision to "review and approve" all procurement transactions and all draw down funds from the Line of Credit Control Systems:
(a) A detailed explanation for the action
(b) The name and race of the executive director and board member of each public housing authority
(c) The length of time the public housing authority remained under the requirement for you to "review and approve" expenditures.
(d) A description of any investigation conducted and the results of said investigation.

**Response:**

Defendant objects to Interrogatory No. 18 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not

-14-

likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Interrogatory is an overly broad and burdensome fishing expedition that seeks excessive, detailed, and irrelevant information regarding other housing authorities that are not similarly situated to the MHA.

**Request:**

(19)   Please produce and make available for copying and inspection the complete file or files maintained by your office on the Montgomery Housing Authority relating to the following areas:
(a) The declaratory judgment litigation involving appointment of commissioners in 1994;
(b) The action of the Board of Commissioners in placing of C. Michael McInnish on leave on November 16,2004;
(c) The action of the Board of Commissioners on December 21, 2004 to employ Terry G. Davis as legal counsel;
(d) All files relating to the reduction and refusal of R. Edmond Sprayberry to reduce the invoice of Terry G. Davis as expressed in Sprayberry's March, 2005 letter.

**Response:**

Defendant objects to Request No. 19 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery.  More specifically, Defendant objects that this Request is overly broad and burdensome in that any action by HUD pertaining to any 1994 declaratory judgment litigation, before Defendant Sprayberry held his current position, is completely irrelevant to the issues in this litigation. Defendant further objects that this Request is overly and ambiguous in that it fails to define the phrase "file or files" with any degree of specificity. Defendant also objects that this Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and the deliberative-process privilege.

-15-

Subject to and without waiving the foregoing objections, Defendant Sprayberry will produce non-privileged documents responsive to sub-parts (a)(b)(c) and (d), to the extent any such documents exist, from the time period of November 15, 2004 through July 31, 2005.

**Request:**

(20)   Please produce and make available for copying and inspection all files maintained by your office on the Montgomery Housing Authority for any purpose beginning January 1, 2004 through the present date. (Files may be produced in digital-readable format, with index).

**Response:**

Defendant objects to Request No. 20 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request lacks any reasonable restriction regarding the content of the "files" and lacks any reasonable temporal restriction. Defendant further objects that this Request is overly and ambiguous in that it fails to define the term "files" with any degree of specificity. Defendant also objects that this document request, as written, seeks documents protected by the work-product doctrine, the attorney-client privilege, and the deliberative-process privilege.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents that pertain to the payment of legal expenses to Terry Davis for his "investigation" into Mr. McInnish between the dates of November 15, 2004, and July 31, 2005.

**Request:**

(21)   Please state the race of each member of the Board of Commissioners of the Montgomery Housing Authority.

-16-

**Response:**

Defendant objects to Interrogatory No. 21 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request lacks any reasonable temporal restriction in that the race of current (or past, for that matter) Board members is irrelevant.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that the race of the below MHA board members was determined by going to the MHA's web page (http://www.mhatoday.org/board_of_commissioners.htm) and looking under "Board of Commissioners" and then looking at the pictures of the commissioners: (1) Mr. John F. Knight, Jr - Black; (2) Mr. Richard Bollinger - White; (3) Ms. Anne Upchurch - White; and (4) Mr. Ron Drinkard - White. Defendant has never met the following Board members personally, and as no pictures for the following board members were given on the MHA's website, Mr. Sprayberry does not know the races of the following individuals: (1) Mr. Paul Hankins; (2) Ms. Carolyn Eaves; (3) Mr. Willie Jones; (4) Mr. Alfred Hood; and (5) Ms. Debbie Jackson.

**Request:**

(22)    Please state the race of the following persons:

        (a) Charles Stewart
        (b) Timothy Cummins
        (c) Tammy Turner-Brown
        (d) Terry G. Davis

**Response:**

Defendant objects to Interrogatory No. 22 on the grounds that it is overly broad and

-17-

burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, the race of individuals not similarly-situated to Plaintiff is irrelevant.

