IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY G. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 2:05-cv-01235-MHT-DRB |
| R. EDMOND SPRAYBERRY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT SPRAYBERRY'S RESPONSE
### TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

COMES NOW Defendant Sprayberry, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and files this Response to Plaintiff's Motion for an

Extension of Discovery.  Plaintiff has waited until the very end of discovery to move to extend

discovery and to notice five depositions on February 8 and 9, 2007.  Plaintiff has failed to exercise

diligence in conducting discovery, and has no valid justification for letting twelve months of

discovery pass before seeking to take five depositions in a week.  Accordingly, he has failed to show

good cause under Rule 16(b) of the Federal Rules of Civil Procedure for moving the discovery

deadline. Furthermore, Defendant Sprayberry would be prejudiced by this extension, especially if

the Court does not also continue the May 14, 2007, trial to a later trial term to allow adequate time

for the Court to rule on pending dispositive motions before Defendant must start preparing for trial.

 In support of this Response,  Defendant Sprayberry submits the following:

1.

Plaintiff's last-second request for a discovery extension (along with his five notices for five

depositions on February 8 and 9, 2007 which are attached hereto as Exhibit A) should be denied.

Pursuant to this Court's Scheduling Order, as revised on August 14, 2006, discovery in this case ends

on January 31, 2007. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a deadline in a scheduling order "shall not be modified except upon a showing of good cause." See Fed. R. Civ. P. 16(b). The good cause standard applicable to amendments of scheduling orders "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (emphasis added). See also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end").

2.

Plaintiff's request should be denied because he did not exercise diligence and has not shown good cause for any such extension. Plaintiff has identified no reason why Plaintiff or the two other attorneys representing him in this matter could not have conducted all necessary discovery during the 12-month discovery period in this case. Indeed, discovery in this case commenced on February 17, 2006. Since that time, the parties have worked in good faith together to manage the difficult task of coordinating the schedules of numerous parties and counsel and agreed to hold depositions during the weeks of September 18, 2006, October 23, 2006, and November 13, 2006. An additional deposition was conducted on January 16, 2007. Ultimately, the parties conducted ten depositions, some of which lasted several days, after discussion and agreement among the parties as to scheduling. There is nothing that prevented Plaintiff, who was represented by two attorneys, from completing all necessary discovery during the past year including taking these depositions or filing any necessary discovery motions with the Court regarding such depositions.

3.

Moreover, Plaintiff's Motion discusses the proposed settlement between Plaintiff and the

2

MHA, which is currently being reviewed by HUD, as the reason for his extension. This settlement, however, is between Plaintiff and one party, and has nothing to do with Defendant Sprayberry and Defendant McInnish. There are no ongoing settlement talks between Defendant Sprayberry and Plaintiff, and the undersigned is unaware of the basis of Plaintiff's assertion that "the parties remain in good faith negotiations and there is a good likelihood remaining issues will be resolved." In short, regardless of what happens with Plaintiff's claims against Defendant MHA, there will be remaining claims in this lawsuit. Accordingly, Plaintiff's claim of possible settlement with one party does not justify this last minute discovery extension.

4.

Furthermore, trial is set for the trial term commencing May 14, 2007. Defendant Sprayberry filed a Motion to Dismiss on October 6, 2006, and Defendant Sprayberry and McInnish filed motions for summary judgment on January 7, 2007. Plaintiff's responses to Defendant's Motions are currently due to be filed on or before February 9, 2007. Defendant Sprayberry, who has raised the defense of qualified immunity, will be prejudiced by any discovery extension absent the trial being moved to a later term than May 14, 2007.

5.

Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" See Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The Eleventh Circuit has stated that "qualified immunity is the "usual rule," and that only in "exceptional cases will government actors have no shield against claims made against them in their individual

capacities." See Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). The immunity performs the important function of allowing government officials to perform their jobs without being intimidated by the threat of lawsuits jeopardizing them and their families. See Foy v. Holston, 94 F.3d 1528, 1534 (11th Cir. 1996). As the Supreme Court has noted, it is designed to protect government officials from "the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." See Harlow, 457 U.S. at 816.

6.

Qualified immunity is such an important protection for government officials that it is not simply a defense to liability, but it is an immunity from discovery, trial, and all the burdens of litigation. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court has repeatedly advised that it should be decided as early as possible in a case. See id. Moreover, a defendant has the right to interlocutory appeal if the defense is denied prior to trial. See Mitchell, 472 U.S. at 526-237; Hartley v. Parnell, 193 F.3d 1263, 1268 (11th Cir. 1999).

7.

The Court's January 26, 2006 Rule 26(f) Orders requires that the dispositive motion deadline be set ninety-days before the Pretrial Conference to allow the Court adequate time to rule on pending motions prior to trial. Due to Plaintiff's two-week extension to file a response to Defendants' summary judgment motions and the unresolved issue of whether Defendant MHA will file a motion for summary judgment, Defendant submits that summary judgment briefing will not be completed sufficiently in advance of the Court's April 5, 2007 pretrial conference and the various pretrial deadlines that begin forty (40) days prior to trial. The purpose of qualified immunity – protection

4

from the burdens of litigation – will be effectively lost if Defendant Sprayberry has to prepare for trial while the issue of his entitlement to qualified immunity remains pending. The protection of qualified immunity will be further undermined by Plaintiff's attempt to extend discovery to take five additional depositions in this matter.

8.

Wherefore, because Plaintiff has not shown good cause for his failure to exercise diligence in conducting discovery and has not shown how possible settlement with one party justifies a discovery extension, this Court should deny Plaintiff's Motion to Extend Discovery (and take five depositions next week). In the alternative, should the Court grant Plaintiff's Motion and extend discovery, it should move the trial to a later term to allow sufficient time for the Court to resolve pending dispositive motions raising the defense of qualified immunity before Defendant must be subjected to the burdens of trial preparation.

Respectfully submitted this 31st day of January, 2007.

> LEURA G. CANARY
> United States Attorney

> By: s/James J. DuBois
>    JAMES J. DUBOIS
>    Georgia Bar No. 231445
>    Assistant United States Attorney
>    Attorney for Defendant
>    Post Office Box 197
>    Montgomery, AL 36101-0197
>    Telephone No.: (334) 223-7280
>    Facsimile No.: (334) 223-7418
>    E-mail: james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff, Dwayne Brown, Ernestine Sapp, Dorman Walker, Charles Stewart, Angela Rogers, Philip Carroll, Michael Cohen, Randall Morgan, Marcia Woodham, Kelly Pate and Wayne Sabel.

s/James J. DuBois

Assistant United States Attorney