**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERRY G. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 2:05-cv-1235-T** |
| | ) | |
| **R. EDMOND SPRAYBERRY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT MCINNISH'S RESPONSE TO PLAINTIFF'S**
**MOTION TO EXTEND THE DISCOVERY DEADLINE**

COMES NOW Defendant C. Michael McInnish, by and through counsel, and files his

objection to Plaintiff's Motion for an Extension of the Discovery Deadline for the following

reasons:

1.    Plaintiff has failed to exercise diligence in conducting discovery or reference any

valid reason for an extension.  Defendant McInnish references  "Defendant

Sprayberry's Response to Plaintiff's Motion for Extension of Time," and

incorporates and adopts his arguments and allegations as they relate to diligence,

good cause, and unnecessary expense and prejudice to Defendants that would

occur if Plaintiff's motion is granted.  Defendant McInnish also adopts Defendant

Sprayberry's argument as to qualified immunity—a defense asserted by

Defendant McInnish.

2.    In support of his motion, Plaintiff references the Court's January 29, 2007, Order

allowing Plaintiff additional time to file a response to Defendants' pending

motions for summary judgment.  This should not be a consideration.  That Order was based on a motion by Plaintiff that did not mention Defendant McInnish's opposition to the motion, but instead could be read to imply that all parties were in agreement and that the extension would aid in settlement negotiations.  That was not Defendant McInnish's' position and no promising negotiations were in place at that time.  Before Defendant McInnish could file an objection to the defective motion, Plaintiff filed his brief in opposition to Defendant McInnish's motion for summary judgment, presumably making his request for an extension moot.  However, the Court granted his motion and Plaintiff has notified Defendants to "disregard" his brief.

3.    Plaintiff claims that an extension to February 9, 2007, will provide the parties time to attempt to settle the case.  Plaintiff gave the same rationale in support of his previous motion for an extension of time to oppose Defendant McInnish's motion for summary judgment.  However, Plaintiff's offers to settle directed at Defendant McInnish have been flatly rejected.  In fact, a settlement conference was held on January 30, 2007, and Plaintiff's offer of settlement was rejected by Defendant McInnish and Defendant Sprayberry.

4.    There is exceedingly little likelihood that the case against Defendant McInnish will be settled.

5.    Defendant McInnish has requested on a number of occasions, beginning at the time that the first of Plaintiff's three Complaints were filed, that Plaintiff dismiss

the case against him or face a request for sanctions because of the frivolous nature of the complaint.

6.     Defendant McInnish believes strongly that Plaintiff's case against him is entirely without legal or factual basis and is frivolous.

7.     Plaintiff claims that discovery should be extended because he is awaiting HUD approval of a settlement he reached with Defendant Montgomery Housing Authority.  There has been no indication that approval is forthcoming at any time, much less by February 9, 2007.  And it defies common sense that HUD would approve a settlement given the posture of the case.

8.     From Defendant McInnish's perspective, MHA's decision to settle the case piece-meal with Plaintiff without approval of its own insurer and without demanding that the entire case be concluded by the settlement was ill-advised.  It is a particularly questionable decision because the case against the MHA was not supported by sufficient evidence to justify the settlement amount.  Defendant McInnish can only conclude that the settlement was not based on legal or practical considerations.  If Defendant McInnish is correct in his conclusions, it seems unlikely that HUD would provide the funds to pay this settlement.

9.     Plaintiff claims that approval or denial of his pending settlement with MHA will have an impact on whether the remaining claims will be settled.  However, this is not a factor that Defendant McInnish would consider.  It is immaterial.

10.     Plaintiff claims that extending the discovery deadline will obviate the necessity of the submission of discovery disputes to the court relating to federal witnesses

Plaintiff seeks to depose. However, there are no discovery disputes pending between Plaintiff and Defendant McInnish.  Further, Defendant McInnish's counsel has not been made aware of any such disputes between Plaintiff and Defendant Sprayberry.

11.    Plaintiff claims that the parties remain in good faith negotiations and there is a good likelihood that the issues will be resolved.  However, this is not an accurate characterization of the status of the case.  There are no negotiations taking place at this time and there is little prospect of settlement.

12.    Plaintiff has had sufficient time to conduct discovery.  At the last minute, he has expressed an intent to depose numerous witnesses highly unlikely to provide any evidence that will support his case and he has failed to show otherwise.

WHEREFORE, Defendant McInnish requests that Plaintiff's motion to extend the discovery deadline to February 9, 2007 be denied.

Respectfully submitted this the 31st day of January, 2007.


/s/M. Wayne Sabel_____
M. Wayne Sabel (SAB002)
Mark Sabel (SAB004)
Maricia Woodham (BEN050)
Attorneys for Defendant McInnish


OF COUNSEL:

**SABEL & SABEL, P.C.**

4

Hillwood Office Center
2800 Zelda Road; Suite 100-5
Montgomery, AL 36106
Telephone: (334) 271-2770
Facsimile:  (334) 277-2882


## CERTIFICATE OF SERVICE

I do hereby certify that on the 31st day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dwayne Brown, Esq.
5925 Carmichael Road
Post Office Box 230205
Montgomery, Alabama 36123-0205
E-Mail: dbrown@dbrownatty.com

Ernestine S. Sapp
Gray, Langford, Sapp, McGowan, Gray and Nathanson
P.O. Box 830239
Tuskegee, AL
E-Mail:  esapp@glsmgn.com

Dorman Walker
Balch & Bingham LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
E-Mail: dwalker@balch.com

Charles A. Stewart, III
Angela R. Rogers
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Email: cstewart@bradleyarant.com
E-mail: arogers@bradleyarant.com

5

Leura Garrett Canary
James J. DuBois
U. S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101
E-mail: Leura.canary@usdoj.gov
Email: james.dubois2@usdoj.gov

Michael J. Cohan
Randall C. Morgan
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101
Email: mcohan@hillhillcarter.com
Email: rmorgan@hillhillcarter.com

/s/ Maricia Woodham
Maricia Woodham

6