**U.S. Department of Justice**

*United States Attorney*
*Middle District of Alabama*

PLAINTIFF'S EXHIBIT 1

One Court Square, Suite 201
Post Office Box 197
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280
Fax: 334/223-7560
Fin Lit Fax: 334/223-7201
Civil Fax: 334/223-7418
Criminal Fax: 334/223-7135

November 6, 2006

Dwayne Brown, Esq.
Law office of Dwayne Brown
Post Office Box 230205
Montgomery, Alabama 36123-0205

RECEIVED NOV 07 2006

Re: **Davis v. Sprayberry, et al.**
Civil Action No.: 2:05-CV-1235-T

Dear Dwayne:

This letter responds to your November 1, 2006, letter regarding the depositions of Roy Bernardi, Deputy Secretary of the United States Department of Housing and Urban Development ("HUD"), and Rick Hamblin, Field Oversight Manager, Public and Indian Housing Office of Field Operations, HUD.

As an initial matter, I believe my letter of November 2, 2006, to Ms. Sapp (which apparently crossed paths in the mail with your letter), addresses my position regarding these two depositions and explains why I believe a motion for a protective order would be premature at this point given Plaintiff's failure to comply with HUD's *Touhy* regulations. Since you have now served me with notices regarding these depositions, I will reiterate again that I only represent Mr. Sprayberry, who is being sued in his individual capacity, in this lawsuit. Neither Deputy Secretary Bernardi, Field Oversight Manager Hamblin, HUD, nor the United States is a party to this lawsuit. I have no authority to make non-parties such as Deputy Secretary Bernardi or Field Oversight Manager Hamblin subject to deposition, nor do I have any authority to accept service of notices of deposition or document requests directed to them.

Furthermore, I must correct your misrepresentation of my August 3, 2006 letter. My letter did not agree to make Field Oversight Manager Hamblin available for deposition on November 14, 2006. Instead, the letter plainly stated that Field Oversight Manager Hamblin was **not** a party to this lawsuit, that you had to comply with HUD's *Touhy* regulations and obtain HUD permission for him to testify, and that the date might work for me **if** HUD agreed to the deposition. The letter also noted that I reserved leave to seek to quash any effort to take his deposition. Since Plaintiff has completely ignored the existence of these

Mr. Dwayne Brown, Esq.
November 6, 2006
Page 2 of 2

Touhy regulations, and failed to obtain HUD's permission, any effort to quash or file a motion for a protective order is premature at this time. For further discussion of HUD's Touhy regulations, see my November 2, 2006, letter.

Moreover, since you agreed in a letter dated October 6, 2006, that the depositions of John Knight, Thomas Taylor, Lane Boggs, Betty Barnett, Ken Groves, and Paul Hankins are all to proceed before any possible depositions of Deputy Secretary Bernardi or Field Oversight Manager Hamblin, I do not understand why you believe you now have a good faith basis to suddenly object to the previously-agreed upon depositions of Mr. Hankins, Mr. Knight, and Mr. Taylor on November 14 and 15, 2006. I suspect the parties will have to agree to another week in December 2006 to finish any depositions that may remain in this case, given that November 13, 16, and 17, 2006, are not available for depositions due to scheduling conflicts among the parties, counsel, and witnesses in this case.

If you have any questions, let me know.

Sincerely yours,

FOR THE UNITED STATES ATTORNEY
Leura G. Canary

James J. DuBois
Assistant United States Attorney

LGC:JJD:dmc

cc: Ernestine Sapp, Esq.
    Dorman Walker, Esq.
    Charles Stewart, Esq.
    Angela Rogers, Esq.
    Michael Cohen, Esq.
    M. Wayne Sabel, Sr., Esq.