IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS,           )<br>    *Plaintiff,*     )<br>                           )<br>v.                         )<br>                           )<br>R. EDMOND SPRAYBERRY, et al., )<br>    *Defendants.*    ) | 2:05-CV-1235-MHT-TFM |

### ORDER ON MOTION

Upon consideration of the *Motion to Compel* (Doc. 143, January 31, 2007) filed by Plaintiff Terry G. Davis, it is for good cause therein

**ORDERED** that Plaintiff's *Motion to Compel* is **DENIED**. The District Court already entered an "Order" denying the motion to extend the discovery deadline (Doc. 144). For the same reasons, the *Motion to Compel* should be denied.

Several federal courts in Alabama have already addressed the key question presented here - i.e., should the Court exercise its authority to control the pace of litigation. *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (the good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension); *Hosea v. Langley*, 2006 WL 314454 (S.D. Ala. 2006) (parties showed no good cause why discovery had to take place outside of discovery deadline so Motion to Compel was denied); *Argo Systems FZE v. Liberty Insurance PTE, LTD.*, 2005 WL 1355060 (S.D. Ala. 2005) (citing *Sosa* and reiterating importance of keeping to scheduling orders without good cause).

The Scheduling Order states all discovery shall be completed on or before January 31, 2007, except that, as to any witnesses whose names are not revealed until the last day allowed under Section 10, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.[1] Scheduling Order (Doc. 24 and 56) §7. Plaintiff waited until the last day of discovery to file his Motion to Compel despite the fact the referenced depositions were noticed for June 13, 2006 and November 1, 2006 respectively. The court may grant an extension to deadlines in situations where it cannot be reasonably met despite the diligence of the parties, but if they were not diligent, the court's inquiry should end. *Sosa*, 133 F.3d at 1418.

Granting Plaintiff's *Motion to Compel* would be a *de facto* extension to the scheduling order which the District Court has already clearly denied. *See* Doc. 144. Further, Plaintiff was aware of the deposition difficulties for months before his eleventh hour request. *See Motion to Compel* and attachments. Consequently, Plaintiff's *Motion to Compel* is **DENIED**.

DONE this 2nd day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[1] The original scheduling order (Doc. 24) was modified to extend the discovery deadline from December 29, 2006 to January 31, 2007. *See* Doc. 56.

2