# Exhibit # 29

PLAINTIFF'S
EXHIBIT

29

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

TERRY G. DAVIS,                     )
     Plaintiff,                )
                                    )
vs.                                 )
                                    )       CIVIL ACTION NO. 2:05-cv-1235-MHT
R. EDMOND SPRAYBERRY, et al.        )
                                    )
     Defendants.               )

## DEFENDANT McINNISH'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES now Defendant McInnish and responds to the Plaintiff's Request for Admissions as follows:

### GENERAL OBJECTIONS

1.    Defendant McInnish objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and not calculated to lead to the discovery of admissible evidence.

2.    Defendant McInnish objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney/client privilege, the attorney-work product doctrine or any other applicable privilege or immunity.

3.    Defendant McInnish objects to any and all discovery requests to the extent that they require Defendant McInnish to prepare Plaintiff's case, and to determine what Plaintiff should deem relevant to, supportive of or pertinent to certain claims and allegations; as such, the discovery requests are not a proper method of discovery.

4.    Defendant McInnish objects to any and all discovery requests that are not reasonably limited in time and/or scope.

These "General Objections" are applicable to and incorporated into each of Defendant McInnish's responses, infra, as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of Defendant McInnish's "General Objections." Unless otherwise specifically stated, Defendant McInnish's objections to each discovery request applies to the entire request, including each and every subsection and/or subpart of the request.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. (1):**    The document attached hereto as Exhibit 1, dated July 21, 2004 and the attachment hereto are authentic and genuine copies of documents sent by Defendant C. Michael McInnish to the Board of Commissioners of the Montgomery Housing Authority for the City of Montgomery while McInnish served as Executive Director of the Montgomery Housing Authority.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. (2)**    Defendant Housing Authority of the City of Montgomery (hereafter referred to as "MHA") accepted a proposal to pay the following white male and white female members of the law firm of Bradley, Arant Rose and White, LLP ("Bradley Arant"), the following rates per hour for legal services:

| | |
|---|---|
| Chuck Stewart | $270.00 |
| Cutter Hughes | $290.00 |
| Hope Stewart | $180.00 |

2

| Trip Umbach | $245.00 |
| Paul Compton | $290.00 |

**RESPONSE:** Defendant McInnish objects to this request to the extent it incorrectly implies that Defendant Montgomery Housing Authority ("MHA") or Defendant McInnish knew or knew the race of every individual listed in the request. Defendant McInnish further objects to the request to the extent it incorrectly implies that MHA contracted with the named individuals rather than the law firm of Bradley Arant by which they were employed. Defendant McInnish objects to the request to the extent that it incorrectly implies that all of the attorneys employed by the Bradley Arant firm are white. Defendant McInnish objects further to the extent that the request implies that the hourly rate paid to the attorneys employed by Bradley Arant was the only term or condition of the contract. Without waiving the objection, Defendant McInnish admits that Charles Stewart, an employee of Bradley Arant, was paid at the rate of $270.00 per hour. Defendant McInnish further admits that the hourly rates of the other listed individuals was contained in the response to the Request for Proposal ("RFP"), submitted by Bradley Arant. Defendant McInnish is without sufficient information to admit or deny that the other listed attorneys performed work for MHA or were paid at the rate listed.

**REQUEST FOR ADMISSION NO. (3)**   Defendant "MHA" entered into a contract with the following Terry G. Davis, an African American, who is a member of the law firm of Davis & Hatcher, L.L.C., to pay the following rate per hour for legal services:

| Terry G. Davis | $175.00 per hour |

**RESPONSE:** Defendant McInnish objects to this request to the extent it implies that MHA's agreement to pay Plaintiff $175.00 per hour constitutes the entire fee agreement with

3

Plaintiff. In fact, MHA agreed to pay Plaintiff $175.00 per hour and $1,000 per month retainer fee with the expectation that Plaintiff would normally perform approximately two to four hours of work per month. Defendant McInnish further objects to the request to the extent that it implies that Plaintiff's race was a factor in establishing the hourly rate. Without waiving the objection, Defendant McInnish admits that MHA entered into a contract with Plaintiff and that one of its terms was to pay Plaintiff at the rate of $175.00 per hour.

REQUEST FOR ADMISSION NO. (4)    The documents attached hereto as Exhibit 2 and dated May 25, 2004, June 15, 2004 and July 28, 2004 are copies of authentic and genuine copies of documents received by Defendant Housing Authority of the City of Montgomery, Alabama.

RESPONSE: Admitted.

