IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:05cv1235MHT |
| R. EDMOND SPRAYBERRY, et al. | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT C. MICHAEL McINNISH'S FIRST REQUEST FOR ADMISSION

COMES NOW Plaintiff Terry G. Davis by and through counsel and hereby submits the following Response to Defendant C. Michael McInnish's First Request for Admission pursuant to Fed. R. Civ. P. 36:

### GENERAL OBJECTIONS

1. Plaintiff Davis objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and not calculated to lead to the discovery of admissible evidence.

2. Plaintiff Davis objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney/client privilege, the attorney-work product doctrine or any other applicable privilege or immunity.

3. Plaintiff Davis objects to any and all discovery requests to the extent that they

-1-

require Plaintiff Davis to prepare Defendants' case, and to determine what Defendant should deem relevant to, supportive of or pertinent to certain claims and allegations; as such, the discovery requests are not a proper method of discovery.

4. Plaintiff Davis objects to any and all discovery requests that are not reasonably limited in time and/or scope.

These "General Objections" are applicable to and incorporated into each of Plaintiff Davis' responses, infra as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of Plaintiff's Davis objections to each discovery request applies to the entire request, including each and every subsection and/or subpart of the request.

## REQUEST FOR ADMISSIONS

**Request for Admission 1:**

Plaintiff has no facts or other evidence to support his contention that Defendant violated his civil rights by reason of race under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, as alleged in the Complaint or other wise.

**RESPONSE 1:**

Denied.

**Request for Admission 2:**

Defendant McInnish did not ever violate Plaintiff's right under the Fourteenth Amendment or 42 U.S.C. § 1983 as alleged in the Complaint or otherwise.

**RESPONSE 2:**

Denied.

**Request for Admission 3:**

Plaintiff has no facts or other evidence to support his claims that Defendant McInnish discriminated against him because of race as alleged in the Complaint or otherwise.

**RESPONSE 3**

Denied.

**Request for Admission 4:**

Defendant McInnish never discriminated against Plaintiff on account of race as alleged in the Complaint or otherwise.

**RESPONSE 4:**

Denied.

**Request for Admission 5:**

Plaintiff has no facts or other evidence to support the contention that Defendant McInnish subjected him to unequal treatment because of his race as alleged in the Complaint or otherwise.

**RESPONSE 5:**

Denied.

**Request for Admission 6:**

Defendant McInnish did not subject Plaintiff to unequal treatment because of his race.

**RESPONSE 6:**

Denied.

**Request for Admission 7:**

Defendant McInnish did not end Plaintiff's employment or contract with Defendant Montgomery Housing Authority.

**RESPONSE 7:**

Denied.

Following Defendant McInnish being placed on administrative leave, he used his influence with Defendant Sprayberry to illegally overstep his authority in dealing with me and the Montgomery Housing Authority. Acting in concert with Defendant Sprayberry, Defendant McInnish used his influence with Sprayberry to cause Sprayberry to refused to pay my invoices for services rendered, even though the work had been authorized by the Board of Commissioners, and Defendant McInnish placed on administrative leave by a vote of 6 to 1. He also acted in concert the Sprayberry to impede and stop the investigation into activities of Defendant McInnish as executive director. Additionally, he acted in concert with Sprayberry who illegally overruled the Board of Commissioner's decision to re-employ me as general counsel for the Board.

**Request for Admission 8:**

Plaintiff has no facts or other evidence to support the contention that Defendant McInnish retaliated against him for opposing discriminatory treatment and/or otherwise engaging in protected activity.

**RESPONSE 8:**

Denied.

**Request for Admission 9:**

Plaintiff agrees and admits that Defendant McInnish did not retaliate against him in any way for any reason.

**RESPONSE 9:**

Denied.

**Request for Admission 10:**

Plaintiff has suffered no damages as a result of any act or omission by Defendant McInnish.

**RESPONSE 10:**

Denied.

**Request for Admission 11:**

Plaintiff has no facts or evidence to support the contention that Defendant McInnish breached any contract between Plaintiff and Defendant McInnish.

**RESPONSE 11:**

Denied.

**Request for Admission 12:**

Defendant McInnish did not breach any contract between Plaintiff and Defendant McInnish.

**RESPONSE 12:**

Denied.

**Request for Admission 13:**

There never was a contract between Plaintiff and Defendant McInnish.

**RESPONSE 13:**

    Denied.

