IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | **2:05-cv-01235-MHT-TFM** |
| R. EDMOND SPRAYBERRY, et al. ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANT SPRAYBERRY'S RESPONSE TO PLAINTIFF'S MOTION
FOR A HEARING AND REQUEST FOR ORAL ARGUMENT**

COMES NOW Defendant Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this Response to Plaintiff's Motion for a Hearing and Request for Oral Argument. In support of this Response, Defendant Sprayberry submits the following:

1.

This is a <u>Bivens</u> and 42 U.S.C. § 1983 action for alleged violations of Plaintiff's First, Fifth, and Thirteenth Amendment rights. Plaintiff names as defendants R. Edmond Sprayberry, Director of Public Housing for the United States Department of Housing and Urban Development ("HUD") in his individual capacity; the Montgomery Housing Authority ("MHA"); and M. McInnish, the MHA's former Executive Director, in his individual capacity.

2.

Sprayberry has moved for summary judgment because Plaintiff lacks standing and because Sprayberry is protected by qualified immunity. The facts and legal arguments are adequately presented in the briefs and in the record, and the decisional process would not be significantly aided by oral argument. Indeed, Sprayberry submits that this case presents issues that are best resolved

by argument in written briefs, where assertions can be supported by specific citations to record evidence and by citations to applicable legal authority. Plaintiff has filed two Responses to Sprayberry and McInnish's Motions for Summary Judgment.[1]

3.

Plaintiff further claims, without explanation, that a possible settlement between himself and the Montgomery Housing Authority ("MHA") will directly affect issues raised by the pending motions for summary judgment filed by Sprayberry and McInnish. Sprayberry's arguments regarding standing and qualified immunity have nothing to do with Plaintiff's separate claims against the MHA. Accordingly, Sprayberry submits that this possible settlement is irrelevant to Plaintiff's request for oral argument on the pending motions for summary judgment.

Wherefore, Sprayberry submits that the decisional process would not be significantly aided by oral argument, and thus Plaintiff's Motion for a Hearing and Request for Oral Argument should be denied.

Respectfully submitted this 20th day of February, 2007.

        LEURA G. CANARY
        United States Attorney

By:    s/James J. DuBois
        JAMES J. DUBOIS
        Georgia Bar No. 231445
        Assistant United States Attorney
        Attorney for Defendant
        Post Office Box 197
        Montgomery, AL  36101-0197
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        E-mail:  james.dubois2@usdoj.gov

---

[1] Sprayberry, with leave of Court, filed a response to Plaintiff's first Response (filed on January 26, 2007), on February 9, 2007. To the extent the Court is going to consider Plaintiff's second Response (filed on February 9, 2007), Sprayberry will be seeking leave to file a reply.

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff, Dwayne Brown, Ernestine Sapp, Dorman Walker, Charles Stewart, Angela Rogers, Philip Carroll, Michael Cohen, Randall Morgan, Marcia Woodham, Kelly Pate and Wayne Sabel.

    s/James J. DuBois
    Assistant United States Attorney