IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. DAVIS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:05-cv-01235-MHT-TFM** |
| | ) |
| R. EDMOND SPRAYBERRY, et al. | ) |
| | ) |
|    Defendants. | ) |

### DEFENDANT SPRAYBERRY'S MOTION TO CONTINUE TRIAL

COMES NOW Defendant Sprayberry, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and moves the Court to continue the trial in this matter, pending a ruling on Sprayberry's pending Motion for Summary Judgment. Trial is currently set during the May 14, 2007, trial term. The grounds for this Motion are that Sprayberry's counsel will be on paternity leave in late March and early April 2007, to care for his wife and first child, and that the United States Attorney's Office is moving to its new building in May 2007. In support of this Motion, Sprayberry submits the following:

1.

This is a Bivens and 42 U.S.C. § 1983 action for alleged violations of Plaintiff's First, Fifth, and Thirteenth Amendment rights. Plaintiff names as defendants R. Edmond Sprayberry, the Director of Public Housing for the United States Department of Housing and Urban Development ("HUD"), in his individual capacity; the Montgomery Housing Authority ("MHA"); and M. McInnish, the MHA's former Executive Director, in his individual capacity.

2.

Sprayberry and McInnish each filed motions for summary judgment on January 7, 2007, ninety (90) days before the April 5, 2007 pretrial conference in this matter.[1] On or around the same time, Plaintiff and Defendant MHA filed a motion requesting an indefinite extension of the MHA's summary judgment deadline in light of what was represented as a settlement between those two parties. This Court granted this motion on January 9, 2007. The proposed settlement between the MHA and Plaintiff is subject to HUD approval. To date, the MHA remains a party to this litigation and there is no indication when, or if, the settlement will be approved. If the settlement is not approved, then it is likely that the MHA will also move for summary judgment.

3.

Plaintiff filed his Response to Sprayberry and McInnish's summary judgment motions on January 26, 2007. On the same day, he moved for a two-week extension of time to respond to Sprayberry's and McInnish's motions, which the Court granted. Plaintiff then filed a second Response to Sprayberry's and McInnish's summary judgment motions on February 9, 2007.

4.

The undersigned counsel's wife is in the 35th week of a high-risk pregnancy. When the baby is born, counsel, who has no immediate family in Alabama, anticipates having to take several weeks of sick leave to care for his wife and first child. This leave will likely begin in mid-to-late March, and will continue to early-or-mid April, depending on a number of variables. The undersigned has been the only counsel for Sprayberry in this litigation (as opposed to the two to three attorneys

---

[1] Sprayberry filed a Motion to Dismiss Plaintiff's Second Amended Complaint on October 6, 2007. That Motion remains pending.

representing every other party, including Plaintiff, throughout this matter), and there is no other attorney in this office who can assume lead counsel duties at this time given the number of documents and witnesses in this case. The Civil Division of this office is composed of only three AUSAs who handle defensive civil litigation, and all have full and active caseloads. Moreover, another Civil Division AUSA has already assumed lead counsel duties in another case handled by the undersigned scheduled for the same trial term as this case (Dale v. Wynne, Civil Action No. 2:05-cv-1179-MHT). The U.S. Attorney's Office is also moving to its new office location behind the Courthouse in May 2007, and the move will be extremely disruptive.

5.

Pursuant to the Court's Uniform Scheduling Order, the parties have to file witness lists, exhibit lists, and a proposed pretrial order on or before April 4, 2007. The pretrial conference is set for April 5, 2007. There are other deadlines set in April 2007, including an April 30, 2007 deadline for motions in limine, objections to evidence, voir dire questions, and proposed jury instructions.

6.

Because the undersigned's leave to care for his wife and newborn child will render him out-of-the-office during several important pretrial deadlines, including the pretrial conference, the undersigned requests that this Court continue this trial until the Court rules on Sprayberry's pending motion for summary judgment, or to another trial term. The undersigned will also be prejudiced in any trial preparation in May 2007 due to the disruption caused by a relocation.

7.

This continuance will also serve the interests of judicial economy. Both Sprayberry and McInnish have raised the defense of qualified immunity in their Motions for Summary Judgment. Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" See Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The Eleventh Circuit has stated that "qualified immunity is the "usual rule," and that only in "exceptional cases will government actors have no shield against claims made against them in their individual capacities." See Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). The immunity performs the important function of allowing government officials to perform their jobs without being intimidated by the threat of lawsuits jeopardizing them and their families. See Foy v. Holston, 94 F.3d 1528, 1534 (11th Cir. 1996). As the Supreme Court has noted, it is designed to protect government officials from "the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." See Harlow, 457 U.S. at 816.

8.

Qualified immunity is such an important protection for government officials that it is not simply a defense to liability, but it is an immunity from discovery, trial, and all the burdens of litigation. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court has repeatedly advised that it should be decided as early as possible in a case. See id. Moreover, a defendant has

the right to interlocutory appeal and a stay of any trial if the defense is denied prior to trial. See Mitchell, 472 U.S. at 526-237; Hartley v. Parnell, 193 F.3d 1263, 1268 (11th Cir. 1999).

9.

In the present case, Sprayberry, having raised the defense of qualified immunity, should be protected from the burdens of preparing for trial until that defense has been ultimately resolved. The purpose of qualified immunity – protection from the burdens of litigation – will be effectively lost if Sprayberry has to prepare for trial while the issue of his entitlement to qualified immunity is determined.

10.

Furthermore, if Sprayberry's or McInnish's Motions for Summary Judgment are granted in whole or in part, it will eliminate the need for a trial or reduce the number of issues remaining in the case. Moreover, any submissions by the parties prior to the Court's ruling on Defendants' Motions will have to be revised to reflect any changes on issues to be tried. An extension will also allow the unresolved issue of whether Plaintiff and the MHA have reached a settlement to be resolved prior to any possible trial of this matter.

11.

Sprayberry files this Motion in advance of the April 5, 2007 Pretrial Conference in consideration of the Court's heavy docket and its advisement that last-minute requests for extensions and stays are generally disfavored. Pursuant to the Uniform Scheduling Order, Sprayberry's Counsel provided copies of this Motion prior to filing to counsel for the other parties and inquired whether

they had any opposition to the requested continuance. Counsel for Defendant McInnish and Defendant MHA responded that they had no opposition to this Motion. Plaintiff did not respond to Sprayberry's inquiry.

12.

Wherefore, due to the undersigned's upcoming paternity leave to care for his wife and newborn child in March/April 2007, to preserve the protection of qualified immunity, to best serve the interests of judicial economy, to prevent the potentially needless expenditure of time, and for good cause shown, Sprayberry respectfully requests that the Court grant this Motion, suspend all pretrial deadlines, and continue the trial until after the Court rules on Sprayberry's Motion for Summary Judgment and the issue of his entitlement to qualified immunity is resolved.

Respectfully submitted this 27th day of February, 2007.

                                              LEURA G. CANARY
                                              United States Attorney

By:    s/James J. DuBois
         JAMES J. DUBOIS
         Georgia Bar No. 231445
         Assistant United States Attorney
         Attorney for Defendant
         Post Office Box 197
         Montgomery, AL  36101-0197
         Telephone No.: (334) 223-7280
         Facsimile No.: (334) 223-7418
         E-mail:  james.dubois2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Counsel for Plaintiff, Counsel for Defendant McInnish, and Counsel for Defendant Montgomery Housing Authority.

                                               s/James J. DuBois
                                      Assistant United States Attorney