Subject to and without waiving the stated objections, Defendant Sprayberry responds that he has not personally met the above-listed individuals and does not know their races.

**Request:**

(23)    Please produce for copying and inspection each and every bill or invoice for legal services that has been reduced by R. Edmond Sprayberry since serving in his current position.

**Response:**

Defendant objects to Request No. 23 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is an overly broad and burdensome fishing expedition that seeks excessive, detailed, and irrelevant information regarding other housing authorities that are not similarly situated to the MHA. Defendant further objects that this Request seeks legal fee documents protected by the work-product doctrine and the attorney-client privilege.

Subject to and without waiving the stated objections, Defendant Sprayberry responds that to the best of his knowledge, the legal expenses of Terry Davis billed for the investigation into Mr. McInnish are the only legal expenses that Defendant Sprayberry has determined to be

-18-

unreasonable and unnecessary to the administration of federal housing programs.

**Request:**

(24)   Please state in detail and with specificity the reasons R. Edmond Sprayberry reduced the bills and invoices of Terry G. Davis.

**Response:**

Defendant Sprayberry responds that pursuant to his oversight duties he determined that the legal fees requested by Terry G. Davis for the investigation into Mr. McInnish were unreasonable and unnecessary to the administration of federal housing programs. For additional details regarding this decision, Defendant Sprayberry directs Plaintiff to the letters and other documents produced in response to Requests Nos. 15 and 19, supra.

**Request:**

(25)   Please state in detail and with specificity each and every rule, regulation, or federal guideline relied upon in R. Edmond Sprayberry's decision to reduce the invoice of Terry G. Davis.

**Response:**

Defendant objects to Interrogatory No. 25 on the grounds that it is overly vague and ambiguous in that it fails to define the phrase "every rule, regulation, or federal guideline" or the term "the invoice" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant Sprayberry references his responses in Requests Nos. 15 and 19 and Interrogatory No. 24, supra.

**Request:**

(26)   Please provide copies of any and all internal memos, written communication, email or documents whatsoever to and from any person relating to the invoice of Terry G. Davis.

**Response:**

Defendant objects to Request No. 26 on the grounds that it is overly broad and

burdensome, vague and ambiguous, and requires it to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. Defendant further objects to this Request on the grounds that it is overly vague and ambiguous in that it fails to define the terms "any person" or "the invoice" with any degree of specificity. Defendant further objects that this Request, as written, seeks legal fee documents protected by the work-product doctrine and the attorney-client privilege.

Subject to and without waiving the foregoing objections, Defendant Sprayberry directs Plaintiff to his Response to Request No. 19, supra.

**Request:**

(27)    Please state whether on November 21, 2004, the Board of Commissioners approved the employment of Terry G. Davis as its legal counsel.

**Response:**

Defendant objects to Interrogatory No. 27 on the grounds that it is overly vague and ambiguous in that it fails to define the phrase "approved the employment" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant Sprayberry has no knowledge of such information except through reading MHA Board meeting minutes, and thus would refer Plaintiff to the MHA Board minutes for November 21, 2004 if any exist.

**Request:**

(28)    Please state in detail and with specificity each and every reason R. Edmond Sprayberry refused to approve the action of the Board of Commissioners in employing Terry G. Davis as legal counsel.

**Response:**

Defendant objects to Interrogatory No. 28 on the grounds that it is overly vague and ambiguous in that it fails to define the phrase "refused to approve the action" and "employing" with any degree of specificity.

Subject to and without waiving the foregoing objections, Defendant Sprayberry did not "refuse to approve the action of the Board of Commissioners in employing Terry G. Davis as legal counsel."

**Request:**

(29)  Please produce for copying and inspection each and every rule, federal regulation, procedure, or code of federal regulations, contract or other document which provides the specific authority for R. Edmond Sprayberry to approve or disapprove of a contract for legal services by a local public housing authority.