(5)    The Housing Authority of the City of Montgomery upon the approval of C. Michael McInnish, paid Charles A. Stewart (white male) $270.00 per hour; Scott B. Smith (white male) $240.00 per hour; and Timothy Cummins (white male) $180.00 per hour for legal services rendered in the case of *Housing Authority of the City of Montgomery vs. The City Council of the City of Montgomery*, CV-04-994-R.

RESPONSE: Defendant McInnish objects to this request to the extent it implies that he knew the race of the individuals named in the request with the exception of Charles A. Stewart or that race was a factor in establishing hourly rates. Defendant McInnish further objects to the extent that the request implies that he approved the hourly rates of the individuals listed during the case of *Housing Authority of the City of Montgomery vs. The*

4

FROM SABEL & SABEL    Case 2:05-cv-01235-MHT-TFM    Document 148-5    (FRI) JUL 14 2006 12:08/ST. 13:16/No. 6800220322 P 6    Filed 02/09/2007    Page 6 of 20

(THU) JUL 13 2006 15:58/ST. 15:56/No. 6840114602 P 6

*City Council of the City of Montgomery*, CV-04-994-R. In fact, the hourly rates were established by contract with the law firm of Bradley Arant for which the above-named individuals were employed. Defendant McInnish reviewed and administratively approved payments of the Bradley Arant bills in that context. Without waiving the above objection, Defendant McInnish admits that he approved bills at which the hourly rates contained in this request were submitted by the Bradley Arant firm.

(6)    The Housing Authority of the City of Montgomery paid Terry G. Davis (African American) $175.00 per hour for legal services performed in *Housing Authority of the City of Montgomery vs. The City Council of the City of Montgomery*, CV-04-994-R.

**RESPONSE:**    Defendant McInnish objects to this request to the extent it implies that Plaintiff's race was a factor in establishing the hourly rate. Without waiving the objection, Request for Admission No. (6) is admitted.

**REQUEST FOR ADMISSION NO. (7):**    The Housing Authority of the City of Montgomery had no contract with Scott B. Smith, Timothy Cummins or Tammy Turner Brown to perform legal services between April 1, 2004 and July 28, 2004.

**RESPONSE:**    Defendant McInnish objects to this request to the extent it implies that the named attorneys were not members of the Bradley Arant law firm with which MHA did have a contract. Defendant McInnish further objects to this request to the extent it is vague and confusing. Defendant McInnish further objects to the extent that he is required to reach a legal conclusion concerning contract law. Without waiving the objection, Defendant McInnish is unable to admit or deny Request for Admission No. (7).

**REQUEST FOR ADMISSION NO. (8):**     C. Michael McInnish as executive director of the Housing Authority of the City of Montgomery approved invoices for payment for legal services rendered by Scott B. Smith at $240/hour, Timothy Cummins at $180/hour and Tammy Turner Brown at $115/hour for legal services performed between April 1, 2004 and July 28, 2004.

**RESPONSE:** Defendant McInnish objects to this request to the extent that it implies that he approved the hourly rates of the individuals listed in the case of *Housing Authority of the City of Montgomery vs. The City Council of the City of Montgomery.* In fact, the hourly rates were established under a contract with Bradley Arant. Defendant McInnish approved payment of the Bradley Arant bills in that context after administrative review of the work described therein. Without waiving the objection, Request for Admission No. (8) is admitted.

**REQUEST FOR ADMISSION NO. (9):**     The document attached hereto dated May 3, 2004 as Exhibit 3, is an authentic and genuine copy of a letter from C. Michael McInnish to Barbara Ethredge, Chief Counsel for the U. S. Department of Housing and Urban Development.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. (10):**     R. Edmond Sprayberry and Barbara Ethredge had knowledge of the hourly rates being paid by the Housing Authority of the City of Montgomery to Terry G. Davis and Charles A. Stewart, III for services rendered in the "MHA Declaratory Judgment" action in the Circuit Court of Montgomery County in May, 2004.

**RESPONSE:** Defendant McInnish is without sufficient information to admit or deny Request for Admission No. (10). Therefore, for purposes of this response, the request is denied.

**REQUEST FOR ADMISSION NO. (11):**    Re Edmond Sprayberry made no effort to address the disparity in the hourly rates paid between Terry G. Davis and Charles Stewart once he became aware of the rates paid.

**RESPONSE:**  Defendant McInnish objects to this request to the extent that the word "disparity" implies that race was a factor in establishing the hourly rate of the attorneys. Further, Defendant McInnish objects to a request requiring that he attest to the level of awareness of Defendant Sprayberry at the relevant time. Without waiving the objection, Defendant McInnish is without sufficient information to admit or deny the allegations contained in Request for Admission No. (11). Therefore, for purposes of this response, the request is denied.