**Request for Admission 14:**

    Plaintiff has no facts or evidence to support the contention that on or about December 21, 2004, Defendant McInnish wantonly or willfully converted monies owed to Plaintiff.

**RESPONSE 14:**

    Denied.

**Request for Admission 15:**

    Defendant McInnish did not wantonly or willfully convert any monies owed to Plaintiff.

**RESPONSE 15:**

    Denied.

**Request for Admission 16:**

    Plaintiff has no facts or evidence to support the contention that Defendant McInnish refused to pay him for legal services previously rendered.

**RESPONSE 16:**

    Denied.

**Request for Admission 17:**

    Defendant McInnish did not refuse to pay Plaintiff for legal services rendered.

**RESPONSE 17:**

    Denied.

## INTERROGATORY RELATED TO REQUESTS FOR ADMISSION

1. If you deny any of the statements contained in Defendant McInnish's Requests for Admission above, please describe, in detail, the facts upon which you base your denial.

**RESPONSE:**

Plaintiff objects to this interrogatory in that it fails to comply with Rules 33 and 36 of the Federal Rules of Civil Procedure. Further, Plaintiff objects to this interrogatory on the ground that it is overly broad and vague. Plaintiff also objects to this interrogatory to the extent that it calls for a response to any matters that may be attorney-client privilege. Without waiving the above objection, Plaintiff submits the following response:

When I submitted my response to the request for proposals for employment with the Montgomery Housing Authority to Defendant McInnish, I had a discussion with him regarding the hourly rate. My original proposal was for $185.00 /hr ($195 /hour in-court). Defendant McInnish made it clear and told me that he would only be able to get authority to pay $175 per hour for my legal work. I agreed to the lower the amount from my original proposal of $185 per hour/$195 per hour in court, following our conversation and signed a contract for $175 per hour. Charles Stewart, on the other hand, submitted for his firm, a proposal with hourly rates for partners and associates ranging from $290 per hour down to $180 per hour. Defendant McInnish, without question, accepted and paid the higher rates to Stewart and his firm. To make matters worse, Defendant McInnish concealed from the Board of Commissioners that he was only paying me $175 per hour while paying Stewart and his associates, including those with much less experience,

higher rates ranging from $290 per hour down to $180 per hour. The Board authorized me to investigate the matter of the differences in pay.

Even when Mr. Stewart and I worked on the same case, I was paid less per hour than Mr. Stewart and his associates, all of whom are white males. I have over 25 years of experience and was only paid $175/hr. Charles Stewart has 20 years of experience and was paid $270/hr; Scott B. Smith with only 8 years of experience was paid $240/hr and Timothy Cummings 3 years of experience was paid $180/hr.

When I began submitting invoices for services that were beyond the monthly retainer for work specifically authorized by the Board, Defendant McInnish sought to retaliate and further discriminate against me, by scrutinizing my invoices in microscopic detail. On one occasion Mr. McInnish asked: "Why did you spend more than 1 hour researching the CFR when all I asked you to do was review a lease for compliance of federal regs?" Defendant McInnish would also intentionally delay payments to me; withhold amounts due for services rendered and make partial payments of invoices. Defendant would even require that I redraft and resubmit previously submitted invoices before he would make payment. Mr. Stewart and his associates were never subjected to such discriminatory treatment. I specifically protested, in writing, this treatment by defendant McInnish.

Following Defendant McInnish being placed on administrative leave, he used his influence with Defendant Sprayberry to illegally overstep his authority in dealing with me and the Montgomery Housing Authority. Acting in concert with Defendant Sprayberry, Defendant McInnish used his influence with Sprayberry to cause Sprayberry to refuse to pay my invoices for services rendered, even though the work had been authorized by the

Board of Commissioners, and Defendant McInnish placed on administrative leave by a vote of 6 to 1. He also acted in concert with Sprayberry to impede and stop the investigation into activities of Defendant McInnish as executive director. Additionally, he acted in concert with Sprayberry who illegally overruled the Board of Commissioner's decision to re-employ me as general counsel for the Board.

DONE this the 20th day of July, 2006.

_____
Terry G. Davis, Plaintiff

Respectfully submitted,

_____
Dwayne Brown
ASB-9396-B59D
Attorney for Plaintiff
**Law Office of Dwayne L. Brown, PC**
Post Office Box 230205
Montgomery, Alabama 36123-0205
Telephone: (334) 277-3757
Fax: (334) 277-3613
E-Mail: dbrown@dbrownatty.com