**Response:**

Defendant Sprayberry refers Plaintiff to his Response to Request No. 15, supra, for information regarding the monitoring and oversight authority of his office.

**Request:**

(30)  Please produce for copying and inspection, any report, email, correspondence, or communication whatever sent to or received from the supervisor of R. Edmond Sprayberry relating to the invoice of Terry G. Davis.

**Response:**

Defendant objects to Request No. 30 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that the Request is overly vague and ambiguous

-21-

in that it fails to define the phrase "the invoice" with any degree of specificity. Defendant further objects that this Request lacks any reasonable temporal restriction. Defendant further objects that this Request seeks documents protected from disclosure by the work-product doctrine and attorney-client privilege.

Subject to and without waiving the stated objections, Defendant Sprayberry responds that there are no such documents responsive to this Request.

### Request:

(31)    Please state in detail and with specificity each and every case in which R. Edmond Sprayberry has refused the action of a local public housing authority to employ its own legal counsel. Please produce for copying and inspection any and all documents relating thereto.

### Response:

Defendant objects to Interrogatory/ Request No. 31 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Interrogatory/Request is an overly broad and burdensome fishing expedition that seeks excessive, detailed, and irrelevant information regarding other housing authorities that are not similarly situated to the MHA that has no possible relevance to the issues in this litigation. Defendant further objects that this Interrogatory/Request lacks any reasonable temporal restriction.

Subject to and without waiving the stated objections, Defendant Sprayberry responds that he has never "refused the action of a local public housing authority to employ its own legal counsel."

-22-

**Request:**

(32)   Please state whether you approved the employment of Randall Morgan of the law firm of Hill, Hill, Carter, Franco, Cole & Black to serve as counsel for the Montgomery Housing Authority. Please explain your answer and the process fully.

**Response:**

Defendant objects to Interrogatory No. 32 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Interrogatory lacks any reasonable temporal restriction.

Subject to and without waiving the foregoing objections, Defendant Sprayberry states that HUD does not approve the selection of individuals or firms that a housing authority might procure for legal services. Instead, Defendant Sprayberry states that HUD reviews documentation submitted by the public housing authority to ensure that justification exists for the selection of a qualified firm. Defendant Sprayberry directs Plaintiff to a letter dated February 18, 2005, from Defendant Sprayberry to Lemuel E. Boggs, which will be produced by Defendant, the contents of which speaks for itself.

**Request:**

(33)   Please state the customary procedure for investigating alleged improper conduct on the part of Executive Director of a local public housing authority and whether you informed the Montgomery Housing Authority of such procedures. Explain your answer fully.

**Response:**

Defendant objects to Interrogatory No. 33 on the grounds that it is overly vague and ambiguous in that it fails to define the phrase "customary procedure" with any degree of

-23-

specificity.

Subject to and without waiving such objections, Defendant responds that there are no set procedures for HUD conducting an investigation of executive directors. The local PIH Hub office would normally not be involved with any such an investigation, but would refer possible mismanagement of funds by an executive director to the Office of the Inspector General ("OIG"), if necessary, where an investigation is conducted at the discretion of the agent assigned to the case. The MHA Board Chairman was requested, by letter from Sprayberry, to submit any specific information into misconduct by Mr. McInnish, particularly if it related to the mismanagement of federal funds, to the Field Office so that it might be referred to the OIG. Defendant Sprayberry received no information from the MHA to refer to the OIG.

**Request:**

(34)   Please state in detail and with specificity any memo, email, report or communication whatever sent to or received from the supervisor of R. Edmond Sprayberry relating to C. Michael McInnish being placed on leave by the Board of Commissioners of the Montgomery Housing Authority.

**Response:**

Defendant objects to Request No. 34 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery.   More specifically, Defendant objects that this Request is overly broad and burdensome and lacks any reasonable temporal restriction.   Defendant further objects that this Request seeks documents protected from disclosure by the work-product doctrine, the attorney-client privilege, and the deliberative-process privilege.