**REQUEST FOR ADMISSION NO. (12):**   The document attached hereto as Exhibit 4, and dated March 3, 2005 is a copy of a genuine and authentic document received by Lemuel (Lane) Boggs from Terry G. Davis on which is a hand-written notation provides: "O.K. To Process Thomas Taylor, 3/4/05".

**RESPONSE:**  Defendant McInnish objects to this request to the extent it is addressed to him. Defendant McInnish had been suspended and placed on leave and was not at MHA on March 3, 2005. Without waiving the objection, Defendant McInnish is without sufficient information to admit or deny Request for Admission No. (12). Therefore, for purposes of this response, Defendant McInnish denies the request.

**REQUEST FOR ADMISSION NO. (13):**   The document attached hereto as Exhibit 5, with attachments, and dated March 3, 2005 is a copy of a genuine and authentic document

7

received by Lane Boggs from Terry G. Davis with copy to Thomas Taylor, R. Edmond Sprayberry and Barbara Etheridge.

**RESPONSE:** Defendant McInnish objects to this request to the extent it is addressed to him. Defendant McInnish had been suspended, placed on leave, and was not at MHA on March 3, 2005. Without waiving the objection, Defendant McInnish is without sufficient information to admit or deny Request for Admission No. (13). Therefore, for purposes of this response Defendant McInnish denies the request.

**REQUEST FOR ADMISSION ON. (14):** The document attached hereto as Exhibit 6 is a copy of a genuine and authentic a letter sent by R. Edmond Sprayberry to Lemuel E. Boggs.

**RESPONSE:** Defendant McInnish objects to this request to the extent it is addressed to him. Defendant McInnish had been suspended and placed on leave and was not at MHA on March 16, 2005. Without waiving the objection, Defendant McInnish is without sufficient information to admit or deny Request for Admission No. (14). Therefore, for purposes of this response, Defendant McInnish denies the request.

**REQUEST FOR ADMISSION NO. (15):** R. Edmond Sprayberry never reduced any hours or expenses of invoices submitted by Charles Stewart, Scott B. Smith or Timothy Cummins.

**RESPONSE:** Defendant McInnish objects to this request to the extent it is addressed to him. The official records of these matters, to the extent they exist, are in the possession of other parties. Further, Defendant McInnish objects to the extent he is asked to attest to possible actions that may or may not have occurred after his suspension by MHA. Defendant McInnish notes that any documents in his possession that may be related to the

FROM SABEL & SABEL    Case 2:05-cv-01235-MHT-TFM    Document 148-3    Filed 02/09/2007    Page 10 of 20    (FRI) JUL 14 2006 15:14/ST. 15:13/No. 6080228322 P 10

(THU) JUL 13 2006 15:58/ST. 15:58/No. 6840114602 P 10

request are contained in his Initial Disclosures. Without waiving the objection, Defendant

McInnish is without sufficient information to admit or deny Request for Admission No. (15).

**REQUEST FOR ADMISSION NO. (16):** The document attached hereto as Exhibit 7,

dated December 21, 2004, is a copy of genuine and authentic minutes of a regular meeting of the

Board of Commissioners of the Housing Authority for the City of Montgomery.

**RESPONSE:** Defendant McInnish objects to this request to the extent it is addressed to

him. Defendant further objects to this request to the extent that the document appears to be

incomplete. Defendant McInnish had been suspended, placed on leave, and was not at

MHA on December 21, 2004. Without waiving the objection, Defendant McInnish is

without sufficient information to admit or deny Request for Admission No. (16). Therefore,

for purposes of this response Defendant McInnish denies the request.

**REQUEST FOR ADMISSION NO. (17):** R. Edmond Sprayberry refused to approve

the action of the Board of Commissioners of the Housing Authority of the City of Montgomery on

December 21, 2004 to employ Terry G. Davis, as counsel for the Board of Commissioners of the

Housing Authority of the City of Montgomery.

**RESPONSE:** Defendant McInnish objects to this request to the extent it is addressed to

him. Defendant McInnish had been suspended, placed on leave, and was not at MHA on

December 21, 2004. Without waiving the objection, Defendant McInnish is without

sufficient information to admit or deny Request for Admission No. (17). Therefore, for

purposes of this response Defendant McInnish denies the request.

**REQUEST FOR ADMISSION NO. (18):** R. Edmond Sprayberry approved the

employment by the Housing Authority of the City of Montgomery of Randall C. Morgan, a white

9

male, as counsel for the Board of Commissioners of the Housing Authority of the City of Montgomery.