-24-

Subject to and without waiving the foregoing objections, Defendant Sprayberry will produce responsive non-privileged documents, to the extent any such documents exist, from the time period of November 15, 2004 through December 34, 2005.

**Request:**

(35)   Please describe in detail and with specificity your relationship with C. Michael McInnish. Include in your response a detailed explanation for letters to Mr. McInnish dated November 5, 2003, August 13, 2003 and November 3, 2004 and your comments such as, *"Fine men like you give so much of their time in ensuring that our public housing authorities stay abreast of the issues in public housing."*

**Response:**

Defendant objects to Interrogatory No. 35 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Interrogatory fails to define the term "relationship" or the referenced "comments" with any degree of specificity. Defendant further objects in that the Interrogatory is overly vague because it asks questions regarding "comments" from letters without providing the letters or placing the "comments" in context. Defendant submits that the letters, if available to Plaintiff, should have been attached to this Interrogatory. Defendant further objects that comments in letters written in 2003 have no relevance to this case.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that he and Mr. Mcinnish are professional acquaintances.   Referring to the specific letters referenced in Interrogatory No. 35, Defendant Sprayberry responds that the referenced language of such letters is "canned" language that is often used in thank you letters to workshop participants and recipients of awards. Mr. McInnish, who was often a workshop presenter,

received such letters as he was selected by AAHRA and his peers as Executive Director of the Year, presented a Best Practices Promotional Video, and was a workshop participant Defendant Sprayberry refers Plaintiff to the chart below:

| Date of Letter | PHA/Person | Reason |
|---|---|---|
| 8/13/03 | Montgomery - Mickey McInnish | PH Director of the Year |
| 8/14/2003 | Montgomery -- Mickey McInnish | Best Practices -- Promotional Video |
| 11/03/2003 | Montgomery -- Mickey McInnish | Participation in AAHRA/HUD Fall Workshop |
| 11/05/04 | Montgomery -- Mickey McInnish | Participation in AAHRA/HUD Fall Workshop |

**Request:**

(36)    Please state in detail and with specificity the reason you directed in a letter dated February 17, 2005 that the Montgomery Housing Authority to pick an "unbiased" hearing officer that was acceptable to C. Michael McInnish. Please include in your response any HUD regulation, rule, procedure and requirement whatever that requires a public housing authority to use a hearing officer that is "acceptable" to an employee charged with misconduct in the performance of his duties.

**Response:**

Defendant objects to Interrogatory No. 36 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. Defendant further objects that this Interrogatory is overly burdensome and harassing in that Plaintiff is using discovery in this lawsuit to seek information pertaining to issues that

have absolutely no relevance to the issues in this case. More specifically, the identity of the hearing officer to be used in a hearing regarding Mr. McInnish has no relevance whatsoever to whether Plaintiff was discriminated against, had any contract breached, or was the victim of any conversion.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that no such letter exists with the referenced quote. A similar letter dated February 17, 2005 to Thomas Taylor states, "If it is necessary to proceed with the hearing, the Board shall ensure that the hearing officer is unbiased. A hearing officer should be picked that is acceptable to the Board and Mr. McInnish." This statement is common sense as a hearing officer should be fair to both parties, or one party cannot receive a fair and impartial hearing. Defendant further directs Plaintiff to his Response to Request No. 15, supra.

### Request:

(37)    Please state in detail and with specificity each and every reason you refused to approve the contract of Fred Bell, a former Assistant Attorney General and sitting municipal judge who is African-American, selected by the Montgomery Housing Authority as a hearing officer. Explain your answer fully.

### Response:

Defendant objects to Interrogatory No. 37 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that Mr. Gray is not the plaintiff in this lawsuit and the identity of any hearing officer to be used in any hearing conducted regarding Mr. McInnish has no relevance whatsoever to whether Plaintiff was discriminated against, had any

-27-

contract breached, or was the victim of any conversion. Defendant further objects that this Interrogatory is overly burdensome and harassing in that Plaintiff is using discovery in this lawsuit to seek information pertaining to issues that have absolutely no relevance to the issues in this case.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that he did not refuse to approve the contract of Fred Bell.