**RESPONSE:** Defendant McInnish objects to this request to the extent it is addressed to him. Defendant McInnish had been suspended, placed on leave, and was not at MHA during the relevant time period. Without waiving the objection, Defendant McInnish is without sufficient information to admit or deny Request for Admission No. (18). Therefore, for purposes of this response Defendant McInnish denies the request.

   **REQUEST FOR ADMISSION NO. (19):**   The Housing Authority Insurance Group paid attorneys fees to counsel for C. Michael McInnish in settlement of his employment claim against the Housing Authority of the City of Montgomery.

**RESPONSE:**  Defendant McInnish objects to this request to the extent it implies that payment of attorney fees constitutes the entire Settlement Agreement. Without waiving the objections, Request for Admission No. (19) is admitted.

Respectfully submitted this the _13th_ day of July, 2006.

                    M. Wayne Sabel (SAB002)
                    Muricia Woodham (BEN050)
                    Mark W. Sabel   (SAB004)
                    Sabel & Sabel, PC
                    Attorneys for the Defendant
                    C. Michael McInnish

10

FROM SABEL & SABEL    Case 2:05-cv-01235-MHT-TFM    Document 148-5    (FRI) JUL 14 2006 13:59/ST. 13:56/No. 6280220322 P 12
Filed 02/09/2007    Page 12 of 20

FROM SABEL & SABEL    (THU) JUL 13 2006 15:59/ST. 15:56/No. 6840114602 P 12

**SABEL & SABEL, PC**
Hillwood Office Center
2800 Zelda Road, Ste. 100-5
Montgomery, Alabama 36106
Telephone:    (334) 271-2770
Facsimile:    (334) 277-2882

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by facsimile and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 13th day of July, 2006.

Dwayne Brown, Esq.
Law Office of Dwayne L. Brown, PC
Post Office Box 230205
Montgomery, Alabama 36123-0205

Dorman Walker, Esq.
Balch & Bingham
Post Office Box 78
Montgomery, AL 36101

Charles A. Stewart, III, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Michael Cohan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101-0116

James DuBois, Esq.
U. S. Attorney's Office
Post Office Box 197
Montgomery, AL 36101

M. Wayne Sabel
M. Wayne Sabel

11

# Exhibit # 30

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRY G. DAVIS                              )
                                           )
        Plaintiff,                         )
                                           )
vs.                                        )
                                           )    Case No.: 2:05cv1235MHT
                                           )
R. EDMOND SPRAYBERRY, et al.               )
                                           )
        Defendants.                        )
                                           )

PLAINTIFF'S EXHIBIT
30

## PLAINTIFF'S RESPONSE TO DEFENDANT C. MICHAEL McINNISH'S FIRST REQUEST FOR ADMISSION

COMES NOW Plaintiff Terry G. Davis by and through counsel and hereby submits the following Response to Defendant C. Michael McInnish's First Request for Admission pursuant to Fed. R. Civ. P. 36:

## GENERAL OBJECTIONS

1.    Plaintiff Davis objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and not calculated to lead to the discovery of admissible evidence.

2.    Plaintiff Davis objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney/client privilege, the attorney-work product doctrine or any other applicable privilege or immunity.

3.    Plaintiff Davis objects to any and all discovery requests to the extent that they

-1-

require Plaintiff Davis to prepare Defendants' case, and to determine what Defendant should deem relevant to, supportive of or pertinent to certain claims and allegations; as such, the discovery requests are not a proper method of discovery.

4.    Plaintiff Davis objects to any and all discovery requests that are not reasonably limited in time and/or scope.

These "General Objections" are applicable to and incorporated into each of Plaintiff Davis' responses, infra as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of Plaintiff's Davis objections to each discovery request applies to the entire request, including each and every subsection and/or subpart of the request.

## REQUEST FOR ADMISSIONS

**Request for Admission 1:**

Plaintiff has no facts or other evidence to support his contention that Defendant violated his civil rights by reason of race under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, as alleged in the Complaint or other wise.

**RESPONSE 1:**

Denied.

**Request for Admission 2:**

Defendant McInnish did not ever violate Plaintiff's right under the Fourteenth Amendment or 42 U.S.C. § 1983 as alleged in the Complaint or otherwise.

~2~

**RESPONSE 2:**

Denied.

**Request for Admission 3:**

Plaintiff has no facts or other evidence to support his claims that Defendant McInnish discriminated against him because of race as alleged in the Complaint or otherwise.