**Request:**

(38)    Please state in detail and with specificity all the terms of the settlement terms of the employment claim of C. Michael McInnish against the Housing Authority of the City of Montgomery, Alabama, including the payment of attorney fees, continued payments by the Montgomery Housing Authority, time credited toward retirement or any other terms.

**Response:**

Defendant objects to Interrogatory No. 38 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that the settlement of Mr. McInnish's claims against the MHA has no relevance to Plaintiff's claims against Defendant Sprayberry.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that he had no involvement with the terms of the settlement agreement between Mr. McInnish and the MHA. Both Mr. McInnish and the MHA requested that HUD approve the agreement. Defendant Sprayberry and HUD, however, disapproved the agreement and objected to the entire settlement. The MHA and Mr. McInnish eventually settled without HUD approval.

**Request:**

(39)    Please state in detail and with specificity the sources of all payments of funds relating to the terms of the settlement of the employment claim of C. Michael McInnish against the Housing Authority of the City of Montgomery, Alabama. Please include the following:
(a) The name of the funding agency, entity or company.
(b) The name of the executive or executives who approved the payment.

**Response:**

Defendant objects to Interrogatory No. 39 on the grounds that it is overly broad and

burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying

information which is irrelevant and immaterial to the subject matter or issues of this action, not

likely to lead to the discovery of admissible evidence, and outside the scope of permissible

discovery. More specifically, Defendant objects that the settlement of Mr. McInnish's claims

against the MHA has no relevance to Plaintiff's claims against Defendant Sprayberry.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds

that he had no involvement with the terms of the settlement agreement between Mr. McInnish

and the MHA. Both Mr. McInnish and the MHA requested that HUD approve the agreement.

Defendant Sprayberry and HUD, however, disapproved the agreement and objected to the entire

settlement. The MHA and Mr. McInnish eventually settled without HUD approval. Defendant

Sprayberry has no personal knowledge of the sources of payments for the settlement agreement.

**Request:**

(40)    Please state in detail and with specificity any and all involvement by you relating to the terms of the settlement of the employment claim of C. Michael McInnish against the Housing Authority of the City of Montgomery, Alabama, including whether you approved or objected to any portions of the settlement.

**Response:**

Defendant objects to Interrogatory No. 40 on the grounds that it is overly broad and

-29-

burdensome, vague and ambiguous, and requires it to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that the settlement of Mr. McInnish's claims against the MHA has no relevance to Plaintiff's claims against Defendant Sprayberry.

Subject to and without waiving the foregoing objections, Defendant Sprayberry responds that he had no involvement with the terms of the settlement agreement between Mr. McInnish and the MHA. Both Mr. McInnish and the MHA requested that HUD approve the agreement. Defendant Sprayberry and HUD, however, disapproved the agreement and objected to the entire settlement. The MHA and Mr. McInnish eventually settled without HUD approval.

Respectfully submitted this 14th day of July, 2006.

LEURA G. CANARY
United States Attorney

By:

JAMES J. DUBOIS
Assistant United States Attorney
Georgia Bar No. 231445
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7418
E-mail: james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by

placing the same in the U.S. Mail, first class, postage prepaid, properly addressed as follows on

this the 14th day of July, 2006.

Dwayne Brown, Esq.
Law office of Dwayne Brown
Post Office Box 230205
Montgomery, Alabama 36123-0205

M. Wayne Sabel, Sr., Esq.
Sabel & Sabel
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106

Dorman Walker, Esq.
Balch & Bingham
Post Office Box 78
Montgomery, AL 36101

Charles A. Stewart, III, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Michael Cohan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101-0116


Assistant U.S. Attorney

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual answers contained in Defendant Sprayberry's Objections and Responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

Executed this 14th day of July 2006.

Ralph Edmond Sprayberry
Director, Office of Public Housing,
Birmingham Field Office
Medical Forum Building
950 22nd Street North, Suite 900
Birmingham, AL 3520