**RESPONSE 3**

Denied.

**Request for Admission 4:**

Defendant McInnish never discriminated against Plaintiff on account of race as alleged in the Complaint or otherwise.

**RESPONSE 4:**

Denied.

**Request for Admission 5:**

Plaintiff has no facts or other evidence to support the contention that Defendant McInnish subjected him to unequal treatment because of his race as alleged in the Complaint or otherwise.

**RESPONSE 5:**

Denied.

**Request for Admission 6:**

Defendant McInnish did not subject Plaintiff to unequal treatment because of his race.

**RESPONSE 6:**

    Denied.

**Request for Admission 7:**

    Defendant McInnish did not end Plaintiff's employment or contract with Defendant Montgomery Housing Authority.

**RESPONSE 7:**

    Denied.

    Following Defendant McInnish being placed on administrative leave, he used his influence with Defendant Sprayberry to illegally overstep his authority in dealing with me and the Montgomery Housing Authority. Acting in concert with Defendant Sprayberry, Defendant McInnish used his influence with Sprayberry to cause Sprayberry to refused to pay my invoices for services rendered, even though the work had been authorized by the Board of Commissioners, and Defendant McInnish placed on administrative leave by a vote of 6 to 1. He also acted in concert the Sprayberry to impede and stop the investigation into activities of Defendant McInnish as executive director. Additionally, he acted in concert with Sprayberry who illegally overruled the Board of Commissioner's decision to re-employ me as general counsel for the Board.

**Request for Admission 8:**

    Plaintiff has no facts or other evidence to support the contention that Defendant McInnish retaliated against him for opposing discriminatory treatment and/or otherwise engaging in protected activity.

**RESPONSE 8:**

    Denied.

**RESPO**

I    ed.

**Request**

P

Decemb

Plaintiff.

**RESPOI**

D

**Request**

D

Plaintiff.

**RESPON**

D    d.

**Request**

Pl

McInnish

**RESPON**

De

**Request f**

De

**RESPON**

De

**Request for Admission 9:**

> Plaintiff agrees and admits that Defendant McInnish did not

in any way for any reason.

**RESPONSE 9:**

> Denied.

**Request for Admission 10:**

> Plaintiff has suffered no damages as a result of any act or om

McInnish.

**RESPONSE 10:**

> Denied.

**Request for Admission 11:**

> Plaintiff has no facts or evidence to support the contention tha

McInnish breached any contract between Plaintiff and Defendant McI

**RESPONSE 11:**

> Denied.

**Request for Admission 12:**

> Defendant McInnish did not breach any contract between Plair

McInnish.

**RESPONSE 12:**

> Denied.

**Request for Admission 13:**

> There never was a contract between Plaintiff and Defendant M

Board of Commissioners, a

vote of 6 to 1.  He also    ed i

investigation into activities

he acted in concert with Spr

decision to re-employ me  a

DONE this the 20th day of J

higher rates ranging from $290 per hour down to $

me to investigate the matter of the differences in pay

Even when Mr. Stewart and I worked on the

than Mr. Stewart and his associates, all of whom are

experience and was only paid $175/hr. Charles Stew

was paid  $270/hr; Scott B. Smith with only 8 years

Timothy Cummings  3 years of experience was paid $

When I began submitting invoices for servi

retainer for work specifically authorized by the Bo:

retaliate  and    further  discriminate  against  me,  b

microscopic detail. On one occasion Mr. McInnish as

1 hour researching the CFR when all I asked you to dc

of federal regs?"  Defendant McInnish would also ir

withhold  amounts  due  for  services  rendered  and  m

Defendant would even require that I redraft and resul

before he would make payment.  Mr. Stewart and his

such  discriminatory  treatment.    I  specifically  protes

defendant McInnish.

Following Defendant McInnish  being placed o:

influence with Defendant Sprayberry to illegally oversti

and the Montgomery Housing Authority. Acting in co

Defendant McInnish used his influence with  Sprayberr

pay my invoices for services rendered, even though the

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing the same in the U.S. Mail, first class, postage prepaid, properly addressed as follows on this the 20th day of July, 2006.

M. Wayne Sabel, Sr., Esq.
Sabel & Sabel
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106

Dorman Walker, Esq.
Balch & Bingham
Post Office Box 78
Montgomery, AL 36101

Charles A. Stewart, III, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Micheal Cohan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, AL 36101-0116

James DuBois, Esq.
U.S. Attorney's Office
Post Office Box 197
Montgomery, AL 36101

_____
Of Counsel

˜10˜